No. 24-1896

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

_____

### ENTROPIC COMMUNICATIONS, LLC,
*Plaintiff,*

v.

### CHARTER COMMUNICATIONS, INC.,
*Defendant-Appellee,*

v.

### THE ELECTRONIC FRONTIER FOUNDATION,
*Movant-Appellant.*

_____

On Appeal from the United States District Court
for the Eastern District of Texas, Marshall Division
Case No. 2:22-cv-00125-JRG
Chief Judge J. Rodney Gilstrap

_____

### BRIEF OF AMICI CURIAE PUBLIC JUSTICE AND
### PUBLIC CITIZEN IN SUPPORT OF MOVANT-APPELLANT
### AND URGING REVERSAL

Jaqueline Aranda Osorno
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net

Paul Alan Levy
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7725
plevy@citizen.org

*Counsel for Amici Curiae*
*Public Justice and Public Citizen*

## CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rules 29 and 47.4, counsel for amicus curiae Public Justice and Public Citizen states the following:

1. The full names of the amici curiae represented by me are Public Justice and Public Citizen, Inc.

2. The name of the real parties in interest represented by me Public Justice and Public Citizen, Inc.

3. Amici curiae have no parent corporations, and no publicly held companies own 10 percent or more of the stock of the amici curiae represented by me.

4. No law firms or partners or associates appeared for the amici curiae now that are represented by me in the trial court are expected to appear in this Court.

5. No cases are known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

6. There is no information to report under Fed. R. App. P. 26.1(b) (Organizational Victims in Criminal Cases) or under Fed. R. App. P. 26.1(c) (Bankruptcy Cases).

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ..................................................................i

INTEREST OF AMICI CURIAE................................................. 1

BACKGROUND .................................................................. 2

SUMMARY OF ARGUMENT .................................................. 5

ARGUMENT ....................................................................... 6

I.    Open access to court records and proceedings is a foundational tenet of the American legal system. ................................ 6

II.    The district court erred as a matter of law by denying the motion to intervene......................................................... 9

    A.    A motion to intervene is the established method for seeking access to sealed judicial records. ................................ 9

    B.    The motion to intervene was timely. .................................. 10

CONCLUSION ................................................................... 15

CERTIFICATE OF COMPLIANCE........................................ 16

CERTIFICATE OF SERVICE................................................ 16

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Baystate Technologies. v. Bowers,*
  283 Fed. Appx. 808 (Fed. Cir. 2008) .................................................. 10

*Beckman Indus., Inc. v. Int'l Ins. Co.,*
  966 F.2d 470 (9th Cir. 1992) ...................................................... 10, 12

*Binh Hoa Le v. Exeter Fin. Corp.,*
  990 F.3d 410 (5th Cir. 2021) ............................................................ 7

*Brown v. Advantage Eng'g, Inc.,*
  960 F.2d 1013 (11th Cir. 1992) ...................................................... 10

*DePuy Synthes Prod., Inc. v. Veterinary Orthopedic
  Implants, Inc.,*
  990 F.3d 1364 (Fed. Cir. 2021) ....................................................... 8

*Doe v. Public Citizen,*
  749 F.3d 246 (4th Cir. 2014) ...................................................... 6, 7, 8

*EEOC v. Nat'l Children's Ctr.,*
  146 F.3d 1042 (D.C. Cir. 1998) ....................................................... 9

*Flynt v. Lombardi,*
  782 F.3d 963 (8th Cir. 2015) ......................................................... 11

*In re Agent Orange Prod. Liab. Litig.,*
  821 F.2d 139 (2d Cir. 1987) .......................................................... 13

*In re Assoc. Press,*
  162 F.3d 503 (7th Cir. 1998) ....................................................... 9, 10

*In re High Sulfur Content Gasoline Prods. Liab. Litig.,*
  517 F.3d 220 (5th Cir. 2008) .......................................................... 9

*In re Leopold to Unseal Certain Elec. Surveillance
  Application & Orders,*
  964 F.3d 1121 (D.C. Cir. 2020) .................................................. 6, 12, 13

*In the Matter of Leopold,*
    327 F. Supp. 3d 1 (D.D.C. 2018) ................................................... 12, 13

*In re Oliver,*
    333 U.S. 257 (1948) ........................................................................ 6

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.,*
    998 F.2d 157 (3d Cir. 1993) ........................................................... 8

*Littlejohn v. Bic Corp.,*
    851 F.2d 673 (3rd Cir. 1988) ......................................................... 8

*Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.,*
    823 F.2d 159 (6th Cir. 1987) ......................................................... 10

*Pansy v. Borough of Stroudsburg,*
    23 F.3d 772 (3d Cir. 1994) ................................................... 10, 11, 12

*Public Citizen v. Liggett Group, Inc.,*
    858 F.2d 775 (1st Cir. 1988) ..................................................... 10, 11

*Publicker Indus., Inc. v. Cohen,*
    733 F.2d 1059 (3rd Cir. 1984) ....................................................... 6

*Richmond Newspapers, Inc. v. Virginia,*
    448 U.S. 555 (1980) ................................................................. 6, 7, 8

*Uniloc 2017 LLC v. Apple, Inc.,*
    964 F.3d 1351 (Fed. Cir. 2020) ..................................................... 8

*U.S. ex rel. Oberg v. Nelnet, Inc.,*
    105 F.4th 161 (4th Cir. 2024) ....................................................... 11

*United Nuclear Corp. v. Cranford Ins. Co.,*
    905 F.2d 1424 (10th Cir. 1990) ................................................. 10, 12

## Other Authorities

First Amendment ............................................................. *passim*

Federal Rule of Civil Procedure 24(b) .......................................... 9

## INTEREST OF AMICI CURIAE[1]

Public Citizen is a nonprofit research, education and advocacy organization that represents consumers' interests before Congress, the executive branch, and the courts. Since the early 1980s, Public Citizen has played an active role in the enforcement of the public right of access to court records in both federal and state courts.

Public Justice is a national public interest advocacy organization that specializes in precedent-setting, socially significant civil litigation, with a focus on fighting to preserve access to justice for victims of corporate and governmental misconduct and preserving the civil justice system as an effective tool for holding the powerful accountable. To further its goal of defending access to justice for all, Public Justice has long conducted a special project devoted to ensuring court transparency. Public Justice regularly engages in litigation to unseal court records.

---

[1] This brief was not authored in whole or part by counsel for a party, and no one other than amicus curiae or its counsel made a monetary contribution to the preparation or submission of the brief. Counsel for all parties have consented to its filing.

## BACKGROUND

This appeal stems from a lawsuit brought by Entropic Communications, LLC against Charter Communications, Inc. (Charter) alleging infringement of six patents. During the litigation, the parties stipulated to, and the district court ordered, a blanket protective order that allowed either party to designate discovery materials as confidential and required each party, when filing in court any document designated confidential, to file it under seal, as well as to file under seal any papers that mentioned confidential material. Appx009-21. The protective order did not require the parties to make any showing of a need for confidentiality of materials filed under seal.

In September 2023, Entropic moved for summary judgment. The public versions of the filings in connection with the motion are heavily redacted. *See, e.g.*, Appx114-33 (Charter's Opposition Brief). On November 29, the magistrate judge filed an unredacted report and recommendation, recommending that the motion be granted in part and denied in part. Appx538-47. Charter then filed sealed objections to the report and recommendation. Appx548. The public version of the objections is significantly redacted. Appx551-61. On December 8, the

district judge adopted the report and recommendation. Appx549. On December 10, the parties filed a notice informing the court that the parties had entered into a settlement agreement. Over the next few weeks, through January 4, 2024, Charter continued to file papers relating to redaction of various documents. *See* Appx562-80.

On January 5, an attorney representing the Electronic Frontier Foundation (EFF), which is interested in an issue addressed in the litigation, contacted the parties to express concern about the redacted filings. Appx634-35. The attorney for EFF noted that there had been no showing and no judicial determination that sealing was consistent with the public's right of access to court records. In March, after efforts to meet and confer failed, EFF moved to intervene for the limited purpose of moving to unseal the redacted filings. Appx581-98. Charter opposed the motions to intervene and to unseal. Appx667-75. In so doing, however, it did not make a showing of a need for confidentiality. Rather, as to intervention, it argued, as described by the district court, that "November 29, 2023 is the relevant moment for the timeliness inquiry" and EFF's filing four months later "cannot be timely." Appx003. As to unsealing, Charter argued that, because the parties had followed the local rules

about how blanket protective orders could be framed and had followed the procedures set forth in the agreed protective order, there was no need for a showing of the need for confidentiality. Appx672-73.

The district court denied the motion to intervene on timeliness grounds. It stated that it would be unfairly prejudicial to "[p]ull[] the parties back into this case months after they have settled, after they have disbanded their case teams, and well after an Order of Dismissal," Appx004, and that EFF would suffer "little, if any, material prejudice" from denial of its motion because the magistrate judge's report and recommendation is not redacted and summarizes the key issue, Appx005-06.

The court also considered, and denied, EFF's motion to unseal. Appx006-08. The Court addressed only the issue whether the parties had improperly filed materials under seal without first seeking leave to file under seal, explaining the need for confidentiality, and showing how that need outweighed the public right of access. The court held that because its local rules and the court's standing order allowed the filing of papers under seal when the court had previously signed a blanket protective

order providing for filings under seal, "the parties need not file additional motions to seal such confidential information." Appx.007.

## SUMMARY OF ARGUMENT

The public's right of access to courts is central to the America legal system. Widespread sealing of court records cuts against a storied history of presumptive openness to court proceedings rooted in common law and the First Amendment. It also inhibits transparency in the judicial process, limiting the public's ability to engage with and trust courts' decision making. Although the right of access is not absolute, it may be abrogated only in narrow circumstances.

EFF used the appropriate procedural mechanism to vindicate the public's established right of access by moving to intervene for the limited purpose of challenging the sealing. The motion was also timely; this Court and its peers have accepted motions to intervene with timelines that far exceed that of EFF's filing. The parties' actions below also demonstrate that EFF's intervention will not be prejudicial. As such, this Court should reverse.

# ARGUMENT

## I.    Open access to court records and proceedings is a foundational tenet of the American legal system.

The public's right to access court records and proceedings—"a fundamental element of the rule of law"—is woven into the fabric of this nation's history and legal tradition. *In re Leopold to Unseal Certain Elec. Surveillance Application & Orders ("Leopold")*, 964 F.3d 1121, 1123 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017)). The right "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).

"The existence of a common law right of access to . . . inspect judicial records is beyond dispute." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3rd Cir. 1984). Indeed, the long common-law tradition of open access to court proceedings dates back to early Roman and English law. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 566–67 (1980) (recognizing "that all judicial trials are held in open court, to which the public have free access[] . . . appears to have been the rule in England from time immemorial" (citations omitted)); *In re Oliver*, 333 U.S. 257,

268–69 (1948) (tracing America's "distrust for secret trials" "to the notorious use of this practice by the Spanish Inquisition, to the excesses of the English Court of Star Chamber, and to the French monarchy's abuse of the lettre de cachet"); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021) (linking the right of access "back to Roman law, where trials were *res publica*—public affairs"). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Doe*, 749 F.3d at 265–66 (quoting *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988)).

In addition to the common law, the Supreme Court has explained that public access to court proceedings is "implicit in the guarantees of the First Amendment." *Richmond Newspapers*, 448 U.S. at 581; *see id.* at 559 (Stewart, J., concurring) ("[T]he First and Fourteenth Amendments clearly give the press and the public a right of access to trials themselves, civil as well as criminal."). Although the First Amendment right of access does not apply to all judicial documents, "when it applies, access may be restricted only if closure is necessitated by a compelling government

interest and the denial of access is narrowly tailored to serve that interest." *Doe*, 749 F. 3d at 266 (internal quotation marks and citation omitted).

As the Supreme Court has explained, the public's right of access to court proceedings is "an indispensable attribute" of the American legal system because of the critical role it plays in allowing the public to understand, hold to account, and trust the judiciary. *Richmond Newspapers*, 448 U.S. at 569. Access to court records and proceedings "helps secure the integrity and transparency of the judicial process." *DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1369 (Fed. Cir. 2021). It strengthens the integrity of judicial decision making by "diminish[ing] the possibilities for injustice, incompetence, perjury, and fraud," *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660 (3d Cir. 1991)), and "curb[ing] judicial abuses." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3rd Cir. 1988). Access to court records is thus vital "for the public to have confidence in the administration of justice." *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1358 (Fed. Cir. 2020) (quoting *Ctr. for Auto Safety v.*

*Chrysler Grp.*, 809 F.3d 1092, 1096 (9th Cir. 2016)); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) ("Public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors . . . with the record supporting the court's decision sealed from public view." (cleaned up)).

## II. The district court erred as a matter of law by denying the motion to intervene.

### A. A motion to intervene is the established method for seeking access to sealed judicial records.

When a member of the public seeks to exercise the public right of access, intervention under Federal Rule of Civil Procedure 24(b) is the appropriate mechanism to utilize. *See In re Assoc. Press*, 162 F.3d 503, 507 (7th Cir. 1998) ("[T]he most appropriate procedural mechanism by which to [to enable third parties to obtain access to court proceedings and documents] is by permitting those who oppose the suppression of the material to intervene for that limited purpose."); *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging

confidentiality orders."); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015–16 (11th Cir. 1992); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783–84 (1st Cir. 1988); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987). As the Seventh Circuit has explained, providing "full protection" for the public right of access "*requires* that the issue be examined in a procedural context that affords the court an opportunity for due deliberation." *In re Assoc. Press*, 162 F.3d at 507 (emphasis added). Intervention is just such a procedural context, *see id.*; without it, the public right of access under common law and the First Amendment will often go unrepresented.

### B. The motion to intervene was timely.

The courts of appeals have also long agreed that "intervention to challenge confidentiality orders may take place long after a case has been terminated." *Pansy*, 23 F.3d at 779. In *Baystate Technologies. v. Bowers*, for example, this Court vacated the denial of a motion to intervene and to modify a protective order that was filed nine months after dismissal,

noting that "[e]ven after judgment, courts have frequently allowed third parties to intervene to challenge a protective order." 283 Fed. Appx. 808, 810 (Fed. Cir. 2008). And in *Public Citizen v. Liggett Group*, the First Circuit upheld a district court order granting a motion for leave to intervene to obtain orders enabling access to discovery materials in a case that had been dismissed over a year earlier. 858 F.2d at 778.

More recently, in *Flynt v. Lombardi*, the Eighth Circuit reversed an order denying a motion for leave to intervene in two cases, one of which had been resolved a year earlier. 782 F.3d 963, 965–66 (8th Cir. 2015). In rejecting the assertion that the motion was untimely, the court explained that "[a] district court may properly consider a motion to intervene permissively for the limited purpose of modifying a protective order even after the underlying dispute between the parties has long been settled." *Id.* at 966 n.2 (quoting *Pansy*, 23 F.3d at 779).

And earlier this year, the Fourth Circuit in *U.S. ex rel. Oberg v. Nelnet, Inc*, reversed a district court's ruling denying a motion filed in 2023 to unseal court records in a case that had been settled thirteen years before, in 2010. 105 F.4th 161, 167-68 (4th Cir. 2024) (reversing and remanding for consideration of whether sealing of documents was

justified). *See also, e.g., Pansy*, 23 F.3d at 778–79 (reversing denial of motion to intervene filed six and a half months after the underlying case had settled); *Beckman*, 966 F.2d at 471, 473 (affirming order granting motion to intervene for purpose of moving to modify a protective order filed two years after the litigation ended); *United Nuclear*, 905 F.2d at 1427 (affirming order granting motion to intervene for purpose modifying a protective order filed three years after the parties settled).

Moreover, in light of the "strong presumption in favor of public access to judicial proceedings, including judicial records," *Leopold*, 964 F.3d at 1128 (internal quotation marks omitted), "the burden of producing judicial records may not permanently foreclose their unsealing," *id*. at 1134. Thus, although the district court suggested otherwise, Appx004-05, the burden on a party of having to oppose unsealing does not support denial of a motion to intervene for the purpose of seeking to unseal. In *Leopold*, for example, the district court had granted leave to intervene but denied unsealing of judicial records from 2008 to the (then) present. *See In the Matter of Leopold*, 327 F. Supp. 3d 1, 6-7 (D.D.C. 2018). The district court stated, among other things, that the time required to reconstruct the reasons for sealing "would divert

significant amounts of valuable time and resources," amounting to "nearly twenty 40-hour work weeks." *Id.* at 28. The D.C. Circuit reversed, acknowledging "the substantial amount of work involved, which will undoubtedly take people away from other important tasks," but explaining that administrative burden cannot be dispositive with regard to public access to judicial records. *Leopold*, 964 F.3d at 1123. Reasoning similarly, the Second Circuit has rejected the argument that a third-party motion to modify a protective order filed after a case had settled should be denied given the administrative costs involved, explaining that while a broad protective order may "delay[] a document-by-document assessment" and its attendant costs pre-trial, it does not "obviate the need for such as assessment." *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 148 (2d Cir. 1987). Thus, here, the district court's concern about a burden on Charter Communications and its lawyers if the court were to grant intervention neither renders the motion untimely nor justifies denial of intervention.

Furthermore, the district court's concerns about potential prejudice to Charter as a basis for its timeliness ruling appear to have no support in the record. Appx004 ("Pulling the parties back into this case months

after they have settled, after they have disbanded their case teams, and well after an Order of Dismissal directing the case be closed, is prejudicial."). Charter filed no declarations in opposition to the motion to intervene, much less declarations stating that it was unable to secure representation to assist it in responding to a motion for leave to unseal and attempting to justify its redactions. It likewise filed no declarations from its counsel stating that their "familiarity with the issues and documents" had "wane[d]," *id.*, or, more importantly, from its staff attesting that the passage of a few months rendered them unable to justify confidentiality. In any event, if Charter were unable at this stage to make the showing needed to justify sealing, that would not establish prejudice, but rather than sealing was no longer warranted (regardless of whether it previously had been).

Finally, in denying the motion to intervene, the district court expressed disagreement with the principle that the First Amendment and common law provide a right of access to court records. Appx005 ("Litigants must have assurance that their confidential information will not be exposed to everyone who believes their own professional interests must benefit."). The court also stated, in denying intervention, that EFF

would suffer no prejudice because the magistrate's report and recommendation was unredacted. Appx005-06. These statements, whether or not relevant to consideration of the motion to unseal, are not relevant to consideration of the motion to intervene. They are also wrong as a matter of well-established law. *See supra* Section I.

In sum, a motion to intervene for the purpose of moving to unseal is the accepted mechanism for a member of the public to seek access to court records filed under seal, and such motions are often filed after the conclusion of the underlying litigation. The decision denying EFF's motion to intervene should be reversed.

## CONCLUSION

For the foregoing reasons and those set forth in the brief of appellant EFF, the decision below denying EFF's motion to intervene should be reversed.

Dated: August 12, 2024                     Respectfully submitted,
Cover revised August 14, 2024

/s/ Jaqueline Aranda Osorno
Jaqueline Aranda Osorno
Public Justice
1620 L Street NW, Suite 630
Washington, DC 20036
(202) 797-8600
jaosorno@publicjustice.net

15

/s/ Paul Alan Levy
Paul Alan Levy
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-7725
plevy@citizen.org

*Counsel for Amici Curiae*
*Public Justice and Public Citizen*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rules of Appellate Procedure and Federal Circuit Rules because it has been prepared using a proportionally spaced typeface and, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and the Rules of this Court, includes 2,957 words.

<u>/s/ Jaqueline Aranda Osorno</u>
Jaqueline Aranda Osorno


## CERTIFICATE OF SERVICE

I hereby certify that on this date, August 14, 2024, I am filing this through the Court's ECF system, which will serve it on counsel for all parties required to be served.

<u>/s/     Paul Alan Levy</u>
Paul Alan Levy