No. 24-1896

# In the United States Court of Appeals for the Federal Circuit

ENTROPIC COMMUNICATIONS, LLC,

*Plaintiff,*

v.

CHARTER COMMUNICATIONS, INC.,

*Defendant-Appellee,*

v.

THE ELECTRONIC FRONTIER FOUNDATION,

*Movant-Appellant.*

On Appeal from the United States District Court
for the Eastern District of Texas, Marshall Division
Case No. 2:22-CV-00125-JRG, Chief Judge Rodney Gilstrap

## BRIEF OF DEFENDANT-APPELLEE
## CHARTER COMMUNICATIONS, INC.

Daniel L. Reisner
Elizabeth A. Long
**Arnold & Porter Kaye Scholer LLP**
250 West 55th Street
New York, New York 10019
Daniel.Reisner@arnoldporter.com
Elizabeth.Long@arnoldporter.com
Tel.: (212) 836-8000
Fax: (212) 836-8689

*Attorneys for Defendant-Appellee*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** 2024-1896

**Short Case Caption** Entropic Communications, LLC v. Charter Communicatio▪

**Filing Party/Entity** Charter Communications, Inc.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/16/2024

Signature: /s/ Daniel L. Reisner

Name: Daniel L. Reisner

**FORM 9. Certificate of Interest**

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Charter Communications, Inc. | | Liberty Broadband Corporation |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐  Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable                ☑    Additional pages attached

| | | |
|---|---|---|
| Jacob Michael Bass (Arnold & Porter) | William Owen Young , Jr. (Arnold & Porter) | Albert John Boardman (Arnold & Porter) |
| Amy L DeWitt (Arnold & Porter) | David S Benyacar (Arnold & Porter) | David Eric Shapland Arnold & Porter) |
| Deron R Dacus (The Dacus Firm, PC) | Marc A Cohn (Arnold & Porter) | Melissa A. Brown (Arnold & Porter) |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑    Yes (file separate notice; see below)    ☐    No    ☐    N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable                ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

*Entropic Communications, LLC v. Charter Communications, Inc.*, 2024-1896

4. Legal Representatives (continued)

| Natalie Steiert (Arnold & Porter) | Palak Mayani Parikh (Arnold & Porter) | Paul Isaac Margulies (Arnold & Porter) |
|---|---|---|
| Thomas J. Carr (Arnold & Porter) | William Louden (Arnold & Porter) | Zachary Nemirovsky (Arnold & Porter) |

# TABLE OF CONTENTS

I.    INTRODUCTION ...........................................................................................1

II.   SUMMARY OF ARGUMENT ....................................................................2

III.  ARGUMENT.................................................................................................4

     A.   The District Court's Denial of EFF's Motion to Intervene Was
         Not An Abuse of Discretion...................................................................4

         1.   Stallworth Factor 1: Length of Delay ........................................5

         2.   Stallworth Factor 2: Prejudice to Existing Parties.....................8

         3.   Stallworth Factor 3: Prejudice to Movant if Intervention is
            Denied ........................................................................................12

         4.   Stallworth Factor 4: Any Unusual Circumstances....................14

     B.   The District Court's Denial of EFF's Motion to Unseal Was Not
         An Abuse of Discretion.......................................................................15

         1.   EFF's Arguments Regarding Application of Fifth Circuit
            Precedent Is An Improper Challenge to Local Rule CV-
            5(a)(7)(B)(2)..............................................................................17

         2.   The District Court's Interpretation of Local Rule CV-
            5(a)(7)(B) Was Not Erroneous as a Matter Of Law .................18

IV.   CONCLUSION............................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Boudreaux v. Axaill Corp.,*
  No. 2:18-CV-00956, 2024 WL 3858808 (W.D. La. July 15, 2023) ...................10

*Lyttle v. Trulieve, Inc.,*
  No. 8:19-cv-2313-CEH-TGW, 2021 WL 2379395 (M.D. Fla. June 10, 2021) ...15

*Matter of Adams,*
  734 F.2d 1094 (5th Cir. 1984) ...................................................... 17, 18

*Nat'l Ass'n for Advancement of Colored People v. New York,*
  413 U.S. 345 (1973) ....................................................................4

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,*
  732 F.2d 452 (5th Cir. 1984) ........................................................4

*Nixon v. Warner Commc'n, Inc.,*
  435 U.S. 589 (1978) ..................................................................15

*Rotstain v. Mendez,*
  986 F.3d 931 (5th Cir. 2021) ......................................................2, 4

*S.E.C. v. Van Waeyenberghe,*
  990 F.2d 845 (5th Cir. 1993) ..................................................... 13, 15

*Stallworth v. Monsanto Co.,*
  558 F.2d 257 (5th Cir. 1977) ..................................................... 4, 9, 11

*Turner v. Cincinnati Ins. Co.,*
  9 F.4th 300 (5th Cir. 2021) .........................................................4, 7

ii

*U.S. ex rel. Hernandez v. Team Fin., L.L.C.*,
  80 F.4th 571 (5th Cir. 2023) ....................................................................4

*United States ex rel. Hernandez v. Team Finance, L.L.C.*,
  No. 2:16-CV-00432, 2024 WL 1149191 (E.D. Tex. Mar. 15, 2024)....................9

*United States v. Ashani,* 86 F.4th 441 (5th Cir. 2023)...................................... 15, 16

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*,
  913 F.3d 443 (5th Cir. 2019) ....................................................................3

*Whitehouse v. U.S. Dist. Ct. for Dist. of R.I.*,
  53 F.3d 1349 (1st Cir. 1995)........................................................ 17, 18

## Rules

Federal Rule of Civil Procedure 83 ........................................................17

E.D Texas Local Rule CV-5 ........................................................ n.1, 18

N.D. Texas Local Rule 7.1................................................................ 8, 14

S.D. Texas LR7.1 ........................................................................ 8, 14

W.D. Texas Local Rule CV-7........................................................ 7, 14

## STATEMENT OF RELATED CASES

Pursuant to Rule 47.5(b)(1) of the Federal Circuit Rules, Charter is aware of the following previous appeal from the same civil action: *In re Charter Communications, Inc.*, No. 23-136, 2023 WL 5688812 (Fed. Cir. Sept. 5, 2023) decided by Judges Dyk, Cunningham, and Stark.


Pursuant to Rule 47.5(b)(2) of the Federal Circuit Rules, Charter is not aware of any other case pending before this Court or any other tribunal that will directly affect or be directly affected by this Court's decision in this pending case.

## I.    INTRODUCTION

This case is a review of a district court's decision to deny permissive intervention—a quintessentially discretionary matter. Courts are afforded great discretion in deciding permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b)'s threshold requirement is that a motion to intervene must be *timely*. And, even if the requirements of Rule 24(b) are met, the district court is still under no obligation to let the prospective intervenor into the case.

Here, the district court properly exercised its discretion to decline to allow EFF into the case, because of its "four-month delay" in filing its motion to intervene. Applying the relevant factors under the Fifth Circuit's test, the district court properly found that the motion was untimely and prejudicial to the parties because it was filed after the case was dismissed, that EFF would not be harmed because the magistrate judge's "R&R is entirely unredacted and summarizes the key issues" for the public, and that there were no "unusual circumstances" that militate in favor of a determination of timeliness. Accordingly, the district court was well within its discretion to deny EFF's motion to intervene. For this reason alone, the district court should be affirmed and the remainder of EFF's appeal mooted.

Further, the district court also did not abuse its discretion when it denied EFF's motion to unseal. The district court's local rule clearly allows parties to file under

seal when the district court has already granted authorization to seal confidential information designated under a protective order. EFF's arguments on appeal do not prove otherwise and, in fact, improperly ask this Court in the first instance to change the district court's local rule.

## II.     SUMMARY OF ARGUMENT

### The District Court's Denial of EFF's Motion to Intervene Was Not An Abuse of Discretion

"[R]eversing a district court's decision denying permissive intervention is 'so unusual as to be almost unique.'" *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021) (citation omitted). This is not an "unusual" case; it is not even close. The district court's denial of EFF's motion on timeliness grounds was well within its discretion.

The district court correctly applied the four timeliness factors the Fifth Circuit identified in *Stallworth*, and its findings on each factor were sound. *First*, the length of the delay weighs against timeliness. EFF was on notice of the under seal filings *at the latest* in November 2023 and waited more than four months to file its motion to intervene, well after the case was dismissed. *Second*, allowing EFF to intervene late would prejudice the existing parties by forcing them to relitigate issues they justifiably thought were resolved. *Third*, EFF will suffer little prejudice by comparison, because the magistrate judge's publicly available report and recommendation provided a summary of the key issues relating to the DOCSIS

license defense. *Fourth*, EFF offered no unusual circumstances that militate in favor of a determination of timeliness. The district court was best positioned to make these findings and did not abuse its discretion in concluding that EFF's motion was untimely.

### The District Court's Denial of EFF's Motion to Unseal Was Not An Abuse of Discretion

"The decision whether to allow public access to court records is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (internal quotation marks and citation omitted). Here, the district court did not abuse its discretion by denying EFF's motion to unseal. The district court properly interpreted and applied its local rule to determine that the parties had correctly filed under seal. EFF's arguments do not change this and instead improperly challenge the validity of the local rule for the first time on appeal.

Accordingly, this Court should affirm the district court's order denying EFF's motion to intervene and motion to unseal court records.

## III.   ARGUMENT

### A.  The District Court's Denial of EFF's Motion to Intervene Was Not An Abuse of Discretion

A threshold issue regarding an applicant's motion to intervene permissively under Rule 24(b) is that the application must be timely. *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973). Timeliness under the permissive intervention standard is evaluated more strictly than under mandatory intervention. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977); *see also Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021). "[T]imeliness is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth*, 558 F.2d at 263. The Fifth Circuit "assesses [timeliness] through the factors set forth in *Stallworth*: (1) the length of time the movant waited to file, (2) the prejudice to the existing parties from any delay, (3) the prejudice to the movant if the intervention is denied, and (4) any unusual circumstances." *U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023) (citing *Stallworth*, 558 F.2d 257). "Permissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471–72 (5th Cir. 1984)). The district court did not abuse its discretion in finding EFF's motion to intervene was untimely under the *Stallworth* factors.

**1.** *Stallworth Factor 1: Length of Delay*

The district court's finding that "in the totality of the circumstances, . . . the delay by EFF weighs against timeliness" was not an abuse of discretion. Appx004. EFF has failed to show otherwise.

First, EFF argues for the first time on appeal that the date it "knew the public's presumptive rights of access would no longer be protected was after February 9, 2024." Opening Brief of Movant-Appellant Electronic Frontier Foundation ("Br.") at 17–19. This argument fails for several reasons. EFF points to no authority that the date a third party requests the parties in a closed case to file motions to seal should be considered under the first *Stallworth* factor. Next, EFF cannot argue that it was diligent in its efforts. On January 5, 2024, EFF first contacted the parties and requested that they "file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket." Appx635. It was not until *three* weeks later, on January 26, 2024, that EFF decided it was only seeking the parties to file motions to seal for a limited set of filings. Appx620-Appx624. EFF then set its own deadline of February 9, 2024 for the parties to respond to its request. Appx624. For the Court to accept EFF's argument that once EFF decided what relief it was seeking and then self-selected a date for the parties to respond to its request in a closed case as the date the movant should have known its interests would no longer be protected would be to reward EFF's indecision and delay. Further, it would set a precedent

that a movant could intervene any time in a closed case so long as the movant believed it filed its motion to intervene in a timely manner after setting its own date for the parties to respond to its request.

Second, EFF's argument that the district court erred "by comparing the date on which the parties completed summary judgment briefing regarding Charter's license defense—October 11, 2023—with EFF's intervention motion in March 2024" completely ignores the district court's analysis. Br. at 19. While the district court stated that "common sense indicates that EFF would have known by the time the motion was fully briefed (October 11, 2023) *at the latest* that the documents were sealed without accompanying motions to seal—*i.e.*, that its interest 'would no longer be protected,'" it then went further "[o]ut of an abundance of caution" and conducted "the same analysis under EFF's proposed date of November 29, 2023" finding that "[i]n light of EFF's characterization of the license defense as a 'nationally important, precedent-setting case-dispositive defense', the Court finds that a four-month delay is likewise untimely." Appx003-Appx004 (citations omitted).

Third, EFF's argument that "*Stallworth* foreclosed the district court's reasoning that EFF's knowledge of the parties' sealing practices should be 'the critical event' for determining timeliness" again ignores the district court's analysis[1].

---

[1] EFF's argument also ignores that under the local rules, a motion to seal would have been filed contemporaneously with the motion. Local Rule CV-5(a)(7)(C) ("A

Br. at 19–20. As stated above, while the district court considered the date the motion was fully briefed (October 11, 2023) as the date EFF's interests were no longer protected, it further provided an analysis based on the date of the magistrate judge's report and recommendation, November 29, 2023, and concluded that EFF's delay of four months from that date was unreasonable. *See* Appx003-Appx004.

Fourth, EFF's argument that "even if authority supported the district court's conclusion that timeliness here should be measured beginning in October 2023, the Fifth Circuit and other appellate jurisdictions have held that EFF's intervention would still be timely under Rule 24(b)" again ignores the district court's analysis. Br. at 20. The district court provided an analysis for the date of the magistrate judge's report and recommendation, November 29, 2023. *See* Appx003-Appx004. Further, EFF's argument regarding holdings in other cases also ignores that "permissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner*, 9 F.4th at 317 (citations omitted).

Fifth, EFF argues that "the district court ignored the relevant facts in the record that justified EFF's timing" and points to the district court's "robust meet-and-confer process required by Local Rule CV-7(h)." Br. at 21–22. The district court's requirement for a meet and confer prior to filing a non-dispositive motion

---

motion to file document(s) under seal must be filed separately and *immediately* before the document(s) sought to be sealed." L.R. CV-5(a)(7)(C) (emphasis added).

cannot be considered an obstacle to EFF's delay as other district courts in the Fifth Circuit have similar requirements. *See* W.D. Tex. Local Rule CV-7(G) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made"); N.D. Tex. Local Rule 7.1(a) ("Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed."); S.D. Tex. LR7.1(D)(1) ("Opposed motions shall contain an averment that the movant has conferred with the respondent and counsel cannot agree about the disposition of the motion" (cleaned up)). Further, EFF has pointed to no case law to support its argument that the meet and confer requirements are a relevant consideration under the first *Stallworth* factor.

EFF has failed to show that the district court abused its discretion by finding that EFF's delay weighs against timeliness.

### 2.  *Stallworth Factor 2: Prejudice to Existing Parties*

The district court's finding that "the prejudice to the parties weighs against the timeliness of EFF's motion" was also not an abuse of discretion. Appx005. EFF's assertion that its "intervention would not cause any of the cognizable harms to Entropic or Charter that Rule 24(b)'s prejudice factor concerns" is not supported by

case law. Br. at 23. Under the second *Stallworth* factor, "[f]or the purpose of determining whether an application for intervention is timely, the relevant issue is not how much prejudice would result from allowing intervention, but rather how much prejudice would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case." *Stallworth*, 558 F.2d at 267. Here, the district court considered EFF's failure to request as soon as it knew or should have known of its interest in the case noting that EFF caused a delay of four months between the case settling and filing its motion. The district court concluded that "[h]ad EFF intervened when the motion at issue became fully briefed, its Motion could have been contemporaneous with the settlement when knowledge surrounding the relevant documents was fresh and the trial teams were engaged and focused." Appx004-Appx005.

Next, EFF argues that "the district court's prejudice conclusion was based on factors that are not cognizable under Rule 24(b)" and that "factor requires assessing how intervention might delay the proceeding or affect the rights of the parties." Br. at 24. As explained above, *Stallworth* factor two is the "extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's *failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case*." *Stallworth*, 558 F.2d at 265 (emphasis added). As also explained above, the district court addressed this

factor. Further, district courts in the Fifth Circuit have found under the second *Stallworth* factor that there is prejudice to existing parties when a third party seeks to intervene to unseal records after a case has settled. *See United States ex rel. Hernandez v. Team Finance, L.L.C.,* No. 2:16-CV-00432, 2024 WL 1149191, at *7 (E.D. Tex. Mar. 15, 2024) ("When parties settle a case, they do not expect to get pulled back into that same case many months later after all business has been concluded, the parties have made their peace, and their respective trial teams have disbanded and moved on. Familiarity with a case wanes over time."); *see also Boudreaux v. Axaill Corp.,* No. 2:18-CV-00956, 2024 WL 3858808, at *4 (W.D. La. July 15, 2023) (finding that if intervention is granted, "the parties will need to prepare briefs and participate in a hearing on the Motion to Unseal," the parties "will, thus, be 'pulled back into' this case about 21 months after the main demand was dismissed with prejudice," and the "sole reason the parties would be required to expend more time and money on this closed case would be if [] intervention is allowed").

Second, EFF's argument that "the district court's conclusion that the parties were prejudiced by having to reassemble their litigation teams was an abuse of discretion because it was based on a clearly erroneous assessment of the record" is unsupported and without merit. Br. at 24. EFF points to irrelevant actions by the existing parties as support for its argument. That Entropic chose not to participate in

EFF's motion to intervene or its appeal and that Charter did have no bearing on the burden for Entropic and Charter to file additional motions solely at EFF's behest at the district court now nine months after the case settled. Further, that the existing parties filed motions at the district court after the case settled in accordance with the district court's rules has no bearing on their burden to engage in additional motion practice solely because EFF wants to intervene[2]. *See* Br. at 25. Put simply, to follow EFF's logic would mean that unless parties in settled cases ignore district court rules and requirements after settlement, under the second *Stallworth* factor, there would never be any prejudice to the existing parties when a party seeks to intervene in a closed case[3].

Third, EFF argues that "by limiting intervention to only cases that are open, or closed a few days prior to intervention, the district court's order conflicts with the far more nuanced approach courts take in resolving sealing issues in closed cases." Br. at 25. EFF's argument ignores that in the Fifth Circuit, under Rule 24(b), "the question whether an application for intervention is timely is largely committed to the *discretion* of the district court." *Stallworth*, 558 F.2d at 264 (emphasis added). Here,

---

[2] EFF's argument is entirely hindsight. All the post-settlement motions EFF points to were filed *before* EFF first contacted the parties on January 5, 2024. *See* Appx551, Appx562, Appx566, Appx567, Appx568, Appx569, Appx576.

[3] To follow EFF's logic would also require counsel for existing parties to ignore their obligations both as officers of the court and to their clients after a case settled running afoul of numerous rules of professional conduct.

the district court performed a thorough balancing of the second *Stallworth* factor and concluded that the existing parties would be prejudiced based on EFF's delay. It did not perform a brightline test of no intervention in closed cases as EFF suggests.

EFF has failed to show that the district court abused its discretion by finding "the prejudice to the parties weighs against the timeliness of EFF's motion."

### 3. *Stallworth Factor 3: Prejudice to Movant if Intervention is Denied*

The district court's finding that "EFF would suffer little, if any, material harm if intervention is denied" was not an abuse of discretion. Appx006. EFF's arguments to the contrary are not persuasive.

First, EFF's argument that the "district court's holding that the parties' confidentiality concerns . . . merited stronger consideration than the public's right of access conflicts with controlling precedent" points to no abuse of discretion by the district court. Br. at 26. Contrary to EFF's argument, in finding that EFF would suffer no material harm, the district court weighed the competing interests of the public's right to access and the protection of confidentiality, noting that it "must strike a fair balance between the competing interests" and that "the decision to seal or unseal records is best left to the trial court 'in light of the relevant facts and circumstances of the particular case.'" Appx005 (citation omitted).

Second, EFF's argument that "the district court's reasoning that a public order resolving a summary judgment motion was a sufficient substitute for the sealed

judicial records also conflicts with Fifth Circuit precedent" relying on *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993), is in error. Br. at 27. Contrary to EFF's assertion, that case did not hold that judicial records should automatically be unsealed because access to the information is not a substitute to judicial records. Instead, the Fifth Circuit reversed the district court's sealing of the transcript and final order because it found "no evidence in the record that the district court balanced the competing interests prior to sealing the final order" noting that the district court (1) "made no mention of the presumption in favor of the public's access to judicial records" and (2) "did not articulate any reasons that would support sealing the final order." *Van Waeyenberghe*, 990 F.2d at 849.

In contrast, here, in finding that EFF would suffer no material harm, the district court noted that it "must strike a fair balance between the competing interests of the public's right to access and the protection of confidentiality." Appx005. Further, the district court articulated reasons that supported its finding why EFF would not be harmed: (1) "As EFF admitted, Magistrate Judge Payne's R&R is entirely unredacted and summarizes the key issues relating to Charter's DOCSIS license defense;" (2) "EFF was able to clearly explain the two key license issues in its briefing;" and (3) "[i]n light of Magistrate Judge Payne's publicly available, unredacted summary of the key issues relating to the license defense, this Court finds

that EFF would suffer little, if any, material harm if intervention is denied." Appx005-Appx006.

EFF has failed to show that the district court's finding that EFF would suffer little, if any, material harm was an abuse of discretion.

### 4.    *Stallworth Factor 4: Any Unusual Circumstances*

The district court's finding that this factor is neutral because "EFF has not shown any unusual circumstances that militate in favor of a *determination of timeliness*" was not an abuse of discretion. Appx006. EFF's arguments to the contrary are not persuasive.

First, EFF argues that the "unique meet-and-confer requirements of Local Rule CV-7(h) weigh in favor of EFF's motion because it took several weeks for the parties to confirm that they would not change their sealing practices." Br. at 28. EFF cites no authority that following a district court rule is an unusual circumstance regarding the timeliness of a motion to intervene. Further, the requirement for a meet and confer prior to filing a non-dispositive motion is not "unique" to this district court because, as detailed above, other district courts in the Fifth Circuit have similar requirements. *See* W.D. Tex. Local Rule CV-7(G); N.D. Tex. Local Rule 7.1(a); S.D. Tex. LR7.1(D)(1). EFF's argument that the standard requirement to meet and confer for motion practice in district courts in the Fifth Circuit is an unusual

circumstance for the timeliness for its motion to intervene is unsupported and unpersuasive.

Second, like it did at the district court, *see* Appx680, EFF again argues that its belief that "the sealing practices at issue in this case present the type of unusual circumstances that weigh in favor of EFF intervening" is an unusual circumstance under *Stallworth* factor 4. EFF is wrong. As stated by the district court, this factor focuses on any unusual circumstances militating for or against the *timeliness* of a motion to intervene, not for or against intervention. *See* Appx006*; see also Lyttle v. Trulieve, Inc.*, Case No. 8:19-cv-2313-CEH-TGW, 2021 WL 2379395 at *6 (M.D. Fla. June 10, 2021). EFF has failed to show that the district court's finding that this factor is neutral was an abuse of discretion.

The district court did not abuse its discretion in finding EFF's motion to intervene was untimely under the *Stallworth* factors and EFF has failed to show otherwise. As such, the district court's ordering denying EFF's motion to intervene should be affirmed.

### B. The District Court's Denial of EFF's Motion to Unseal Was Not An Abuse of Discretion

The common law establishes a "presumption in favor of the public's common law right of access to judicial records." *Van Waeyenberghe*, 990 F.2d at 849. However, the right to access public records "is not absolute" and "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be

exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'n, Inc*., 435 U.S. 589, 598–99 (1978). In the Fifth Circuit, a district court's decision of a motion to unseal is reviewed for abuse of discretion and the inquiry is "case-by-case" and "courts must balance the public's right of access against other competing interests." *United States v. Ashani,* 86 F.4th 441, 452 (5th Cir. 2023). Contrary to EFF's postulating (Br. at 32–36), the district court did not abuse its discretion when it found that Entropic and Charter complied with its requirement for filing under seal.

"At common law, courts must make detailed, clear, and specific findings when sealing a record to which there is a presumptive right of access." *Ahsani,* 86 F.4th at 452. A district does not need to conduct "an exhaustive assessment" but "it must generally articulate its reasons to support sealing the [documents] with a level of detail that will allow for this Court's review." *Id*. (citations omitted).  Further, the "degree of specificity required is case-specific." *Id.*

Here, the district court's reasons for filing under seal provide enough detail for this Court's review. *First*, the district court was "cognizant of the public's right to access court records" but also stated that "the decision to seal or unseal records is best left to the trial court 'in light of the relevant facts and circumstances of the particular case.'" Appx005 (citations omitted). *Second*, the district court then conducted its assessment under its local rule and found that "the parties properly

16

filed under seal the confidential documents." Appx007. The district court stated that "the Protective Order in this case requires that any 'designated material' under the Protective Order be filed under seal." Appx007. It then concluded that "[i]n this context, the Court had already granted authorization to seal confidential information designated under the Protective Order under Local Rule CV-5(a)(7)(B)(2)" and, "[a]s such, the parties need not file additional motions to seal such confidential information." Appx007. Based on the facts and circumstances of this case, the district court did not abuse its discretion when it determined that the parties properly filed under seal per Local Rule CV-5(a)(7)(B)(2).

### 1. *EFF's Arguments Regarding Application of Fifth Circuit Precedent Is An Improper Challenge to Local Rule CV-5(a)(7)(B)(2)*

EFF's arguments that the district court abused its discretion by not applying Fifth Circuit precedent regarding protecting the public right to access is a challenge to the validity of the district court's Local Rule CV-5(a)(7)(B)(2) in the wrong forum. *See* Br. at 36–42. The power of a district court to enact rules derives from 28 U.S.C. § 2071(a), Rule 83 of the Federal Rules of Civil Procedure, and "certain inherent rule-making powers arising from the nature of the judicial process." *Whitehouse v. U.S. Dist. Ct. for Dist. of R.I.*, 53 F.3d 1349, 1355 (1st Cir. 1995). Further, "local rules have the same force and effect as law, and are binding upon the parties and the court until changed in the appropriate manner." *Matter of Adams*, 734

F.2d 1094, 1098–99 (5th Cir. 1984); *see also* Fed. R. Civ. P. 83(a)(1) ("A local rule takes effect on the date specified by the district court and remains in effect unless amended by the court or abrogated by the judicial council of the circuit.").

As such, Local Rule CV-5(a)(7)(B)(2) is binding upon the parties and the district court until it is changed. Further, the "proper method for mounting a facial challenge to the validity of [a local rule] . . . is through an action for declaratory and/or injunctive relief filed in the district court." *Whitehouse*, 53 F.3d at 1353. Because an appellate court is not the proper forum to initiate a challenge to the validity of this rule this Court should reject EFF's attempt to challenge the rule here.

**2.    *The District Court's Interpretation of Local Rule CV-5(a)(7)(B) Was Not Erroneous as a Matter Of Law***

Like its arguments regarding application of Fifth Circuit precedent, EFF's arguments regarding the district court's interpretation of Local Rule CV-5(a)(7)(B) is also an improper challenge to the validity of the rule. *See* Br. at 42–48. The district court's Local Rule CV-5(a)(7)(B) directs the parties how to file documents under seal, stating that "a document in a civil case shall not be filed under seal unless it contains a statement by counsel following the certificate of service that certifies that (1) a motion to seal the document has been filed, or (2) the court already has granted authorization to seal the document." L.R. CV-5(a)(7)(B). While EFF devotes pages of its brief to interpretation of the local rule, all it is doing is asking this Court to change the second part of the rule to operate exactly the same way as if a party filed

a motion to seal under the first part of the rule, in effect challenging the validity of the rule in the first instance at an appellate court.

The district court has adopted Local Rule CV-5(a)(7)(B) "to promote efficiency in the court" and has "broad discretion in interpreting and applying [its] own local rules." *Adams*, 734 F.2d at 1102. Therefore, "considerable deference is accorded to the district court's interpretation and application of its own rule." *Id.* Here, the district court has interpreted the second part of Local Rule CV-5(a)(7)(B) to allow the parties to file under seal without additional motions because the district court "had already granted authorization to seal confidential information designated under the Protective Order." Appx007. The district court's interpretation of Local Rule CV-5(a)(7)(B) should be given deference. To interpret it the way EFF asks this Court to do would improperly make the second part superfluous, in effect changing the rule. As explained above, an appellate court is not the appropriate forum to initiate a challenge to the validity of a local rule.

Local Rule CV-5(a)(7)(B)(2) is binding on the parties and the district court until it is challenged via an action for declaratory and/or injunctive relief filed in the district court. EFF's attempt to circumvent this process by having this Court change the rule should be rejected.

## IV.    CONCLUSION

For the reasons stated above, this Court should affirm the district court's order

denying EFF's motion to intervene and motion to unseal court records.


Dated:  September 16, 2024          Respectfully submitted,

                                    */s/  Daniel L. Reisner*
                                    Daniel L. Reisner
                                    Elizabeth A. Long
                                    ARNOLD & PORTER KAYE SCHOLER LLP
                                    250 West 55th Street
                                    New York, New York, 10019-9710
                                    Telephone: (212) 836-8000

                                    *Attorneys for Defendant-Appellee*
                                    *Charter Communications, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 24-1896

**Short Case Caption:** Entropic Communications, LLC v. Charter Communications, Inc.

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑  the filing has been prepared using a proportionally-spaced typeface and includes 4731 words.

☐  the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐  the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 09/16/2024          Signature: /s/ Daniel L. Reisner

                          Name: /s/ Daniel L. Reisner

## **CERTIFICATE OF SERVICE**

I certify that on September 16, 2024, I caused a copy of the foregoing document to be served by email on counsel of record and by electronic means via the Court's CM/ECF system on all counsel registered to receive electronic notices.

Dated: September 16, 2024                    */s/  Daniel L. Reisner*