NO. 24-1896

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

ENTROPIC COMMUNICATIONS, LLC,

*Plaintiff*,

v.

CHARTER COMMUNICATIONS, INC.,

*Defendant-Appellee,*

v.

THE ELECTRONIC FRONTIER FOUNDATION,

*Movant-Appellant.*

On Appeal from the United States District Court
for the Eastern District of Texas, Marshall Division
Case No. 2:22-cv-00125-JRG
Chief Judge J. Rodney Gilstrap

# REPLY BRIEF OF MOVANT - APPELLANT ELECTRONIC FRONTIER FOUNDATION

Christopher J. Morten
NEW YORK UNIVERSITY SCHOOL OF LAW
(WASHINGTON SQUARE LEGAL SERVICES, INC.)
Furman Hall, 245 Sullivan Street, 5th Floor
New York, NY 10012
cjm531@nyu.edu
Telephone: 212-998-6430

Aaron Mackey
Victoria Noble
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
amackey@eff.org
Telephone: (415) 436-9333
Fax: (415) 436-9993

*Counsel for Movant - Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iv

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. THIS COURT SHOULD REVERSE THE DISTRICT COURT'S DENIAL OF EFF'S MOTION TO INTERVENE .......... 3

A. BINDING FIFTH CIRCUIT AUTHORITY GOVERNING PUBLIC-ACCESS INTERVENORS CONTROLS AND REQUIRES GRANTING EFF INTERVENTION .......... 3

1. Charter's Defense Of The District Court's Opinion Rests On Inapposite Authority. .......... 4

2. The Deference Afforded To The District Court Cannot Put Its Denial of EFF's Intervention Beyond Appellate Review. .......... 5

B. EFF'S MOTION TO INTERVENE UNDER RULE 24(B) WAS TIMELIER THAN CONTROLLING LAW REQUIRES .......... 6

1. EFF's Intervention Motion Was Timely. .......... 6

a. EFF Filed Its Motion About Six Weeks After It Knew Charter And Entropic Would Not Unseal The Records .......... 7

b. Charter Cannot Transform EFF's Efforts To Confer Regarding The Sealed Records Into Unreasonable Delay .......... 7

c. The District Court's Four-Month Timeline Is Erroneous But Would Still Be Timely Under Fifth Circuit Law .......... 8

d. The Local Rules' Meet-And-Confer Requirements Necessitated Some Delay. .......... 9

2. No Evidence Or Legal Authority Supports The District Court's Finding That EFF's Intervention Would Prejudice The Parties. ....................10

a. No Evidence Establishes That Charter And Entropic Would Be Prejudiced By EFF's Motion. ....................10

b. Fifth Circuit Authority Rejects The District Court's Erroneous Prejudice Conclusion. ....................12

c. The District Court's Prejudice Determination Threatens The Public's Ability To Intervene And Unseal Records In Closed Cases. ....................14

3. The District Court's Denial Of Intervention Prejudiced EFF. ....................15

4. Unusual Circumstances Weigh In Favor Of EFF's Intervention. ....................17

II. THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING EFF'S MOTION TO UNSEAL. ....................18

A. THE DISTRICT COURT FAILED TO APPLY BINDING PRECEDENT GOVERNING THE STANDARDS FOR SEALING JUDICIAL RECORDS. ....................19

1. Charter Does Not Defend The Wholesale Sealing Of Records. ....................19

2. The District Court Did Not Conduct The Robust Balancing Test Required By The Fifth Circuit. ....................19

3. Charter Has No Answer To Binding Fifth Circuit Law That Prohibits Courts From Relying On Protective Orders To Seal Court Records. ....................23

B. THIS COURT CAN AND SHOULD REJECT THE DISTRICT COURT'S INTERPRETATION OF THE LOCAL RULE. ....................23

1. There Is No Procedural Or Jurisdictional Obstacle To Interpreting The Local Rule. ....................23

a. EFF Is Not Challenging The Validity Of The Local Rule. ....23

b. This Court Has Jurisdiction To Review The District Court's Erroneous Interpretation of Local Rule CV-5(a)(7)(B). ....24

2. Charter Does Not And Cannot Defend The Merits Of The District Court's Interpretation. ....25

a. The District Court's Interpretation Contravenes The Rule's Ordinary Meaning And Flouts Bedrock Rules Of Statutory Interpretation. ....25

b. EFF's Interpretation Gives Effect To The Entire Rule. ....27

3. The District Court's Interpretation Is Inconsistent With The Public's Right Of Access. ....28

CONCLUSION ....29

CERTIFICATE OF COMPLIANCE ....31

CERTIFICATE OF SERVICE ....32

# TABLE OF AUTHORITIES

## Cases

*AntiCancer, Inc. v. Pfizer, Inc.*,
769 F.3d 1323 (Fed. Cir. 2014)....................25

*BedRoc Ltd., LLC v. United States*,
541 U.S. 176 (2004)....................26

*Binh Hoa Le v. Exeter Fin. Corp.*,
990 F.3d 410 (5th Cir. 2021) .................... *passim*

*Bostock v. Clayton Cnty.*,
590 U.S. 644 (2020)....................26

*Boudreaux v. Axaill Corp.*,
No. 2:18-CV-00956, 2024 WL 3858808 (W.D. La. July 15, 2023)....................14

*Bowie v. Martin Transp., Inc.*,
No. 2:14-CV-998-JRG, 2015 WL 12832561 (E.D. Tex. Apr. 23, 2015)..........10

*BP Expl. & Prod., Inc. v. Claimant 100246928*,
920 F.3d 209 (5th Cir. 2019) ....................19, 23

*Bradley on behalf of AJW v. Ackal*,
954 F.3d 216 (5th Cir. 2020) ....................23

*Dhaliwal v. Meridian Sec. Ins. Co.*,
No. 4:21-CV-56-SDJ, 2023 WL 186810 (E.D. Tex. Jan. 12, 2023)....................10

*Encore Wire Corp. v. Copperweld Bimetallics, LLC*,
No. 4:22-CV-232-SDJ, 2023 WL 123506 (E.D. Tex. Jan. 6, 2023)....................10

*F.C.C. v. AT&T Inc.*,
562 U.S. 397 (2011)....................27

*IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*,
82 F.4th 402 (5th Cir. 2023) ....................20, 21

*In re Marriage of Nicholas*,
186 Cal.App.4th 1566 (Cal. App. 2010)....................12

*In re Mole*,
822 F.3d 798 (5th Cir. 2016) ....................25

*John v. State of Louisiana*,
757 F.2d 698 (5th Cir. 1985) ....................29

*June Med. Servs., L.L.C. v. Phillips*,
22 F.4th 512 (5th Cir. 2022) ....................23, 27

*Lyttle v. Trulieve, Inc.*,
Case No. 8:19-cv-2313-CEH-TGW, 2021 WL 2379395
(M.D. Fla. June 10, 2021) ....................18

*Matter of Thalheim*,
853 F.2d 383 (5th Cir. 1988) ....................25

*Milner v. Dep't of Navy*,
562 U.S. 562 (2011) ....................27

*Morrison v. Walker*,
No. 1:13-CV-327, 2014 WL 11512240 (E.D. Tex. Dec. 2, 2014) ....................10

*Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*,
811 F.3d 1314 (Fed. Cir. 2016) ....................24, 25

*N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*,
781 F.3d 182 (5th Cir. 2015) ....................21

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
732 F.2d 452 (5th Cir. 1984). ....................4, 13

*Newby v. Enron Corp.*,
443 F.3d 416 (5th Cir. 2006) ....................10, 12

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006) ....................24

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014) ....................26

*Rotstain v. Mendez*,
986 F.3d 931 (5th Cir. 2021) ....................4, 5, 12

*Schindler Elevator Corp. v. U.S. ex rel. Kirk*,
563 U.S. 401 (2011) ....................26

*Seago v. O'Malley*,
91 F.4th 386 (5th Cir. 2024) ....................27

*SEC v. Van Waeyenberghe*,
990 F.2d 845 (5th Cir. 1993) ....................15, 16, 20

*Seguin v. Remington Arms Co., L.L.C.*,
31 F.4th 311 (5th Cir. 2022) ....................28

*Stallworth v. Monsanto Co.*,
558 F.2d 257 (5th Cir. 1977) ........................................................ *passim*

*Turner v. Cincinnati Ins. Co.*,
9 F.4th 300 (5th Cir. 2021) ........................................................ 4, 6

*Uniloc 2017 LLC v. Apple, Inc.*,
964 F.3d 1351 (Fed. Cir. 2020) ........................................................ 25

*United States ex rel Hernandez v. Team Finance*, *L.L.C.*,
80 F.4th 571 (5th Cir. 2023) ........................................................ *passim*

*United States ex rel. Hernandez v. Team Finance, L.L.C.*,
No. 2:16-CV-00432, 2024 WL 1149191 (E.D. Tex. Mar. 15, 2024) ........... 13, 14

*United States v. Ahsani*,
76 F.4th 441 (5th Cir. 2023) ........................................................ 22

*United States v. Sealed Search Warrants*,
868 F.3d 385 (5th Cir. 2017) ........................................................ 20, 29

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*,
913 F.3d 443 (5th Cir. 2019) ........................................................ 21

**Statutes**

28 U.S.C. § 1292 ........................................................ 24

28 U.S.C. § 1295 ........................................................ 24

**Rules**

E.D. Tex. Local Rule CV-5 ........................................................ *passim*

E.D. Tex. Local Rule CV-7 ........................................................ 9, 18

Fed. Civ. R. P. 24 ........................................................ *passim*

N.D. Tex. Local Rule 7.1 ........................................................ 9

S.D. Tex. Local Rule 11.4 ........................................................ 10

W.D. Tex. Local Rule CV-7 ........................................................ 9

## INTRODUCTION

The district court allowed Entropic Communications, LLC and Charter Communications, Inc. to improperly seal judicial records concerning an important question of patent law and then covered for them when the public sought transparency. In denying the Electronic Frontier Foundation's (EFF) motion to intervene and to unseal the records, the district court abrogated its duty to ensure that the public can understand and have confidence in the work of the federal judiciary. The many errors of the district court's order amount to an abuse of discretion—one that could block public understanding not just of this case but of many more in one of the nation's busiest districts for patent litigation. This Court should reverse, grant EFF intervention, and remand with instructions to review the sealed records under controlling law that vindicates the public's right to access judicial records.

Charter does not defend the district court's order on its merits. Charter does not contest that the Fifth Circuit previously reversed this same district court in another public-access intervention case, holding that delays even greater than the six weeks EFF took to intervene were timely under Rule 24(b). Nor does Charter challenge that Fifth Circuit law prohibits district courts from relying on protective orders to seal judicial records. Charter also does not contest that precedent required the district court to review every word and page the parties sought to seal and then make specific findings before making anything secret.

Instead, Charter seeks to put the district court order beyond the reach of this Court. But Charter's arguments are a distraction.

The intervention authorities Charter relies on are inapt, as they concern third parties seeking to join the merits of the case. On-point precedent concerning public-access intervention, however, treats those intervenors differently, and more favorably, precisely because they are not contesting the merits.

To avoid defending the district court's sealing decision, Charter invents an argument that EFF is seeking to facially invalidate the district court's local sealing rule. EFF has not asked this Court to strike down any local rule, much less one that promotes public access. Rather, EFF seeks review of the district court's tortured interpretation of that rule—one that defies its plain text, subverts public access, and creates an unnecessary conflict with Fifth Circuit law.

## ARGUMENT

Charter does not dispute EFF's Statement of Facts, confirming that the parties here filed legal briefs and exhibits in a summary judgment proceeding under seal in their entirety or with such heavy redactions as to make them largely unreadable. Appellant's Opening Brief ("AOB") 4–10. The summary judgment proceeding concerned whether Charter had a license defense to Entropic's infringement claims because the asserted patents were essential to comply with the Data Over Cable Service Interface Specification (DOCSIS) cable data transmission standard. AOB

5–7. Charter does not dispute, for example, that roughly 76 percent of the lines of its response brief are redacted, including a portion of a table of contents, or that Charter sealed many exhibits entirely and redacted the names of at least seven exhibits. AOB 6. These and other sealed judicial records constitute the Sealed Filings that EFF is seeking. AOB 8.

Charter also does not dispute that EFF has standing under Article III to move to intervene and to unseal judicial records. AOB 14–15.

## I. THIS COURT SHOULD REVERSE THE DISTRICT COURT'S DENIAL OF EFF'S MOTION TO INTERVENE.

### A. BINDING FIFTH CIRCUIT AUTHORITY GOVERNING PUBLIC-ACCESS INTERVENORS CONTROLS AND REQUIRES GRANTING EFF INTERVENTION.

The district court's denial of EFF's motion to intervene pursuant to Fed. Civ. R. P. 24(b) falls outside the bounds of its discretion, and Charter does not defend it under controlling Fifth Circuit law. *United States ex rel Hernandez v. Team Finance, L.L.C.* reversed the same district court for denying intervention by a member of the public seeking access to judicial records. 80 F.4th 571 (5th Cir. 2023). *Team Finance* is on all fours with this case—it concerned a public-access intervenor seeking to challenge sealing when neither the litigating parties nor the district court protected the public's rights of access to judicial records. *Id.* at 575.

*Team Finance* recognized that when an intervenor seeks to vindicate the public's right of access to judicial records—rather than join the merits of the

dispute—district courts must relax the Rule 24(b)standards of permissive intervention. *Id.* at 577-78. *Team Finance* also explicitly rejected the same district court's constrictive view of timeliness under Rule 24(b). *Id.* at 578.

Charter cites *Team Finance* only once, in passing, and never acknowledges its relevance to this appeal or that of the authorities upon which *Team Finance* rests. *Compare* Response Br. 4. *with* AOB 14–15 (collecting cases). Charter's refusal to engage with these directly controlling authorities is a glaring tell that it cannot defend the district court's intervention denial on its merits.

### 1. Charter's Defense Of The District Court's Opinion Rests On Inapposite Authority.

Evading *Team Finance*, Charter cites inapposite authority that denies permissive intervention to parties seeking to litigate the merits—not public access to records. Response Br. 2, 4, 7.

The would-be intervenors in *Rotstain v. Mendez* sought to join the merits of a class action suit to assert their own, separate claims for relief against defendants. 986 F.3d 931, 934–35 (5th Cir. 2021). In *Turner v. Cincinnati Ins. Co.*, a state court-appointed receiver sought to intervene in a case seeking to collect from insurance companies that underwrote a defunct Texas trade school. 9 F.4th 300 (5th Cir. 2021). *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* denied intervention to a mayor who was seeking to join the merits of a dispute between a public utility and gas supplier. 732 F.2d 452 (5th Cir. 1984).

Charter does not rely on any Fifth Circuit public-access intervention cases, and the cases Charter cites do not rely on any public-access intervention cases, either. Instead, Charter's cases reflect a different line of Rule 24(b) authority than *Team Finance* and earlier public-access precedent. Charter's cases are inapplicable because EFF is seeking intervention on the separate issue of sealed records.

Charter also cites *Rotstain* to argue that (1) appellate reversal of a district court's denial of intervention is so unusual as to be unique, and (2) timeliness is measured more strictly under Rule 24(b)'s permissive intervention than under intervention as of right. Response Br. 2, 4. Those propositions cannot be squared with *Team Finance* because, as described above, the Fifth Circuit treats intervenors seeking to join the merits differently from those seeking to vindicate public access.

**2. The Deference Afforded To The District Court Cannot Put Its Denial of EFF's Intervention Beyond Appellate Review.**

Charter argues that affirmance is required because the district court's decision to deny EFF intervention was wholly discretionary. *See, e.g.*, Response Br. 2, 4, 7. Charter's argument transforms the standard of review into a foreclosure of appellate review, all to frustrate public access to judicial records.

There are clear limits to the district court's discretion, including when intervention denial is premised on erroneous statements of law or a clearly erroneous assessment of the evidence. *Team Finance,* 80 F.4th at 575–76. Both errors occurred here. *See* AOB 15–32. The district court here doubled down on and then extended

its legal errors that necessitated reversal in *Team Finance.* Moreover, the district court invented reasons for denying EFF's intervention that had no evidentiary support or legal basis. AOB 17–26. Charter's repeated invocation of the deferential standard is not an answer to the district court's manifest errors.

This Court must also reject Charter's argument that affirmance is required even if all factors weighed in favor of EFF's intervention. Response Br. 4 (citing *Turner*, 9 F.4th at 317). Under Charter's theory, district courts across the country can thwart public access to sealed records by denying even the timeliest public-access intervention motions. That logic permits district courts to use procedural rules to shield their work from public scrutiny by thwarting the substantive common law and First Amendment rights of access. That would be a marked retreat from the Fifth Circuit's recognition that "[t]he public's right of access to judicial records is a fundamental element of the rule of law." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021) (internal citation omitted).

## B. EFF'S MOTION TO INTERVENE UNDER RULE 24(B) WAS TIMELIER THAN CONTROLLING LAW REQUIRES.

When the four *Stallworth* factors are correctly applied, they all favor EFF's intervention. *See Team Finance*, 80 F.4th at 578.

### 1. EFF's Intervention Motion Was Timely.

The timeliness of an intervention is "measured from the moment that the prospective intervenor knew that his interests would 'no longer be protected.'" *Team*

*Finance*, 80 F.4th at 578 (citing *Stallworth*, 558 F.2d at 264).

*a. EFF Filed Its Motion About Six Weeks After It Knew Charter And Entropic Would Not Unseal The Records.*

EFF has always maintained that its motion was timely because it came about six weeks after Charter and Entropic refused its request to unseal the Sealed Filings or to file motions to seal as required by the Fifth Circuit. Appx597 ("EFF exhausted meet and confer and reached an impasse with the parties only in February 2024."); Appx678 ("The earliest EFF could have reasonably known that its interests in the case would go unprotected was February 2024."). It wasn't until February 9, 2024, when the parties confirmed that they would not provide public access to the Sealed Filings, that EFF knew that its interests "would 'no longer be protected.'" *Team Finance*, 80 F.4th at 578. EFF followed with its motion in March 2024.

Charter incorrectly asserts that EFF is arguing for the first time on appeal that this six-week timeline governs timeliness. Response Br. 5. Charter's claim is disproven by the record. Appx596–597; Appx678. The district court's disregard for these facts underscores its abuse of discretion.

*b. Charter Cannot Transform EFF's Efforts To Confer Regarding The Sealed Records Into Unreasonable Delay.*

Charter argues that the six-week timeline is improper because EFF was not diligent enough and that it "would reward EFF's indecision and delay." Response Br. 5. The argument ignores that Charter and Entropic held all the power in deciding

whether they would agree to EFF's unsealing request. Charter and Entropic initially refused to meet and confer. Appx633. After telephonic conference, Charter and Entropic refused to engage with EFF's requests over the course of multiple emailed proposals, prompting EFF to narrow the dispute to the Sealed Filings. Appx620–635. That was not EFF's indecision or delay.

Charter's argument that there is "no authority that the date a third party requests the parties in a closed case to file motions to seal should be considered under the first *Stallworth* factor" fails. Response Br. 5.

There is authority on point. *Team Finance*, 80 F.4th at 578, held "the actions of the litigants" are relevant to the first *Stallworth* factor, drawing on the holding in *Stallworth* that courts should consider how those actions affect the intervenor's interests. *See* 558 F.2d at 264–65. Charter's initial inaction toward, and later refusal of, EFF's unsealing request are relevant to the timeliness of EFF's intervention. *See* AOB 17–18.

#### c. *The District Court's Four-Month Timeline Is Erroneous But Would Still Be Timely Under Fifth Circuit Law.*

Charter argues that timeliness was triggered when the parties first began filing documents under seal without any motions. Response Br. 6–7. Just like the district court, Charter misapplies controlling law—the Fifth Circuit has rejected using the initial sealing as the starting date. *Team Finance*, 80 F.4th at 578; *Stallworth*, 558 F.2d at 264-65; AOB 19-20.

Even by this measure of timeliness, EFF's motion came either a month earlier or within the same five-month timeline of the would-be intervenor in *Team Finance, L.L.C.*, 80 F.4th at 579. AOB 20–21.

Furthermore, Charter fails to dispute the appellate authority holding that lengthier delays by public-access intervenors are nevertheless timely. AOB 21.

*d. The Local Rules' Meet-And-Confer Requirements Necessitated Some Delay.*

Charter argues that complying with the robust meet-and-confer requirements of E.D. Tex. Local Rule CV-7(h) cannot be considered under the timeliness factor because other courts have similar rules. Response Br. 7–8.

Yet Local Rule CV-7(h) is the only rule among the federal district courts in Texas in which "[a]n unreasonable failure to meet and confer . . . is grounds for disciplinary action." None of the meet-and-confer rules from the Northern, Southern, or Western Districts of Texas contain a similar provision.

Nor do the other rules promise motion denial as Local Rule CV-7(h) does. In the Eastern District, "a request for court intervention is not appropriate until the participants have met and conferred." Local Rule CV-7(h). By contrast, although W.D. Tex. Local Rule CV-7(G) requires a meet-and-confer before filing a motion, failure to comply simply means that "[t]he court *may* refuse to hear or *may* deny a nondispositive motion . . . ." *Id.* (emphasis added). N.D. Tex. Local Rule 7.1(a) does not appear to contain any similar provision. In the Southern District, there is only a

general provision that permits courts to strike a motion for non-compliance with the court's rules. S.D. Tex. Local Rule 11.4.

Judge Gilstrap has reminded parties that district courts in the Eastern District of Texas take "very seriously the meet and confer requirement prescribed by the Local Rules." *Bowie v. Martin Transp., Inc.*, No. 2:14-CV-998-JRG, 2015 WL 12832561, at *1 (E.D. Tex. Apr. 23, 2015) (quotations omitted). *See also Dhaliwal v. Meridian Sec. Ins. Co.*, No. 4:21-CV-56-SDJ, 2023 WL 186810, at *3 (E.D. Tex. Jan. 12, 2023). Eastern District courts have summarily denied or stricken motions that failed to comply. *See Encore Wire Corp. v. Copperweld Bimetallics, LLC*, No. 4:22-CV-232-SDJ, 2023 WL 123506, at *3 (E.D. Tex. Jan. 6, 2023); *Dhaliwal*, 2023 WL 186810, at *3; *Morrison v. Walker*, No. 1:13-CV-327, 2014 WL 11512240, at *4 (E.D. Tex. Dec. 2, 2014). Had EFF not spent time engaging in a robust meet-and-confer process, it would have risked summary denial of its motion. Appx620–636.

#### 2. No Evidence Or Legal Authority Supports The District Court's Finding That EFF's Intervention Would Prejudice The Parties.

There is no cognizable prejudice to the parties here within the meaning of Rule 24(b). *Stallworth*, 558 F.2d at 265; *see Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006). This factor thus weighs in favor of EFF.

##### *a. No Evidence Establishes That Charter And Entropic Would Be Prejudiced By EFF's Motion.*

Charter never offered a shred of evidence demonstrating any actual, concrete

prejudice resulting from EFF's request to intervene and unseal. The factual record below lacks any declaration from Charter, Entropic, or third parties explaining how anyone could be harmed by reviewing the sealing of a set of summary judgment papers concerning the DOCSIS technical standard and the legal question of whether Entropic's patents are essential to that standard. Charter has never explained what prejudice the parties would suffer should they be forced to litigate the over-sealing or how disclosure of the Sealed Filings would cause prejudice. The parties' inability to provide any evidence that they would be harmed demonstrates why this factor weighs in EFF's favor.

Instead, Charter asks this Court to ignore evidence showing that the parties would not be prejudiced by EFF's intervention. This is improper under *Stallworth*, which asks the Court to consider "all the circumstances." 558 F.2d at 263. Charter argues that it is irrelevant that Entropic did not oppose EFF's motion to intervene and that the parties continued to litigate other sealing issues after case closure—one of which remains unresolved by the district court. Response Br. 10–11. Yet it is hard to imagine more relevant evidence demonstrating a lack of prejudice than Entropic stating repeatedly that it does not oppose EFF's efforts. Appx603, 621; Letter to Jarret B. Perlow from Plaintiff Entropic Communications, LLC re: Notice of Non-Participation (June 20, 2024) (Dkt. No. 10). That Charter and Entropic continue to litigate other sealing issues after case closure also supports the lack of prejudice to

the parties because they remain engaged in the case to this day. Appx551–580.

*b. Fifth Circuit Authority Rejects The District Court's Erroneous Prejudice Conclusion.*

Although Charter failed to demonstrate that it would suffer any prejudice should EFF intervene, it was saved from having to do so by the district court. The court below—contrary Fifth Circuit precedent—created a presumption that, as a matter of law, litigants in closed cases are prejudiced by public-access intervention. The district court concluded, absent any record evidence, that "[p]ulling the parties back into this case months after they had settled, after they have disbanded their case teams, and well after an Order of Dismissal directing the case be closed, is prejudicial." Appx004. Charter repeats the district court's error. Response Br. 11.

Yet the Fifth Circuit has held the exact opposite: public-access "intervention does not 'unduly delay or prejudice the adjudication of the rights of the original parties.'" *Newby*, 443 F.3d. at 424 (quoting F.R.C.P. 24)). This district court's prejudice conclusion also incorrectly assumes closing the merits of the case allowed it to treat Sealed Filings "as if they sealed caskets rather than presumptively open court records." *In re Marriage of Nicholas*, 186 Cal.App.4th 1566, 1574 (Cal. App. 2010).

Merits intervenors can cause actual prejudice to the parties under Rule 24(b). For example, the parties can be prejudiced by additional fact discovery or delayed distribution of an existing party's recovery, *Rotstain*, 986 F.3d at 938, or frustration

of the parties' efforts to settle the case or accept a final judgment. *New Orleans Public Service, Inc.*, 732 F.2d at 473. EFF's intervention causes none of these issues. AOB 24–25.

Like the district court, Charter misreads *Stallworth* to conflate any work done by its counsel to respond to EFF's unsealing motion as cognizable prejudice to Charter itself. Response Br. 9. *Stallworth* does not support this sleight of hand. The relevant inquiry is the "extent of the prejudice that *the existing parties* to the litigation may suffer" should intervention be granted, not their counsel. 558 F.2d at 265 (emphasis added). That the district court improperly focused on harm to the "trial team," Appx004–005, shows that it failed to apply controlling law. And, contrary to Charter's argument, Response Br. 11, motions practice would not be necessary if the parties had agreed out of court to correct violations of the public's rights of access. Appx619–636.

Lacking Fifth Circuit authority, Charter relies on two unreported district court decisions. These non-binding cases are not persuasive.

*United States ex rel. Hernandez v. Team Finance, L.L.C.* is an order by the same district court EFF appeals from here, and it relies on the same flawed conflation of counsel's time with prejudice to the parties. No. 2:16-CV-00432, 2024 WL 1149191 (E.D. Tex. Mar. 15, 2024). Repeating a legal error does not make it correct. Even by the court's erroneous measure, however, EFF's motion came sooner than

the six-month period between the case closure and the intervention at issue in this case. *Id*. at *7.

*Boudreaux v. Axaill Corp.* is inapposite because it is not a public-access intervention case. No. 2:18-CV-00956, 2024 WL 3858808 (W.D. La. July 15, 2023). The court there found that the intervenor was invoking public access as a "façade" to obtain discovery materials from a defendant it was suing in another case. *Id*. at *3. By contrast, EFF seeks to analyze and publicize the summary judgment papers at issue here, just as it has done with its earlier patent unsealing work. Appx662–665.

*c. The District Court's Prejudice Determination Threatens The Public's Ability To Intervene And Unseal Records In Closed Cases.*

This Court must reverse the district court to avoid curtailing the ability of the public, including news media, to seek access to judicial records. AOB 29–32. Charter argues that EFF's concerns are overblown. Response Br. 12. But those concerns are widely shared. Nearly 20 news media organizations called the district court's decision "an extraordinary outlier" that would have barred access to judicial records concerning a variety of newsworthy topics, including sexual abuse within the Roman Catholic Church and the opioid crisis. Brief of the Reporters Committee for Freedom of the Press and 19 News Media Organizations (Dkt. No. 24) at 2.

Public interest organizations that frequently seek access to judicial records are

also concerned that the district court's order threatens the viability of public-access intervention under Rule 24(b), as "without it, the public right of access under common law and the First Amendment will often go unrepresented." Brief of Amici Curiae Public Justice and Public Citizen (Dkt. No. 23) at 10.

**3. The District Court's Denial Of Intervention Prejudiced EFF.**

Charter cannot dispute that EFF's inability to access the Sealed Filings constitutes prejudice under the third *Stallworth* factor. 558 F.2d at 265–66; AOB 26–28. Evidence below demonstrated the harm EFF continues to suffer from its inability to access the Sealed Filings. AOB 9, 26; Appx662–665. Foreclosing public access of the Sealed Filings prevents EFF from reporting fully on the district court's resolution of Charter's DOCSIS License defense, including a key legal question that recurs across many industries and cases: when is a particular patent "essential" to a technical standard and thus encumbered by licensing commitments? Appx662–665; *see also* Appx540–546. The question implicates interoperability and competition issues beyond the cable internet industry. *See* Appx663–664.

Instead, Charter argues that this Court should defer to the district court's finding that, on balance, there was no prejudice to EFF because a public order that barely summarizes some of the evidence and arguments can substitute for public access to the Sealed Filings. Response Br. 12-13.

*SEC v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993) forecloses this

argument. The Fifth Circuit reversed the district court's finding that the defendant's own disclosures about the existence of the order "would be sufficient to protect the public's right to know." *Id*. at 849. It held that information about sealed records "is no substitute for allowing access to the transcript and final order of permanent injunction, because the latter allows the public to verify" that the defendant was abiding by the order. *Id*. at 850.

The district court similarly erred in finding that public access to the magistrate judge's report and recommendations (R&R) sufficiently protects the public's right to access the contents of the Sealed Filings. Appx005–006. Yet EFF cannot verify basic facts about the summary judgment proceeding because the underlying records are either heavily redacted or entirely under seal. Appx616–617.

Charter tries but fails to distinguish *Van Waeyenberghe* by arguing that the Fifth Circuit's reversal was based on the district court's failure to balance competing interests prior to sealing the final order. Response Br. 13. But the district court failed to balance the competing interests *because* it believed no balancing was necessary. It erroneously found that the disclosure of information could serve as an acceptable substitute for the sealed judicial records themselves, overriding the presumption of public access. *Id*. at 850. Here, the district court's finding that the public R&R balances competing interests in transparency and secrecy suffers from the same flawed logic.

Also, Charter's interest balancing argument is not responsive to the third *Stallworth* factor. Response Br. 13–14. It is an argument in support of the district court's denial of EFF's unsealing motion. As explained below, the district court's single sentence stating that it was striking "a fair balance between the competing interests of the public's right to access and the protection of confidentiality," Appx005, is glaringly insufficient to justify sealing the materials at issue. The assertion also does not respond to EFF's record evidence demonstrating the ongoing harm it suffers from being unable to access the Sealed Filings.

#### 4. Unusual Circumstances Weigh In Favor Of EFF's Intervention.

Charter defends the district court's finding of no unusual circumstances by arguing that no legal authority supports EFF's position. Response Br. 14–15. But nothing in *Stallworth* forecloses the unusual circumstances that EFF has shown weigh in favor of its intervention. 558 F.2d at 266.

The consensual secrecy that occurred here, "where the parties agree, the busy district court accommodates, and nobody is left in the courtroom to question" whether the sealing was consistent with public access is anathema to public access. *Le*, 990 F.3d at 417. That there was no advocate for public access should be considered an unusual circumstance that weighs in EFF's favor regarding the timeliness of its intervention. A contrary conclusion would weaken the public's

ability to seek transparency when no one else is protecting the public's rights.[1]

Charter's claim that E.D. Tex. Local Rule CV-7(h) cannot constitute an unusual circumstance fails for all the reasons explained above: none of the local rules Charter cites are like Local Rule CV-7(h). *See* Section I.B.1.d. Because the rule is unusual, EFF's compliance should be a factor here.

## II. THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING EFF'S MOTION TO UNSEAL.

Charter concedes several reversible abuses of discretion by the district court, including that it sealed unreviewed documents *en masse* and ignored binding authority that precludes reliance on protective orders as a basis to seal. Charter's only defense on the merits is that the district court generally balanced the interests in sealing. Response Br. 16–17. This claim is a mirage. The district court neither articulated *any* specific reasons for sealing the documents, nor balanced those facts under the Fifth Circuit's "arduous" test for "shielding records from public view." *Le*, 990 F.3d at 420.

Aiming to sidestep the district court's abuse of discretion, Charter also

[1] Charter's citation to an unreported district court decision from outside the Fifth Circuit does not advance its argument beyond merely restating *Stallworth*'s fourth factor. Like many other cases Charter relies on, *Lyttle v. Trulieve, Inc.*, Case No. 8:19-cv-2313-CEH-TGW, 2021 WL 2379395 at *6 (M.D. Fla. June 10, 2021) concerns a would-be intervenor seeking to join the merits of a class action and is thus inapplicable. *See id*. at *2.

attempts to justify sealing under the district court's atextual—and according to Charter, unreviewable—misinterpretation of a local rule. This Court should reject this argument outright.

### A. THE DISTRICT COURT FAILED TO APPLY BINDING PRECEDENT GOVERNING THE STANDARDS FOR SEALING JUDICIAL RECORDS.

#### 1. Charter Does Not Defend The Wholesale Sealing Of Records.

Charter provides no answer for the district court's wholesale sealing of the documents in violation of controlling Fifth Circuit law and conceded that the district court sealed every document deemed confidential by the parties *en masse*. *See* AOB 41; Response Br. 17. Charter also does not respond to EFF's showing that these failures constitute an abuse of discretion. AOB 35, 37, 39, 41. Nor can it: the district court failed to individually review each document and allowed parties to decide which documents could be filed under seal, abrogating its obligations under controlling law. *Id.*; *see Le*, 990 F.3d at 419–20; *BP Expl. & Prod., Inc. v. Claimant 100246928*, 920 F.3d 209, 212 (5th Cir. 2019).

#### 2. The District Court Did Not Conduct The Robust Balancing Test Required By The Fifth Circuit.

Charter clings to a single line in the district court's order to claim that the court balanced confidentiality concerns with the public's right of access. Response Br. 16–17. Yet the court's passing reference to the "public's right to access court records" during its discussion of one of the *Stallworth* factors, Appx005, was

anything but the balancing required by the Fifth Circuit. AOB 36–37. The district court's failure to state or apply the correct legal standard were each an abuse of discretion. AOB 34–37, 40–41; *Le*, 990 F.3d at 419.

Contrary to Charter's argument, the district court's statement that it was generally "cognizant of the public's right of access" is insufficient. Response Br. 16. The district court failed to "mention…the *presumption* in favor of the public's access to judicial records," which misstated the legal standard and itself amounted to an abuse of discretion. *IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 410 (5th Cir. 2023) (quotation omitted; emphasis added); *see also Le*, 990 F.3d at 419; *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017); *Van Waeyenberghe,* 990 F.2d at 849.

Nor did the district court clearly identify any specific "compelling countervailing interests" that outweigh "the strong presumption against sealing judicial records." *IFG Port Holdings,* 82 F.4th at 412 (quotation omitted); *see also* AOB 40–41. The district court's bald assertion that "[l]itigants must have assurance that their confidential information will not be exposed to everyone who believes their own professional interests might benefit," Appx005, is insufficient as a matter of law. *IFG Port Holdings,* 82 F.4th at 411–412. The district court's "blanket claim of confidentiality" fails to "articulate any specific harm created by the disclosure," rendering it insufficient to overcome the presumption of public access. *Vantage*

*Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019); *see also IFG Port Holdings*, 82 F.4th at 412 ("unspecified and unsubstantiated privacy concerns do not amount to '*compelling* countervailing interests' sufficient to warrant nondisclosure of presumptively public judicial records") (citation omitted).

Neither Charter nor the district court ever identify *what* confidentiality interests are present in the Sealed Filings, *who* would be harmed by public disclosure, or *how* that person or entity might be harmed. The public and this Court are instead left to speculate whether the generalized confidentiality concerns in the Sealed Filings implicate confidential business information, trade secrets, an individual's personal privacy interests, or something else entirely. *See* Appx005. Fifth Circuit law forecloses such speculative claims from serving as the basis to seal judicial records, even in cases where the records reflect unidentified "confidential business records and proprietary information," and disclosure would risk real—but unspecified—competitive harm. *See, e.g., N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203–04 (5th Cir. 2015) (affirming unsealing); *Vantage Health Plan*, 913 F.3d at 451.

Charter insists that, under the circumstances of the case, the order "provide[d] enough detail" by setting forth its legal finding that "the Court had already granted authorization to seal confidential information designated under the Protective Order

under Local Rule CV-5(a)(7)(B)(2).” Response Br. 16–17. Relying on *United States v. Ahsani*, Charter argues that district courts may, in their discretion, attenuate the requisite “degree of specificity” required to seal judicial records based on “the facts and circumstances” surrounding a case. 76 F.4th 441, 452 (5th Cir. 2023); Response Br. 16 (quotation omitted). *Ahsani* does not shield the district court’s failures here.

*Ahsani* does not broadly authorize district courts to ignore their obligations to make specific findings when sealing a document if they find case-specific circumstances justify noncompliance. 86 F.4th at 452. The *only* exception recognized in *Ahsani* are “rare situations” involving the sealing of “jury information in highly publicized cases, especially where there have been threats against the jurors.” *Id.* at 452 n.28. No such circumstances are present here.

Nor did *Ahsani* excuse errors comparable to the district court’s order here, which failed to articulate *any* specific interests or factual findings that support nondisclosure. AOB 40–41. The “sparse” order affirmed in *Ahsani* identified specific “compelling” countervailing interests and adopted more detailed factual findings articulated in an earlier order. 76 F.4th at 446, 453–54. That prior order found, among other things, that unsealing would jeopardize the safety of the defendant and his family. *Id.* Here, the district court never identified any specific interests or made any detailed findings—either in the sealing or itself or a prior court order. *See* Appx006–08. To the extent Charter is arguing that the protective order is

analogous to the earlier order in *Ahsani*, it is incorrect as a matter of law: the legal standards governing protective orders are not a substitute for the legal standards governing sealing judicial records. AOB 37–40; *see also BP Expl. & Prod., Inc.*, 920 F.3d at 212–13 (5th Cir. 2019) ("expectation of secrecy" under "confidentiality agreements" approved by the district court did not provide "any reason" to justify sealing). And the district court's "power" to authorize sealing under Local Rule CV-5(a)(7)(B)(2) "is not an interest" and "should not factor into the analysis at all." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 230 (5th Cir. 2020).

#### 3. Charter Has No Answer To Binding Fifth Circuit Law That Prohibits Courts From Relying On Protective Orders To Seal Court Records.

Charter provides no response to controlling Fifth Circuit precedent that squarely rejects the district court's finding that protective orders can authorize sealing. As EFF's opening brief explains, relying on a protective order to seal documents is a reversible abuse of discretion. AOB 37–39; *see also Le*, 990 F.3d at 419–21; *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).

### B. THIS COURT CAN AND SHOULD REJECT THE DISTRICT COURT'S INTERPRETATION OF THE LOCAL RULE.

#### 1. There Is No Procedural Or Jurisdictional Obstacle To Interpreting The Local Rule.

##### *a. EFF Is Not Challenging The Validity Of The Local Rule.*

EFF challenges only the district court's *interpretation* of Local Rule CV-5

(a)(7)(B)—not the validity of the rule as Charter claims. Response Br. 17–19. EFF's expressly argues that the rule is "facially innocuous" and enforceable as written. AOB 47. EFF simply seeks review of the district court's interpretation of the rule, which needlessly contravenes well-established Fifth Circuit law protecting the public's right of access. That sets Local Rule CV-5(a)(7)(B)(2) on an avoidable collision course with substantive federal law. AOB 42–48. EFF asks this Court to preserve the validity of Local Rule CV-5(a)(7)(B)(2) by rejecting the district court's atextual interpretation and the loophole it would open in the public's presumptive rights of access. AOB 46–48.

*b. This Court Has Jurisdiction To Review The District Court's Erroneous Interpretation of Local Rule CV-5(a)(7)(B).*

Charter argues that the Federal Circuit is the "wrong forum" to interpret Local Rule CV-5(a)(7)(B). Response Br. 17. The Court should reject Charter's improper efforts to constrain this Court's appellate jurisdiction.

The Federal Circuit has "exclusive jurisdiction" in this patent dispute to review the district court order's interpretation of the local rule. 28 U.S.C. §§ 1292(c)(1), 1295(a)(1). This Court has repeatedly exercised its appellate jurisdiction to interpret local district court rules. *See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006); *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1321–23 (Fed. Cir. 2016); *AntiCancer, Inc.*

*v. Pfizer, Inc.*, 769 F.3d 1323, 1329–31, 1334 (Fed. Cir. 2014). And this Court has exercised appellate review over a district court's interpretation of a local rule governing sealing. *See Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1359 (Fed. Cir. 2020). Charter's claims to the contrary are meritless distractions.

Nor does the deference owed to the district court's interpretation of Local Rule CV-5(a)(7)(B) insulate its decision from review. Response Br. 18–19. EFF acknowledged that that the district court's interpretation is entitled to deference. AOB 42, 47. Contrary to Charter's argument, however, this Court need not acquiesce to the district court's erroneous interpretation where, as here, it defies the rule's plain text and conflicts with controlling Fifth Circuit law. AOB 42–48. Charter confuses a deferential standard of review, *see Mortgage Grader*, 811 F.3d at 1321, with a jurisdictional limitation. *See* Response Br. 18–19.

#### 2. Charter Does Not And Cannot Defend The Merits Of The District Court's Interpretation.

##### *a. The District Court's Interpretation Contravenes The Rule's Ordinary Meaning And Flouts Bedrock Rules Of Statutory Interpretation.*

Charter makes no real effort to defend the district court's interpretation of Local Rule CV-5(a)(7)(B). As EFF demonstrated in its opening brief, the district court's interpretation impermissibly defies bedrock rules of statutory construction. AOB 43–46; *see In re Mole*, 822 F.3d 798, 802 (5th Cir. 2016) (quoting *Matter of Thalheim*, 853 F.2d 383, 387 (5th Cir. 1988)) (alterations original) ("We apply 'basic

principle[s] of statutory construction' to the district court's local rules").

This Court's analysis of Local Rule CV-5(a)(7)(B) "begins and ends with the text." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014).[2] Local Rule CV-5(a)(7)(B) states:

> Unless authorized by statute or rule, a document in a civil case shall not be filed under seal unless it contains a statement by counsel following the certificate of service that certifies that (1) a motion to seal the document has been filed, or (2) the court already has granted authorization to seal the document.

EFF's Opening Brief demonstrates that this plain text prohibits parties from filing any documents under seal unless: (1) the party filed a motion to seal the document; or (2) the court already granted such a motion or otherwise specifically authorized sealing the specific record in a manner consistent with Fifth Circuit law. AOB 43–46. Charter does not dispute that District Court's interpretation defies the text of the Local Rule for numerous reasons:

***First,*** the text of CV-5(a)(7)(B)(2) requires judicial authorization to seal each "document," because it uses the definite article "the" to introduce "document." The district court's interpretation improperly transforms a definite article into an

---

[2] Neither Charter nor the District Court contend that the language of CV-5(a)(7) is ambiguous or incoherent. Appx006–007; Response Br. 16–19. Where, as here, the plain text is "unambiguous," the Court cannot look beyond the text in interpreting the rule. *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004); *see also, e.g., Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 563 U.S. 401, 412 (2011); *Bostock v. Clayton Cnty.*, 590 U.S. 644, 674–75 (2020).

indefinite article that would allow the court to seal many documents *en masse. See* AOB 44–45.

***Second,*** the clause "authorization to seal" does not contemplate sealing by protective orders. AOB 45. Nothing in the text of the local rule "explicitly or implicitly grants courts discretion to expand" this "authorization" to cover protective orders. *See Milner v. Dep't of Navy*, 562 U.S. 562, 572 n.5 (2011); *Seago v. O'Malley*, 91 F.4th 386, 391 (5th Cir. 2024). Further, "authorization" must be construed "in light of the terms surrounding it," none of which reference protective orders. *F.C.C. v. AT&T Inc.*, 562 U.S. 397, 406 (2011). Instead, "to seal" has a well-settled meaning under Fifth Circuit law: it explicitly rejects relying on protective orders to seal judicial records. AOB 44; *See June Medical Servs., L.L.C.*, 22 F.4th at 521.

***Third,*** the district court's interpretation allows *parties* to decide which documents may be sealed via their designations under a protective order, despite that the plain language of Local Rule CV-5(a)(7)(B)(2) specifically requires "authorization" from "the court … to seal the document." AOB 46.

*b. EFF's Interpretation Gives Effect To The Entire Rule.*

Charter argues that EFF's plain text interpretation would render Local Rule CV-5(a)(7)(B)(2) superfluous by requiring parties to always file motions to seal, as required by Local Rule CV-5(a)(7)(B)(1). Response Br. 18–19. This is incorrect.

Under EFF's reading, a party could seal specific materials without a motion if the district court has previously authorized sealing those specific materials by granting an earlier motion to seal. AOB 42–44. The two subparts operate in tandem. Both subparts require parties to file a motion to seal, albeit at different times: CV-5(a)(7)(B)(1) requires parties to file an accompanying motion the first time they file a document under seal; once a district court grants a motion to seal that document, CV-5(a)(7)(B)(2) relieves a party of the obligation to file additional motions to seal that document. *See* AOB 42–44. Local Rule CV-5(a)(7)(B)(2) is not superfluous because it requires something that CV-5(a)(7)(B)(1) does not: a motion to seal that has already been granted. *Seguin v. Remington Arms Co., L.L.C.*, 31 F.4th 311, 318 (5th Cir. 2022)1.

The provision also permits a court to *sua sponte* seal a specific judicial record after determining, consistent with Fifth Circuit law, that compelling interests in secrecy override the public's presumptive right to access the record. In that circumstance, parties could file the record under seal without a motion.

EFF's interpretation is consistent with the plain text of the rule, provides efficiency for litigants, and gives effect to both provisions of Local Rule CV-5(a)(7)(B).

**3. The District Court's Interpretation Is Inconsistent With The Public's Right Of Access.**

Charter's arguments elide that EFF's interpretation of the rule is the *only* one

that preserves its enforceability. The district court's interpretation jeopardizes the validity of Local Rule CV-5(a)(7)(B)(2) by construing it to permit courts to rely on protective orders as the "authorization" to seal judicial records. AOB 46–48. This interpretation of a procedural rule directly conflicts with substantive Fifth Circuit law protecting the public's First Amendment and common law rights to access judicial records. The district court's reading also allows parties to "decide[ ] unilaterally what judicial records to keep secret"—a practice long prohibited by the Fifth Circuit. *Le*, 990 F.3d at 420 Controlling precedent requires "judges, not litigants" to determine whether a record may be sealed. *Id.* at 419 (quotation omitted); *see also Sealed Search Warrants*, 868 F.3d at 397 n.5 ("the decision to seal the papers must be made by the judicial officer; he cannot abdicate this function.").

As EFF said in its opening brief, this Court can and should avoid a collision with superseding Fifth Circuit substantive law by adopting EFF's interpretation of Local Rule CV-5(a)(7)(B)(2). AOB 46–48; s*ee also, e.g., John v. State of Louisiana*, 757 F.2d 698, 707 (5th Cir. 1985).

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court, grant EFF intervention, and remand the case with specific instructions to apply controlling Fifth Circuit law to the Sealed Filings.

Dated: October 7, 2024

By: /s/ *Aaron Mackey*
Aaron Mackey

Victoria Noble
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Fax: (415) 436-9993
amackey@eff.org

Christopher J. Morten
NEW YORK UNIVERSITY SCHOOL OF LAW (WASHINGTON SQUARE LEGAL SERVICES, INC.)
Furman Hall, 245 Sullivan Street, 5th Floor New York, NY 10012
cjm531@nyu.edu
Telephone: 212-998-6430

*Counsel for Movant-Appellant Electronic Frontier Foundation*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify as follows:

1. This Reply Brief of Movant - Appellant Electronic Frontier Foundation with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6945 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f); and

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365, the word processing system used to prepare the brief, in 14 point font in Times New Roman font.

Dated: October 7, 2024

By: */s/ Aaron Mackey*
Aaron Mackey

*Counsel for Movant-Appellant Electronic Frontier Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on October 7, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: October 7, 2024

By: /s/ *Aaron Mackey*
Aaron Mackey

*Counsel for Movant-Appellant Electronic Frontier Foundation*