# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

ENTROPIC COMMUNICATIONS, LLC,

*Plaintiff,*

v.

CHARTER COMMUNICATIONS, INC.,

*Defendant-Appellee,*

v.

THE ELECTRONIC FRONTIER FOUNDATION,

*Movant-Appellant.*

On Appeal from the United States District Court
for the Eastern District of Texas, Marshall Division
Case no. 22-cv-00125-JRG
Chief Judge J. Rodney Gilstrap

## JOINT APPENDIX

| | |
|---|---|
| Daniel L. Reisner<br>Elizabeth A. Long<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Daniel.Reisner@arnoldporter.com<br>Elizabeth.Long@arnoldporter.com<br>Tel.: (212) 836-8000<br>Fax: (212) 836-8689 | Aaron Mackey<br>ELECTRONIC FRONTIER FOUNDATION<br>815 Eddy Street<br>San Francisco, CA 94109<br>Telephone: (415) 436-9333<br>Fax: (415) 436-9993<br>amackey@eff.org |
| *Counsel for Defendant - Appellee* | *Counsel for Movant - Appellant* |

# JOINT APPENDIX INDEX

| Dkt. No. | Description | Date | Appx. Page |
|---|---|---|---|
| 430 | Memorandum Opinion and Order Denying Electronic Frontier Foundation Motion to Intervene and to Unseal | 5/2/24 | Appx001 |
| 36 | Stipulated Protective Order | 8/10/22 | Appx009 |
| | Sample Protective Order Patent Cases | | Appx024 |
| | Docket Sheet | | Appx039 |
| 53 | Entropic Second Amended Complaint for Patent Infringement | 1/10/23 | Appx086 |
| 177 | Sealed Entropic Motion for Summary Judgment for No License Defense Based on DOCSIS; Exhibit A (DOCSIS License); Exhibit B (Daniel Boglioli Deposition); Exhibit C (Dr. Kevin Almeroth Deposition); Exhibit D (Expert Report of Dr. Kevin Almeroth) (screenshot of Pacer docket entry) | 9/11/23 | Appx113 |
| 224 | Redaction (to Sealed 215) Charter's Brief in Opposition to Entropic's Motion for Summary Judgment of No License Defense Based On DOCSIS | 10/02/23 | Appx114 |
| 224-1 | (Redacted) Declaration of Elizabeth Long in Support of Charter's Brief in Opposition to Entropic's Motion for Summary Judgment of No License Defense Based on DOCSIS | 10/02/23 | Appx135 |
| 224-4 | Exhibit G: Excerpts of the deposition transcript of [Name redacted] dated August 11, 2023, Dkt. 177-3 (Sealed) | 10/02/23 | Appx140 |
| 224-7 | Exhibit J: CHARTER_ENTROPC00290917 (Sealed) | 10/02/23 | Appx213 |
| 224-8 | Exhibit K: Excerpts of the deposition transcript of [Name redacted] dated June 6, 2023 (Sealed) | 10/02/23 | Appx214 |

| 224-9 | Exhibit L: Excerpts of the deposition transcript of [Name redacted] dated June 27, 2023 (Sealed) | 10/02/23 | Appx215 |
|---|---|---|---|
| 224-10 | Exhibit M: CHARTER_ENTROPIC00244578 (Sealed) | 10/02/23 | Appx216 |
| 224-11 | Exhibit N: CHARTER_ENTROPIC00291564 (Sealed) | 10/02/23 | Appx217 |
| 224-12 | Exhibit O: CHARTER_ENTROPIC00476675 (Sealed) | 10/02/23 | Appx218 |
| 224-13 | Exhibit P: Excerpts of the deposition transcript of Dr. Kevin Almeroth, dated August 23, 2023, Dkt 177-4 (Sealed) | 10/02/23 | Appx219 |
| 237 | Sealed Entropic Reply in Support of Motion for Summary Judgment (177); Sealed Declaration of James Shimota; Sealed Exhibit E (screenshot of Pacer docket entry) | 10/3/23 | Appx500 |
| 272 | Redaction (to Sealed Dkt. 177) Entropic's Motion for Summary Judgment of No License Defense based on DOCSIS | 10/11/23 | Appx501 |
| 276 | Redaction (to Sealed Dkt. 237) Entropic Reply in Support of Motion for Summary Judgment of No License Defense based on DOCSIS | 10/11/23 | Appx520 |
| 314 | Redaction (to Sealed Dkt. 267) Charter's Sur-Reply in Opposition to Entropic's Motion for Summary Judgment of No License Defense based on DOCSIS | 10/18/23 | Appx530 |
| 357 | Report and Recommendations Regarding (Sealed Dkt. 177) Entropic's Motion for Summary Judgment of No License Defense based on DOCSIS | 11/29/23 | Appx538 |
| 386 | Sealed Charter's Objections to Report and Recommendations (Dkt. 357) Regarding Entropic's Motion for Summary Judgment (screenshot of Pacer docket entry) | 12/7/23 | Appx548 |
| 399 | Order Adopting Report and Recommendations (Dkt. 357) Regarding Entropic's Motion For Summary Judgment | 12/08/23 | Appx549 |

| 408 | Order Granting Stipulation of Dismissal | 12/10/23 | Appx550 |
|---|---|---|---|
| 412 | Redaction (to Sealed Dkt. 386) Charter's Objection to Report and Recommendations (Dkt. 357) Regarding Entropic's Motion for Summary Judgment | 12/14/23 | Appx551 |
| 415 | Charter's Notice of Intent to Request Redactions (Dkt. 405) | 12/15/23 | Appx562 |
| 417 | Sealed Corrected Joint Motion to Redact Transcript (Dkt. 405) (screenshot of Pacer docket entry) | 12/29/23 | Appx566 |
| 420 | Sealed Joint Motion for Entry of Public Version of Order (Dkt. 368) (screenshot of Pacer docket entry) | 1/2/24 | Appx567 |
| 421 | Order Denying (Dkt. 420) Sealed Joint Motion for Entry of Public Version of Order (Dkt. 368) | 1/2/24 | Appx568 |
| 422 | Redaction (to Sealed Dkt. 417) Corrected Joint Motion to Redact Transcript (Dkt. 405) | 1/4/24 | Appx569 |
| 423 | Notice of Redaction to Order (Dkt. 368) by Entropic Communications | 1/4/24 | Appx576 |
| 425 | Electronic Fronter Foundation's Opposed Motion to Intervene and to Unseal Court Records (Dkt. 272) | 3/20/24 | Appx581 |
| 425-1 | Declaration of Christopher J. Morten in Support of Electronic Fronter Foundation's Motion to Intervene and to Unseal Court Records | 3/20/24 | Appx600 |
| 425-2 | Exhibit A: Electronic Frontier Foundation's Proposed Complaint in Intervention for Injunctive Relief | 3/20/24 | Appx606 |
| 425-3 | Exhibit B: Table of Sealed Filings | 3/20/24 | Appx615 |
| 425-4 | Exhibit C: Meet and Confer Correspondence | 3/20/24 | Appx618 |
| 425-6 | Exhibit E: Redaction Examples | 3/20/24 | Appx637 |
| 425-7 | Exhibit F: Sept. 5, 2023 Bloomberg Law story regarding *Entropic v. Charter* | 3/20/24 | Appx651 |
| 425-8 | Exhibit G: Dec. 12, 2023 Bloomberg Law story regarding *Entropic v. Charter* | 3/20/24 | Appx654 |

| 425-9 | Declaration of Aaron Mackey in Support of Electronic Frontier Foundation's Motion to Intervene and to Unseal Court Records | 3/20/24 | Appx658 |
|---|---|---|---|
| 427 | Charter Opposition to (Dkt. 425) EFF Motion to Intervene and to Unseal Court Records | 4/3/24 | Appx667 |
| 428 | EFF Reply in Support of (Dkt. 425) Motion to Intervene and Unseal Court Records | 4/10/24 | Appx677 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is third party Electronic Frontier Foundation's ("EFF") Motion to Intervene and to Unseal Court Records (the "Motion") (Dkt. No. 425).  Having considered the Motion and briefing, the Court finds that it should be **DENIED** for the reasons set forth herein.

**I.     BACKGROUND**

On April 27, 2022, Plaintiff Entropic Communications, LLC ("Plaintiff" or "Entropic") filed a Complaint against Defendant Charter Communications, Inc. ("Defendant" or "Charter") alleging infringement of six U.S. patents.  (Dkt. No. 1.)  In December 2023, the parties settled the case (Dkt. No. 407.)  The Court accepted and acknowledged the Parties' Stipulation of Dismissal and closed the case on December 10, 2023.  (Dkt. No. 408.)

On March 20, 2024, third party EFF moved to intervene "for the limited purpose of vindicating the public's right to access court records."  (Dkt. No. 425 at 1.)  That motion is now before the Court.

**II.     LEGAL STANDARD**

Courts may permit intervention in a civil action on an applicant's timely motion if the applicant: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or

1

defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).

A threshold issue regarding an applicant's motion to intervene, whether as of right under Rule

24(a) or permissively under either prong of Rule 24(b), is that the application must be timely.  *Nat'l*

*Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973).  Timeliness

under the permissive intervention standard is evaluated more strictly than under mandatory

intervention.  *Stallworth*, 558 F.2d at 266; *see also Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir.

2021).

　　　　"[T]imeliness is not limited to chronological considerations but 'is to be determined from

all the circumstances.'"  *Stallworth*, 558 F.2d at 263.  The Fifth Circuit "assesses [timeliness]

through the factors set forth in *Stallworth v. Monsanto Co.*: (1) the length of time the movant

waited to file, (2) the prejudice to the existing parties from any delay, (3) the prejudice to the

movant if the intervention is denied, and (4) any unusual circumstances." (Dkt. No. 471-1 at 8-9)

(citing 558 F.2d 257).

　　　　Further, "[p]ermissive intervention is 'wholly discretionary' and may be denied even

when the requirements of Rule 24(b) are satisfied."  *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300,

317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d

452, 471–72 (5th Cir. 1984)).

## III.　DISCUSSION

### A.　The Motion to Intervene

　　　　EFF seeks permissive intervention in this case and argues that its motion is timely.  (Dkt.

No. 425 at 13.)  The Court addresses each of the *Stallworth* factors on timeliness in turn.

#### 1.　The length of delay

　　　　To determine timeliness, "[a] court must . . . look to the actions of the litigants" and

determine "the moment that the prospective intervenor knew that his interest would 'no longer be

protected.'" *U.S. ex rel Hernandez v. Team Fin.*, 80 F.4th 571, 578 (5th Cir. 2023). EFF argues that this moment occurred on November 29, 2023, when Magistrate Judge Payne issued his Report and Recommendation ("R&R") on Charter's DOCSIS license defense. (*Id.* at 13; Dkt. No. 482 at 1-2.) Alternatively, EFF argues that the relevant moment is December 8, 2023, when this Court adopted Magistrate Judge Payne's R&R. (Dkt. No. 425 at 13.) According to EFF, under either date, EFF filed its motion in less than four months, which is "well within the bounds of timeliness." (Dkt. No. 428 at 2.)

While Charter observes that EFF should have been aware of the DOCSIS license defense generally no later than May 24, 2023, the date of Charter's redacted Answer containing the defense (Dkt. No. 427 at 3), it does not appear to dispute that November 29, 2023 is the relevant moment for the timeliness inquiry. However, it argues that EFF's four-month delay cannot be timely. (*Id.* at 3-4; Dkt. No. 429 at 1-2.)

Having considered the above arguments, the Court finds that the length of delay in this case weighs against timeliness. EFF seeks the unsealing of the briefing and exhibits relating to Plaintiff's Motion for Summary Judgment of No License Defense Based on DOCSIS. (Dkt. No. 425 at 15.) That motion was filed on September 11, 2023 and became fully briefed on October 11, 2023. (Dkt. No. 177; Dkt. No. 267.) The Court notes that EFF repeatedly characterized the DOCSIS license defense as a "key issue in this case." (Dkt. No. 425 at 2.) Furthermore, Charter put the public on notice of the defense almost four months before Plaintiff filed its summary judgment motion. In light of these circumstances, this Court believes that EFF likely followed the filings in this case and had a particular interest in this summary judgment motion. As such, common sense indicates that EFF would have known by the time the motion was fully briefed (October 11, 2023) *at the latest* that the documents were sealed without accompanying motions to

seal—*i.e.*, that its interest "would no longer be protected." *Hernandez*, 80 F.4th at 578.  EFF may even have attempted to access the sealed material on the docket before the issuance of Magistrate Judge Payne's R&R.  If it did, such shows earlier notice.  If it did not, such reveals a lack of diligence.  Based on the relevant date of October 11, 2023, EFF waited more than five months to file this Motion.  That filing is not timely.

Out of an abundance of caution, the Court conducts the same analysis under EFF's proposed date of November 29, 2023.  In light of EFF's characterization of the license defense as a "nationally important, precedent-setting case-dispositive defense" (Dkt. No. 425 at 1), the Court finds that a four-month delay is likewise untimely.

Accordingly, in the totality of the circumstances, the Court finds that the delay by EFF weighs against timeliness.

### 2.    The prejudice to the existing parties

EFF argues that permitting it to intervene will not prejudice the parties because EFF does not seek to revisit substantive issues already decided by the Court.  (*Id.* at 14.)  EFF points out that the parties have continued to raise sealing questions after the case was closed.  (*Id.*)

In response, Charter argues that allowing EFF to intervene would be prejudicial to the parties because the case team has already disbanded, and the parties would have to revisit confidentiality issues they reasonably believed were settled.  (Dkt. No. 427 at 4.)

The Court agrees with Charter.  Pulling the parties back into this case months after they had settled, after they have disbanded their case teams, and well after an Order of Dismissal directing the case be closed, is prejudicial.  Moreover, lawyers necessarily move onto the next case and familiarity with the issues and documents immediately begins to wane.  EFF's delay resulted in a four-month gap between the settlement and this Motion.  Had EFF intervened when the motion at issue became fully briefed, its Motion could have been contemporaneous with the settlement

4

when knowledge surrounding the relevant documents was fresh and the trial teams were engaged and focused.

Accordingly, the prejudice to the parties weighs against the timeliness of EFF's motion.

### 3.    The prejudice to the movant if intervention is denied

EFF contends that it has a "strong interesting in understanding and reporting on the DOCSIS License and DOCSIS License defense, and sealing prevents EFF from carrying out this reporting." (Dkt. No. 428 at 3.)  EFF further argues that Magistrate Judge Payne's R&R is not "a substitute" for the underlying motions and exhibits submitted to the Court. (*Id.*)

Charter responds that Magistrate Judge Payne's R&R provides a thorough recitation and analysis of the license defense. (Dkt. No. 427 at 4.)  Therefore, EFF would suffer no prejudice if intervention is denied. (*Id.*)

Having reviewed the briefing and the R&R, this Court agrees with Charter and finds that EFF will suffer little, if any, material prejudice if the Motion to Intervene is denied.  As EFF admitted, Magistrate Judge Payne's R&R is entirely unredacted and summarizes the key issues relating to Charter's DOCSIS license defense. (Dkt. No. 425 at 4-5.)  Despite EFF's complaints about how "little the public can [] glean about the DOCSIS dispute," EFF was able to clearly explain the two key license issues in its briefing. (*Id.*)  While the Court is cognizant of the public's right to access court records, the decision to seal or unseal records is best left to the trial court "in light of the relevant facts and circumstances of the particular case." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019).  Litigants must have assurance that their confidential information will not be exposed to everyone who believes their own professional interests might benefit.  The Court must strike a fair balance between the competing interests of the public's right to access and the protection of confidentiality.  In light of Magistrate Judge Payne's publicly available, unredacted summary of the key issues relating to

5

the license defense, this Court finds that EFF would suffer little, if any, material harm if intervention is denied.

### 4.      Any unusual circumstances

EFF argues that denying it leave to intervene in this case would "force EFF and other members of the public interested in court records [] to file motions early in litigation, before case-dispositive issues are decided or even briefed."  (Dkt. No. 428 at 3.)

In response, Charter points out that this factor focuses on any "unusual circumstances militating for or against the timeliness of a motion to intervene," not for or against intervention in general.  (Dkt. No. 429 at 3.)

The Court finds that EFF has not shown any unusual circumstances that militate in favor of a *determination of timeliness*.  Accordingly, this factor is neutral.

Having weighed the four *Stallworth* factors relevant to the timeliness inquiry under a totality of the circumstances, the Court finds that EFF's Motion to Intervene was not timely. Accordingly, the Court finds that EFF's Motion to Intervene should be and hereby is **DENIED**.

### B.      The Motion to Unseal

The Court next turns to the Motion to Unseal.

EFF argues that the parties improperly filed the briefings and exhibits relating to Plaintiff's Motion for Summary Judgment of No License Defense Based on DOCSIS (Dkt. Nos. 177, 215, 237, 267, 386 and their attachments) under seal without accompanying motions to seal.  (Dkt. No. 425 at 10-12; Dkt. No. 428 at 3-5.)  In support, EFF cites Local Rule CV-5(a)(7)(B)(2) and this Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to be Presented to the Court During Motion and Trial Practice.  (Dkt. No. 425 at 11; Dkt. No. 428 at 3-4.)  EFF further contends that the Protective Order in this case "cannot exempt Entropic and

**Appx006**

Charter from their obligation to move to file judicial records under seal and to show why the public's presumptive right of access is subordinated." (Dkt. No. 425 at 12.)

In response, Charter contends that Local Rule CV-5(a)(7)(B)(2) allows parties to file documents under seal without a motion to seal when the Court "has already granted authorization to seal the document." (Dkt. No. 427 at 5-6.) Charter argues that the Protective Order in this case grants such authorization by requiring that "[a]ny designated material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court." (Dkt. No. 427 at 2-3.) In addition, Charter contends that EFF improperly relies on a Standing Order that only applies to sealing confidential information during a public hearing or trial. (*Id.* at 6.) Therefore, according to Charter, the parties followed the proper procedures for sealing confidential documents. (*Id.* at 6.)

The Court agrees with Charter and finds that the parties properly filed under seal the confidential documents relating to Plaintiff's Motion for Summary Judgment of No License Defense Based on DOCSIS (Dkt. Nos. 177, 215, 237, 267, 386 and their attachments). As Charter correctly noted, the Protective Order in this case requires that any "designated material" under the Protective Order be filed under seal. (Dkt. No. 36 at 10.) In this context, the Court had already granted authorization to seal confidential information designated under the Protective Order under Local Rule CV-5(a)(7)(B)(2). As such, the parties need not file additional motions to seal such confidential information.

In addition, the Court notes that EFF's reliance on this Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice is misplaced. By its own terms, that Standing Order applies to the sealing of confidential information *during a public hearing or trial*, not during motion practice.

7

**Appx007**

Accordingly, the Court finds that EFF's Motion to Unseal Court Records should be and hereby is **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** EFF's Motion to Intervene and to Unseal Court Records (Dkt. No. 425).

**So ORDERED and SIGNED this 2nd day of May, 2024.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

8

**Appx008**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC.; <br> Spectrum Advanced Services, LLC; and <br> Spectrum Management Holding Company, <br> LLC, <br><br> *Defendants*. | Case No. 2:22-cv-00125-JRG |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Entropic Communications, LLC ("Entropic" or "Plaintiff") and Defendants Charter Communications, Inc., Spectrum Advanced Services, LLC, and Spectrum Management Holding Company, LLC (collectively "Charter" or "Defendants") hereafter referred to individually as a "Party" and collectively as "the Parties" to the "Action," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such

document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice  of  the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions

dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)   up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)   outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)   independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)   the Court and its personnel.

6.   A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.   Documents, information or material produced pursuant to any discovery request in this

Action, including but not limited to Protected Material designated as DESIGNATED

MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not

be used for any other purpose.  Any person or entity who obtains access to DESIGNATED

MATERIAL or the contents thereof pursuant to this Order shall not make any copies,

duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any

portion thereof except as may be reasonably necessary in the litigation of this Action.  Any

such copies, duplicates, extracts, summaries or descriptions shall be classified

DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be

designated CONFIDENTIAL is so sensitive that its dissemination deserves even further

limitation, the producing Party may designate such Protected Material "RESTRICTED --

ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer

source code and/or live data (that is, data as it exists residing in a database or databases)

("Source Code Material"), the producing Party may designate such Protected Material as

"RESTRICTED CONFIDENTIAL SOURCE CODE."

9.      For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY,

access to, and disclosure of, such Protected Material shall be limited to individuals listed

in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel

pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive

decision-making authority on behalf of the client.

10.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone"

computer(s) (that is, the computer may not be linked to any network, including a

local area network ("LAN"), an intranet or the Internet).   The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below.  Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)    Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)    The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)    Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)    If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or

RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or

unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed

to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.   Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16.   Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.   The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.   A Party may request in writing to the other Party that the designation given to any

DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

20.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by

such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall

discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 10th day of August, 2022.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

ENTROPIC COMMUNICATIONS, LLC,

     Plaintiff,

     v.

CHARTER COMMUNICATIONS, INC.;
SPECTRUM ADVANCED SERVICES,
LLC; AND SPECTRUM MANAGEMENT
HOLDING COMPANY, LLC,

     Defendants.

Case No. 2:22-cv-00125-JRG

JURY TRIAL DEMANDED

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

      understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

      will not disclose to anyone not qualified under the Protective Order, and will use only for

      purposes of this action any information designated as "CONFIDENTIAL,"

      "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

      SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things

designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"

or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,

and all documents and things that I have prepared relating thereto, to the outside counsel

for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**[MARSHALL / TYLER / TEXARKANA] DIVISION**

| | | |
|---|---|---|
| [PLAINTIFF][, et al.,] | § § | |
| v. | § § | Case No. [2 / 6 / 5]:00-CV-000-[JRG / RSP / JDL / KNM / CMC] |
| [DEFENDANT][, et al.] | § § | |

**SAMPLE PROTECTIVE ORDER FOR PATENT CASES**

WHEREAS, Plaintiff _____ and Defendant _____ , hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."   The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.   For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already

present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.     Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.     With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED -

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.   "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)   outside counsel of record in this Action for the Parties;

(b)   employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)   in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)   up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)   outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or

an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any

such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.  To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.  For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

    (b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s)

outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose

of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.

The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms

of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules

of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

20.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.   Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated

into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
[MARSHALL / TYLER / TEXARKANA] DIVISION**

| | | |
|---|---|---|
| [PLAINTIFF][, et al.,] | § | |
| | § | Case No. [2 / 6 / 5]:00-CV-000-[JRG / |
| v. | § | RSP / JDL / KNM / CMC] |
| | § | |
| [DEFENDANT][, et al.] | § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

       understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

       will not disclose to anyone not qualified under the Protective Order, and will use only for

       purposes of this action any information designated as "CONFIDENTIAL,"

       "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

       SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things

       designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"

       or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,

       and all documents and things that I have prepared relating thereto, to the outside counsel

for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

**U.S. District Court**
**Eastern District of TEXAS [LIVE] (Marshall)**
**CIVIL DOCKET FOR CASE #: 2:22-cv-00125-JRG**

Entropic Communications, LLC v. Charter Communications, Inc.
et al
Assigned to: District Judge Rodney Gilstrap
Case in other court: FEDERAL CIRCUIT, 24-01896
Cause: 35:271 Patent Infringement

Date Filed: 04/27/2022
Date Terminated: 12/11/2023
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Technical Advisor**

**David Keyzer**
*david@keyzerlaw.com*

**Plaintiff**

**Entropic Communications, LLC**          represented by   **Darlene Fae Ghavimi**
K&L Gates, LLP
2801 Via Fortuna
Ste 650
TX
Austin, TX 78746
512-482-6800
Email: Darlene.Ghavimi@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A Shimota**
K&L Gates LLP - Chicago
70 West Madison Street
Suite 3100
Chicago, IL 60602
312-807-4299
Fax: 312-827-8000
Email: jim.shimota@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan E Littmann**
Goldman Ismail Tomaselli Brennan &
Baum, LLP - Chicago
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
312-681-6000
Fax: 312-881-5191
Email: alittmann@goldmanismail.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Andrea Leigh Fair**
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
Fax: 903-757-2323
Email: andrea@wsfirm.com
*ATTORNEY TO BE NOTICED*

**Charles Everingham , IV**
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
Fax: 903-757-2323
Email: ce@wsfirm.com
*ATTORNEY TO BE NOTICED*

**Christina N Goodrich**
K&L Gates LLP
10100 Santa Monica Blvd.
Ste 8th Floor
Los Angeles, CA 90067
310-552-5000
Fax: 310-552-5001
Email: christina.goodrich@klgates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Connor James Meggs**
K&L Gates LLP
10100 Santa Monica Blvd.
8th Floor
Los Angeles, CA 90067
310-552-5031
Email: connor.meggs@klgates.com
*ATTORNEY TO BE NOTICED*

**Courtney Neufeld**
K&L Gates LLP
925 Fourth Ave.
Suite 2900
Seattle, WA 98104
206-370-7836
Email: courtney.neufeld@klgates.com
*ATTORNEY TO BE NOTICED*

**Doug Winnard**
Goldman Ismail Tomaselli Brennan &
Baum, LLP - Chicago
200 South Wacker Drive
22nd Floor

Chicago, IL 60606
312.681.6000
Fax: 312.881.5191
Email: dwinnard@goldmanismail.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**George C Summerfield**
K & L Gates LLP - Chicago
70 W Madison Street
Suite 3300
Chicago, IL 60602
312-807-4376
Fax: 312-827-8000
Email: george.summerfield@klgates.com
*ATTORNEY TO BE NOTICED*

**Jason A Engel**
K&L Gates LLP - Chicago
70 West Madison Street
Suite 3100
Chicago, IL 60602
312-807-4236
Fax: 312-827-8000
Email: jason.engel@klgates.com
*ATTORNEY TO BE NOTICED*

**Jennifer M. Hartjes**
Goldman Ismail Tomaselli Brennan &
Baum LLP
200 South Wacker Dr
Suite 2200
Chicago, IL 60606
312-881-5958
Email: jhartjes@goldmanismail.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Johnny Ward , Jr**
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
Fax: 903-757-2323
Email: jw@wsfirm.com
*ATTORNEY TO BE NOTICED*

**Katherine L. Allor**
K&L Gates LLP - Chicago
70 West Madison Street
Suite 3100
Chicago, IL 60602
312.372.1121
Fax: 312.827.8000

Email: katy.allor@klgates.com
*ATTORNEY TO BE NOTICED*

**Kenneth H. Bridges**
Bridges IP Consulting
2113 19th Ave S
Nashville, TN 37212
615-973-9478
Email: bridgesip@icloud.com
*ATTORNEY TO BE NOTICED*

**Ketajh Brown**
K&L Gates LLP
70 West Madison Street
Suite 3100
Chicago, IL 60602
312-807-4328
Email: kbrown@dowdbennett.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Alexander Blair**
K&L Gates
2801 Via Fortuna
Ste 650
Austin, TX 78746
512-482-6851
Email: matthew.blair@klgates.com
*ATTORNEY TO BE NOTICED*

**Michael T Pieja**
Goldman Ismail Tomaselli Brennan &
Baum, LLP - Chicago
200 South Wacker Drive
22nd Floor
Chicago, IL 60606
312.681.6000
Fax: 312.881.5191
Email: mpieja@goldmanismail.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas F. Lenning**
K&L Gates LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158
206-623-7580
Fax: 206-623-7022
Email: nicholas.lenning@klgates.com
*ATTORNEY TO BE NOTICED*

**Peter E. Soskin**
K&L Gates LLP - San Francisco

Four Embarcadero Center
Suite 1200
San Francisco, CA 94111
415-882-8046
Fax: 415-882-8220
Email: peter.soskin@klgates.com
*ATTORNEY TO BE NOTICED*

**Samuel Patrick Richey**
K&L Gates LLP
70 W. Madison St.
Suite 3100
Chicago, IL 60602
312-372-1121
Email: samuel.richey@klgates.com
*ATTORNEY TO BE NOTICED*

**Shaun Zhang**
Riley Safer Holmes & Cancila LLP
1 South Dearborn Street
Suite 2200
Chicago, IL 60603
312-471-8740
Fax: 312-471-8701
Email: szhang@rshc-law.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jack Wesley Hill**
Ward, Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
Fax: 903-757-2323
Email: wh@wsfirm.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Charter Communications, Inc.**           represented by **Daniel Reisner**
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019
212-836-8132
Email: Daniel.Reisner@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Michael Bass**
Arnold & Porter Kaye Scholer LLP - New York
250 West 55th Street
New York, NY 10019-9710

212-836-8017
Fax: 212-836-8689
Email: jacob.bass@arnoldporter.com
*TERMINATED: 11/27/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Owen Young , Jr.**
Arnold & Porter Kaye Scholer, LLP - Wash
DC
601 Massachusetts Avenue NW
Washington, DC 20001-3743
202-942-6550
Email: william.young@arnoldporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Albert John Boardman**
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
212-836-8135
Email: Albert.Boardman@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Amy L DeWitt**
Arnold & Porter Kaye Scholer, LLP - Wash
DC
601 Massachusetts Avenue NW
Washington, DC 20001-3743
202-942-5823
Fax: 202-942-5999
Email: amy.dewitt@aporter.com
*ATTORNEY TO BE NOTICED*

**David S Benyacar**
Kaye Scholer - New York
425 Park Avenue
New York, NY 10022
212/836-7763
Fax: 212/836-6404
Email: David.Benyacar@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**David Eric Shapland**
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street
Ste 44th Floor
Los Angeles, CA 90017
213-243-4238
Fax: 213-243-4199
Email: eric.shapland@aporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Deron R Dacus**
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
903/705-1117
Fax: 903/581-2543
Email: ddacus@dacusfirm.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Anne Long**
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
212-836-8067
Email: elizabeth.long@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Marc A Cohn**
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC 20001
202-942-5797
Email: Marc.Cohn@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa A. Brown**
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
212-836-7981
Email: Melissa.Brown@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Natalie Steiert**
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington D.C., DC 20001-3743
202-942-6716
Email: natalie.steiert@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Palak Mayani Parikh**
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
212-836-7243
Email: palak.mayani@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Paul Isaac Margulies**

Arnold & Porter Kaye Scholer, LLP - Wash DC
601 Massachusetts Avenue NW
Washington, DC 20001-3743
202-942-6990
Fax: 202-942-5999
Email: pmargulies@tesla.com
*TERMINATED: 10/19/2023*

**Thomas J. Carr**
Arnold & Porter
601 Massachusetts Ave., NW
Washington, DC 20001-3743
202-942-6772
Email: thomas.carr@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**William Louden**
Arnold & Porter - Washington DC
555 Twelfth Street NW
Washington, DC 20004
202.942.6909
Fax: 202.942.5999
Email: William.Louden@aporter.com
*ATTORNEY TO BE NOTICED*

**Zachary Nemirovsky**
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real
Suite 500
Palo Alto, CA 94306-2112
650-319-4527
Email:
zachary.nemirovsky@arnoldporter.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Spectrum Advanced Services, LLC**<br>*TERMINATED: 02/07/2023* | represented by | **Albert John Boardman**<br>(See above for address)<br>*TERMINATED: 02/07/2023*<br>*ATTORNEY TO BE NOTICED* |

**Daniel Reisner**
(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**David S Benyacar**
(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**Deron R Dacus**

(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**Elizabeth Anne Long**
(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**Melissa A. Brown**
(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**Palak Mayani Parikh**
(See above for address)
*TERMINATED: 02/07/2023*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Spectrum Management Holding Company, LLC**<br>*TERMINATED: 02/07/2023* | represented by | **Albert John Boardman**<br>(See above for address)<br>*TERMINATED: 02/07/2023*<br>*ATTORNEY TO BE NOTICED* |

**Daniel Reisner**
(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**David S Benyacar**
(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**Deron R Dacus**
(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**Elizabeth Anne Long**
(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**Melissa A. Brown**
(See above for address)
*TERMINATED: 02/07/2023*
*ATTORNEY TO BE NOTICED*

**Palak Mayani Parikh**
(See above for address)
*TERMINATED: 02/07/2023*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**The Electronic Frontier Foundation**    represented by    **Christopher John Morten**
Morningside Heights Legal Services, Inc.
(Columbia Law Schoo
435 W 116th St
(Jerome Greene Hall)
Room 831
New York, NY 10027
212-854-1845
Email: cjm2002@columbia.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/27/2022 | 1 | COMPLAINT against Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC ( Filing fee $ 402 receipt number 0540-8892861.), filed by Entropic Communications, LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L) (Hill, Jack) (Entered: 04/27/2022) |
| 04/27/2022 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Hill, Jack) (Entered: 04/27/2022) |
| 04/27/2022 | 3 | CORPORATE DISCLOSURE STATEMENT filed by Entropic Communications, LLC identifying Corporate Parent Entropic Holdings, LLC for Entropic Communications, LLC. (Hill, Jack) (Entered: 04/27/2022) |
| 04/27/2022 | 4 | DEMAND for Trial by Jury by Entropic Communications, LLC. (Hill, Jack) (Entered: 04/27/2022) |
| 04/27/2022 |  | Case assigned to District Judge Rodney Gilstrap. (ch, ) (Entered: 04/27/2022) |
| 04/27/2022 |  | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (ch, ) (Entered: 04/27/2022) |
| 04/27/2022 | 5 | SUMMONS Issued as to Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC. (Attachments: # 1 Summons(es), # 2 Summons(es))(ch, ) (Entered: 04/27/2022) |
| 05/09/2022 | 6 | SUMMONS Returned Executed by Entropic Communications, LLC. Charter Communications, Inc. served on 5/3/2022, answer due 5/24/2022. (Hill, Jack) (Entered: 05/09/2022) |
| 05/09/2022 | 7 | SUMMONS Returned Executed by Entropic Communications, LLC. Spectrum Advanced Services, LLC served on 5/3/2022, answer due 5/24/2022. (Hill, Jack) (Entered: 05/09/2022) |

| 05/09/2022 | 8 | SUMMONS Returned Executed by Entropic Communications, LLC. Spectrum Management Holding Company, LLC served on 5/3/2022, answer due 5/24/2022. (Hill, Jack) (Entered: 05/09/2022) |
|---|---|---|
| 05/18/2022 | 9 | NOTICE of Attorney Appearance by Andrea Leigh Fair on behalf of Entropic Communications, LLC (Fair, Andrea) (Entered: 05/18/2022) |
| 05/23/2022 | 10 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC.( Dacus, Deron) (Entered: 05/23/2022) |
| 05/23/2022 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Spectrum Management Holding Company, LLC to 6/23/2022; Spectrum Advanced Services, LLC to 6/23/2022; Charter Communications, Inc. to 6/23/2022. 30 Days Granted for Deadline Extension.( nkl, ) (Entered: 05/23/2022) |
| 05/23/2022 | 11 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC.( Dacus, Deron) (Entered: 05/23/2022) |
| 05/23/2022 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Spectrum Management Holding Company, LLC to 7/8/2022; Spectrum Advanced Services, LLC to 7/8/2022; Charter Communications, Inc. to 7/8/2022. 15 Days Granted for Deadline Extension.( nkl, ) (Entered: 05/23/2022) |
| 05/24/2022 | 12 | AMENDED COMPLAINT against Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC, filed by Entropic Communications, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Hill, Jack Wesley) (Entered: 05/24/2022) |
| 06/14/2022 | 13 | ORDER - Scheduling Conference set for 7/19/2022 10:00 AM before District Judge Rodney Gilstrap. Signed by District Judge Rodney Gilstrap on 6/14/2022. (ch, ) (Entered: 06/15/2022) |
| 07/06/2022 | 14 | NOTICE of Discovery Disclosure by Entropic Communications, LLC (*P.R. 3-1 and P.R. 3-2 Disclosures*) (Hill, Jack Wesley) (Entered: 07/06/2022) |
| 07/08/2022 | 15 | NOTICE of Attorney Appearance - Pro Hac Vice by Palak Mayani Parikh on behalf of Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC. Filing fee $ 100, Receipt #ATXEDC-9010087. (nkl, ) (Entered: 07/08/2022) |
| 07/08/2022 | 16 | NOTICE of Attorney Appearance - Pro Hac Vice by Albert John Boardman on behalf of All Defendants. Filing fee $ 100, receipt number ATXEDC-9010246. (Boardman, Albert) (Entered: 07/08/2022) |
| 07/08/2022 | 17 | NOTICE of Attorney Appearance - Pro Hac Vice by David S Benyacar on behalf of All Defendants. Filing fee $ 100, receipt number ATXEDC-9010286. (Benyacar, David) (Entered: 07/08/2022) |
| 07/08/2022 | 18 | MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* by Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC. (Attachments: # 1 Declaration - Armstrong, # 2 Declaration - |

| | | |
|---|---|---|
| | | Burdett, # 3 Declaration - Nelson, # 4 Declaration - Smith, # 5 Text of Proposed Order) (Dacus, Deron) (Entered: 07/08/2022) |
| 07/08/2022 | 19 | CORPORATE DISCLOSURE STATEMENT filed by Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC (Dacus, Deron) (Entered: 07/08/2022) |
| 07/08/2022 | 20 | NOTICE of Attorney Appearance - Pro Hac Vice by Daniel Reisner on behalf of All Defendants. Filing fee $ 100, receipt number ATXEDC-9010457. (Reisner, Daniel) (Entered: 07/08/2022) |
| 07/13/2022 | 21 | NOTICE of Attorney Appearance - Pro Hac Vice by James A Shimota on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9017573. (Shimota, James) (Entered: 07/13/2022) |
| 07/13/2022 | 22 | NOTICE of Attorney Appearance - Pro Hac Vice by Jason A Engel on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9017576. (Engel, Jason) (Entered: 07/13/2022) |
| 07/13/2022 | 23 | NOTICE of Attorney Appearance by George C Summerfield on behalf of Entropic Communications, LLC (Summerfield, George) (Entered: 07/13/2022) |
| 07/19/2022 | | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Scheduling Conference held on 7/19/2022. Counsel for the parties appeared. Court asked whether they consented to trial before the U.S. Magistrate Judge. Court then gave counsel Claim Construction and Jury Selection/Trial dates. (Court Reporter Shawn McRoberts, RMR, CRR) (aeb) (Entered: 07/19/2022) |
| 07/22/2022 | 24 | Joint MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3) and for Limited Expedited Venue Discovery* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 07/22/2022) |
| 07/25/2022 | 25 | ORDER granting 24 Joint MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3) and for Limited Expedited Venue Discovery* ORDERED that the parties may conduct venue discovery subject to the agreements set forth in the Motion. (Dkt. No. 24 at 23.) It is ORDERED that the venue discoveryshall be completed by September 30, 2022 and the deadline for Entropics response to Charters Motionto Dismiss for Improper Venue (Dkt. No. 18) is extended until October 14, 2022. Signed by District Judge Rodney Gilstrap on 7/25/2022. (ch, ) (Entered: 07/25/2022) |
| 08/02/2022 | 26 | Unopposed MOTION for Extension of Time to File by Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 08/02/2022) |
| 08/03/2022 | 27 | ORDER granting 26 Unopposed MOTION for Extension of Time to File Docket Control Order. Signed by District Judge Rodney Gilstrap on 8/3/2022. (ch, ) (Entered: 08/03/2022) |
| 08/05/2022 | 28 | NOTICE of Attorney Appearance - Pro Hac Vice by Nicholas F. Lenning on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9055865. (Lenning, Nicholas) (Entered: 08/05/2022) |
| 08/05/2022 | 29 | Agreed MOTION for Entry of Docket Control Order by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 08/05/2022) |
| 08/05/2022 | 30 | Agreed MOTION for Entry of Discovery Order by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 08/05/2022) |

| | | |
|---|---|---|
| 08/09/2022 | 31 | Unopposed MOTION for Extension of Time to File by Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 08/09/2022) |
| 08/09/2022 | 32 | Agreed MOTION for Entry of Protective Order by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 08/09/2022) |
| 08/10/2022 | 33 | ORDER granting 31 Motion for Extension of Time to File Disclosures. Signed by District Judge Rodney Gilstrap on 8/10/2022. (ch, ) (Entered: 08/10/2022) |
| 08/10/2022 | 34 | DISCOVERY ORDER granting 30 Agreed MOTION for Entry of Discovery Order. Signed by District Judge Rodney Gilstrap on 8/10/2022. (ch, ) (Entered: 08/10/2022) |
| 08/10/2022 | 35 | DOCKET CONTROL ORDER granting 29 Agreed MOTION for Entry of Docket Control Order. Pretrial Conference set for 10/30/2023 09:00 AM before District Judge Rodney Gilstrap., Amended Pleadings due by 3/28/2023., Jury Selection set for 12/4/2023 09:00AM before District Judge Rodney Gilstrap., Markman Hearing set for 6/13/2023 09:00 AM before District Judge Rodney Gilstrap., Motions due by 10/10/2023., Proposed Pretrial Order due by 10/23/2023.). Signed by District Judge Rodney Gilstrap on 8/10/2022. (ch, ) (Entered: 08/10/2022) |
| 08/10/2022 | 36 | STIPULATED PROTECTIVE ORDER. Signed by District Judge Rodney Gilstrap on 8/10/2022. (ch, ) (Entered: 08/10/2022) |
| 08/15/2022 | 37 | NOTICE by Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC *Notice of Compliance* (Dacus, Deron) (Entered: 08/15/2022) |
| 08/18/2022 | 38 | NOTICE of Discovery Disclosure by Entropic Communications, LLC *(Initial Disclosures)* (Hill, Jack Wesley) (Entered: 08/18/2022) |
| 08/30/2022 | 39 | Agreed MOTION Agreed Motion for Entry of First Amended Docket Control Order re 35 Order,,, Terminate Motions,,, Scheduling Order,, by Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 08/30/2022) |
| 08/31/2022 | 40 | FIRST AMENDED DOCKET CONTROL ORDER granting 39 Agreed MOTION Agreed Motion for Entry of First Amended Docket Control Order re 35 Order. Signed by District Judge Rodney Gilstrap on 8/31/2022. (ch, ) (Entered: 09/01/2022) |
| 09/08/2022 | 41 | NOTICE by Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC *Notice of Compliance* (Dacus, Deron) (Entered: 09/08/2022) |
| 09/23/2022 | 42 | Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 09/23/2022) |
| 09/26/2022 | 43 | ORDER granting 42 Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* , 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* Responses due by 11/11/2022. Signed by District Judge Rodney Gilstrap on 9/26/2022. (ch, ) (Entered: 09/27/2022) |
| 09/27/2022 | 44 | NOTICE of Attorney Appearance by Matthew Alexander Blair on behalf of Entropic Communications, LLC (Blair, Matthew) (Entered: 09/27/2022) |

| | | |
|---|---|---|
| 09/28/2022 | 45 | NOTICE of Attorney Appearance by Darlene Fae Ghavimi on behalf of All Plaintiffs (Ghavimi, Darlene) (Entered: 09/28/2022) |
| 10/25/2022 | 46 | Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 10/25/2022) |
| 10/31/2022 | 47 | ORDER granting 46 Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* . Signed by District Judge Rodney Gilstrap on 10/31/2022. (ch, ) (Entered: 10/31/2022) |
| 12/02/2022 | 48 | Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 12/02/2022) |
| 12/08/2022 | 49 | ORDER granting 48 Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* , 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* Responses due by 1/6/2023. Signed by District Judge Rodney Gilstrap on 12/8/2022. (ch, ) (Entered: 12/08/2022) |
| 01/04/2023 | 50 | NOTICE of Attorney Appearance by Elizabeth Anne Long on behalf of All Defendants (Long, Elizabeth) (Entered: 01/04/2023) |
| 01/04/2023 | 51 | Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 01/04/2023) |
| 01/05/2023 | 52 | ORDER granting 51 Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)*. *Extended to 1/10/2023. Signed by District Judge Rodney Gilstrap on 1/5/2023. (ch, ) (Entered: 01/05/2023)* |
| 01/10/2023 | 53 | AMENDED COMPLAINT *(Second)* against Charter Communications, Inc., filed by Entropic Communications, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Hill, Jack Wesley) (Entered: 01/10/2023) |
| 01/10/2023 | 54 | SEALED RESPONSE to Motion re 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3)* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of M. Blair, # 2 Exhibit A to Blair Declaration, # 3 Exhibit B to Blair Declaration, # 4 Exhibit C to Blair Declaration, # 5 Exhibit D to Blair Declaration, # 6 Exhibit E to Blair Declaration, # 7 Exhibit F to Blair Declaration, # 8 Exhibit G to Blair Declaration, # 9 Exhibit H to Blair Declaration, # 10 Exhibit I to Blair Declaration, # 11 Exhibit J to Blair Declaration, # 12 Exhibit K to Blair Declaration, # 13 Exhibit L to Blair Declaration, # 14 Exhibit M to Blair Declaration, # 15 Exhibit N to Blair Declaration, # 16 Exhibit O to Blair Declaration, # 17 Exhibit P to Blair Declaration, # 18 Exhibit Q to Blair Declaration, # 19 Exhibit R to Blair Declaration, # 20 Exhibit S to Blair Declaration, # 21 Exhibit T to Blair Declaration, # 22 Exhibit U to Blair Declaration, # 23 Exhibit V to Blair Declaration, # 24 Exhibit W to Blair Declaration, # 25 Exhibit X to Blair Declaration, # 26 Exhibit Y to Blair Declaration, # 27 Text of Proposed Order proposed order)(Hill, Jack Wesley) (Entered: 01/10/2023) |

| | | |
|---|---|---|
| 01/17/2023 | 55 | REPLY to Response to Motion re 18 MOTION to Dismiss *For Improper Venue Pursuant to FRCP 12(b)(3) filed by Charter Communications, Inc., Spectrum Advanced Services, LLC, Spectrum Management Holding Company, LLC*. (Long, Elizabeth) (Entered: 01/17/2023) |
| 01/18/2023 | 56 | REDACTION to 54 Sealed Response to Motion,,,, by Entropic Communications, LLC. (Attachments: # 1 Declaration of M. Blair, # 2 Exhibit A through E to Blair Declaration (Sealed in Entirety), # 3 Exhibit F to Blair Declaration, # 4 Exhibit G through H to Blair Declaration (Sealed in Entirety), # 5 Exhibit I to Blair Declaration, # 6 Exhibit J to Blair Declaration, # 7 Exhibit K to Blair Declaration, # 8 Exhibit L to Blair Declaration, # 9 Exhibit M to Blair Declaration, # 10 Exhibit N to Blair Declaration, # 11 Exhibit O to Blair Declaration, # 12 Exhibit P to Blair Declaration, # 13 Exhibit Q to Blair Declaration, # 14 Exhibit R to Blair Declaration, # 15 Exhibit S to Blair Declaration, # 16 Exhibit T to Blair Declaration, # 17 Exhibit U to Blair Declaration, # 18 Exhibit V to Blair Declaration, # 19 Exhibit W to Blair Declaration, # 20 Exhibit X to Blair Declaration, # 21 Exhibit Y to Blair Declaration (Sealed in Entirety), # 22 Text of Proposed Order proposed order)(Hill, Jack Wesley) (Entered: 01/18/2023) |
| 01/19/2023 | 57 | NOTICE of Attorney Appearance - Pro Hac Vice by Melissa A. Brown on behalf of All Defendants. Filing fee $ 100, receipt number ATXEDC-9315923. (Brown, Melissa) (Entered: 01/19/2023) |
| 01/23/2023 | 58 | Unopposed MOTION for Extension of Time to File Answer re 53 Amended Complaint, by Charter Communications, Inc.. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 01/23/2023) |
| 01/25/2023 | 59 | ORDER granting 58 Unopposed MOTION for Extension of Time to File Answer re 53 Amended Complaint. Charter Communications, Inc. answer due 1/30/2023.. Signed by District Judge Rodney Gilstrap on 1/25/2023. (ch, ) (Entered: 01/25/2023) |
| 01/27/2023 | 60 | NOTICE of Attorney Appearance - Pro Hac Vice by Kenneth H. Bridges on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9330960. (Bridges, Kenneth) (Entered: 01/27/2023) |
| 01/30/2023 | 61 | SEALED MOTION *to Dismiss* by Charter Communications, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12)(Dacus, Deron) (Entered: 01/30/2023) |
| 02/06/2023 | 62 | REDACTION to 61 SEALED MOTION *to Dismiss* by Charter Communications, Inc.. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7-12)(Dacus, Deron) (Entered: 02/06/2023) |
| 02/06/2023 | 63 | STIPULATION of Dismissal by Charter Communications, Inc.. (Dacus, Deron) (Entered: 02/06/2023) |
| 02/06/2023 | 64 | Unopposed MOTION Motion to Amend Case Caption re 63 Stipulation of Dismissal by Charter Communications, Inc.. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 02/06/2023) |
| 02/07/2023 | 65 | ORDER re 63 Stipulation of Dismissal without prejudice as too Spectrum Advanced Services, LLC and Spectrum Management Holding Company, LLC. Signed by District Judge Rodney Gilstrap on 2/7/2023. (ch, ) (Entered: 02/07/2023) |
| 02/08/2023 | 66 | Unopposed MOTION for Extension of Time to File Response/Reply as to 61 SEALED MOTION *to Dismiss* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Fair, Andrea) (Entered: 02/08/2023) |

| 02/10/2023 | 67 | ORDER granting 66 Unopposed MOTION for Extension of Time to File Response/Reply as to 61 SEALED MOTION *to Dismiss* , 61 SEALED MOTION *to Dismiss* Responses due by 2/20/2023. Signed by District Judge Rodney Gilstrap on 02/10/2023. (klc, ) (Entered: 02/10/2023) |
|---|---|---|
| 02/21/2023 | 68 | SEALED RESPONSE to Motion re 61 SEALED MOTION *to Dismiss* filed by Entropic Communications, LLC. (Attachments: # 1 Affidavit Declaration of M. Blair, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit AB, # 30 Exhibit AC, # 31 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 02/21/2023) |
| 02/27/2023 | 69 | Unopposed MOTION for Extension of Time to File by Charter Communications, Inc.. (Attachments: # 1 Text of Proposed Order)(Dacus, Deron) (Entered: 02/27/2023) |
| 02/28/2023 | 70 | REDACTION to 68 Sealed Response to Motion,, by Entropic Communications, LLC. (Attachments: # 1 Affidavit Declaration of M. Blair, # 2 Exhibit A-E, # 3 Exhibit F, # 4 Exhibit G-H, # 5 Exhibit I, # 6 Exhibit J, # 7 Exhibit K, # 8 Exhibit L, # 9 Exhibit M, # 10 Exhibit N, # 11 Exhibit O, # 12 Exhibit P, # 13 Exhibit Q, # 14 Exhibit R, # 15 Exhibit S, # 16 Exhibit T, # 17 Exhibit U, # 18 Exhibit V, # 19 Exhibit W, # 20 Exhibit X, # 21 Exhibit Y-AB, # 22 Exhibit AC, # 23 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 02/28/2023) |
| 02/28/2023 | 71 | ORDER granting 69 Motion for Extension of Time to File Reply. Signed by District Judge Rodney Gilstrap on 2/28/2023. (ch, ) (Entered: 02/28/2023) |
| 02/28/2023 | 72 | Agreed MOTION to Amend/Correct 40 Order on Motion for Miscellaneous Relief by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Fair, Andrea) (Entered: 02/28/2023) |
| 03/02/2023 | 73 | SECOND AMENDED DOCKET CONTROL ORDER granting 72 Agreed MOTION to Amend/Correct 40 Order on Motion for Miscellaneous Relief. Signed by District Judge Rodney Gilstrap on 3/2/2023. (ch, ) (Entered: 03/02/2023) |
| 03/06/2023 | 74 | Sealed Document. SUPPLEMENT re 68 SEALED RESPONSE to Motion re 61 SEALED MOTION to Dismiss filed by Entropic Communications, LLC. (Hill, Jack Wesley) (Entered: 03/06/2023) |
| 03/09/2023 | 75 | SEALED REPLY to Response to Motion re 61 SEALED MOTION *to Dismiss* filed by Charter Communications, Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 13, # 3 Exhibit 14)(Dacus, Deron) (Entered: 03/09/2023) |
| 03/13/2023 | 76 | REDACTION to 74 Sealed Document by Entropic Communications, LLC. (Hill, Jack Wesley) (Entered: 03/13/2023) |
| 03/13/2023 | 77 | Unopposed MOTION for Extension of Time to File Response/Reply as to 61 SEALED MOTION *to Dismiss (to File Sur-Reply)* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Hill, Jack Wesley) (Entered: 03/13/2023) |
| 03/15/2023 | 78 | ORDER granting 77 Unopposed MOTION for Extension of Time to File Response/Reply as to 61 SEALED MOTION *to Dismiss (to File Sur-Reply)*, 61 SEALED MOTION *to Dismiss* Responses due by 3/23/2023. Signed by District Judge Rodney Gilstrap on 3/15/2023. (ch, ) (Entered: 03/16/2023) |
| 03/16/2023 | 79 | REDACTION to 75 Sealed Reply to Response to Motion *re 61 Motion to Dismiss filed* by Charter Communications, Inc.. (Attachments: # 1 Declaration, # 2 Exhibit 13, # 3 Exhibit |

| | | |
|---|---|---|
| | | 14)(Brown, Melissa) (Entered: 03/16/2023) |
| 03/23/2023 | 80 | SEALED SUR-REPLY to Reply to Response to Motion re 61 SEALED MOTION *to Dismiss* filed by Entropic Communications, LLC. (Hill, Jack Wesley) (Entered: 03/23/2023) |
| 03/29/2023 | 81 | NOTICE of Attorney Appearance - Pro Hac Vice by Katherine L. Allor on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9426592. (Allor, Katherine) (Entered: 03/29/2023) |
| 03/29/2023 | 82 | NOTICE of Attorney Appearance - Pro Hac Vice by Peter E. Soskin on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9426688. (Soskin, Peter) (Entered: 03/29/2023) |
| 04/03/2023 | 83 | REDACTION to 80 Sealed Sur-Reply to Reply to Response to Motion by Entropic Communications, LLC. (Hill, Jack Wesley) (Entered: 04/03/2023) |
| 04/04/2023 | 84 | Sealed Document. Joint Claim Construction and Pre-Hearing Statement (P.R. 4-3) (Shimota, James) (Entered: 04/04/2023) |
| 04/05/2023 | 85 | NOTICE by Charter Communications, Inc. *of Service of Expert Witness Disclosures Pursuant to PR 4-3(b)* (Dacus, Deron) (Entered: 04/05/2023) |
| 04/12/2023 | 86 | NOTICE of Attorney Appearance - Pro Hac Vice by Samuel Patrick Richey on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9448177. (Richey, Samuel) (Entered: 04/12/2023) |
| 04/14/2023 | 87 | ***WITHDRAWN PER ORDER #94*** SEALED MOTION *to Disqualify Cathleen Quigley* by Entropic Communications, LLC. (Attachments: # 1 Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Text of Proposed Order)(Shimota, James) Modified on 5/9/2023 (ch, ). (Entered: 04/14/2023) |
| 04/19/2023 | 88 | Agreed MOTION to Amend/Correct *Docket Control Order* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Fair, Andrea) (Entered: 04/19/2023) |
| 04/20/2023 | 89 | AMENDED DOCKET CONTROL ORDER granting 88 Agreed MOTION to Amend/Correct Docket Control Order. Signed by District Judge Rodney Gilstrap on 4/20/2023. (ch, ) (Entered: 04/21/2023) |
| 04/27/2023 | 90 | Unopposed MOTION for Extension of Time to File Response/Reply as to 87 SEALED MOTION *to Disqualify Cathleen Quigley* by Charter Communications, Inc.. (Attachments: # 1 Text of Proposed Order)(Brown, Melissa) (Entered: 04/27/2023) |
| 05/05/2023 | 92 | Unopposed MOTION to Withdraw 87 SEALED MOTION *to Disqualify Cathleen Quigley* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order) (Hill, Jack Wesley) (Entered: 05/05/2023) |
| 05/05/2023 | 93 | ORDER granting 90 Unopposed MOTION for Extension of Time to File Response/Reply as to 87 SEALED MOTION *to Disqualify Cathleen Quigley* , 87 SEALED MOTION *to Disqualify Cathleen Quigley* Responses due by 5/5/2023. Signed by District Judge Rodney Gilstrap on 5/5/2023. (ch, ) (Entered: 05/08/2023) |
| 05/08/2023 | 94 | ORDER granting 92 Motion to Withdraw 87 SEALED MOTION *to Disqualify >. Signed by District Judge Rodney Gilstrap on 5/8/2023. (ch, ) (Entered: 05/09/2023)* |
| 05/09/2023 | 95 | NOTICE by Entropic Communications, LLC *of Compliance Regarding Technical Tutorial* (Fair, Andrea) (Entered: 05/09/2023) |

| 05/09/2023 | 96 | NOTICE of Attorney Appearance - Pro Hac Vice by Amy L DeWitt on behalf of Charter Communications, Inc.. Filing fee $ 100, receipt number ATXEDC-9490163. (DeWitt, Amy) (Entered: 05/09/2023) |
|---|---|---|
| 05/09/2023 | 97 | PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF filed by Entropic Communications, LLC. (Attachments: # 1 Exhibit 1 - U.S. Patent No. 8,223,775, # 2 Exhibit 2 - U.S. Patent No. 8,792,008, # 3 Exhibit 3 - U.S. Patent No. 9,825,826, # 4 Exhibit 4 - U.S. Patent No. 8,284,690, # 5 Exhibit 5 - U.S. Patent No. 9,210,362, # 6 Exhibit 6 - U.S. Patent No. 10,135,682, # 7 Exhibit 7 - Rebuttal Declaration of Richard A. Kramer, # 8 Exhibit 8 - Declaration of Dr. Kevin Almeroth, # 9 Exhibit 9 - Almeroth Condensed Deposition Transcript, # 10 Exhibit 10 - IEEE Dictionary, # 11 Exhibit 11 - Email from A. Boardman)(Fair, Andrea) (Entered: 05/09/2023) |
| 05/10/2023 | 98 | NOTICE by Charter Communications, Inc. - *Joint Notice of Redaction of Docket 91* - (Attachments: # 1 Exhibit 1 - Redacted Order, dated May 3, 2023 to the docket in 22-cv-125 (ED Tex))(Brown, Melissa) (Entered: 05/10/2023) |
| 05/11/2023 | 99 | Opposed MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00052-JRG AND TO AMEND THE CASE SCHEDULE by Charter Communications, Inc.. (Attachments: # 1 Ex 1 - Proposed Consolidated Order, # 2 Ex 2 - Claim Charts, # 3 Text of Proposed Order)(Reisner, Daniel) (Entered: 05/11/2023) |
| 05/11/2023 | 100 | ORDER - Court hereby appoints David Keyzer as the Courts technical advisor. Signed by District Judge Rodney Gilstrap on 5/11/2023. (ch, ) (Entered: 05/12/2023) |
| 05/17/2023 | 101 | Sealed Document. Defendant's Answer to Second Amended Complaint (Dacus, Deron) (Entered: 05/17/2023) |
| 05/17/2023 | 102 | NOTICE of Attorney Appearance - Pro Hac Vice by Courtney Neufeld on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9505527. (Neufeld, Courtney) (Entered: 05/17/2023) |
| 05/18/2023 | 103 | NOTICE of Attorney Appearance - Pro Hac Vice by Connor James Meggs on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9506343. (Meggs, Connor) (Entered: 05/18/2023) |
| 05/23/2023 | 104 | REPLY to 97 Claim Construction Brief,, *filed by Charter Communications, Inc*.. (Attachments: # 1 Affidavit/Declaration of Albert Boardman in Support of Charter's Responsive Claim Construction Brief, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Long, Elizabeth) (Entered: 05/23/2023) |
| 05/24/2023 | 105 | REDACTION to 101 Sealed Document *Answer* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 05/24/2023) |
| 05/25/2023 | 106 | **FILED IN ERROR PER ATTORNEY**<br><br>Unopposed MOTION for Extension of Time to File Response/Reply as to 99 Opposed MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00052-JRG AND TO AMEND THE CASE SCHEDULE by Entropic Communications, LLC. (Attachments: # 1 Proposed Order)(Hill, Jack Wesley) Modified on 5/25/2023 (nkl, ). (Entered: 05/25/2023) |
| 05/25/2023 | | **\*\*\*FILED IN ERROR PER ATTORNEY. Document # 106, Unopposed MOTION for Extension of Time to File Response/Reply. PLEASE IGNORE.\*\*\*** (nkl, ) (Entered: 05/25/2023) |
| 05/25/2023 | 107 | NOTICE by Charter Communications, Inc. *of its Designation of Daniel L. Reisner as Lead Counsel* (Long, Elizabeth) (Entered: 05/25/2023) |

| 05/26/2023 | 108 | Unopposed MOTION for Leave to Supplement Infringement Contentions by Entropic Communications, LLC. (Attachments: # 1 Proposed Order)(Fair, Andrea) (Entered: 05/26/2023) |
|---|---|---|
| 05/26/2023 | 109 | Unopposed MOTION for Extension of Time to File Response/Reply as to 99 Opposed MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00052-JRG AND TO AMEND THE CASE SCHEDULE by Entropic Communications, LLC. (Attachments: # 1 Proposed Order)(Hill, Jack Wesley) (Entered: 05/26/2023) |
| 05/30/2023 | 110 | PLAINTIFF'S REPLY CLAIM CONSTRUCTION BRIEF filed by Entropic Communications, LLC. (Attachments: # 1 Exhibit 12 - U.S. Patent Publication No. 2021/0337543, # 2 Exhibit 13 - Newtons Telecom Dictionary Excerpt, # 3 Exhibit 14 - Microsoft Computer Dictionary Excerpt, # 4 Exhibit 15 - Entropic's Technology Tutorial Slides)(Shimota, James) (Entered: 05/30/2023) |
| 05/31/2023 | 111 | ORDER Before the Court is Plaintiff's Unopposed Motion for Leave to Supplement Infringement Contentions filed by Entropic Communications LLC. (Dkt. No. 109 .) In the Motion, Entropic requests leave to supplement its infringement contentions. (Id. at 1.) Entropic served its supplemental infringement contentions on March 10, 2023. (Id.) The Motion is unopposed. (Id. at 1, 3) Having considered the Motion, and noting its unopposed nature, the Court finds that it should be and hereby is GRANTED. Accordingly, the Court ORDERS that Entropic is granted leave to supplement its infringement contentions as requested. Signed by District Judge Rodney Gilstrap on 5/30/2023. (psm) (Entered: 05/31/2023) |
| 05/31/2023 | 112 | ORDER Before the Court is the Unopposed Motion for Extension of Time to Respond to Charter's Motion to Consolidate filed by Plaintiff Entropic Communications, LLC. (Dkt. No. 109 .) In the Motion, Entropic requests an extension of time to file a response in opposition to Defendant Charter Communications, Inc.'s Motion to Consolidate and Amend the Case Schedule (Dkt. No. 99 ). (Id. at 1.) The requested extension would move the deadline for Entropic to file its opposition up to and including May 31, 2023. (Id.) The Motion is unopposed. (Id. at 1, 3.) Having considered the Motion, and noting its unopposed nature, the Court finds that it should be and hereby is GRANTED. Accordingly, the Court ORDERS that the deadline for Entropic to file a response to the Motion to Consolidate is extended up to and including May 31, 2023. Signed by District Judge Rodney Gilstrap on 5/30/2023. (psm) (Entered: 05/31/2023) |
| 05/31/2023 | 113 | RESPONSE in Opposition re 99 Opposed MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00052-JRG AND TO AMEND THE CASE SCHEDULE *filed by Entropic Communications, LLC*. (Attachments: # 1 Proposed Order Proposed Order)(Hill, Jack Wesley) (Entered: 05/31/2023) |
| 06/02/2023 | 114 | P.R. 4-5(d) Joint Claim Construction Chart by Charter Communications, Inc.. (Attachments: # 1 Exhibit A(Long, Elizabeth) (Entered: 06/02/2023) |
| 06/06/2023 | 115 | Amended P.R. 4-5(d) Joint Claim Construction Chart by Charter Communications, Inc.. (Attachments: # 1 Exhibit A)(Long, Elizabeth) (Entered: 06/06/2023) |
| 06/08/2023 | 116 | REPLY to Response to Motion re 99 Opposed MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00052-JRG AND TO AMEND THE CASE SCHEDULE *filed by Charter Communications, Inc*.. (Attachments: # 1 Declaration of Daniel Reisner) (Brown, Melissa) (Entered: 06/08/2023) |
| 06/12/2023 | 117 | NOTICE by Entropic Communications, LLC re 97 Claim Construction Brief,, *Corrected Exhibit 7 (ECF No. 97-7)* (Attachments: # 1 Exhibit Corrected Exhibit 7)(Hill, Jack Wesley) (Entered: 06/12/2023) |

| 06/13/2023 | 118 | Minute Entry for proceedings held before District Judge Rodney Gilstrap: Markman Hearing held on 6/13/2023. (from 09:02 AM to 12:49 PM) (Court Reporter Shelly Holmes) (Attachments: # 1 Attorney Attendance Sheet) (aeb) (Entered: 06/13/2023) |
|---|---|---|
| 06/15/2023 | 119 | SUR-REPLY to Reply to Response to Motion re 99 Opposed MOTION TO CONSOLIDATE THIS ACTION WITH NO. 2:23-CV-00052-JRG AND TO AMEND THE CASE SCHEDULE *filed by Entropic Communications, LLC*. (Attachments: # 1 Exhibit A - Declaration of James Shimota)(Shimota, James) (Entered: 06/15/2023) |
| 06/21/2023 | 120 | USCA FEDERAL CIRCUIT - ORDER filed directing Entropic Communications, LLC to respond to the petition no later than seven days from the date of filing of this order. Any reply in support of the petition is due no later than three days thereafter ( 23-136) (ch, ) (Entered: 06/21/2023) |
| 06/22/2023 | 121 | NOTICE of Attorney Appearance by Paul Isaac Margulies on behalf of Charter Communications, Inc. (Margulies, Paul) (Entered: 06/22/2023) |
| 06/23/2023 | 122 | NOTICE of Attorney Appearance - Pro Hac Vice by Marc A Cohn on behalf of Charter Communications, Inc.. Filing fee $ 100, receipt number ATXEDC-9566636. (Cohn, Marc) (Entered: 06/23/2023) |
| 06/26/2023 | 123 | CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER. Signed by District Judge Rodney Gilstrap on 6/26/2023. (ch, ) (Entered: 06/26/2023) |
| 06/27/2023 | 124 | NOTICE of Attorney Appearance by Jacob Michael Bass on behalf of Charter Communications, Inc. (Bass, Jacob) (Entered: 06/27/2023) |
| 06/27/2023 | 125 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 3/13/23 (Claim Construction Hearing) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 794-1018 (Shelly_Holmes@txed.uscourts.gov). <br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 7/18/2023. Release of Transcript Restriction set for 9/25/2023. (Holmes, Shelly) (Entered: 06/27/2023) |
| 07/05/2023 | 126 | NOTICE of Attorney Appearance - Pro Hac Vice by Ketajh Brown on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9583870. (Brown, Ketajh) (Entered: 07/05/2023) |
| 07/06/2023 | 127 | NOTICE of Attorney Appearance - Pro Hac Vice by David Eric Shapland on behalf of Charter Communications, Inc.. Filing fee $ 100, receipt number ATXEDC-9585909. (Shapland, David) (Entered: 07/06/2023) |
| 07/10/2023 | 128 | PAPER TRANSCRIPT REQUEST by Charter Communications, Inc. for proceedings held on 6-13-23- Claim Construction Hearing before Judge Gilstrap. (Dacus, Deron) (Main Document 128 replaced with flattened image on 7/10/2023) (ch, ). (forwarded to Shelly Holmes) Modified on 7/10/2023 (ch, ). (Entered: 07/10/2023) |
| 07/10/2023 | 129 | ORDER - Court has received Mr. Keyzers invoice for services through June 27, 2023, court hereby ORDERS payment to be promptly made as follows. Signed by District Judge |

| | | |
|---|---|---|
| | | Rodney Gilstrap on 7/10/2023. (ch, ) (Entered: 07/10/2023) |
| 07/11/2023 | 130 | ***WITHDRAWN PER #140**Unopposed SEALED MOTION *to Compel Responses to Interrogatories 8, 16, 23, and 29* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order)(Long, Elizabeth) Modified on 7/28/2023 (ch, ). (Entered: 07/11/2023) |
| 07/12/2023 | 131 | Joint MOTION for Leave to Supplement Contentions by Entropic Communications, LLC. (Attachments: # 1 Proposed Order)(Hill, Jack Wesley) (Entered: 07/12/2023) |
| 07/13/2023 | 132 | ORDER granting 131 Joint MOTION for Leave to Supplement Contentions. Signed by District Judge Rodney Gilstrap on 7/13/2023. (ch, ) (Entered: 07/14/2023) |
| 07/14/2023 | 133 | NOTICE of Attorney Appearance - Pro Hac Vice by Christina N Goodrich on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9600975. (Goodrich, Christina) (Entered: 07/14/2023) |
| 07/18/2023 | 134 | REDACTION to 130 Unopposed SEALED MOTION *to Compel Responses to Interrogatories 8, 16, 23, and 29* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order)(Brown, Melissa) (Entered: 07/18/2023) |
| 07/21/2023 | 135 | SEALED MOTION *for Leave to Supplement Infringement Contentions* by Entropic Communications, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order)(Shimota, James) (Entered: 07/21/2023) |
| 07/21/2023 | 136 | Joint MOTION for Extension of Time to Complete Discovery *(Joint Motion to Complete Limited Fact Discovery Out of Time)* by Entropic Communications, LLC. (Attachments: # 1 Proposed Order)(Shimota, James) (Entered: 07/21/2023) |
| 07/24/2023 | 137 | NOTICE of Attorney Appearance by Charles Everingham, IV on behalf of Entropic Communications, LLC (Everingham, Charles) (Entered: 07/24/2023) |
| 07/25/2023 | 138 | ORDER granting 136 Joint MOTION for Extension of Time to Complete Discovery (Joint Motion to Complete Limited Fact Discovery Out of Time). Signed by District Judge Rodney Gilstrap on 7/25/2023. (ch, ) (Entered: 07/25/2023) |
| 07/27/2023 | 139 | Unopposed MOTION to Withdraw 130 Unopposed SEALED MOTION *to Compel Responses to Interrogatories 8, 16, 23, and 29* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order)(Long, Elizabeth) (Entered: 07/27/2023) |
| 07/28/2023 | 140 | ORDER granting 139 Motion to Withdraw 130 Unopposed SEALED MOTION *to Compel Responses to Interrogatories 8, 16, 23, and 29* . Signed by District Judge Rodney Gilstrap on 7/28/2023. (ch, ) (Entered: 07/28/2023) |
| 07/28/2023 | 141 | SEALED MOTION *to Strike the Expert Report of David O. Taylor* by Entropic Communications, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order) (Shimota, James) (Entered: 07/28/2023) |
| 07/31/2023 | 142 | REDACTION to 87 SEALED MOTION *to Disqualify Cathleen Quigley* by Entropic Communications, LLC. (Attachments: # 1 Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Proposed Order)(Shimota, James) (Entered: 07/31/2023) |
| 08/07/2023 | 143 | SEALED RESPONSE to Motion re 135 SEALED MOTION *for Leave to Supplement Infringement Contentions* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration Declaration of Paul Margulies, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Margulies, Paul) (Entered: 08/07/2023) |
| 08/11/2023 | 144 | SEALED RESPONSE to Motion re 141 SEALED MOTION to Strike the Expert Report of David O. Taylor filed by Charter Communications, Inc. (Long, Elizabeth) (Entered: |

| | | |
|---|---|---|
| | | 08/11/2023) |
| 08/14/2023 | 145 | Joint MOTION for Leave to File *Supplement Expert Reports* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order)(Long, Elizabeth) (Entered: 08/14/2023) |
| 08/14/2023 | 146 | REDACTION to 143 Sealed Response to Motion, by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Paul Margulies, # 2 Exhibit 1-6)(Brown, Melissa) (Entered: 08/14/2023) |
| 08/14/2023 | 147 | SEALED REPLY to Response to Motion re 135 SEALED MOTION *for Leave to Supplement Infringement Contentions* filed by Entropic Communications, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Shimota, James) (Entered: 08/14/2023) |
| 08/15/2023 | 148 | ORDER granting 145 Joint MOTION for Leave to File Supplement Expert Reports. Signed by District Judge Rodney Gilstrap on 8/15/2023. (ch, ) (Entered: 08/16/2023) |
| 08/17/2023 | 149 | REDACTION to 135 SEALED MOTION *for Leave to Supplement Infringement Contentions* by Entropic Communications, LLC. (Shimota, James) (Entered: 08/17/2023) |
| 08/18/2023 | 150 | REDACTION to 144 Sealed Response to Motion *DEFENDANT CHARTER COMMUNICATIONS, INC.'S OPPOSITION TO PLAINTIFFS MOTION TO STRIKE THE EXPERT REPORT OF DAVID O. TAYLOR* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 08/18/2023) |
| 08/18/2023 | 151 | SEALED REPLY to Response to Motion re 141 SEALED MOTION *to Strike the Expert Report of David O. Taylor* filed by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of Jim Shimota, # 2 Exhibit A)(Shimota, James) (Entered: 08/18/2023) |
| 08/22/2023 | 152 | SEALED SUR-REPLY to Reply to Response to Motion re 135 SEALED MOTION *for Leave to Supplement Infringement Contentions* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Paul Margulies, # 2 Exhibit 7, # 3 Exhibit 8, # 4 Exhibit 9)(Margulies, Paul) (Entered: 08/22/2023) |
| 08/23/2023 | 153 | Agreed MOTION to Amend/Correct *Docket Control Order* by Entropic Communications, LLC. (Attachments: # 1 Text of Proposed Order)(Shimota, James) (Entered: 08/23/2023) |
| 08/25/2023 | 154 | ORDER granting 153 Motion to Amend/Correct. Signed by District Judge Rodney Gilstrap on 8/24/23. (bga) (Entered: 08/25/2023) |
| 08/28/2023 | 155 | SEALED RESPONSE by Charter Communications, Inc. to 151 Sealed Reply to Response to Motion filed by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 08/28/2023) |
| 08/29/2023 | 156 | REDACTION to 152 Sealed Sur-Reply to Reply to Response to Motion, by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Paul Margulies, # 2 Exhibit 7, # 3 Exhibit 8, # 4 Exhibit 9)(Brown, Melissa) (Entered: 08/29/2023) |
| 08/29/2023 | 157 | MEMORANDUM OPINION AND ORDER - denying 99 . Signed by District Judge Rodney Gilstrap on 8/29/2023. (ch, ) (Entered: 08/30/2023) |
| 08/29/2023 | 158 | MEMORANDUM OPINION AND ORDER - denying 135 Motion for Leave to Supplement Infringement Contentions. Signed by District Judge Rodney Gilstrap on 8/29/2023. (ch, ) (Entered: 08/30/2023) |
| 08/31/2023 | 159 | Unopposed SEALED MOTION *Motion for Leave to Take Third-Party Deposition of Vantiva USA LLC* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota In Support Of Motion for Leave, # 2 Exhibit A to Shimota Declaration, # 3 Exhibit B to Shimota Declaration, # 4 Exhibit C to Shimota |

| | | |
|---|---|---|
| | | Declaration, # 5 Exhibit D to Shimota Declaration, # 6 Exhibit E to Shimota Declaration, # 7 Proposed Order)(Shimota, James) (Entered: 08/31/2023) |
| 09/01/2023 | 160 | ORDER granting 159 Sealed Motion. Signed by District Judge Rodney Gilstrap on 09/01/2023. (klc, ) (Entered: 09/01/2023) |
| 09/05/2023 | 161 | ORDER USCA FEDERAL CIRCUIT - filed denying 2 Petition for Writ of Mandamus filed by Charter Communications, Inc ( 23-136) (ch, ) (Entered: 09/05/2023) |
| 09/05/2023 | 162 | REDACTION to 155 Response to Non-Motion *Defendant Charter Communications, Inc.'s Sur-Reply in Further Opposition to Plaintiff's Motion to Strike the Expert Report of David O. Taylor* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 09/05/2023) |
| 09/07/2023 | 163 | NOTICE of Designation of Mediator, Gary McGowan, filed by Entropic Communications, LLC. (Hill, Jack Wesley) (Entered: 09/07/2023) |
| 09/07/2023 | 164 | AGREED MOTION to Amend/Correct *Docket Control Order* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order)(Long, Elizabeth) (Entered: 09/07/2023) |
| 09/10/2023 | 165 | FIFTH AMENDED DOCKET CONTROL ORDER granting 164 AGREED MOTION to Amend/Correct Docket Control Order. Signed by District Judge Rodney Gilstrap on 9/10/2023. (ch, ) (Entered: 09/11/2023) |
| 09/11/2023 | 166 | SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. SOURI'S IMPROPER OPINIONS* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration Declaration of E. Long ISO Charter's Motion to Strike Dr. Souri's Improper Opinions, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Long, Elizabeth) (Entered: 09/11/2023) |
| 09/11/2023 | 167 | SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. KRAMER'S IMPROPER OPINIONS* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration Declaration of Elizabeth Long In Support of Charter's Motion to Strike Dr. Kramer's Improper Opinions, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Proposed Order)(Long, Elizabeth) (Entered: 09/11/2023) |
| 09/11/2023 | 168 | MOTION to Strike *Opinions of Steven Goldberg* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of Jim Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Shimota, James) (Entered: 09/11/2023) |
| 09/11/2023 | 169 | SEALED MOTION *CHARTER'S MOTION TO EXCLUDE THE EXPERT OPINIONS OF STEPHEN DELL* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration Declaration of Elizabeth Long In Support of Charter's Motion to Exclude The Expert Opinions of Stephen Dell, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Proposed Order)(Long, Elizabeth) (Entered: 09/11/2023) |
| 09/11/2023 | 170 | MOTION for Summary Judgment *Of No Invalidity Under 32 U.S.C. §§ 102 & 103* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of Jim Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Proposed Order)(Shimota, James) (Entered: 09/11/2023) |
| 09/11/2023 | 171 | SEALED MOTION *CHARTER'S MOTION TO STRIKE ENTROPIC'S IMPROPER SECONDARY CONSIDERATIONS POSITIONS* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration Declaration of Elizabeth Long In Support of Charter's Motion to Strike Entropic's Improper Secondary Considerations Positions, # 2 |

| | | |
|---|---|---|
| | | Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Proposed Order)(Long, Elizabeth) (Entered: 09/11/2023) |
| 09/11/2023 | 172 | SEALED MOTION *(CHARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES)* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Elizabeth Long In Support of Charter's Motion for Partial Summary Judgment of No Pre-Suit Damage, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Proposed Order)(Long, Elizabeth) (Entered: 09/11/2023) |
| 09/11/2023 | 173 | SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT)* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Elizabeth Long In Support of Charter's Motion for Partial Summary Judgment of No Pre-Suit Damage, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Proposed Order)(Long, Elizabeth) (Entered: 09/11/2023) |
| 09/11/2023 | 174 | SEALED MOTION *to Strike Opinions of Christopher Bakewell* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit AB, # 30 Exhibit AC, # 31 Affidavit/Declaration of Darlene Ghavimi, # 32 Exhibit A - to Ghavimi Declaration)(Shimota, James) (Additional attachment(s) added on 9/12/2023: # 33 Proposed Order) (nkl, ). (Entered: 09/11/2023) |
| 09/11/2023 | 175 | SEALED MOTION *to Strike Opinions of Dr. Kevin Almeroth* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Proposed Order)(Shimota, James) (Entered: 09/11/2023) |
| 09/11/2023 | 176 | SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS)* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration OF ELIZABETH LONG IN SUPPORT OF CHARTER'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Proposed Order)(Long, Elizabeth) (Entered: 09/11/2023) |
| 09/11/2023 | 177 | SEALED MOTION *for Summary Judgment of No License Defense Based on DOCSIS* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Proposed Order) (Shimota, James) (Entered: 09/11/2023) |
| 09/12/2023 | 178 | **Filed in Error. Attorney to Refile** MOTION for Summary Judgment *for Summary Judgment of No License Defense Based on DOCSIS* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Shimota, James) Modified on 9/12/2023 (klc, ). (Entered: 09/12/2023) |

| 09/12/2023 | [179](#) | SEALED MOTION *of Partial Summary Judgment That Devices With MaxLinear Chips are Not Non-Infringing Alternatives Affecting the Reasonable Royalty Rate* by Entropic Communications, LLC. (Attachments: # [1](#) Affidavit/Declaration of James Shimota, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C, # [5](#) Exhibit D, # [6](#) Exhibit E, # [7](#) Exhibit F, # [8](#) Proposed Order)(Shimota, James) (Entered: 09/12/2023) |
|---|---|---|
| 09/12/2023 | [180](#) | SEALED MOTION *for Summary Judgment of No Unclean Hands Defense* by Entropic Communications, LLC. (Attachments: # [1](#) Affidavit/Declaration of James Shimota, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C, # [5](#) Proposed Order)(Shimota, James) (Entered: 09/12/2023) |
| 09/12/2023 | [181](#) | MOTION for Summary Judgment *of Validity Under 35 U.S.C. § 101 (CORRECTION OF ECF DOCUMENT TITLE)* by Entropic Communications, LLC. (Attachments: # [1](#) Affidavit/Declaration of James Shimota, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Proposed Order)(Shimota, James) (Entered: 09/12/2023) |
| 09/18/2023 | [182](#) | AGREED MOTION to Amend/Correct [165](#) Order on Motion to Amend/Correct *Docket Control Order* by Entropic Communications, LLC. (Attachments: # [1](#) Proposed Order) (Shimota, James) (Entered: 09/18/2023) |
| 09/18/2023 | [183](#) | REDACTION to [166](#) SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. SOURI'S IMPROPER OPINIONS* by Charter Communications, Inc.. (Attachments: # [1](#) Affidavit/Declaration, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Proposed Order)(Long, Elizabeth) (Entered: 09/18/2023) |
| 09/18/2023 | [184](#) | REDACTION to [167](#) SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. KRAMER'S IMPROPER OPINIONS* by Charter Communications, Inc.. (Attachments: # [1](#) Affidavit/Declaration, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Proposed Order)(Long, Elizabeth) (Entered: 09/18/2023) |
| 09/18/2023 | [185](#) | REDACTION to [169](#) SEALED MOTION *CHARTER'S MOTION TO EXCLUDE THE EXPERT OPINIONS OF STEPHEN DELL* by Charter Communications, Inc.. (Attachments: # [1](#) Affidavit/Declaration, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Exhibit, # [9](#) Exhibit, # [10](#) Exhibit, # [11](#) Exhibit, # [12](#) Exhibit, # [13](#) Proposed Order)(Long, Elizabeth) (Entered: 09/18/2023) |
| 09/18/2023 | [186](#) | REDACTION to [171](#) SEALED MOTION *CHARTER'S MOTION TO STRIKE ENTROPIC'S IMPROPER SECONDARY CONSIDERATIONS POSITIONS* by Charter Communications, Inc.. (Attachments: # [1](#) Affidavit/Declaration, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Exhibit, # [9](#) Exhibit, # [10](#) Proposed Order)(Long, Elizabeth) (Entered: 09/18/2023) |
| 09/18/2023 | [187](#) | REDACTION to [172](#) SEALED MOTION *(CHARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES)* by Charter Communications, Inc.. (Attachments: # [1](#) Affidavit/Declaration, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Exhibit, # [9](#) Exhibit, # [10](#) Exhibit, # [11](#) Exhibit, # [12](#) Exhibit, # [13](#) Exhibit, # [14](#) Exhibit, # [15](#) Exhibit, # [16](#) Exhibit, # [17](#) Exhibit, # [18](#) Proposed Order)(Long, Elizabeth) (Entered: 09/18/2023) |
| 09/18/2023 | [188](#) | REDACTION to [173](#) SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT)* by Charter Communications, Inc.. (Attachments: # [1](#) Affidavit/Declaration, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Exhibit, # [9](#) Exhibit, # [10](#) Exhibit, # [11](#) Exhibit, # [12](#) Exhibit, # [13](#) Proposed Order)(Long, Elizabeth) (Entered: 09/18/2023) |
| 09/18/2023 | [189](#) | REDACTION to [176](#) SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682* |

| | | |
|---|---|---|
| | | *AND '690 PATENTS*) by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Errata, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Proposed Order)(Long, Elizabeth) (Entered: 09/18/2023) |
| 09/20/2023 | 190 | NOTICE of Attorney Appearance - Pro Hac Vice by Michael T Pieja on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9713369. (Pieja, Michael) (Entered: 09/20/2023) |
| 09/20/2023 | 191 | NOTICE of Attorney Appearance - Pro Hac Vice by Alan E Littmann on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9713422. (Littmann, Alan) (Entered: 09/20/2023) |
| 09/20/2023 | 192 | NOTICE of Attorney Appearance - Pro Hac Vice by Doug Winnard on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9713441. (Winnard, Doug) (Additional attachment(s) added on 9/20/2023: # 1 Sealed Attachment) (nkl, ). (Entered: 09/20/2023) |
| 09/20/2023 | 193 | NOTICE of Attorney Appearance - Pro Hac Vice by Shaun Zhang on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9713465. (Zhang, Shaun) (Entered: 09/20/2023) |
| 09/20/2023 | 194 | NOTICE of Attorney Appearance - Pro Hac Vice by Jennifer M. Hartjes on behalf of Entropic Communications, LLC. Filing fee $ 100, receipt number ATXEDC-9713473. (Hartjes, Jennifer) (Entered: 09/20/2023) |
| 09/21/2023 | 195 | ORDER granting 182 AGREED MOTION to Amend/Correct 165 Order on Motion to Amend/Correct Docket Control Order. Signed by District Judge Rodney Gilstrap on 9/21/2023. (ch, ) (Entered: 09/21/2023) |
| 09/25/2023 | 196 | SEALED RESPONSE to Motion re 167 SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. KRAMER'S IMPROPER OPINIONS* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order) (Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 197 | RESPONSE in Opposition re 172 SEALED MOTION (*CHARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES) filed by Entropic Communications, LLC*. (Attachments: # 1 Proposed Order)(Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 198 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 197 Response in Opposition to Motion. (Declaration of James Shimota in Support of Plaintiff's Opposition) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 199 | ***FILED IN ERROR*** <br><br> Additional Attachments to Main Document: 197 Response in Opposition to Motion.. (Attachments: # 1 Exhibit H (Public))(Shimota, James) Modified on 9/25/2023 (ch, ). (Entered: 09/25/2023) |
| 09/25/2023 | | ***FILED IN ERROR. FILED UNDER THE WRONG EVENT Document # 199, Additional attachments. PLEASE IGNORE.*** (ch, ) (Entered: 09/25/2023) |
| 09/25/2023 | 200 | REDACTION to 198 Sealed Additional Attachments to Main Document, by Entropic Communications, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 |

| Date | No. | Description |
|---|---|---|
| | | Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 201 | SEALED RESPONSE to Motion re 171 SEALED MOTION *CHARTER'S MOTION TO STRIKE ENTROPIC'S IMPROPER SECONDARY CONSIDERATIONS POSITIONS* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of Nicholas Lenning, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Proposed Order)(Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 202 | SEALED RESPONSE to Motion re 180 SEALED MOTION *for Summary Judgment of No Unclean Hands Defense* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration Declaration of Elizabeth Long, # 2 Exhibit D, # 3 Exhibit E, # 4 Exhibit F, # 5 Exhibit G, # 6 Exhibit H, # 7 Exhibit I, # 8 Exhibit J, # 9 Exhibit K, # 10 Exhibit L, # 11 Exhibit M, # 12 Exhibit N, # 13 Exhibit O, # 14 Exhibit P, # 15 Exhibit Q, # 16 Exhibit R, # 17 Proposed Order)(Reisner, Daniel) (Entered: 09/25/2023) |
| 09/25/2023 | 203 | SEALED RESPONSE to Motion re 169 SEALED MOTION *CHARTER'S MOTION TO EXCLUDE THE EXPERT OPINIONS OF STEPHEN DELL* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Proposed Order)(Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 204 | ***FILED IN ERROR***<br><br>SEALED RESPONSE to Motion re 181 MOTION for Summary Judgment *of Validity Under 35 U.S.C. § 101 (CORRECTION OF ECF DOCUMENT TITLE)* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Elizabeth Long, # 2 Exhibit E, # 3 Proposed Order)(Reisner, Daniel) Modified on 9/26/2023 (ch, ). (Entered: 09/25/2023) |
| 09/25/2023 | 205 | SEALED RESPONSE to Motion re 166 SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. SOURI'S IMPROPER OPINIONS* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Proposed Order)(Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 206 | SEALED RESPONSE to Motion re 170 MOTION for Summary Judgment *Of No Invalidity Under 32 U.S.C. §§ 102 & 103* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Elizabeth Long, # 2 Exhibit E, # 3 Proposed Order)(Reisner, Daniel) (Entered: 09/25/2023) |
| 09/25/2023 | 207 | RESPONSE in Opposition re 173 SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT) filed by Entropic Communications, LLC*. (Attachments: # 1 Proposed Order)(Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 208 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 207 Response in Opposition to Motion, (Declaration of James Shimota in Support of Plaintiff's Opposition). (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 209 | RESPONSE to Motion re 181 MOTION for Summary Judgment *of Validity Under 35 U.S.C. § 101 (CORRECTION OF ECF DOCUMENT TITLE)*, 178 MOTION for Summary Judgment *for Summary Judgment of No License Defense Based on DOCSIS* |

| | | |
|---|---|---|
| | | *filed by Charter Communications, Inc..* (Attachments: # 1 Affidavit/Declaration of Elizabeth Long, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Proposed Order)(Reisner, Daniel) (Entered: 09/25/2023) |
| 09/25/2023 | 210 | SEALED RESPONSE to Motion re 176 SEALED MOTION *CHARTER'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS)* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order) (Shimota, James) (Entered: 09/25/2023) |
| 09/25/2023 | 211 | SEALED RESPONSE to Motion re 179 SEALED MOTION *of Partial Summary Judgment That Devices With MaxLinear Chips are Not Non-Infringing Alternatives Affecting the Reasonable Royalty Rate* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Elizabeth Long, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Errata K, # 7 Exhibit L, # 8 Exhibit M, # 9 Exhibit N, # 10 Proposed Order)(Reisner, Daniel) (Entered: 09/25/2023) |
| 09/25/2023 | 212 | SEALED RESPONSE to Motion re 174 SEALED MOTION *to Strike Opinions of Christopher Bakewell* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Elizabeth Long, # 2 Exhibit AD, # 3 Exhibit AE, # 4 Exhibit AF, # 5 Exhibit AG, # 6 Exhibit AH, # 7 Exhibit AI, # 8 Exhibit AJ, # 9 Exhibit AK, # 10 Exhibit AL, # 11 Exhibit AM, # 12 Exhibit AN, # 13 Exhibit AO, # 14 Exhibit AP, # 15 Exhibit AQ, # 16 Exhibit AR, # 17 Exhibit AS, # 18 Exhibit AT, # 19 Exhibit AU, # 20 Exhibit AV, # 21 Proposed Order)(Reisner, Daniel) (Entered: 09/25/2023) |
| 09/25/2023 | 213 | SEALED RESPONSE to Motion re 175 SEALED MOTION *to Strike Opinions of Dr. Kevin Almeroth* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Elizabeth Long, # 2 Exhibit K, # 3 Exhibit L, # 4 Exhibit M, # 5 Exhibit N, # 6 Exhibit O, # 7 Exhibit P, # 8 Exhibit Q, # 9 Exhibit R, # 10 Exhibit S, # 11 Exhibit T, # 12 Proposed Order)(Reisner, Daniel) (Entered: 09/25/2023) |
| 09/25/2023 | 214 | SEALED RESPONSE to Motion re 168 MOTION to Strike *Opinions of Steven Goldberg* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Elizabeth Long, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit K, # 7 Exhibit L, # 8 Exhibit M)(Reisner, Daniel) (Entered: 09/25/2023) |
| 09/25/2023 | 215 | SEALED RESPONSE to Motion re 177 SEALED MOTION *for Summary Judgment of No License Defense Based on DOCSIS* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration of Elizabeth Long, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G, # 5 Exhibit H, # 6 Exhibit I, # 7 Exhibit J, # 8 Exhibit K, # 9 Exhibit L, # 10 Exhibit M, # 11 Exhibit N, # 12 Exhibit O, # 13 Exhibit P, # 14 Exhibit Q, # 15 Exhibit R, # 16 Exhibit S, # 17 Exhibit T, # 18 Exhibit U, # 19 Exhibit V, # 20 Exhibit W, # 21 Exhibit X, # 22 Proposed Order)(Reisner, Daniel) (Entered: 09/25/2023) |
| 09/26/2023 | | ***FILED IN ERROR. PER ATTORNEY Document # 204, Sealed Response. PLEASE IGNORE.*** (ch, ) (Entered: 09/26/2023) |
| 09/26/2023 | 216 | OPPOSED MOTION to Amend/Correct *Docket Control Order* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Proposed Order)(Long, Elizabeth) (Entered: 09/26/2023) |
| 10/02/2023 | 217 | SEALED REPLY to Response to Motion re 167 SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. KRAMER'S IMPROPER OPINIONS* filed by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/02/2023) |

| | | |
|---|---|---|
| 10/02/2023 | 218 | SEALED REPLY to Response to Motion re 172 SEALED MOTION *(CHARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES)* filed by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration OF ELIZABETH LONG IN SUPPORT OF CHARTER'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES, # 2 Exhibit - Q PRESUIT DAMAGES SJ)(Long, Elizabeth) (Entered: 10/02/2023) |
| 10/02/2023 | 219 | REDACTION to 202 Sealed Response to Motion,, re 180 SEALED MOTION for *Summary Judgment of No Unclean Hands Defense* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Proposed Order)(Long, Elizabeth) (Entered: 10/02/2023) |
| 10/02/2023 | 220 | REDACTION to 206 Sealed Response to Motion, re 170 MOTION for Summary *Judgment Of No Invalidity Under 35 U.S.C. §§ 102 & 10* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Proposed Order)(Long, Elizabeth) (Entered: 10/02/2023) |
| 10/02/2023 | 221 | REDACTION to 211 Sealed Response to Motion, re 179 SEALED MOTION of Partial *Summary Judgment That Devices With MaxLinear Chips are Not Non-Infringing Alternatives Affecting the Reasonable Royalty Rate f* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Proposed Order)(Long, Elizabeth) (Entered: 10/02/2023) |
| 10/02/2023 | 222 | REDACTION to 212 Sealed Response to Motion,, re 174 SEALED MOTION to Strike *Opinions of Christopher Bakewell* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Proposed Order)(Long, Elizabeth) (Entered: 10/02/2023) |
| 10/02/2023 | 223 | REDACTION to 214 Sealed Response to Motion, re 168 MOTION to Strike Opinions of *Steven Goldberg* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Proposed Order)(Long, Elizabeth) (Entered: 10/02/2023) |
| 10/02/2023 | 224 | REDACTION to 215 Sealed Response to Motion,, re 177 SEALED MOTION for *Summary Judgment of No License Defense Based on DOCSIS* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Proposed Order)(Long, Elizabeth) (Entered: 10/02/2023) |
| 10/02/2023 | 225 | REDACTION to 213 Sealed Response to Motion, re 175 SEALED MOTION to Strike *Opinions of Dr. Kevin Almeroth* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Proposed Order)(Long, Elizabeth) (Entered: 10/02/2023) |
| 10/03/2023 | 226 | ***FILED IN ERROR***<br><br>RESPONSE in Support re 173 SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362* |

| | | |
|---|---|---|
| | | *PATENT) filed by Charter Communications, Inc..* (Long, Elizabeth) Modified on 10/3/2023 (ch, ). (Entered: 10/03/2023) |
| 10/03/2023 | | **\*\*\*FILED IN ERROR. FILED UNDER THE WRONG EVENT Document # 226, Response. PLEASE IGNORE.\*\*\*** (ch, ) (Entered: 10/03/2023) |
| 10/03/2023 | 227 | **\*\*\*FILED IN ERROR\*\*\***<br><br>RESPONSE to Motion re 173 SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT) CHARTER'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT filed by Charter Communications, Inc..* (Long, Elizabeth) Modified on 10/3/2023 (ch, ). (Entered: 10/03/2023) |
| 10/03/2023 | | **\*\*\*FILED IN ERROR. PLEASE FILE YOUR REPLY UNDER CORRECT EVENT Document # 227, Response to Motion. PLEASE IGNORE.\*\*\*** (ch, ) (Entered: 10/03/2023) |
| 10/03/2023 | 228 | REPLY to Response to Motion re 173 SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT) CHARTER'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT filed by Charter Communications, Inc..* (Long, Elizabeth) (Entered: 10/03/2023) |
| 10/03/2023 | 229 | **\*\*\*DEFICIENT DOCUMENT\*\*\***<br><br>SEALED ADDITIONAL ATTACHMENTS to Main Document: 228 Reply to Response to Motion,. DECLARATION OF ELIZABETH LONG IN SUPPORT OF CHARTER'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT (Attachments: # 1 Exhibit L, # 2 Exhibit M)(Long, Elizabeth) Modified on 10/3/2023 (ch, ). (Entered: 10/03/2023) |
| 10/03/2023 | 230 | SEALED REPLY to Response to Motion re 176 SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS) filed by Charter Communications, Inc..* (Long, Elizabeth) (Entered: 10/03/2023) |
| 10/03/2023 | | NOTICE of Deficiency regarding the 229 submitted Needs Certificate of Authorization to file under seal and Certifiicate of Service. Correction should be made by one business day (ch, ) (Entered: 10/03/2023) |
| 10/03/2023 | 231 | Additional Attachments to Main Document: 230 Sealed Reply to Response to Motion,.. (Attachments: # 1 Exhibit W, # 2 Exhibit X)(Long, Elizabeth) (Entered: 10/03/2023) |
| 10/03/2023 | 232 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 228 Reply to Response to Motion,. DECLARATION OF ELIZABETH LONG IN SUPPORT OF CHARTER'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT (Attachments: # 1 Exhibit L, # 2 Exhibit M)(Long, Elizabeth) (Entered: 10/03/2023) |
| 10/03/2023 | 233 | SEALED REPLY to Response to Motion re 166 SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. SOURI'S IMPROPER OPINIONS filed by Charter Communications, Inc..CHARTER'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKEDR. SOURI'S IMPROPER OPINIONS* (Long, Elizabeth) (Entered: 10/03/2023) |

| | | |
|---|---|---|
| 10/03/2023 | [234](#) | SEALED REPLY to Response to Motion re [171](#) SEALED MOTION *CHARTER'S MOTION TO STRIKE ENTROPIC'S IMPROPER SECONDARY CONSIDERATIONS POSITIONS* filed by Charter Communications, Inc.. (Attachments: # [1](#) DECLARATION OF ELIZABETH LONG IN SUPPORT OF CHARTER'S MOTION TO STRIKE ENTROPICS IMPROPER SECONDARY CONSIDERATIONS POSITIONS(Long, Elizabeth) (Entered: 10/03/2023) |
| 10/03/2023 | [235](#) | REPLY to Response to Motion re [168](#) MOTION to Strike *Opinions of Steven Goldberg filed by Entropic Communications, LLC*. (Shimota, James) (Entered: 10/03/2023) |
| 10/03/2023 | [236](#) | REPLY to Response to Motion re [170](#) MOTION for Summary Judgment *Of No Invalidity Under 32 U.S.C. §§ 102 & 103 filed by Entropic Communications, LLC*. (Shimota, James) (Entered: 10/03/2023) |
| 10/03/2023 | [237](#) | SEALED REPLY to Response to Motion re [177](#) SEALED MOTION *for Summary Judgment of No License Defense Based on DOCSIS* filed by Entropic Communications, LLC. (Attachments: # [1](#) Declaration of James Shimota, # [2](#) Exhibit E)(Shimota, James) (Entered: 10/03/2023) |
| 10/03/2023 | [238](#) | SEALED REPLY to Response to Motion re [180](#) SEALED MOTION *for Summary Judgment of No Unclean Hands Defense* filed by Entropic Communications, LLC. (Shimota, James) (Entered: 10/03/2023) |
| 10/03/2023 | [239](#) | SEALED REPLY to Response to Motion re [169](#) SEALED MOTION *CHARTER'S MOTION TO EXCLUDE THE EXPERT OPINIONS OF STEPHEN DELL* filed by Charter Communications, Inc.. (Attachments: # [1](#) Affidavit/Declaration OF ELIZABETH LONG IN SUPPORT OF CHARTER'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS OF STEPHEN DELL, # [2](#) Exhibit L, # [3](#) Exhibit M)(Long, Elizabeth) (Entered: 10/03/2023) |
| 10/03/2023 | [240](#) | SEALED REPLY to Response to Motion re [174](#) SEALED MOTION *to Strike Opinions of Christopher Bakewell* filed by Entropic Communications, LLC. (Shimota, James) (Entered: 10/03/2023) |
| 10/03/2023 | [241](#) | SEALED REPLY to Response to Motion re [175](#) SEALED MOTION *to Strike Opinions of Dr. Kevin Almeroth* filed by Entropic Communications, LLC. (Attachments: # [1](#) Declaration of James Shimota, # [2](#) Exhibit K)(Shimota, James) (Entered: 10/03/2023) |
| 10/03/2023 | [242](#) | SEALED REPLY to Response to Motion re [179](#) SEALED MOTION *of Partial Summary Judgment That Devices With MaxLinear Chips are Not Non-Infringing Alternatives Affecting the Reasonable Royalty Rate* filed by Entropic Communications, LLC. (Shimota, James) (Entered: 10/03/2023) |
| 10/03/2023 | [243](#) | REPLY to Response to Motion re [181](#) MOTION for Summary Judgment *of Validity Under 35 U.S.C. § 101 (CORRECTION OF ECF DOCUMENT TITLE) filed by Entropic Communications, LLC*. (Attachments: # [1](#) Declaration of James Shimota, # [2](#) Exhibit C) (Shimota, James) (Entered: 10/03/2023) |
| 10/03/2023 | [244](#) | OPPOSED SEALED MOTION *for Leave to File Out of Time Plaintiff's Motion to Compel Testimony and Documents Improperly Withheld as Privileged* by Entropic Communications, LLC. (Attachments: # [1](#) Declaration of Nicholas Lenning, # [2](#) Lenning Declaration, Ex. A, # [3](#) Lenning Declaration, Ex. B, # [4](#) Lenning Declaration, Ex. C, # [5](#) Lenning Declaration, Ex. D, # [6](#) Lenning Declaration, Ex. E, # [7](#) Lenning Declaration, Ex. F, # [8](#) Lenning Declaration, Ex. G, # [9](#) Lenning Declaration, Ex. H, # [10](#) Lenning Declaration, Ex. I, # [11](#) Lenning Declaration, Ex. J, # [12](#) Lenning Declaration, Ex. K, # [13](#) Declaration of Peter Soskin, # [14](#) Soskin Declaration, Ex. A, # [15](#) Soskin Declaration, Ex. |

| | | |
|---|---|---|
| | | B, # 16 Soskin Declaration, Ex. C, # 17 Proposed Order)(Shimota, James) (Entered: 10/03/2023) |
| 10/03/2023 | 245 | OPPOSED SEALED MOTION *to Compel Testimony and Documents Improperly Withheld as Privileged* by Entropic Communications, LLC. (Attachments: # 1 Declaration of Nicholas Lenning, # 2 Lenning Declaration, Ex. A, # 3 Lenning Declaration, Ex. B, # 4 Lenning Declaration, Ex. C, # 5 Lenning Declaration, Ex. D, # 6 Lenning Declaration, Ex. E, # 7 Lenning Declaration, Ex. F, # 8 Lenning Declaration, Ex. G, # 9 Lenning Declaration, Ex. H, # 10 Lenning Declaration, Ex. I, # 11 Lenning Declaration, Ex. J, # 12 Lenning Declaration, Ex. K, # 13 Lenning Declaration, Ex. L, # 14 Lenning Declaration, Ex. M, # 15 Lenning Declaration, Ex. N, # 16 Lenning Declaration, Ex. O, # 17 Declaration of Peter Soskin, # 18 Soskin Declaration, Ex. A, # 19 Soskin Declaration, Ex. B, # 20 Soskin Declaration, Ex. C, # 21 Proposed Order)(Shimota, James) (Entered: 10/03/2023) |
| 10/10/2023 | 246 | SUR-REPLY to Reply to Response to Motion re 172 SEALED MOTION *(CHARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES) filed by Entropic Communications, LLC*. (Shimota, James) (Entered: 10/10/2023) |
| 10/10/2023 | 247 | REDACTION to 217 Sealed Reply to Response to Motion *to Strike Dr. Kramer's Improper Opinions* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/10/2023) |
| 10/10/2023 | 248 | REDACTION to 218 Sealed Reply to Response to Motion, *FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit)(Long, Elizabeth) (Entered: 10/10/2023) |
| 10/10/2023 | 249 | REDACTION to 230 Sealed Reply to Response to Motion, *FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/10/2023) |
| 10/10/2023 | 250 | REDACTION to 233 Sealed Reply to Response to Motion, *TO STRIKE DR. SOURI'S IMPROPER OPINIONS* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/10/2023) |
| 10/10/2023 | 251 | REDACTION to 234 Sealed Reply to Response to Motion, *TO STRIKE ENTROPIC'S IMPROPER SECONDARY CONSIDERATIONS POSITIONS* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration)(Long, Elizabeth) (Entered: 10/10/2023) |
| 10/10/2023 | 252 | REDACTION to 239 Sealed Reply to Response to Motion, *TO EXCLUDE THE EXPERT OPINIONS OF STEPHEN DELL* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit)(Long, Elizabeth) (Entered: 10/10/2023) |
| 10/10/2023 | 253 | REDACTION to 232 Sealed Additional Attachments to Main Document, *228 Reply to Response to Motion,. DECLARATION OF ELIZABETH LONG IN SUPPORT OF CHARTER'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT* by Charter Communications, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit)(Long, Elizabeth) (Entered: 10/10/2023) |
| 10/10/2023 | 254 | SUR-REPLY to Reply to Response to Motion re 167 SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. KRAMER'S IMPROPER OPINIONS filed by Entropic Communications, LLC*. (Shimota, James) (Entered: 10/10/2023) |

| 10/10/2023 | 255 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 254 Sur-Reply to Reply to Response to Motion (Declaration of James Shimota in Support of Entropic's Sur-Reply) (Attachments: # 1 Exhibit H)(Shimota, James) (Entered: 10/10/2023) |
|---|---|---|
| 10/10/2023 | 256 | SUR-REPLY to Reply to Response to Motion re 173 SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT)* filed by Entropic Communications, LLC. (Shimota, James) (Entered: 10/10/2023) |
| 10/10/2023 | 257 | OPPOSED SEALED MOTION *in Limine* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Proposed Order)(Brown, Melissa) (Entered: 10/10/2023) |
| 10/10/2023 | 258 | OPPOSED SEALED MOTION *IN LIMINE* by Entropic Communications, LLC. (Attachments: # 1 SEALED Declaration of Michael T. Pieja, # 2 Exhibit A - SEALED Boglioli 8-11-23 Dep Tr (excerpts), # 3 Exhibit B - SEALED Entropic Witness List, # 4 Exhibit C - SEALED Charter Witness List, # 5 Exhibit D - SEALED Bakewell Reb. Rpt. (excerpts), # 6 Exhibit E - SEALED Dell Rpt. (excerpts), # 7 Exhibit F - SEALED Kirchoff 8-16-23 Dep Tr (excerpts), # 8 Exhibit G - SEALED Cangiane 07-17-23 Dep Tr (excerpts), # 9 Exhibit H - SEALED Almeroth Reb. Rpt. (excerpts), # 10 Proposed Order)(Pieja, Michael) (Entered: 10/10/2023) |
| 10/11/2023 | 259 | RESPONSE in Opposition re 216 OPPOSED MOTION to Amend/Correct *Docket Control Order* filed by Entropic Communications, LLC. (Attachments: # 1 Proposed Order)(Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 260 | SEALED SUR-REPLY to Reply to Response to Motion re 166 SEALED MOTION *CHARTER'S MOTION TO STRIKE DR. SOURI'S IMPROPER OPINIONS* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of James Shimota, # 2 Exhibit P)(Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 261 | REDACTION to 141 SEALED MOTION *to Strike the Expert Report of David O. Taylor* by Entropic Communications, LLC. (Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 262 | SUR-REPLY to Reply to Response to Motion re 168 MOTION to Strike *Opinions of Steven Goldberg* filed by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/11/2023) |
| 10/11/2023 | 263 | REDACTION to 151 Sealed Reply to Response to Motion by Entropic Communications, LLC. (Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 264 | SUR-REPLY to Reply to Response to Motion re 170 MOTION for Summary Judgment *Of No Invalidity Under 32 U.S.C. §§ 102 & 103* filed by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/11/2023) |
| 10/11/2023 | 265 | REDACTION to 174 SEALED MOTION *to Strike Opinions of Christopher Bakewell* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota, # 2 Affidavit/Declaration of Darlene Ghavimi)(Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 266 | SUR-REPLY to Reply to Response to Motion re 181 MOTION for Summary Judgment *of Validity Under 35 U.S.C. § 101 (CORRECTION OF ECF DOCUMENT TITLE)* filed by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/11/2023) |
| 10/11/2023 | 267 | SEALED SUR-REPLY to Reply to Response to Motion re 177 SEALED MOTION *for Summary Judgment of No License Defense Based on DOCSIS* filed by Charter |

| | | |
|---|---|---|
| | | Communications, Inc. (Long, Elizabeth) (Entered: 10/11/2023) |
| 10/11/2023 | 268 | SEALED SUR-REPLY to Reply to Response to Motion re 179 SEALED MOTION *of Partial Summary Judgment That Devices With MaxLinear Chips are Not Non-Infringing Alternatives Affecting the Reasonable Royalty Rate* filed by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/11/2023) |
| 10/11/2023 | 269 | REDACTION to 175 SEALED MOTION *to Strike Opinions of Dr. Kevin Almeroth* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota)(Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 270 | SEALED SUR-REPLY to Reply to Response to Motion re 180 SEALED MOTION *for Summary Judgment of No Unclean Hands Defense* filed by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/11/2023) |
| 10/11/2023 | 271 | SEALED SUR-REPLY to Reply to Response to Motion re 174 SEALED MOTION *to Strike Opinions of Christopher Bakewell* filed by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/11/2023) |
| 10/11/2023 | 272 | REDACTION to 177 SEALED MOTION *for Summary Judgment of No License Defense Based on DOCSIS* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota)(Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 273 | SEALED SUR-REPLY to Reply to Response to Motion re 175 SEALED MOTION *to Strike Opinions of Dr. Kevin Almeroth* filed by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/11/2023) |
| 10/11/2023 | 274 | REDACTION to 179 SEALED MOTION *of Partial Summary Judgment That Devices With MaxLinear Chips are Not Non-Infringing Alternatives Affecting the Reasonable Royalty Rate* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota)(Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 275 | REDACTION to 180 SEALED MOTION *for Summary Judgment of No Unclean Hands Defense* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota)(Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 276 | REDACTION to 237 Sealed Reply to Response to Motion, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 277 | REDACTION to 238 Sealed Reply to Response to Motion by Entropic Communications, LLC. (Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 278 | REDACTION to 240 Sealed Reply to Response to Motion by Entropic Communications, LLC. (Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 279 | REDACTION to 241 Sealed Reply to Response to Motion by Entropic Communications, LLC. (Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 280 | REDACTION to 242 Sealed Reply to Response to Motion, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 281 | SEALED SUR-REPLY to Reply to Response to Motion re 169 SEALED MOTION *CHARTER'S MOTION TO EXCLUDE THE EXPERT OPINIONS OF STEPHEN DELL* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of Nicholas Lenning, # 2 Lenning Declaration, Ex. A)(Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 282 | SEALED SUR-REPLY to Reply to Response to Motion re 171 SEALED MOTION *CHARTER'S MOTION TO STRIKE ENTROPIC'S IMPROPER SECONDARY CONSIDERATIONS POSITIONS* filed by Entropic Communications, LLC. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Declaration of Nicholas Lenning, # 2 Lenning Declaration, Ex. A)(Shimota, James) (Entered: 10/11/2023) |
| 10/11/2023 | 283 | SEALED SUR-REPLY to Reply to Response to Motion re 176 SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS)* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of James Shimota, # 2 Exhibit A) (Shimota, James) (Entered: 10/11/2023) |
| 10/12/2023 | 284 | NOTICE by Entropic Communications, LLC *of Request for Daily Trial Transcripts and Real-Time Reporting* (Fair, Andrea) (Entered: 10/12/2023) |
| 10/13/2023 | 285 | NOTICE by Charter Communications, Inc. *NOTICE OF REQUEST FOR DAILY TRANSCRIPTS AND REAL TIME REPORTING* (Long, Elizabeth) (Entered: 10/13/2023) |
| 10/13/2023 | 286 | NOTICE of Attorney Appearance by Johnny Ward, Jr on behalf of Entropic Communications, LLC (Ward, Johnny) (Entered: 10/13/2023) |
| 10/13/2023 | 287 | OPPOSED MOTION for Leave to File *Out of Time Plaintiff's Supplemental Motion to Strike Opinions of Christopher Bakewell* by Entropic Communications, LLC. (Attachments: # 1 Proposed Order)(Shimota, James) (Entered: 10/13/2023) |
| 10/13/2023 | 288 | ***DEFICIENT DOCUMENT*** SEALED ADDITIONAL ATTACHMENTS to Main Document: 287 OPPOSED MOTION for Leave to File *Out of Time Plaintiff's Supplemental Motion to Strike Opinions of Christopher Bakewell.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Shimota, James) Modified on 10/16/2023 (ch, ). (Entered: 10/13/2023) |
| 10/13/2023 | 289 | MOTION to Strike *Supplemental Motion to Strike Opinions of Christopher Bakewell* by Entropic Communications, LLC. (Attachments: # 1 Proposed Order)(Shimota, James) (Entered: 10/13/2023) |
| 10/13/2023 | 290 | ***DEFICIENT DOCUMENT*** SEALED ADDITIONAL ATTACHMENTS to Main Document: 289 MOTION to Strike *Supplemental Motion to Strike Opinions of Christopher Bakewell.* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shimota, James) Modified on 10/16/2023 (ch, ). (Entered: 10/13/2023) |
| 10/16/2023 | | NOTICE of Deficiency regarding the 288 submitted Needs Certificate of Authorization to file under seal and Certifiicate of Service. Correction should be made by one business day (ch, ) (Entered: 10/16/2023) |
| 10/16/2023 | | NOTICE of Deficiency regarding the 290 submitted Needs Certificate of Authorization to file under seal and Certifiicate of Service. Correction should be made by one business day (ch, ) (Entered: 10/16/2023) |
| 10/16/2023 | 291 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 287 OPPOSED MOTION for Leave to File *Out of Time Plaintiff's Supplemental Motion to Strike Opinions of Christopher Bakewell.* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 292 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 289 MOTION to Strike *Supplemental Motion to Strike Opinions of Christopher Bakewell.* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shimota, James) (Entered: 10/16/2023) |

| 10/16/2023 | 293 | REDACTION to 196 Sealed Response to Motion, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/16/2023) |
|---|---|---|
| 10/16/2023 | 294 | REDACTION to 201 Sealed Response to Motion,, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 295 | REDACTION to 203 Sealed Response to Motion,, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 296 | REDACTION to 205 Sealed Response to Motion,, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 297 | REDACTION to 210 Sealed Response to Motion, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 298 | REDACTION to 260 Sealed Sur-Reply to Reply to Response to Motion, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 299 | REDACTION to 281 Sealed Sur-Reply to Reply to Response to Motion, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 300 | REDACTION to 282 Sealed Sur-Reply to Reply to Response to Motion, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 301 | REDACTION to 283 Sealed Sur-Reply to Reply to Response to Motion, by Entropic Communications, LLC. (Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 302 | OPPOSED MOTION for Leave to Serve Mr. Dell's Third Supplemental Expert Report Out of Time by Entropic Communications, LLC. (Attachments: # 1 Proposed Order) (Shimota, James) (Entered: 10/16/2023) |
| 10/16/2023 | 303 | SEALED ADDITIONAL ATTACHMENTS to Main Document:. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Shimota, James) (Entered: 10/16/2023) |
| 10/17/2023 | 304 | REDACTION to 258 OPPOSED SEALED MOTION *IN LIMINE* by Entropic Communications, LLC. (Attachments: # 1 Declaration of Michael T. Pieja, # 2 Additional Attachment(s) Exhibits A-H Filed Under Seal)(Pieja, Michael) (Entered: 10/17/2023) |
| 10/17/2023 | 305 | REPLY to Response to Motion re 216 OPPOSED MOTION to Amend/Correct *Docket Control Order filed by Charter Communications, Inc..* (Long, Elizabeth) (Entered: 10/17/2023) |
| 10/17/2023 | | Pretrial Conference originally set for 10/30/2023 has been RESET for 11/6/2023 at 09:00 AM in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (aeb) (Entered: 10/17/2023) |
| 10/17/2023 | 306 | NOTICE of Attorney Appearance by William Owen Young, Jr on behalf of Charter Communications, Inc. (Young, William) (Entered: 10/17/2023) |
| 10/17/2023 | 307 | REDACTION to 257 OPPOSED SEALED MOTION *in Limine* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit A (under seal), # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D - O (under seal), # 6 Proposed Order) (Brown, Melissa) (Entered: 10/17/2023) |
| 10/18/2023 | 308 | AGREED MOTION to Amend/Correct 195 Order on Motion to Amend/Correct by Entropic Communications, LLC. (Shimota, James) (Entered: 10/18/2023) |
| 10/18/2023 | 309 | NOTICE of Attorney Appearance - Pro Hac Vice by Thomas J. Carr on behalf of Charter Communications, Inc.. Filing fee $ 100, receipt number ATXEDC-9764999. (Carr, Thomas) (Entered: 10/18/2023) |

| 10/18/2023 | 310 | NOTICE of Attorney Appearance - Pro Hac Vice by Natalie Steiert on behalf of Charter Communications, Inc.. Filing fee $ 100, receipt number ATXEDC-9765076. (Steiert, Natalie) (Entered: 10/18/2023) |
|---|---|---|
| 10/18/2023 | 311 | SEALED RESPONSE to Motion re 244 OPPOSED SEALED MOTION *for Leave to File Out of Time Plaintiff's Motion to Compel Testimony and Documents Improperly Withheld as Privileged* filed by Charter Communications, Inc. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Proposed Order)(Long, Elizabeth) (Entered: 10/18/2023) |
| 10/18/2023 | 312 | SEALED RESPONSE to Motion re 245 OPPOSED SEALED MOTION *to Compel Testimony and Documents Improperly Withheld as Privileged* filed by Charter Communications, Inc. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Proposed Order)(Long, Elizabeth) (Entered: 10/18/2023) |
| 10/18/2023 | 313 | UNOPPOSED MOTION to Withdraw as Attorney *Paul I. Margulies* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order)(Long, Elizabeth) (Entered: 10/18/2023) |
| 10/18/2023 | 314 | REDACTION to 267 Sealed Sur-Reply to Reply to Response to Motion *FOR SUMMARY JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/18/2023) |
| 10/18/2023 | 315 | REDACTION to 268 Sealed Sur-Reply to Reply to Response to Motion, *PARTIAL SUMMARY JUDGMENT THAT DEVICES WITH MAXLINEAR CHIPS ARE NOT NON-INFRINGING ALTERNATIVES AFFECTING THE REASONABLE ROYALTY RATE* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/18/2023) |
| 10/18/2023 | 316 | REDACTION to 270 Sealed Sur-Reply to Reply to Response to Motion *FOR SUMMARY JUDGMENT OF NO UNCLEAN HANDS DEFENSE* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/18/2023) |
| 10/18/2023 | 317 | REDACTION to 271 Sealed Sur-Reply to Reply to Response to Motion *TO STRIKE OPINIONS OF CHRISTOPHER BAKEWELL* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/18/2023) |
| 10/18/2023 | 318 | REDACTION to 273 Sealed Sur-Reply to Reply to Response to Motion *TO STRIKE OPINIONS OF DR. KEVIN ALMEROTH* by Charter Communications, Inc.. (Long, Elizabeth) (Entered: 10/18/2023) |
| 10/19/2023 | 319 | SEVENTH AMENDED DOCKET CONTROL ORDER granting 308 Motion to Amend/Correct. Signed by District Judge Rodney Gilstrap on 10/19/2023. (ch, ) (Entered: 10/20/2023) |
| 10/19/2023 | 320 | ORDER granting 313 Motion to Withdraw as Attorney. Attorney Paul Isaac Margulies terminated. Signed by District Judge Rodney Gilstrap on 10/19/2023. (ch, ) (Entered: 10/20/2023) |
| 10/20/2023 | 321 | NOTICE by Entropic Communications, LLC re 244 OPPOSED SEALED MOTION *for Leave to File Out of Time Plaintiff's Motion to Compel Testimony and Documents Improperly Withheld as Privileged Fully Briefed - Notice to Forgo Reply* (Shimota, James) (Entered: 10/20/2023) |
| 10/20/2023 | 322 | NOTICE by Entropic Communications, LLC re 245 OPPOSED SEALED MOTION *to Compel Testimony and Documents Improperly Withheld as Privileged Fully Briefed - Notice to Forgo Reply* (Shimota, James) (Entered: 10/20/2023) |
| 10/23/2023 | 323 | SEALED RESPONSE to Motion re 258 OPPOSED SEALED MOTION *IN LIMINE* filed by Charter Communications, Inc. (Attachments: # 1 Affidavit/Declaration Long Decl ISO |

| Date | # | Description |
|---|---|---|
| | | Charter Response to Entropic's MILs, # 2 Exhibit Ex. I, # 3 Exhibit Ex. J, # 4 Exhibit Ex. K, # 5 Exhibit Ex. L, # 6 Exhibit Ex. M, # 7 Exhibit Ex. N, # 8 Exhibit Ex. O, # 9 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 10/23/2023) |
| 10/23/2023 | 324 | SEALED RESPONSE to Motion re 257 OPPOSED SEALED MOTION *in Limine filed by Entropic Communications, LLC*. (Attachments: # 1 SEALED Declaration of Michael T. Pieja, # 2 Exhibit P - SEALED Goldberg Rpt (excerpts), # 3 Exhibit Q - SEALED Interrog Resp (excerpts), # 4 Proposed Order)(Pieja, Michael) (Entered: 10/23/2023) |
| 10/25/2023 | 325 | REDACTION to 311 Sealed Response to Motion, *FOR LEAVE TO FILE OUT OF TIME PLAINTIFFS MOTION TO COMPEL* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Proposed Order)(Long, Elizabeth) (Entered: 10/25/2023) |
| 10/25/2023 | 326 | REDACTION to 312 Sealed Response to Motion, *to Compel Testimony and Documents Improperly Withheld as Privilege* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Proposed Order)(Long, Elizabeth) (Entered: 10/25/2023) |
| 10/30/2023 | 327 | REDACTION to 323 Sealed Response to Motion, *MOTION IN LIMINE* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration Long Decl ISO Charter Response to Entropic's MILs, # 2 Exhibit Ex. I, # 3 Exhibit Ex. J, # 4 Exhibit Ex. K, # 5 Exhibit Ex. L, # 6 Exhibit Ex. M, # 7 Exhibit Ex. N, # 8 Exhibit Ex. O, # 9 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 10/30/2023) |
| 10/30/2023 | 328 | RESPONSE in Opposition re 287 OPPOSED MOTION for Leave to File *Out of Time Plaintiff's Supplemental Motion to Strike Opinions of Christopher Bakewell filed by Charter Communications, Inc.*. (Attachments: # 1 Proposed Order)(Long, Elizabeth) (Entered: 10/30/2023) |
| 10/30/2023 | 329 | SEALED RESPONSE to Motion re 289 MOTION to Strike *Supplemental Motion to Strike Opinions of Christopher Bakewell* filed by Charter Communications, Inc. (Attachments: # 1 Affidavit/Declaration Long Decl ISO Charter Opp'n to Motion to Strike Bakewell, # 2 Exhibit Ex. A, # 3 Exhibit Ex. B, # 4 Exhibit Ex. C, # 5 Exhibit Ex. D, # 6 Exhibit Ex. E, # 7 Exhibit Ex. F, # 8 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 10/30/2023) |
| 10/30/2023 | 330 | RESPONSE in Opposition re 302 OPPOSED MOTION for Leave to Serve Mr. Dell's Third Supplemental Expert Report Out of Time *filed by Charter Communications, Inc.*. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 10/30/2023) |
| 10/30/2023 | 331 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 330 Response in Opposition to Motion, (Attachments: # 1 Exhibit Ex. C, # 2 Exhibit Ex. D, # 3 Exhibit Ex. E)(Long, Elizabeth) (Entered: 10/30/2023) |
| 10/30/2023 | 332 | REDACTION to 324 Sealed Response to Motion, by Entropic Communications, LLC. (Attachments: # 1 Declaration of Michael T. Pieja, # 2 Exhibit P - Goldberg Rpt (excerpts), # 3 Exhibit Q - Filed Under Seal, # 4 Proposed Order)(Pieja, Michael) (Entered: 10/30/2023) |
| 10/31/2023 | 333 | Sealed Document. Joint Proposed Pretrial Order (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Shimota, James) (Entered: 10/31/2023) |
| 10/31/2023 | 334 | ORDER - REFERS the above-captioned case to the Honorable Roy S. Payne for the limited and sole purpose of resolving any pretrial matters at a date to be set by the Magistrate Judge. It is ORDERED that the November 6, 2023 pretrial conference before |

| | | the undersigned are canceled. Signed by District Judge Rodney Gilstrap on 10/31/2023. (ch, ) (Entered: 10/31/2023) |
|---|---|---|
| 11/01/2023 | | NOTICE of Hearing: Pretrial Conference set for 11/15/2023 at 09:00 AM before Magistrate Judge Roy S. Payne. (bga) (Entered: 11/01/2023) |
| 11/03/2023 | 335 | NOTICE by Charter Communications, Inc. *Disclosures Pursuant to 35 U.S.C. § 282* (Long, Elizabeth) (Entered: 11/03/2023) |
| 11/06/2023 | | NOTICE of Hearing: Pretrial Conference RESET for 11/15/2023 at 10:00 AM before Magistrate Judge Roy S. Payne. *Note that only the TIME has changed*(bga) (Entered: 11/06/2023) |
| 11/06/2023 | 336 | REDACTION to 329 Sealed Response to Motion, *to Strike Opinions of Christopher Bakewell* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration Long declaration, # 2 Exhibit Ex. A, # 3 Exhibit Ex. B, # 4 Exhibit Ex. C, # 5 Exhibit Ex. D, # 6 Exhibit Ex. E, # 7 Exhibit Ex. F, # 8 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 11/06/2023) |
| 11/06/2023 | 337 | REDACTION to 331 Sealed Additional Attachments to Main Document by Charter Communications, Inc.. (Attachments: # 1 Exhibit Ex. C, # 2 Exhibit Ex. D, # 3 Exhibit Ex. E)(Long, Elizabeth) (Entered: 11/06/2023) |
| 11/07/2023 | | NOTICE of Hearing: Jury Selection originally scheduled for 12/4/2023 has been RESET for 12/11/2023 at 09:00 AM followed by Trial Day 1 in Ctrm 106 (Marshall) before District Judge Rodney Gilstrap. (aeb) (Entered: 11/07/2023) |
| 11/14/2023 | 338 | Sealed Document. Joint Notice of Filing of Amended Exhibit Lists to Joint Proposed Pretrial Order (Dkt. 333) (Attachments: # 1 Exhibit E, # 2 Exhibit F, # 3 Exhibit G)(Shimota, James) (Entered: 11/14/2023) |
| 11/15/2023 | 339 | PAPER TRANSCRIPT REQUEST by Charter Communications, Inc. for proceedings held on 11-15-2023 - Pretrial Hearing before Judge Payne. (Dacus, Deron) (forwarded to Ed Reed) Modified on 11/15/2023 (ch, ). (Entered: 11/15/2023) |
| 11/15/2023 | 340 | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Initial Pretrial Conference held on 11/15/2023. from 10:10 am - 2:06 pm (No exhibits)(Court Reporter Ed Reed.) (Attachments: # 1 Attorney Sign-In Sheet) (bga) (Entered: 11/15/2023) |
| 11/15/2023 | | NOTICE of Hearing: Final Pretrial Conference set for 12/8/2023 at 09:30 AM before Magistrate Judge Roy S. Payne. (bga) (Entered: 11/15/2023) |
| 11/15/2023 | 341 | PAPER TRANSCRIPT REQUEST by Entropic Communications, LLC for proceedings held on 11/15/2023; Pre-Trial Hearing before Judge Judqe Rov S. Pavne. (Fair, Andrea) (forwarded to Ed Reed) Modified on 11/15/2023 (ch, ). (Entered: 11/15/2023) |
| 11/16/2023 | 342 | REPORT AND RECOMMENDATIONS re 172 SEALED MOTION (*CHARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES*) filed by Charter Communications, Inc... Signed by Magistrate Judge Roy S. Payne on 11/16/2023. (ch, ) (Entered: 11/16/2023) |
| 11/16/2023 | 343 | ORDER ON MOTIONS IN LIMINE. Signed by Magistrate Judge Roy S. Payne on 11/16/2023. (ch, ) (Entered: 11/17/2023) |
| 11/20/2023 | 344 | ORDER TO PURCHASE JURY MEALS. Signed by District Judge Rodney Gilstrap on 11/17/2023. (klc, ) (Entered: 11/20/2023) |
| 11/20/2023 | 345 | ORDER REGARDING EXHIBITS. Signed by District Judge Rodney Gilstrap on 11/17/2023. (klc, ) (Entered: 11/20/2023) |

| 11/21/2023 | 346 | UNOPPOSED MOTION to Withdraw as Attorney *Jacob Bass* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 11/21/2023) |
|---|---|---|
| 11/22/2023 | 347 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Pretrial Conference Proceedings held on 11/15/2023 before Judge Roy Payne. Court Reporter/Transcriber: Ed Reed,Telephone number: 409-330-1605.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Motion to Redact due 12/13/2023. Release of Transcript Restriction set for 2/20/2024. (klc, ) Modified on 12/1/2023 (bga). (Entered: 11/22/2023) |
| 11/27/2023 | 348 | REPORT AND RECOMMENDATIONS re 180 SEALED MOTION *for Summary Judgment of No Unclean Hands Defense* filed by Entropic Communications, LLC.. Signed by Magistrate Judge Roy S. Payne on 11/27/2023. (nkl, ) (Entered: 11/27/2023) |
| 11/27/2023 | 349 | REPORT AND RECOMMENDATIONS re 179 SEALED MOTION *of Partial Summary Judgment That Devices With MaxLinear Chips are Not Non-Infringing Alternatives Affecting the Reasonable Royalty Rate* filed by Entropic Communications, LLC.. Signed by Magistrate Judge Roy S. Payne on 11/27/2023. (nkl, ) (Entered: 11/27/2023) |
| 11/27/2023 | 350 | ORDER granting 346 Motion to Withdraw as Attorney. Attorney Jacob Michael Bass terminated. Signed by District Judge Rodney Gilstrap on 11/27/2023. (klc, ) (Entered: 11/27/2023) |
| 11/28/2023 | 351 | MEMORANDUM ORDER - Court finds that the Motion (Dkt. No. 167) should be and hereby is GRANTED-IN-PART and DENIED-IN-PART. Signed by Magistrate Judge Roy S. Payne on 11/28/2023. (ch, ) (Entered: 11/29/2023) |
| 11/28/2023 | 352 | MEMORANDUM ORDER - For the foregoing reasons, the Motion to Strike (Dkt. No. 171) is DENIED. Signed by Magistrate Judge Roy S. Payne on 11/28/2023. (ch, ) (Entered: 11/29/2023) |
| 11/28/2023 | 353 | MEMORANDUM ORDER - For the foregoing reasons, the Court finds that the Motion for Leave (Dkt. No. 287) should be and hereby is GRANTED. Court finds that the Supplemental Motion to Strike (Dkt. No. 289) should be and hereby is DENIED.Court finds that the Motion to Strike 174 should be GRANTED-IN-PART and DENIED-IN-PART,. Signed by Magistrate Judge Roy S. Payne on 11/28/2023. (ch, ) (Entered: 11/29/2023) |
| 11/28/2023 | 354 | REPORT AND RECOMMENDATIONS re 176 SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE '682 AND '690 PATENTS)* filed by Charter Communications, Inc... Signed by Magistrate Judge Roy S. Payne on 11/28/2023. (ch, ) (Entered: 11/29/2023) |
| 11/28/2023 | 355 | MEMORANDUM ORDER - Court finds that the Motion for Leave (Dkt. No. 244) should be and hereby is DENIED. Court finds that the Motion to Compel (Dkt. No. 245) should |

| | | be and hereby is DENIED.. Signed by Magistrate Judge Roy S. Payne on 11/28/2023. (ch, ) (Entered: 11/29/2023) |
|---|---|---|
| 11/28/2023 | 356 | MEMORANDUM ORDER - For the foregoing reasons, the Court finds that the Motion (Dkt. No. 302) should be and hereby is GRANTED. Signed by Magistrate Judge Roy S. Payne on 11/28/2023. (ch, ) (Entered: 11/29/2023) |
| 11/29/2023 | 357 | REPORT AND RECOMMENDATIONS re 177 SEALED MOTION *for Summary Judgment of No License Defense Based on DOCSIS* filed by Entropic Communications, LLC.. Signed by Magistrate Judge Roy S. Payne on 11/28/2023. (nkl, ) (Entered: 11/29/2023) |
| 11/29/2023 | 358 | MEMORANDUM ORDER re 175 SEALED MOTION *to Strike Opinions of Dr. Kevin Almeroth* filed by Entropic Communications, LLC.. Signed by Magistrate Judge Roy S. Payne on 11/29/2023. (nkl, ) (Entered: 11/29/2023) |
| 11/29/2023 | 359 | MEMORANDUM ORDER - For the foregoing reasons, the motion (Dkt. No. 166) is GRANTED-IN-PART and DENIED-IN-PART. Signed by Magistrate Judge Roy S. Payne on 11/29/2023. (ch, ) (Entered: 11/30/2023) |
| 11/30/2023 | 360 | JOINT NOTICE by Entropic Communications, LLC *of Readiness for Trial* (Fair, Andrea) (Entered: 11/30/2023) |
| 11/30/2023 | 361 | OBJECTION to 342 Report and Recommendations to *Denying Charter's Motion for Partial Summary Judgment of No Pre-Suit Damages (Dkt. 172)* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 11/30/2023) |
| 12/01/2023 | 362 | REPORT AND RECOMMENDATIONS re 170 MOTION for Summary Judgment *Of No Invalidity Under 32 U.S.C. §§ 102 & 103* filed by Entropic Communications, LLC.. Signed by Magistrate Judge Roy S. Payne on 12/1/2023. (ch, ) (Entered: 12/01/2023) |
| 12/01/2023 | 363 | REPORT AND RECOMMENDATIONS re 173 SEALED MOTION *(CHARTER'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE ASSERTED CLAIMS OF THE '362 PATENT)* filed by Charter Communications, Inc... Signed by Magistrate Judge Roy S. Payne on 12/1/2023. (ch, ) (Entered: 12/01/2023) |
| 12/01/2023 | 364 | REPORT AND RECOMMENDATIONS re 181 MOTION for Summary Judgment *of Validity Under 35 U.S.C. § 101 (CORRECTION OF ECF DOCUMENT TITLE)* filed by Entropic Communications, LLC.. Signed by Magistrate Judge Roy S. Payne on 12/1/2023. (ch, ) (Entered: 12/01/2023) |
| 12/05/2023 | 365 | NOTICE of Attorney Appearance by William Louden on behalf of Charter Communications, Inc. (Louden, William) (Entered: 12/05/2023) |
| 12/05/2023 | 366 | MEMORANDUM ORDER re 141 SEALED MOTION *to Strike the Expert Report of David O. Taylor* filed by Entropic Communications, LLC.. Signed by Magistrate Judge Roy S. Payne on 12/5/2023. (nkl, ) (Entered: 12/05/2023) |
| 12/05/2023 | 367 | MEMORANDUM ORDER re 168 MOTION to Strike *Opinions of Steven Goldberg* filed by Entropic Communications, LLC.. Signed by Magistrate Judge Roy S. Payne on 12/5/2023. (nkl, ) (Entered: 12/05/2023) |
| 12/06/2023 | 369 | MEMORANDUM ORDER - granting 216 OPPOSED MOTION to Amend/Correct Docket Control Order. Signed by Magistrate Judge Roy S. Payne on 12/6/2023. (ch, ) (Entered: 12/06/2023) |
| 12/06/2023 | 370 | NOTICE of Attorney Appearance - Pro Hac Vice by Zachary Nemirovsky on behalf of Charter Communications, Inc.. Filing fee $ 100, receipt number ATXEDC-9855784. |

| | | (Nemirovsky, Zachary) (Entered: 12/06/2023) |
|---|---|---|
| 12/06/2023 | [371](#) | OPPOSED SEALED MOTION *For Protective Order From The Courts Memorandum Order (Dkt. 358) Granting-In-Part And Denying-In-Part Entropics Motion To Strike The Expert Report Of Dr. Kevin Almeroth (Dkt. 175)* by Charter Communications, Inc.. (Attachments: # [1](#) Affidavit/Declaration Long declaration, # [2](#) Exhibit Ex. A, # [3](#) Exhibit Ex. B, # [4](#) Exhibit Ex. C, # [5](#) Exhibit Ex. D, # [6](#) Exhibit Ex. E, # [7](#) Exhibit Ex. F, # [8](#) Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/06/2023) |
| 12/06/2023 | [372](#) | Sealed Document. Plaintiff's Notice of Outstanding Issues (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(Shimota, James) (Entered: 12/06/2023) |
| 12/06/2023 | [373](#) | MOTION to Dismiss *Under Rule 41 (Count II ('690 Patent), Count IV ('362 Patent) and Count V ('826 Patent))* by Entropic Communications, LLC. (Attachments: # [1](#) Proposed Order)(Shimota, James) (Entered: 12/06/2023) |
| 12/07/2023 | [374](#) | RESPONSE in Opposition re [371](#) OPPOSED SEALED MOTION *For Protective Order From The Courts Memorandum Order (Dkt. 358) Granting-In-Part And Denying-In-Part Entropics Motion To Strike The Expert Report Of Dr. Kevin Almeroth (Dkt. 175) filed by Entropic Communications, LLC.* (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Proposed Order)(Shimota, James) (Entered: 12/07/2023) |
| 12/07/2023 | [375](#) | OBJECTION to [349](#) Report and Recommendations *(Dkt. 349) Granting-In-Part And Denying-In-Part Entropics Motion For Partial Summary Judgment That Devices With MaxLinear Chips Are Not Non-Infringing Alternatives Affecting The Reasonable Royalty (Dkt. 179)* by Charter Communications, Inc.. (Attachments: # [1](#) Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | [376](#) | OBJECTION to [363](#) Report and Recommendations *Denying Charters Motion For Summary Judgment Of Invalidity Of The Asserted Claims Of The 362 Patent (Dkt. 173)* by Charter Communications, Inc.. (Attachments: # [1](#) Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | [377](#) | OBJECTION to [364](#) Report and Recommendations *Granting Entropics Motion For Summary Judgment Of No Invalidity Under 35 U.S.C. § 101 (Dkt. 181)* by Charter Communications, Inc.. (Attachments: # [1](#) Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | [378](#) | OBJECTION to [362](#) Report and Recommendations *Denying-In-Part And Granting-In-Part Entropics Motion For Summary Judgment Of No Invalidity Under 35 U.S.C. §§ 102 and 103 (Dkt. 170)* by Charter Communications, Inc.. (Attachments: # [1](#) Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | [379](#) | NOTICE by Charter Communications, Inc. *Objections To Memorandum Order (Dkt. 367) Granting-In-Part And Denying-In-Part Entropics Motion To Strike Opinions Of Steven Goldberg (Dkt. 168)* (Attachments: # [1](#) Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | [380](#) | NOTICE by Charter Communications, Inc. *Objection To Order (Dkt. 353) Granting-In-Part And Denying-In-Part Plaintiffs Motion To Strike The Opinions Of Christopher Bakewell (Dkt. 174)* (Attachments: # [1](#) Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | [381](#) | NOTICE by Charter Communications, Inc. *Objections To Memorandum Order (Dkt. 358) Granting-In-Part And Denying-In-Part Entropics Motion To Strike Opinions Of Dr. Kevin Almeroth (Dkt. 175)* (Attachments: # [1](#) Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |

| | | |
|---|---|---|
| 12/07/2023 | 382 | NOTICE by Charter Communications, Inc. *Charters Objections To Memorandum Order (Dkt. 366) Granting-In-Part And Denying-In-Part Entropics Motion To Strike The Expert Report Of David O. Taylor (Dkt. 141)* (Attachments: # 1 Proposed Order Proposed Order) (Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | 383 | Charters Objections To The Memorandum Order (Dkt. 368) Denying Charters Motion To Exclude The Opinions Of Stephen Dell (Dkt. 169) Sealed Document. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | 384 | Charters Objections To Memorandum Order (Dkt. 351) Granting-In-Part And Denying-In-Part Charters Motion To Strike Dr. Kramers Improper Opinions (Dkt. 167) Sealed Document. (Attachments: # 1 Letter Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | 385 | Charters Objections To Memorandum Order (Dkt. 359) Granting-In Part And Denying-In-Part Charters Motion To Strike Dr. Souris Improper Opinions (Dkt. 166) Sealed Document. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | 386 | Charters Objection To Report And Recommendation (Dkt. 357) Granting-In-Part And Denying-In-Part Entropics Motion For Summary Judgment Of No License Defense Based On Docsis (Dkt. 177) Sealed Document. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | 387 | Charters Objection To Report And Recommendation (Dkt. 354) Denying Its Motion For Summary Judgment Of Non-Infringement Of The Asserted Claims Of The 682 And 690 Patents (Dkt. 176) Sealed Document. (Attachments: # 1 Proposed Order Proposed Order) (Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | 388 | Additional Attachments to Main Document: 387 Sealed Document,. *Declaration of Elizabeth Long ISO Charter's Objection to Report and Recommendation re MSJ for Noninfringement*. (Attachments: # 1 Exhibit Ex. A (U.S. Patent No. 9,419,858), # 2 Exhibit Ex. B - U.S. Patent No. 9,577,886, # 3 Exhibit Ex. C- U.S. Patent No. 9,866,438) (Long, Elizabeth) (Entered: 12/07/2023) |
| 12/07/2023 | 389 | Defendants Response To Plaintiffs Notice Of Outstanding Issues (Dkt. 372)Sealed Document. (Attachments: # 1 Exhibit Ex. A)(Long, Elizabeth) (Entered: 12/07/2023) |
| 12/08/2023 | 390 | RESPONSE in Opposition re 373 MOTION to Dismiss *Under Rule 41 (Count II ('690 Patent), Count IV ('362 Patent) and Count V ('826 Patent)) filed by Charter Communications, Inc.*. (Attachments: # 1 Affidavit/Declaration Long Decl ISO Charter Opp'n to MTD, # 2 Exhibit Ex. A, # 3 Proposed Order Proposed order)(Long, Elizabeth) (Entered: 12/08/2023) |
| 12/08/2023 | 391 | PAPER TRANSCRIPT REQUEST by Entropic Communications, LLC for proceedings held on 12/8/2023; Pre-Trial Hearing before Judge Judge Roy S. Payne. (Fair, Andrea) Modified on 12/8/2023 (klc, ). Forwarded to Shelly Holmes on 12/8/2023 (Entered: 12/08/2023) |
| 12/08/2023 | 392 | ORDER granting 373 Motion to Dismiss Under Rule 41 (Count II ('690 Patent), Count IV ('362 Patent) and Count V ('826 Patent)). Signed by Magistrate Judge Roy S. Payne on 12/8/2023. (nkl, ) (Entered: 12/08/2023) |
| 12/08/2023 | 393 | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Motion Hearing held on 12/8/2023 re 371 OPPOSED SEALED MOTION *For Protective Order From The Courts Memorandum Order (Dkt. 358) Granting-In-Part And Denying-In-Part Entropics Motion To Strike The Expert Report Of Dr. Kevin Almeroth (Dkt. 175)* filed by Charter Communications, Inc., 373 MOTION to Dismiss *Under Rule 41 (Count II ('690* |

| | | |
|---|---|---|
| | | *Patent), Count IV ('362 Patent) and Count V ('826 Patent))* filed by Entropic Communications, LLC, Final Pretrial Conference held on 12/8/2023. from 9:34 am - 10:54 am (No exhibits)(Court Reporter Shelly Holmes.) (Attachments: # 1 Attorney Sign-In Sheet) (bga) (Entered: 12/08/2023) |
| 12/08/2023 | 394 | ORDER re Dr. Goldberg. Signed by Magistrate Judge Roy S. Payne on 12/8/2023. (nkl, ) (Entered: 12/08/2023) |
| 12/08/2023 | 395 | Sealed Document. Joint Notice of Filing of Amended Exhibit Lists to Joint Proposed Pretrial Order (Dkt. 333) (Attachments: # 1 Exhibit F, # 2 Exhibit G)(Shimota, James) (Entered: 12/08/2023) |
| 12/08/2023 | 396 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 342 Report and Recommendations. Signed by District Judge Rodney Gilstrap on 12/8/2023. (nkl, ) (Entered: 12/08/2023) |
| 12/08/2023 | 397 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 349 Report and Recommendations. Signed by District Judge Rodney Gilstrap on 12/8/2023. (nkl, ) (Entered: 12/08/2023) |
| 12/08/2023 | 398 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 354 Report and Recommendations. Signed by District Judge Rodney Gilstrap on 12/8/2023. (nkl, ) (Entered: 12/08/2023) |
| 12/08/2023 | 399 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 357 Report and Recommendations. Signed by District Judge Rodney Gilstrap on 12/8/2023. (nkl, ) (Entered: 12/08/2023) |
| 12/08/2023 | 400 | MEMORANDUM ORDER. Signed by Magistrate Judge Roy S. Payne on 12/8/2023. (klc, ) (Entered: 12/08/2023) |
| 12/08/2023 | 401 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 362 Report and Recommendations. Signed by District Judge Rodney Gilstrap on 12/8/2023. (nkl, ) (Entered: 12/08/2023) |
| 12/08/2023 | 402 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 363 Report and Recommendations. Signed by District Judge Rodney Gilstrap on 12/8/2023. (nkl, ) (Entered: 12/08/2023) |
| 12/08/2023 | 403 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 364 Report and Recommendations. Signed by District Judge Rodney Gilstrap on 12/8/2023. (nkl, ) (Entered: 12/08/2023) |
| 12/08/2023 | 404 | PAPER TRANSCRIPT REQUEST by Charter Communications, Inc. for proceedings held on 12-8-23 Final Pretrial before Judge Payne. (Dacus, Deron) (forwarded to Shelly Holmes) Modified on 12/11/2023 (ch, ). (Entered: 12/08/2023) |
| 12/08/2023 | 405 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 12/8/23 (Pretrial Hearing) before Judge Roy S. Payne. Court Reporter/Transcriber: Shelly Holmes, CSR, TCRR,Telephone number: (903) 794-1018 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** |

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 12/29/2023. Release of Transcript Restriction set for 3/7/2024. (Holmes, Shelly) (Entered: 12/08/2023) |
| 12/09/2023 | 406 | UNOPPOSED MOTION for Leave to Serve Mr. Dell's Fourth Supplemental Expert Report Out of Time by Entropic Communications, LLC. (Attachments: # 1 Proposed Order)(Shimota, James) (Entered: 12/09/2023) |
| 12/10/2023 | 407 | JOINT NOTICE by Entropic Communications, LLC *Stipulation of Dismissal* (Attachments: # 1 Proposed Order)(Fair, Andrea) (Entered: 12/10/2023) |
| 12/10/2023 | 408 | ORDER Dismissing Case. Signed by District Judge Rodney Gilstrap on 12/10/2023. (jmj) (Entered: 12/10/2023) |
| 12/12/2023 | 409 | REDACTION to 371 OPPOSED SEALED MOTION *For Protective Order From The Courts Memorandum Order (Dkt. 358) Granting-In-Part And Denying-In-Part Entropics Motion To Strike The Expert Report Of Dr. Kevin Almeroth (Dkt. 175)* by Charter Communications, Inc.. (Attachments: # 1 Affidavit/Declaration Long declaration, # 2 Exhibit Ex. A, # 3 Exhibit Ex. B, # 4 Exhibit Ex. C, # 5 Exhibit Ex. D, # 6 Exhibit Ex. E, # 7 Exhibit Ex. F, # 8 Exhibit Proposed Order)(Long, Elizabeth) (Entered: 12/12/2023) |
| 12/14/2023 | 410 | REDACTION to 384 Sealed Document *OBJECTIONS TO MEMORANDUM ORDER (DKT. 351) GRANTING-INPART AND DENYING-IN-PART CHARTERS MOTION TO STRIKE DR. KRAMERS IMPROPER OPINIONS (DKT. 167)* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/14/2023) |
| 12/14/2023 | 411 | REDACTION to 385 Sealed Document *OBJECTIONS TO MEMORANDUM ORDER (DKT. 359) GRANTING-INPART AND DENYING-IN-PART CHARTERS MOTION TO STRIKE DR. SOURIS IMPROPER OPINIONS (DKT. 166)* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/14/2023) |
| 12/14/2023 | 412 | REDACTION to 386 Sealed Document, *OBJECTION TO REPORT AND RECOMMENDATION (DKT. 357) GRANTING-IN-PART AND DENYING-IN-PART ENTROPICS MOTION FOR SUMMARY JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS (DKT. 177)* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/14/2023) |
| 12/14/2023 | 413 | REDACTION to 387 Sealed Document, *OBJECTION TO REPORT AND RECOMMENDATION (DKT. 354 DENYING ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE ASSERTED CLAIMS OF THE 682 AND 690 PATENTS (DKT. 176)* by Charter Communications, Inc.. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/14/2023) |
| 12/14/2023 | 414 | REDACTION to 389 Sealed Document *RESPONSE TO PLAINTIFFS NOTICE OF OUTSTANDING ISSUES (DKT. 372)* by Charter Communications, Inc.. (Attachments: # 1 Exhibit Ex. A)(Long, Elizabeth) (Entered: 12/14/2023) |
| 12/15/2023 | 415 | NOTICE by Charter Communications, Inc. *DEFENDANTS NOTICE OF INTENT TO REQUEST REDACTION* (Long, Elizabeth) (Entered: 12/15/2023) |
| 12/29/2023 | 416 | AGREED SEALED MOTION *Joint Motion to Redact Transcript [Dkt. 405]* by Charter Communications, Inc.. (Attachments: # 1 Exhibit Ex. A, # 2 Proposed Order Proposed Order)(Long, Elizabeth) Modified on 12/29/2023 (nkl, ). (Entered: 12/29/2023) |
| 12/29/2023 | | Clerk's LR CV-10(d) Notice of Deficiency as to 416 Sealed Motion - LR CV-7(i) or LR CR-47(a)(3) requires this document to include a certificate of conference that complies |

| | | |
|---|---|---|
| | | with the rule. Recommended cure: Within one day, Filer must refile with the word *Corrected* in the title of the document. The filer should use the same ECF event and when offered the docket text enhancement dropdown, select <u>CORRECTED</u> so it will also appear in the docket text. (nkl, ) (Entered: 12/29/2023) |
| 12/29/2023 | 417 | AGREED SEALED MOTION *Corrected Joint Motion to Redact Transcript [Dkt. 405]* by Charter Communications, Inc.. (Attachments: # 1 Exhibit Ex. A, # 2 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/29/2023) |
| 12/29/2023 | 418 | **FILED IN ERROR PER ATTORNEY**<br><br>JOINT MOTION for Entry of Public Version of Order (Dkt. No. 368) by Entropic Communications, LLC. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Shimota, James) Modified on 12/29/2023 (nkl, ). (Entered: 12/29/2023) |
| 12/29/2023 | | **\*\*\*FILED IN ERROR PER ATTORNEY. Document # 418, JOINT MOTION for Entry of Public Version of Order (Dkt. No. 368). PLEASE IGNORE.\*\*\*** (nkl, ) (Entered: 12/29/2023) |
| 01/02/2024 | 420 | SEALED MOTION *(Joint Motion for Entry of Public Version of Order (Dkt. No. 368)* by Entropic Communications, LLC. (Attachments: # 1 Exhibit A, # 2 Proposed Order) (Shimota, James) (Entered: 01/02/2024) |
| 01/02/2024 | 421 | ORDER denying 420 SEALED MOTION (Joint Motion for Entry of Public Version of Order (Dkt. No. 368). Signed by District Judge Rodney Gilstrap on 1/3/2024. (ch, ) (Entered: 01/03/2024) |
| 01/04/2024 | 422 | REDACTION to 417 AGREED SEALED MOTION *Corrected Joint Motion to Redact Transcript [Dkt. 405]* by Charter Communications, Inc.. (Attachments: # 1 Exhibit Ex. A, # 2 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 01/04/2024) |
| 01/04/2024 | 423 | NOTICE *of Redaction to Order (Dkt. No. 368)* by Entropic Communications, LLC (Attachments: # 1 Exhibit A)(Shimota, James) (Entered: 01/04/2024) |
| 03/20/2024 | 424 | NOTICE of Attorney Appearance by Christopher John Morten on behalf of The Electronic Frontier Foundation (Morten, Christopher) (Entered: 03/20/2024) |
| 03/20/2024 | 425 | OPPOSED MOTION to Intervene , OPPOSED MOTION to Unseal Document 272 Redacted Document filed by Entropic Communications, LLC by The Electronic Frontier Foundation. (Attachments: # 1 Affidavit/Declaration Morten Declaration, # 2 Exhibit A to Morten Decl. (Complaint in Intervention), # 3 Exhibit B to Morten Decl. (Sealed Filings Defined & Quantified), # 4 Exhibit C to Morten Decl. (Meet & Confer Correspondence), # 5 Exhibit D to Morten Decl. (Proposed Order), # 6 Exhibit E to Morten Decl. (Screenshots of Redaction), # 7 Exhibit F to Morten Decl. (BL News Story 1), # 8 Exhibit G to Morten Decl. (BL News Story 2), # 9 Affidavit/Declaration Mackey Declaration) (Morten, Christopher) (Entered: 03/20/2024) |
| 03/20/2024 | 426 | Fed. R. Civ. P. 7.1(a)(1) Disclosure Statement filed by The Electronic Frontier Foundation (Morten, Christopher) (Entered: 03/20/2024) |
| 04/03/2024 | 427 | RESPONSE in Opposition re 425 OPPOSED MOTION to Intervene OPPOSED MOTION to Unseal Document 272 Redacted Document filed by Entropic Communications, LLC *filed by Charter Communications, Inc.*. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 04/03/2024) |
| 04/10/2024 | 428 | REPLY to Response to Motion re 425 OPPOSED MOTION to Intervene OPPOSED MOTION to Unseal Document 272 Redacted Document filed by Entropic |

| | | Communications, LLC *filed by The Electronic Frontier Foundation*. (Morten, Christopher) (Entered: 04/10/2024) |
|---|---|---|
| 04/17/2024 | 429 | SUR-REPLY to Reply to Response to Motion re 425 OPPOSED MOTION to Intervene OPPOSED MOTION to Unseal Document 272 Redacted Document filed by Entropic Communications, LLC *filed by Charter Communications, Inc*.. (Long, Elizabeth) (Entered: 04/17/2024) |
| 05/02/2024 | 430 | MEMORANDUM OPINION AND ORDER - denying 425 . Signed by District Judge Rodney Gilstrap on 5/2/2024. (CH) (Entered: 05/02/2024) |
| 05/31/2024 | 431 | NOTICE OF APPEAL - FEDERAL CIRCUIT as to 430 Memorandum & Opinion by The Electronic Frontier Foundation. Filing fee $ 605, receipt number ATXEDC-10165150. (Morten, Christopher) (Entered: 05/31/2024) |
| 05/31/2024 | | Transmission of Notice of Appeal, Order and Docket Sheet to US Court of Appeals, Federal Circuit by separate email. re 431 Notice of Appeal - FEDERAL CIRCUIT (CH) (Entered: 05/31/2024) |
| 05/31/2024 | 432 | ACKNOWLEDGMENT OF RECEIPT as to Transmission of Notice of Appeal, Order and Docket Sheet to the Federal Circuit. (CH) (Entered: 05/31/2024) |
| 06/04/2024 | 433 | NOTICE of Docketing Notice of Appeal from USCA re 431 Notice of Appeal - FEDERAL CIRCUIT filed by The Electronic Frontier Foundation. USCA Case Number 24-1896 (Attachments: # 1 NOA)(CH) (Entered: 06/04/2024) |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| Plaintiff, | Case No. 2:22-cv-00125-JRG |
| v. | **DEMAND FOR JURY TRIAL** |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Entropic Communications, LLC ("Entropic"), files this Second Amended Complaint for patent infringement against Charter Communications, Inc. ("Charter") and in support thereof alleges and avers as follows:

### NATURE OF THE ACTION

1.      This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including specifically 35 U.S.C. § 271, based on Charter's infringement of U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), and 10,135,682 (the "'682 Patent") (collectively "the Patents-in-Suit").

### THE PARTIES

2.      Entropic is a Delaware limited liability company with an office at 7150 Preston Rd., Suite 300 Plano, Texas 75024.

3.      On information and belief, Defendant Charter Communications, Inc. is a corporation established under the laws of the State of Delaware, with a principal place of business at 1400 Atlantic St., Stamford, CT 06901.

-1-

4.     Charter Communications, Inc. has a registered agent in Texas, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

5.     According to its website, https://corporate.charter.com/about-charter, "Charter Communications, Inc. (NASDAQ:CHTR) is a leading broadband connectivity company and cable operator serving more than 32 million customers in 41 states through its Spectrum brand."

6.     Charter owns or leases, and maintains and operates several stores in this district by and through subsidiary limited liability companies that it manages and controls, including Spectrum Gulf Coast LLC, and negotiates and signs agreements on Spectrum Gulf Coast's behalf.

7.     In each of those stores, Charter owns and stores equipment such as modems and set top boxes ("STBs") and demonstrates services provided via those products to Charter customers by and through subsidiary limited liability companies that it manages and controls.

8.     Charter employs personnel that install, service, repair and/or replace equipment, as appropriate, in this district by and through subsidiary limited liability companies that it manages and controls.

9.     Charter is the corporate manager of its subsidiary LLCs that own or lease property in this district, that employ employees in this district, and that own, store, sell, demonstrate, and lease equipment in this district. Charter has the right to exercise near total control of each entity's operations through its LLC agreements with each entity.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

11.     This Court has personal jurisdiction over Charter in this action because Charter[1] has committed acts of infringement within the State of Texas and within this district through, for example, the provision of cable television and internet services ("Accused Services") via the lease, sale, and/or distribution of cable modems and STBs both online and from Spectrum stores in this District. For example, Charter has and continues to lease, sell, and/or distribute the Arris SB6183 cable modem, Spectrum PC20 (e.g. the Spectrum EU2251) cable modem, and products that operate in a similar manner ("Accused Cable Modem Products"), as well as Spectrum 100-series STBs, Spectrum 200-series STBs, Spectrum 101-series STBs, Spectrum 201-series STBs, Spectrum 110-series STBs, Spectrum 210-series STBs, the Arris DCX3600 STB, and products that operate in a similar manner ("Accused Set Top Products"). Further, there is general personal jurisdiction over Charter in this Judicial District, given Charter's intentional direction of its advertising efforts to potential customers here in the form of robocalls that Charter makes to such potential customers.

12.     The Accused Cable Modem Products, Accused Set Top Products, and Accused Services are available for subscription online from the Charter website.

13.     The Accused Services are available for subscription from various physical stores, including those at 700 Alma Dr., Plano, Texas 75075, 2100 N. Dallas Pkwy, Plano, Texas 75075, and 4255-A Dowlen Rd., Beaumont, Texas 77706.

14.     The devices, including the Accused Cable Modem Products and Accused Set Top Products, provided by Charter to supply the Accused Services are provided to customers in this district and may be obtained by customers from physical locations in this district, including those

---

[1] References to "Charter" include Charter's own actions and its actions by and through its subsidiary limited liability companies that it manages and controls, unless otherwise specified.

at 700 Alma Dr., Plano, Texas 75075, 2100 N. Dallas Pkwy, Plano, Texas 75075, and 4255-A Dowlen Rd., Beaumont, Texas 77706.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). Venue is proper because Charter has committed and continues to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling Accused Services, Accused Cable Modem Products, and Accused Set Top Products in this district, and/or importing Accused Services, Accused Set Top Products, and Accused Cable Modem Products into this district, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in this district and/or committing at least a portion of any other infringements alleged herein in this district.

16.     Charter has regular and established places of business in this district, including at least at 1414 Summit Ave., Plano, Texas 75074:



(https://www.google.com/maps/place/1414+Summit+Ave,+Plano,+TX+75074/@33.0094166,-96.691439,3a,75y,150.17h,90t/data=!3m7!1e1!3m5!1seMJAIjYK9mlgeFGO3-opTg!2e0!6shttps:%2F%2Fstreetviewpixels-pa.googleapis.com%2Fv1%2Fthumbnail%3Fpanoid%3DeMJAIjYK9mlgeFGO3-

-4-

**Appx089**

opTg%26cb_client%3Dsearch.gws-

prod.gps%26w%3D86%26h%3D86%26yaw%3D150.1734%26pitch%3D0%26thumbfov%3D10

0!7i16384!8i8192!4m9!1m2!2m1!1s1414+Summit+Ave,+Plano,+TX+75074+and+2344+Rutlan

d+Dr.+Austin,+TX+78758!3m5!1s0x864c193c2e57c475:0x9e396bd707e242d3!8m2!3d33.0089

809!4d-

96.6911307!15sCkYxNDE0IFN1bW1pdCBBdmUsIFBsYW5vLCBUWWCA3NTA3NCBhbmQg

MjM0NCBSdXRsYW5kIERyLiBBdXN0aW4sIFRYIDc4NzU4IgERY29tcG91bmRfYnNpdGVl

pbmc)

17.     Charter has retail stores in the district, including storefronts located at 700 Alma

Dr., Plano, Texas 75075, 2100 N. Dallas Pkwy, Plano, Texas 75075, and 4255-A Dowlen Rd.,

Beaumont, Texas 77706, among others.



(https://www.google.com/maps/place/700+Alma+Dr,+Plano,+TX+75075/@33.009285,-

96.7156924,3a,75y,79.47h,78.1t/data=!3m6!1e1!3m4!1sV4Kgs33OEPn0OTPugr40sw!2e0!7i16

384!8i8192!4m5!3m4!1s0x864c18dd73ceae97:0x243da1c3797f6336!8m2!3d33.0097073!4d-

96.7151173)



(https://www.google.com/maps/place/Spectrum+Store/@33.0290298,-

96.8264017,3a,75y,278.05h,90t/data=!3m7!1e1!3m5!1sChdq99YtQUVhIguvPSaS_w!2e0!6shtt

ps:%2F%2Fstreetviewpixels-

pa.googleapis.com%2Fv1%2Fthumbnail%3Fpanoid%3DChdq99YtQUVhIguvPSaS_w%26cb_cl

ient%3Dmaps_sv.tactile.gps%26w%3D224%26h%3D298%26yaw%3D278.04987%26pitch%3

D0%26thumbfov%3D100!7i16384!8i8192!4m14!1m6!3m5!1s0x864c23070b47ed93:0xd9df492

87ca0c559!2sSpectrum+Store!8m2!3d33.0290441!4d-

96.8265123!3m6!1s0x864c23070b47ed93:0xd9df49287ca0c559!8m2!3d33.0290441!4d-

96.8265123!14m1!1BCgIgARICCAI)



(https://www.google.com/maps/place/Spectrum/@30.122185,-

94.1625943,3a,75y,90t/data=!3m8!1e2!3m6!1sAF1QipO5TahIK2i_6g7gm0X27L1OJ53yEjMyu

bkMbPiA!2e10!3e12!6shttps:%2F%2Flh5.googleusercontent.com%2Fp%2FAF1QipO5TahIK2i

_6g7gm0X27L1OJ53yEjMyubkMbPiA%3Dw203-h270-k-

no!7i3120!8i4160!4m14!1m6!3m5!1s0x863ecad62b4ceadb:0x88f010bf14187660!2sSpectrum!8

m2!3d30.1221793!4d-

94.1625942!3m6!1s0x863ecad62b4ceadb:0x88f010bf14187660!8m2!3d30.1221793!4d-

94.1625942!14m1!1BCgIgAQ)

18.      Each of the above locations features the **Spectrum** logo. According to Charter's

website, https://corporate.charter.com/about-charter, this logo refers to "a suite of advanced

broadband services offered by Charter Communications, Inc."

19.      Charter targets its advertisements to residents of this district.

20.      Charter continues to conduct business in this judicial district, including one or more

acts of making, selling, using, importing and/or offering for sale Accused Products or providing

the Accused Services to Charter's customers in this District.

-7-

**Appx092**

**THE PATENTS-IN-SUIT**

21.     On July 17, 2012, U.S. Patent No. 8,223,775, entitled "Architecture for a Flexible and High-Performance Gateway Cable Modem," was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '775 Patent is attached hereto as Exhibit A.

22.     On October 9, 2012, U.S. Patent No. 8,284,690, entitled "Receiver Determined Probe," was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '690 Patent is attached hereto as Exhibit B.

23.     On July 29, 2014, U.S. Patent No. 8,792,008, entitled "Method and Apparatus for Spectrum Monitoring," was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '008 Patent is attached hereto as Exhibit C.

24.     On December 8, 2015, U.S. Patent No. 9,210,362, entitled "Wideband Tuner Architecture," was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '362 Patent is attached hereto as Exhibit D.

25.     On November 21, 2017, U.S. Patent No. 9,825,826, entitled "Method and Apparatus for Spectrum Monitoring," was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '826 Patent is attached hereto as Exhibit E.

26.     On November 20, 2018, U.S. Patent No. 10,135,682, entitled "Method and System for Service Group Management in a Cable Network," was duly and legally issued by the United States Patent and Trademark Office.  A true and accurate copy of the '682 Patent is attached hereto as Exhibit F.

27.     Entropic is the owner by assignment of all rights, title, and interest in the Patents-in-Suit.

**ENTROPIC'S LEGACY AS A CABLE INNOVATOR**

28.     Entropic Communications Inc., the predecessor-in-interest to Entropic, was founded in San Diego, California in 2001 by Dr. Anton Monk, Itzhak Gurantz, Ladd El Wardani and others.  Entropic Communications Inc. was instrumental in the development of the Multimedia over Coax Alliance ("MoCA") standard, Direct Broadcast Satellite ("DBS") Outdoor Unit ("ODU") single wire technology, and System-on-Chip ("SoC") solutions for set-top boxes ("STBs") in the home television and home video markets.

29.     Dr. Monk received his Bachelor of Science degree and Doctorate in Electrical Engineering from the University of California San Diego and a Master of Science in Electrical Engineering from the California Institute of Technology.

30.     Under the guidance of Dr. Monk, Entropic Communications Inc. grew to an eventual public listing on the NASDAQ in 2007. After the public listing, the company acquired RF Magic, Inc. in 2007, a company specializing in DBS ODU technology and related hardware.

31.     Additional growth between 2007 and 2015 bolstered the technical expertise of Entropic Communications Inc., including signal acquisition, stacking, filtering, processing, and distribution for STBs and cable modems.

32.     For years, Entropic Communications Inc. pioneered cutting edge SoC technologies, as well as television and internet related services. This technology simplified the installation required to support wideband reception of multiple channels for demodulation, improved home internet performance, and enabled more efficient and responsive troubleshooting and upstream signal management for cable providers. These innovations represented significant advances in the field, simplified the implementation of those advances, and reduced expenses for providers and customers alike.

33.     In 2015, MaxLinear, Inc.—a leading provider of radio-frequency (RF), analog, digital, and mixed-signal semiconductor solutions—acquired Entropic Communications Inc. and the pioneering intellectual property developed by Dr. Monk and his team.

34.     The Patents-in-Suit are the result of years of research and development in satellite and cable technology. These innovations are utilized by Charter to provide enhanced and expanded services to customers, which in turn has increased revenues for Charter while at the same time reducing the costs.

## FIRST CAUSE OF ACTION

### (Infringement of the '775 Patent)

35.     Entropic incorporates by reference and realleges each and every allegation of Paragraphs 1 through 32 as if set forth herein.

36.     Entropic owns all substantial rights, interest, and title in and to the '775 Patent, including the sole and exclusive right to prosecute this action and enforce the '775 Patent against infringers, and to collect damages for all relevant times.

37.     The '775 Patent generally describes a partitioned cable modem that performs cable modem functions and data and home networking functions. Functionally partitioning a cable modem to perform cable modem functions and data and home networking functions enables a cable modem to incorporate a variety of enhanced functions.

38.     The Accused Cable Modem Products remain the property of Charter even when deployed at the property of a customer.

39.     The Accused Cable Modem Products and Accused Services operate in a manner controlled and intended by Charter. Charter directly infringes the '775 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Spectrum

-10-

PC20 and Arris SB6183) and/or the Accused Services (for example, utilizing cable modem functions).

40.     As set forth in the attached non-limiting claim chart (Exhibit G), Charter has directly infringed and is infringing at least Claims 18 and 19 of the '775 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products.

41.     Additionally, the use of the Accused Cable Modem Products by Charter to, for example, demonstrate products in brick-and-mortar stores in Plano, Texas and Beaumont, Texas or to, for example, test those products, constitute acts of direct infringement of at least Claims 18 and 19 of the '775 Patent.

42.     Charter has been aware that it infringes Claims 18 and 19 of the '775 Patent since at least April 27, 2022 upon the receipt of the letters attached as Exhibit M and Exhibit N, as well as the receipt of copies of the Original Complaint filed in this case on April 27, 2022 and served on May 3, 2022. Since obtaining knowledge of its infringing activities, Charter has failed to cease its infringing activities.

43.     Customers and subscribers of Charter infringe at least Claims 18 and 19 of the '775 Patent by using the claimed system, at least during the use of the Accused Cable Modem Products (for example, the Spectrum PC20 and Arris SB6183).

44.     Charter actively induces customers' direct infringement. For example, Charter actively induces infringement of at least Claims 18 and 19 of the '775 Patent by providing customers with specific instructions and/or assistance (including installation) regarding the purchase and use of the Accused Cable Modem Products in a manner that infringes the '775 Patent in accordance with the ordinary course of operation of the Accused Services. For at least the above-listed reasons, Charter aids, instructs, supports and otherwise acts with the intent to cause an end

-11-

**Appx096**

user to use the Accused Cable Modem Products in a manner that infringes at least Claims 18 and 19 of the '775 Patent.

45.    Additionally, Charter contributes to the customers' direct infringement. Charter provides apparatuses, namely the Spectrum PC20 and Arris SB6183 products, which are used by customers and directly infringe at least Claims 18 and 19 of the '775 Patent.

46.    The Accused Cable Modem Products have no substantial non-infringing uses. When an end user uses the Accused Cable Modem Products in combination with, for example, the Accused Services, the end user directly infringes at least Claims 18 and 19 of the '775 Patent.  The Accused Cable Modem Products are especially made or especially adapted for use in an infringement.

47.    Charter's inducement of, and contribution to, the direct infringement of at least Claims 18 and 19 of the '775 Patent is continuous and ongoing via the provision of the Accused Cable Modem Products, which perform the Accused Services.

48.    Charter's infringement of the '775 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

49.    Entropic has been damaged as a result of the infringing conduct alleged above. Charter is liable to Entropic in an amount that compensates Entropic for Charter's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

50.    Entropic has complied with 35 U.S.C. § 287 with respect to the '775 Patent.

## SECOND CAUSE OF ACTION

### (Infringement of the '690 Patent)

51.    Entropic incorporates by reference and realleges each and every allegation of Paragraphs 1 through 48 as if set forth herein.

-12-

52.     Entropic owns all substantial rights, interest, and title in and to the '690 Patent, including the sole and exclusive right to prosecute this action and enforce the '690 Patent against infringers, and to collect damages for all relevant times.

53.     The '690 Patent generally describes the process of generating probe transmissions in response to a request from a receiving node of a network, wherein the probe request specifies a plurality of parameters that specify content payload of the probe transmission, and a second node to receive the probe transmission, which enhances flexibility and therefore, improves the receiving node's ability to efficiently recognize the precise form of the transmitted probe. The Accused Cable Modem Products remain the property of Charter even when deployed at the property of a customer.

54.     The Accused Cable Modem Products and Accused Services operate in a manner controlled and intended by Charter.

55.     Charter directly infringes the '690 Patent by using, importing, selling, and/or offering for sale the Accused Cable Modem Products (for example, the Spectrum PC20 and Arris SB6183) and/or the Accused Services (for example, probing for cable modem parameters).

56.     As set forth in the attached non-limiting claim chart (Exhibit H), Charter has directly infringed and is infringing at least the method of Claims 7, 8, 11, 15, and 16 of the '690 Patent by using, selling, and/or offering for sale the Accused Services.

57.     Additionally, the use of the Accused Services by Charter to, for example, demonstrate products in brick-and-mortar stores in Plano, Texas and Beaumont, Texas or to, for example, test those products, constitute acts of direct infringement of at least Claims 7, 8, 15, and 16 of the '690 Patent.

58.     Charter has been aware that it infringes Claims 7, 8, 11, 15, and 16 of the '690 Patent since at least April 27, 2022 upon the receipt of the letters attached as Exhibit M and Exhibit

-13-

N, as well as the receipt of copies of the Original Complaint filed in this case on April 27, 2022 and served on May 3, 2022. Since obtaining knowledge of its infringing activities, Charter has failed to cease its infringing activities.

59.     Customers and subscribers of Charter infringe at least Claims 7 and 8 of the '690 Patent by using the claimed method, at least during receipt of the Accused Services utilizing, for example, the Accused Cable Modem Products (for example, the Spectrum PC20 and Arris SB6183).

60.     Charter actively induces customers' direct infringement. For example, Charter actively induces infringement of at least Claims 7 and 8 of the '690 Patent by providing the Accused Cable Modem Products to Charter customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Cable Modem Products in a manner that infringes the '690 Patent in accordance with the ordinary course of operation of the Accused Services. Charter provides the cable modem functions claimed by the '690 Patent via the Accused Services, which enable and induce its customers to directly infringe the claims. For at least the above-listed reasons, Charter aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Cable Modem Products in a manner that infringes at least Claims 7 and 8 of the '690 Patent.

61.     Additionally, Charter contributes to the customers' direct infringement. Charter provides apparatuses, namely the Spectrum PC20 and Arris SB6183 products, used by customers to perform at least Claims 7 and 8 of the '690 Patent.

62.     The Accused Cable Modem Products have no substantial non-infringing uses. When an end user uses the Accused Cable Modem Products in combination with, for example, the Accused Services, the end user directly infringes at least Claims 7 and 8 of the '690 Patent. The

-14-

**Appx099**

Accused Cable Modem Products are especially made or especially adapted for use in an infringement.

63.     Charter's inducement of, and contribution to, the direct infringement of at least Claims 7 and 8 of the '690 Patent is continuous and ongoing via the provision of the Accused Services as well as technical assistance provided by Charter for equipment it provides to its customers in support of the provision of the Accused Services.

64.     Charter's infringement of the '690 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

65.     Entropic has been damaged as a result of the infringing conduct alleged above. Charter is liable to Entropic in an amount that compensates Entropic for Charter's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

66.     Entropic has complied with 35 U.S.C. § 287 with respect to the '690 Patent.

## THIRD CAUSE OF ACTION

### (Infringement of the '008 Patent)

67.     Entropic incorporates by reference and realleges each and every allegation of Paragraphs 1 through 64 as if set forth herein.

68.     Entropic owns all substantial rights, interest, and title in and to the '008 Patent, including the sole and exclusive right to prosecute this action and enforce the '008 Patent against infringers, and to collect damages for all relevant times.

69.     The '008 Patent generally describes a system that receives a signal having a range of frequencies, digitizes the received signal, and reports certain signal characteristics to the source of the received signal.

70.     The Accused Set Top Products remain the property of Charter even when deployed at the property of a customer.

71.     The Accused Set Top Products and Accused Services operate in a manner controlled and intended by Charter.

72.     Charter directly infringes the '008 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Spectrum 210) and/or the Accused Services (for example, monitoring signals generated by the Accused Set Top Products).

73.     As set forth in the attached non-limiting claim chart (Exhibit I), Charter has directly infringed and is infringing at least Claims 1 and 2 of the '008 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products.

74.     Additionally, the use of the Accused Set Top Products by Charter to, for example, demonstrate products in brick-and-mortar stores in Plano, Texas and Beaumont, Texas or to, for example, test those products, constitute acts of direct infringement of at least Claims 1 and 2 of the '008 Patent.

75.     Charter has been aware that it infringes Claims 1 and 2 of the '008 Patent since at least April 27, 2022 upon the receipt of the letters attached as Exhibit M and Exhibit N, as well as the receipt of copies of the Original Complaint filed in this case on April 27, 2022 and served on May 3, 2022. Since obtaining knowledge of its infringing activities, Charter has failed to cease its infringing activities.

76.     Customers and subscribers of Charter infringe at least Claims 1 and 2 of the '008 Patent by using the claimed system, at least during the use of the Accused Set Top Products (for example, the Spectrum 210).

77.     Charter actively induces customers' direct infringement. For example, Charter actively induces infringement of at least Claims 1 and 2 of the '008 Patent by providing customers

-16-

**Appx101**

with specific instructions and/or assistance (including installation) regarding the purchase and use of the Accused Set Top Products in a manner that infringes the '008 Patent in accordance with the ordinary course of operation of the Accused Services. For at least the above-listed reasons, Charter aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Set Top Products in a manner that infringes at least Claims 1 and 2 of the '008 Patent.

78.     Additionally, Charter contributes to the customers' direct infringement. Charter provides apparatuses, namely the Spectrum 210 product, used by customers to perform at least Claims 1 and 2 of the '008 Patent.

79.     The Accused Set Top Products have no substantial non-infringing uses. When an end user uses the Accused Set Top Products in combination with, for example, the Accused Services, the end user directly infringes at least Claims 1 and 2 of the '008 Patent. The Accused Cable Modem Products are especially made or especially adapted for use in an infringement.

80.     Charter's inducement of, and contribution to, the direct infringement of at least Claims 1 and 2 of the '008 Patent is continuous and ongoing via the provision of the Accused Services as well as technical assistance provided by Charter for equipment it provides to its customers in support of the provision of the Accused Services.

81.     Charter's infringement of the '008 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

82.     Entropic has been damaged as a result of the infringing conduct alleged above. Charter is liable to Entropic in an amount that compensates Entropic for Charter's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

83.     Entropic has complied with 35 U.S.C. § 287 with respect to the '008 Patent.

**<u>FOURTH CAUSE OF ACTION</u>**

-17-

**(Infringement of the '362 Patent)**

84.     Entropic incorporates by reference and realleges each and every allegation of Paragraphs 1 through 81 as if set forth herein.

85.     Entropic owns all substantial rights, interest, and title in and to the '362 Patent, including the sole and exclusive right to prosecute this action and enforce the '362 Patent against infringers, and to collect damages for all relevant times.

86.     The '362 Patent generally describes a wideband receiver system that down converts a plurality of frequencies including desired television channels and undesired television channels, digitizes frequencies, selects desired television channels from the frequencies, and outputs the selected television channels to a demodulator as a digital data stream.

87.     The Accused Set Top Products remain the property of Charter even when deployed at the property of a customer.

88.     The Accused Services operate in a manner controlled and intended by Charter.

89.     Charter directly infringes the '362 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Spectrum 210) and/or the Accused Services (for example, down converting, digitizing, and selecting desired television channels from frequencies).

90.     As set forth in the attached non-limiting claim chart (Exhibit J), Charter has directly infringed and is infringing at least Claim 11 of the '362 Patent by using, selling, and/or offering for sale the Accused Services.

91.     Additionally, the use of the Accused Services by Charter to, for example, demonstrate products in brick-and-mortar stores in Plano, Texas and Beaumont, Texas or to, for example, test those products, constitute acts of direct infringement of at least Claim 11 of the '362 Patent.

-18-

**Appx103**

92.     Charter has been aware that it infringes Claim 11 of the '362 Patent since at least April 27, 2022 upon the receipt of the letters attached as Exhibit M and Exhibit N, as well as the receipt of copies of the Original Complaint filed in this case on April 27, 2022 and served on May 3, 2022. Since obtaining knowledge of its infringing activities, Charter has failed to cease its infringing activities.

93.     Customers and subscribers of Charter infringe at least Claim 11 of the '362 Patent by using the claimed method, at least during receipt of the Accused Services utilizing, for example, the Accused Set Top Products (for example, the Spectrum 210).

94.     Charter actively induces customers' direct infringement. For example, Charter actively induces infringement of at least Claim 11 of the '362 Patent by providing the Accused Set Top Products to Charter customers with specific instructions and/or assistance (including installation) regarding the use of the Accused Set Top Products in a manner that infringes the '362 Patent in accordance with the ordinary course of operation of the Accused Services. Charter provides the television channel down-conversion, digitization, selection, and output functions claimed by the '362 Patent via the Accused Services, which enable and induce its customers to directly infringe the claim. For at least the above-listed reasons, Charter aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Set Top Products in a manner that infringes at least Claim 11 of the '362 Patent.

95.     Additionally, Charter contributes to the customers' direct infringement. Charter provides apparatuses, namely the Spectrum 210, used by customers to perform at least Claim 11 of the '362 Patent.

96.     The Accused Set Top Products have no substantial non-infringing uses. When an end user uses the Accused Set Top Products in combination with, for example, the Accused

-19-

**Appx104**

Services, the end user directly infringes at least Claim 11 of the '362 Patent.  The Accused Cable Modem Products are especially made or especially adapted for use in an infringement.

97.     Charter's inducement of, and contribution to, the direct infringement of at least Claim 11 of the '362 Patent is continuous and ongoing via the provision of the Accused Services as well as technical assistance provided by Charter for equipment it provides to its customers in support of the provision of the Accused Services.

98.     Charter's infringement of the '362 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

99.     Entropic has been damaged as a result of the infringing conduct alleged above. Charter is liable to Entropic in an amount that compensates Entropic for Charter's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

100.    Entropic has complied with 35 U.S.C. § 287 with respect to the '362 Patent.

## FIFTH CAUSE OF ACTION

### (Infringement of the '826 Patent)

101.    Entropic incorporates by reference and realleges each and every allegation of Paragraphs 1 through 98 as if set forth herein.

102.    Entropic owns all substantial rights, interest, and title in and to the '826 Patent, including the sole and exclusive right to prosecute this action and enforce the '826 Patent against infringers, and to collect damages for all relevant times.

103.    The '826 Patent generally describes a system that receives a signal having a range of frequencies, digitizes the received signal, and reports certain signal characteristics to the source of the received signal.

-20-

**Appx105**

104.    The Accused Set Top Products remain the property of Charter even when deployed at the property of a customer.

105.    The Accused Services operate in a manner controlled and intended by Charter.

106.    Charter directly infringes the '826 Patent by using, importing, selling, and/or offering for sale the Accused Set Top Products (for example, the Spectrum 210) and/or the Accused Services (for example, monitoring signals generated by the Accused Set Top Products).

107.    As set forth in the attached non-limiting claim chart (Exhibit K), Charter has directly infringed and is infringing at least Claim 1 of the '826 Patent by using, selling, and/or offering for sale the Accused Services.

108.    Additionally, the use of the Accused Services by Charter to, for example, demonstrate products in brick-and-mortar stores in Plano, Texas and Beaumont, Texas or to, for example, test those products, constitute acts of direct infringement of at least Claim 1 of the '826 Patent.

109.    Charter has been aware that it infringes Claim 1 of the '826 Patent since at least April 27, 2022 upon the receipt of the letters attached as Exhibit M and Exhibit N, as well as the receipt of copies of the Original Complaint filed in this case on April 27, 2022 and served on May 3, 2022. Since obtaining knowledge of its infringing activities, Charter has failed to cease its infringing activities.

110.    Customers and subscribers of Charter infringe at least Claim 1 of the '826 Patent by using the claimed method, at least during the use of the Accused Set Top Products (for example, the Spectrum 210).

111.    Charter actively induces customers' direct infringement. For example, Charter actively induces infringement of at least Claim 1 of the '826 Patent by providing the Accused Set Top Products to Charter customers with specific instructions and/or assistance (including

-21-

installation) regarding the use of the Accused Set Top Products in a manner that infringes the '826 Patent in accordance with the ordinary course of operation of the Accused Services. Charter provides the signals claimed by the '826 Patent via the Accused Services, which enable and induce its customers to directly infringe the claim. For at least the above-listed reasons, Charter aids, instructs, supports and otherwise acts with the intent to cause an end user to use the Accused Set Top Products in a manner that infringes at least Claim 1 of the '826 Patent.

112.    Additionally, Charter contributes to the customers' direct infringement. Charter provides apparatuses, namely the Spectrum 210, used by customers to perform at least Claim 1 of the '826 Patent.

113.    The Accused Set Top Products have no substantial non-infringing uses. When an end user uses the Accused Set Top Products in combination with, for example, the Accused Services, the end user directly infringes at least Claim 1 of the '826 Patent. Charter knew that the Accused Set Top Products were especially made for use in an infringing manner prior to the filing of this lawsuit.  The Accused Cable Modem Products are especially made or especially adapted for use in an infringement.

114.    Charter's inducement of, and contribution to, the direct infringement of at least Claim 1 of the '826 Patent is continuous and ongoing via the provision of the Accused Services as well as technical assistance provided by Charter for equipment it provides to its customers in support of the provision of the Accused Services.

115.    Charter's infringement of the '826 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

116.    Entropic has been damaged as a result of the infringing conduct alleged above. Charter is liable to Entropic in an amount that compensates Entropic for Charter's infringement,

which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

117.     Entropic has complied with 35 U.S.C. § 287 with respect to the '826 Patent.

## SIXTH CAUSE OF ACTION

### (Infringement of the '682 Patent)

118.     Entropic incorporates by reference and realleges each and every allegation of Paragraphs 1 through 115 as if set forth herein.

119.     Entropic owns all substantial rights, interest, and title in and to the '682 Patent, including the sole and exclusive right to prosecute this action and enforce the '682 Patent against infringers, and to collect damages for all relevant times.

120.     The '682 Patent generally describes a method performed by a cable modem termination system, the method including determining a corresponding signal-to-noise-ratio ("SNR") related metric, assigning cable modems to service groups based on a respective corresponding SNR-related metric, generating a composite SNR-related metric based on a worst-case SNR profile, selecting a physical layer communication parameter to be used for communicating with a service group based on a composite SNR-related metric, and communicating with cable modems in the service group using the selected physical layer communication parameter.

121.     The Accused Cable Modem Products remain the property of Charter even when deployed at the property of a customer.

122.     The Accused Services operate in a manner controlled and intended by Charter.

123.     Charter directly infringes the '682 Patent by using, selling, and/or offering for sale the Accused Services, which utilize cable modem termination systems that communicate with the Accused Cable Modem Products (for example, the Spectrum PC20 and Arris SB6183).

-23-

**Appx108**

124.    As set forth in the attached non-limiting claim chart (Exhibit L), Charter has directly infringed and is infringing at least Claim 14 of the '682 Patent by using, selling, and/or offering for sale the Accused Services.

125.    Additionally, the use of the Accused Services by Charter to, for example, demonstrate products in brick-and-mortar stores in Plano, Texas and Beaumont, Texas or to, for example, test those products, constitute acts of direct infringement of at least Claim 1 of the '682 Patent.

126.    Charter has been aware that it infringes Claim 1 of the '682 Patent since at least April 27, 2022 upon the receipt of the letters attached as Exhibit M and Exhibit N, as well as the receipt of copies of the Original Complaint filed in this case on April 27, 2022 and served on May 3, 2022. Since obtaining knowledge of its infringing activities, Charter has failed to cease its infringing activities. Charter's infringement of the '682 Patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Entropic's rights under the patent.

127.    Entropic has been damaged as a result of the infringing conduct alleged above. Charter is liable to Entropic in an amount that compensates Entropic for Charter's infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

128.    Entropic has complied with 35 U.S.C. § 287 with respect to the '682 Patent.

## JURY DEMAND

Entropic hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Entropic requests that:

A.    The Court find that Charter has directly infringed the Patents-in-Suit and hold Charter liable for such infringement;

B.      The Court find that Charter has indirectly infringed the Patents-in-Suit by inducing its customers to directly infringe the Patents-in-Suit and hold Charter liable for such infringement;

C.      The Court find that Charter has indirectly infringed the Patents-in-Suit by contributing to its customers direct infringement of the Patents-in-Suit and hold Charter liable for such infringement;

D.      The Court award damages pursuant to 35 U.S.C. § 284 adequate to compensate Entropic for Charter's past infringement of the Patents-in-Suit, including both pre- and post-judgment interest and costs as fixed by the Court;

E.      The Court increase the damages to be awarded to Entropic by three times the amount found by the jury or assessed by the Court;

F.      The Court declare that this is an exceptional case entitling Entropic to its reasonable attorneys' fees under 35 U.S.C. § 285; and

G.      The Court award such other relief as the Court may deem just and proper.

Dated: January 10, 2023

Respectfully submitted,

 /s/ James Shimota by permission Wesley Hill
James Shimota – LEAD ATTORNEY
Jason Engel
George Summerfield
Devon Beane (*pro hac vice* forthcoming)
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Jim.shimota@klgates.com
Jason.engel@klgates.com
George.summerfield@klgates.com
Devon.beane@klgates.com

Darlene Ghavimi
Matthew Blair
**K&L GATES LLP**
2801 Via Fortuna
Suite #650
Austin, Texas 78746
Darlene.ghavimi@klgates.com
Matthew.blair@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel:  (903) 757-6400
Fax  (903) 757-2323
wh@wsfirm.com
andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

-26-

**Appx111**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this tenth day of January, 2023.

*/s/ Wesley Hill*

-27-

**U.S. District Court**
**Eastern District of TEXAS [LIVE] (Marshall)**
**CIVIL DOCKET FOR CASE #: 2:22-cv-00125-JRG**

Entropic Communications, LLC v. Charter Communications, Inc. et al

Assigned to: District Judge Rodney Gilstrap

Case in other court: FEDERAL CIRCUIT, 24-01896

Cause: 35:271 Patent Infringement

Date Filed: 04/27/2022

Date Terminated: 12/11/2023

Jury Demand: Plaintiff

Nature of Suit: 830 Patent

Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 09/11/2023 | 177 | SEALED MOTION *for Summary Judgment of No License Defense Based on DOCSIS* by Entropic Communications, LLC. (Attachments: # 1 Affidavit/Declaration of James Shimota, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Proposed Order)(Shimota, James) (Entered: 09/11/2023) |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | ████████████████ |
| Defendant. | |

**CHARTER'S BRIEF IN OPPOSITION TO ENTROPIC'S MOTION FOR SUMMARY**
**JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS**

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................... 1

II.   RESPONSE TO ENTROPIC'S STATEMENT OF THE ISSUE ............................ 1

III.  RESPONSE TO ENTROPIC'S STATEMENT OF UNDISPUTED FACTS
("RESP. SUF") ...................................................................................................... 1

IV.  ADDITIONAL FACTS THAT WARRANT DENIAL OF ENTROPIC'S MOTION
("ADD. SOF") ....................................................................................................... 4

V.   ARGUMENT ......................................................................................................... 6

     A.   Whether Charter Has A License Is A Question Of New York Contract Law, Not
Federal Patent Law As Entropic Urges .......................................................... 6

     B.   Both Parties' Experts Provide Ample Evidence For A Jury To Conclude That
the '690, '008, '826 and '682 Patents Are "Essential for Compliance" ....................... 10

          1.   '690 ................................................................................................. 10

          2.   '008 / '826 ....................................................................................... 12

          3.   '682 ................................................................................................. 13

     C.   Entropic's Reliance On Some ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In Its Infringement
Contentions Does Not Undermine The Essentiality Of The Asserted Patents ............. 15

VI.  CONCLUSION ..................................................................................................... 15

US 174553318v13

**Appx115**

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amaranth LLC v. J.P. Morgan Chase & Co.*,
    888 N.Y.S.2d 489 (N.Y. App. Div. 2009) ................................................................. 9

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
    598 F.3d 1336 (Fed. Cir. 2010) (en banc)................................................................. 9

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
    967 F.3d 1380 (Fed. Cir. 2020).................................................................................. 7

*Greenfield v. Philles Records, Inc.*,
    780 N.E.2d 166 (N.Y. 2002)...................................................................................... 8

*Huawei Techs., Co. v. Samsung Elecs. Co.*,
    340 F. Supp. 3d 934 (N.D. Cal. 2018) ...................................................................... 8

*INVT SPE LLC v. Int'l Trade Comm'n*,
    46 F.4th 1361 (Fed. Cir. 2022) ................................................................................. 7

*LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*,
    424 F.3d 195 (2d Cir. 2005)...................................................................................... 9

*Microsoft Corp. v. Motorola, Inc.*,
    No. C10-1823JLR, 2013 WL 2111217 (W.D. Wash. Apr. 25, 2013) ....................... 8

*Mohawk Valley Water Auth. v. State*,
    74 N.Y.S.3d 430 (N.Y. App. Div. 2018) ................................................................. 8

*Optis Wireless Tech., LLC v. Huawei Techs. Co.*,
    No. 2:17-CV-123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) ............ 7

*Stormer v. Cnty. of Oneida*,
    886 N.Y.S.2d 298 (N.Y. App. Div. 2009) ................................................................ 7

**Appx116**

**TABLE OF EXHIBITS**[1]

| Exhibit | Description |
|---|---|
| A | ██████████████████████████████). Dkt. 177-2. |
| B | Excerpts of the deposition transcript of ███████, dated August 11, 2023. Dkt. 177-3. |
| C | Excerpts of the deposition transcript of Dr. Kevin Almeroth, dated August 23, 2023. Dkt. 177-4. |
| D | Opening Expert Report of Dr. Kevin Almeroth Regarding Licenses and Non-Infringing Alternatives, served on July 21, 2023. Dkt. 177-5. |
| E | Opening Expert Report of David O. Taylor Regarding Charter's Defenses, served on July 21, 2023. |
| F | Rebuttal Expert Report of Dr. Shukri Souri Regarding Licensing And Non-Infringing Alternatives, served on August 11, 2023. |
| G | Excerpts of the deposition transcript of ███████, dated August 11, 2023. Dkt. 177-3. |
| H | Opening Expert Report of Dr. Shukri Souri Regarding Infringement of the '008, '682, '690, and '826 Patents, served on July 21, 2023. |
| I | CHARTER_ENTROPIC00214282 |
| J | CHARTER_ENTROPIC00290917 |
| K | Excerpts of the deposition transcript of ███████ dated June 6, 2023. |
| L | Excerpts of the deposition transcript of ███████, dated June 27, 2023. |
| M | CHARTER_ENTROPIC00244578 |
| N | CHARTER_ENTROPIC00291564 |
| O | CHARTER_ENTROPIC00476675 |
| P | Excerpts of the deposition transcript of Dr. Kevin Almeroth, dated August 23, 2023. Dkt. 177-4. |
| Q | Excerpts of the Declaration of Dr. Kevin Almeroth Regarding Claim Construction, dated April 4, 2023. |
| R | Opening Expert Report of Dr. Richard A. Kramer Regarding Infringement, dated July 21, 2023. |
| S | United States Patent No. 8,792,008. |
| T | United States Patent No. 9,825,826. |
| U | CHARTER_ENTROPIC00369071 |
| V | Excerpts of the deposition transcript of Dr. Shukri Souri, dated August 18, 2023. |
| W | Rebuttal Expert Report of Dr. Kevin Almeroth Regarding Non-Infringement, dated August 11, 2023. |
| X | Exhibit F from Entropic's 2nd Supplemental Infringement Contentions, dated June 23, 2023. |

---

[1] Exhibits A–D were filed with Entropic's opening motion (Dkt. 177).

## I.      INTRODUCTION

Entropic's infringement contentions rely on ███████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████ Entropic's motion for

summary judgment (Dkt. 177, the "Motion" or "Mot.") should, therefore, be denied.

Entropic fails to cite a single case supporting its theory that a license can only be shown if

████████████████████████████████████████████████████████████████

██████████ Nor does it even attempt to offer an interpretation of the contract that would support

its fabricated element-by-element test. ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████

## II.     RESPONSE TO ENTROPIC'S STATEMENT OF THE ISSUE

Charter accepts Entropic's statement of the question to be decided.

## III.    RESPONSE TO ENTROPIC'S STATEMENT OF UNDISPUTED FACTS ("RESP. SUF")

1–2.    Undisputed.

---

3.      Undisputed, other than that ████████████████████████████████

████████████████████ (Dkt. 177-2 at Section 1.2.)

4–5.    Undisputed.

6.      Disputed, argumentative, incomplete. Charter relies on two experts: Kevin

Almeroth and David Taylor. (Dkt. 177-5 at ¶¶ 21–74; Ex. E at ¶¶ 112–50.) Their opinions are

based in part on the testimony of Charter's employees and other witnesses, who may testify at trial.

(*See* Dkt. 177-3 at 157:6–14 ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████.”); (Dkt. 177-5 at ¶¶ 33, 45,

59, 64, 70 (citing witness testimony).)

7.      Disputed, argumentative, incomplete. Almeroth considered Entropic's

infringement contentions in determining ████████████████████. (Dkt. 177-4 at

21:24–22:2; Dkt. 177-5 at ¶ 34 ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

8.      Disputed, incomplete. Entropic's expert Shukri Souri states that he is ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

9.    Disputed,  incomplete.  █████████████████████████

████████████████████████████████

10.    Disputed, argumentative, incomplete. Almeroth's opinions on the █████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

11.    Disputed, argumentative, incomplete. Almeroth's opinions on the ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

12.    Disputed, argumentative, incomplete. Almeroth's opinions on the ████████

████████████████████████████████████████████

████████████████████████████████████████████

3

**Appx120**

██████████████████████████████████████████████████

███████████████████████████████████.

13.    Disputed, argumentative, incomplete. Almeroth's opinions on the ██████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████

14.    Disputed, argumentative, incomplete. Almeroth does not render any opinion on the

██████████████████████████████████████████████████

████████████████████████████████████████████████

## IV.   ADDITIONAL FACTS THAT WARRANT DENIAL OF ENTROPIC'S MOTION ("ADD. SOF")

1.    ████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████

2.    ████████████████████████████████████████████

████████████████████████████████████████

3.    ████████████████████████████████████████████

█████████████████████████████████████████

4.    ████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████

4

5. ███████████████████████████████████████

████████████████████████

6. ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████ ██ ████████████

7. ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

8. ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

9. ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

---

[3] Emphasis added.

5

**Appx122**

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

10.   ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

11.   ████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

## V.   ARGUMENT

### A.   Whether Charter Has A License Is A Question Of New York Contract Law, Not Federal Patent Law As Entropic Urges

Entropic's motion asserts that, to prove ████████████████████████████████

██████████████████████████████████████████████████

████████████ Entropic is wrong on the facts and the law. In particular, Entropic confuses the issue

of patent infringement, which requires proof that every claim element is present in an accused

device, ████████████████████████████████████. The former is a question of

federal patent law, while the latter is a question of contract interpretation under state law.

6

Every one of Entropic's cited cases relates to proving infringement based on compliance with a standard, not on interpretation of any license agreements. *See INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1377 (Fed. Cir. 2022) ("Infringement can be proven based on an accused product's use of an industry standard if the asserted claim is standard essential."); *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1383 (Fed. Cir. 2020) ("[W]e have endorsed standard compliance as a way of proving infringement."); *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-CV-123-JRG-RSP, 2018 WL 3375192, at *2 (E.D. Tex. July 11, 2018) (denying motion to strike expert opinion because contentions adequately put defendant on notice of infringement theory). Obviously, when a plaintiff points to the defendant's compliance with a technical standard as a proxy for showing that the defendant's products infringe, the plaintiff must show that the standard meets every claim element. ███████████████████████████ █████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████ █████████████████████████████████████████████, which has nothing to do with what it takes to prove infringement under the patent laws.

The question presented, therefore, is one of contract interpretation under New York law: ███████████████████████████████████████████████████████████████████ ███████████████████████   ██████████████████████. In New York, "[t]o be entitled to summary judgment, the moving party has the burden of establishing that its construction of the [contract] is the only construction [that] can fairly be placed thereon." *Stormer v. Cnty. of Oneida*, 886 N.Y.S.2d 298, 299 (N.Y. App. Div. 2009) (quotation omitted). Where "ambiguity or equivocation exists and the extrinsic evidence presents a question of credibility or a choice among reasonable inferences, the case should not be resolved by way of summary judgment." *Mohawk*

*Valley Water Auth. v. State*, 74 N.Y.S.3d 430, 432 (N.Y. App. Div. 2018) (quotation omitted). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002).



See *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 2111217, at *1 (W.D. Wash. Apr. 25, 2013) (patents that "must be practiced to accomplish the standard[] are called standard essential patents"). "To determine which patents are actually essential, a qualified technical expert must examine the declared essential patent and compare it to the relevant standard." *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 994 (N.D. Cal. 2018).

However, Charter does not need to go this far to defeat Entropic's Motion. All that must be shown is that Charter's interpretation is, at the very least, reasonable. Because it is, Entropic's Motion must be denied.

Entropic does not cite a single case or point to any language in the

. In fact, Entropic's

US 174553318v13



█████████████████ *See Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1353 (Fed. Cir. 2010) (en banc) ("a written description of the invention" requires disclosure of "all its claimed limitations"). If, as Entropic argues, the same showing is required for the essentiality clause, then it would render the separate disclosure clause meaningless. "[A] court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect." *Amaranth LLC v. J.P. Morgan Chase & Co.*, 888 N.Y.S.2d 489, 493 (N.Y. App. Div. 2009) (quotation omitted); *see also LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) ("In interpreting a contract under New York law, words and phrases . . . should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions.") (quotation omitted).

Accordingly, Entropic's interpretation of the ████████████ as requiring an element-by-element analysis of each asserted claim is not support by fact or law. And, because this interpretation underlies its entire argument, the Motion should be denied.

<hr>

4 ███████████████████████
██████████████████████████
██████████████████████████
████████████████████

**B.** **Both Parties' Experts Provide Ample Evidence For A Jury To Conclude That the '690, '008, '826 and '682 Patents Are** ████████████████ **"**

Genuine disputes of material fact about essentiality preclude summary judgment for

Entropic. ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

**1.** **'690**

Almeroth opined that '690 claim 1 was essential to the ██████████████

██████████████████████████████████████ ) Entropic argues

this showing is insufficient because claim 1 is no longer asserted and Almeroth did not expressly

address the currently asserted claims, such as dependent claims 7 and 8. (Mot. at 11–12.) Because

████████████████████████████████████████████

████████████████████████████████████████████

---

[5] Almeroth's opening report relied on Entropic's contentions, because Entropic had not served its infringement expert reports at the time.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████, and summary

judgment on the '690 license defense should be denied.

Furthermore, even if ██████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████

11

2.      '008 / '826

Each of the asserted claims of the '008 and '826 patents 

US 174553318v13

**Appx129**

Entropic further argues that ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████

Almeroth conducted the analysis required to determine whether the '008 and '826 patents

are ███████████████████████████████████." His testimony far exceeds what

is necessary to create a genuine issue of fact. ██████████████████████████

███████████████████████████████████ cannot, according to Entropic,

do so without infringing its '008 and '826 patents. If true, as it asserts, then Entropic's patents are

█████████████████████████████████████.

**3.    '682**

███████████████████████████████████████ ████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

7 ███████████████████████████████████████████████████████
███████████████████████████████████████████████

US 174553318v13



Entropic asserts that █████████████████████████

Entropic asserts that Charter's ability ██████████████████████ defeats Charter's license defense. (Mot. at 10–11.) As it did with the '008 and '826 patents, Entropic misreads the █████████████████████████ ██████████████████████████. *See, supra*. It also asserts that Almeroth relied on technical report, not a specification. (Mot. at 10.) Both assertions are ███████████ ████████████████████████████.) At the least, who is right on this issue presents a genuine dispute of material fact precluding summary judgment.

Thus, Entropic reliance on Charter's use of the ████████████ feature to prove infringement raises genuine disputes of fact between the experts as to whether the '682 patent is

14

**Appx131**

licensed by the █████████████ Entropic's Motion as to the '682 license should be denied.

**C.  Entropic's Reliance On ███████████████████████**
   **███████████ Does Not Undermine The Essentiality Of The Asserted Patents**

Entropic argues that because it relied on some ████████████████████████ ████████████████████████████████ Charter's license defense is "far-fetched." (Mot. at 13–15.) Again, Entropic conflates the issues of infringement and license. The issue here is whether Entropic's patents are essential to DOCSIS Specifications, █████████████████ ████████████████████████. (*Supra,* V.A.) Entropic's table also misleadingly omits its reliance on ████████████████, such as Entropic's assertion that ████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ In any event, Entropic's reliance on some ██████████████████ has absolutely no bearing on whether the its patents are essential for compliance with the DOCSIS Specifications. Essentiality is demonstrated by evidence that the asserted patents are necessary for any cable operator who chooses to comply with the relevant provisions of a DOCSIS Specification.

**VI.  CONCLUSION**

Charter respectfully requests that the Court deny Entropic's motion for summary judgment.

US 174553318v13

Dated:  September 25, 2023

Respectfully submitted,

*/s/Daniel Reisner by permission Elizabeth Long*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

16

**Appx133**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served September 25, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long



US 174553318v13

**Appx134**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, <br><br> Plaintiff <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Civil Action No. 2:22-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

**DECLARATION OF ELIZABETH LONG IN SUPPORT OF CHARTER'S
BRIEF IN OPPOSITION TO ENTROPIC'S MOTION FOR SUMMARY
<u>JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS</u>**

I, Elizabeth Long, declare:

1.      I am counsel with the law firm Arnold & Porter Kaye Scholer LLP, counsel for Charter

Communications, Inc. in the above captioned action. The statements made herein are of my own

knowledge and, if called upon to testify thereof, I could and would do so competently.

2.      Attached as **Exhibit E** is a true and correct copy of excerpts of the Opening Expert Report

of David O. Taylor Regarding Charter's Defenses, served on July 21, 2023.

3.      Attached as **Exhibit F** is a true and correct copy of excerpts of the Rebuttal Expert Report

of Dr. Shukri Souri Regarding Licensing and Non-Infringing Alternatives, served on August 11,

2023.

4.      Attached as **Exhibit G** is a true and correct copy of excerpts of the deposition transcript of

███████████████████████████████████████

1

5.      Attached as **Exhibit H** is a true and correct copy of excerpts of the Opening Expert Report of Dr. Shukri Souri Regarding Infringement of the '008, '682, '690, and '826 Patents, served on July 21, 2023.

6.      Attached as **Exhibit I** is a true and correct copy of ███████████████████████.

7.      Attached as **Exhibit J** is a true and correct copy of ███████████████████████.

8.      Attached as **Exhibit K** is a true and correct copy of excerpts of the deposition transcript of ██████████████████████████

9.      Attached as **Exhibit L** is a true and correct copy of excerpts of the deposition transcript of ████████████████████.

10.     Attached as **Exhibit M** is a true and correct copy of ███████████████████████

11.     Attached as **Exhibit N** is a true and correct copy of ███████████████████████

12.     Attached as **Exhibit O** is a true and correct copy of ███████████████████████

13.     Attached as **Exhibit P** is a true and correct copy of excerpts of the deposition transcript of Dr. Kevin Almeroth, dated August 23, 2023. Dkt. 177-4.

14.     Attached as **Exhibit Q** is a true and correct copy of excerpts of the Declaration of Dr. Kevin Almeroth Regarding Claim Construction, dated April 4, 2023.

15.     Attached as **Exhibit R** is a true and correct copy of excerpts of the Opening Expert Report of Dr. Richard A. Kramer Regarding Infringement, dated July 21, 2023.

16.     Attached as **Exhibit S** is a true and correct copy of United States Patent No. 8,792,008.

17.     Attached as **Exhibit T** is a true and correct copy of United States Patent No. 9,825,826.

18.     Attached as **Exhibit U** is a true and correct copy of ███████████████████████

19.     Attached as **Exhibit V** is a true and correct copy of excerpts of the deposition transcript of Dr. Shukri Souri, dated August 18, 2023.

**Appx136**

20.    Attached as **Exhibit W** is a true and correct copy of excerpts of the Rebuttal Expert Report of Dr. Kevin Almeroth Regarding Non-Infringement, dated August 11, 2023.

21.    Attached as **Exhibit X** is a true and correct copy of Exhibit F from Entropic's 2nd Supplemental Infringement Contentions, dated June 23, 2023.

I declare under penalty of perjury that the above is true and correct.

Dated: September 25, 2023                              Respectfully submitted,

                                                       */s/ Elizabeth Long*
                                                       Elizabeth Long

3

# CONFIDENTIAL
# FILED UNDER SEAL
# EXHIBIT G

# CONFIDENTIAL
# FILED UNDER SEAL

# EXHIBIT J

# CONFIDENTIAL
# FILED UNDER SEAL

# EXHIBIT K

# CONFIDENTIAL
# FILED UNDER SEAL

## EXHIBIT L

# CONFIDENTIAL
# FILED UNDER SEAL

# EXHIBIT M

# CONFIDENTIAL
# FILED UNDER SEAL

# EXHIBIT N

# CONFIDENTIAL
# FILED UNDER SEAL
## EXHIBIT O

# CONFIDENTIAL
# FILED UNDER SEAL

# EXHIBIT P

**U.S. District Court**
**Eastern District of TEXAS [LIVE] (Marshall)**
**CIVIL DOCKET FOR CASE #: 2:22-cv-00125-JRG**

Entropic Communications, LLC v. Charter Communications, Inc. et al
Assigned to: District Judge Rodney Gilstrap
Case in other court: FEDERAL CIRCUIT, 24-01896
Cause: 35:271 Patent Infringement

Date Filed: 04/27/2022
Date Terminated: 12/11/2023
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 10/03/2023 | 237 | SEALED REPLY to Response to Motion re 177 SEALED MOTION *for Summary Judgment of No License Defense Based on DOCSIS* filed by Entropic Communications, LLC. (Attachments: # 1 Declaration of James Shimota, # 2 Exhibit E)(Shimota, James) (Entered: 10/03/2023) |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>      *Plaintiff*,<br><br>  v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>      *Defendant*. | Case No. 2:22-cv-00125-JRG<br><br>**JURY TRIAL DEMANDED**<br><br> |

## PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S MOTION FOR SUMMARY JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS

# TABLE OF CONTENTS

**Page**

I.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................... 1

II.  STATEMENT OF UNDISPUTED FACTS ("SUF")........................................................ 1

III. LEGAL STANDARD............................................................................................................ 3

    A.   Summary Judgment ................................................................................................ 3

    B.   Standards Essentiality ............................................................................................ 4

IV.  ARGUMENT ..................................................................................................................... 5

    A.   Dr. Almeroth Fails to Perform an Element-By-Element Analysis ........................ 5

        i.    The '008 and '826 Patents ......................................................... 6

        ii.   The '682 Patent ......................................................................... 7

    B.   Dr. Almeroth Lacks Analysis on Essentiality for the '776, '690, '008,'362, '826,
        and '682 Patents.................................................................................................. 8

        i.    The '775 and '362 Patents .......................................................... 8

        ii.   The '690 Patent ......................................................................... 8

        iii.  The '008 and '826 Patents ........................................................ 9

        iv.   The '682 Patent ......................................................................... 9

    C.   Entropic's Infringement Contentions Show How Far-Fetched Charter's License
        Defense Is................................................................................................... 10

V.   CONCLUSION.................................................................................................................. 12

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
　466 U.S. 242 (1986) ................................................................................................4

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986) ................................................................................................4

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
　No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963 (E.D. Tex. July 12, 2016) ...........5

*Duffy v. Leading Edge Prods., Inc.*,
　44 F.3d 308 (5th Cir. 1995) ....................................................................................4

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
　967 F.3d 1380 (Fed. Cir. 2020) ..................................................................... *passim*

*INVT SPE LLC v. Int'l Trade Comm'n*,
　46 F.4th 1361 (Fed. Cir. 2022) ...........................................................................4, 5

*Optis Wireless Tech., LLC v. Huawei Techs. Co. Ltd.*,
　2:17-cv-123-JRG-RSP, 2018 WL 3375192 (E.D. Tex. July 11, 2018) ...........5, 7, 9, 10

*Seacor Holdings, Inc. v. Commonwealth Ins. Co.*,
　635 F.3d 675, 680 (5th Cir. 2011) ..........................................................................4

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*,
　103 F.3d 1571 (Fed. Cir. 1997) ..............................................................................4

**Other Authorities**

Fed. R. Civ. P. 56(a) ......................................................................................................4

Local Rule CV-5(a) .......................................................................................................15

**Appx503**

Defendant Charter Communication, Inc. ("Charter") has asserted that it is entitled to a free license to *all* of the Patents-in-Suit, by way of the intellectual property rules of the DOCSIS cable standards group. DOCSIS members voluntarily agree to provide a free license, which states that "'Licensed Products' means ███████████████████████████████████ ███████████████████████████████████████████" Ex. A, DOCSIS License at 2 (emphasis added). Accordingly, Charter's DOCSIS license defense cannot succeed without proving essentiality to the DOCSIS Specifications. However, none of the Patents-in-Suit are essential to any DOCSIS Specification, and it is not close. *See infra* at § V.C.

Charter's license affirmative defense rests solely upon the opinions of Charter's technical expert, Dr. Kevin Almeroth. But Dr. Almeroth fails to perform the required element-by-element comparison of any claim of any Patent-in-Suit to the DOCSIS Specifications necessary to show essentiality. *See* Dkt. 175, Mot. to Strike Almeroth at II.a.i-iv. Thus, Charter lacks competent summary judgment evidence that any claim of any Patent-in-Suit is essential to any DOCSIS Specifications. In turn, Charter's DOCSIS license defense fails as a matter of law and Plaintiff Entropic Communications, LLC ("Entropic") is entitled to summary judgment.

## I.      STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether the Court should grant summary judgement that Charter's license defense fails as a matter of law.

## II.     STATEMENT OF UNDISPUTED FACTS ("SUF")

1.      The Patents-in-Suit are U.S. Patent No. 8,223,775 (the "'775 Patent"); U.S. Patent No. 8,284,690 (the "'690 Patent"); U.S. Patent No. 8,792,008 (the "'008 Patent"); U.S. Patent No. 9,210,362 (the "'362 Patent") U.S. Patent No. 9,825,826 (the "'826 Patent"); and U.S. Patent No. 10,135,682 (the "'682 Patent"). *See* Dkts. 97-1 to 97-6.

2.      The Asserted Claims are claims 18 and 19 of the '775 Patent; claims 7 and 8 of the '690 Patent; claims 1, 2, 3, 4, 5 and 6 of the '008 Patent; claims 11 and 12 of the '362 Patent; claims 1, 6, 8 and 9 of the '826 Patent; and claims 1, 2, and 3 of the '682 Patent.

3.      The



" Ex. A,                    at 2.

4.      The

" *Id.*

5.      The

" *Id.*

6.

7.      In order to reach his conclusion that certain of the Patents-in-Suit were essential to the alleged DOCSIS specifications, Dr. Almeroth compared the claims of the Patents-in-Suit to Entropic's infringement contentions. Ex. C, Almeroth Tr. at 49:8–11.

8.      Charter is able to deploy DOCSIS compatible cable modems without utilizing ███ ████████████ Boglioli Tr. at 163:10–25, 164:12–166:10.

9.      Charter is able to deploy DOCSIS compatible cable modems without utilizing

███████████████████ ("PMA"). *Id*. at 167:22–168:2.

10.     Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address Asserted Claims (claims 7 and 8) of the '690 Patent. Ex. D, Opening Expert Report of Dr. Almeroth ("Almeroth Rep.") ¶¶ 34–41.

11.     Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address Asserted Claims 2–6 of the '008 Patent. Almeroth Rep. ¶¶ 46–52, 58–61.

12.     Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address Asserted Claims 6, 8 and 9 of the '826 Patent. Almeroth Rep. ¶¶ 46–47, 53–61.

13.     Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address Asserted Claims 2 and 3 of the '682 Patent. *Id*. at ¶¶ 64–73.

14.     Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address '775 Patent or the '362 Patent. Almeroth Rep. ¶ 74.

## III.     LEGAL STANDARD

### A.     Summary Judgment

Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 466 U.S. 242, 248 (1986). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citing *Liberty Lobby*, 477 U.S. at 247). All evidence is viewed in the light most favorable to the party resisting the motion. *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011). The standard for summary judgment is two-fold: (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law. A defendant must prove a license defense by a

3

preponderance of the evidence. *See Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1576 (Fed. Cir. 1997) (requiring defendant to prove its license defense by a preponderance of the evidence). When the party seeking summary judgment demonstrates the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show that there is a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is mandated when there is "a complete failure of proof concerning an essential element of the nonmoving party's case [which] necessarily renders all other facts immaterial." *Id.* at 323.

### B.    Standards Essentiality

"Claims are standard essential if 'the reach of the claims includes any device that practices the standard.'" *INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1377 (Fed. Cir. 2022) (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010)). In other words, "all implementations of a standard infringe the claim" and the "patent covers every possible implementation of a standard." *Id.* "Claims are standard essential if 'the reach of the claims includes any device that practices the standard.'" *INVT SPE*, 46 F.4th at 1377 (quoting *Fujitsu*, 620 F.3d at 1327). According to the Federal Circuit, "[e]ssentiality is, after all, a fact question about whether **the claim elements** read onto mandatory portions of a standard that standard-compliant devices must incorporate." *See Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1385 (Fed. Cir. 2020) (emphasis added). The Federal Circuit has further advised that the essentiality inquiry "is more akin to an infringement analysis (comparing claim elements to an accused product) than to a claim construction analysis (focusing, to a large degree, on intrinsic evidence and saying what the claims mean)." *Id.* Thus, showing that a claim is standard essential requires an element-by-element analysis of the claim language. *See generally Optis Wireless Tech., LLC v. Huawei Techs. Co. Ltd.*, 2:17-cv-123-JRG-RSP, 2018 WL 3375192,

*1 (E.D. Tex. July 11, 2018) (describing proving infringement of a standard essential patent "by showing that (1) the standard necessarily meets the elements of the claim").

## IV.    ARGUMENT

For Charter's license defense, it asserts that certain of the Patents-in-Suit are standard-essential with respect to certain alleged DOCSIS Specifications, and therefore, Charter is licensed to all of the Patents-in-Suit. Dr. Almeroth, however, failed to conduct the proper analysis in multiple respects. Because essentiality depends on objective findings, *i.e.*, whether practicing the relevant standard in fact infringes the Patents-in-Suit, and it is Charter's burden to prove essentiality to support its license defense, no reasonable juror could find that Charter has satisfied its burden of proving essentiality. Finally, Charter has admitted that it has no information regarding the essentiality of any Patent-in-Suit to the alleged DOCSIS Specifications outside of its expert witnesses' opinions, and thus Charter is unable to present any other evidence to support its license defense. *See* SUF 6.

### A.    Dr. Almeroth Fails to Perform an Element-By-Element Analysis

To demonstrate a patent is essential to a standard, Charter must show that all of the "***the claim elements*** read onto mandatory portions of a standard." *Godo Kaisha*, 967 F.3d at 1385. Dr. Almeroth failed to perform an element-by-element analysis of the Patents-in-Suit against the alleged DOCSIS Specifications; thus, Charter's claim of essentiality and license defense fails. Instead, Dr. Almeroth compared Entropic's ***infringement contentions*** to the alleged DOCSIS Specifications. SUF 7. Dr. Almeroth confirmed his essentiality analysis is ███████████████████████ ████████████ and ████████████████████████████████████ ████████████████████████████ Almeroth Tr. at 21:18–22:2. This is insufficient for Charter to meet its burden. Indeed, an "expert may not propound a theory he or she considers unreliable (*i.e.*, Plaintiff's infringement theory) in attempting to meet Defendants' burden of proof

on the issue of invalidity." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 4718963, at *3 (E.D. Tex. July 12, 2016). The same rationale applies here.

### i.      The '008 and '826 Patents

Dr. Almeroth provides the opinion that "the '008 and '826 patents would be essential for compliance with the DOCSIS standard." Almeroth Rep. ¶ 61. Nowhere does Dr. Almeroth provide an element-by-element analysis comparing the claim language of the '008 and '826 Patents to the DOCSIS Specifications he alleges are essential. Specifically, Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS specifications fails to address whatsoever the claim elements "a data processor operable to process a television channel to recover content carried on the television channel" and "a channelizer operable to: . . . concurrently output said first portion of said digitized signal to said signal monitor and said second portion of said digitized signal to said data processor" of the '008 Patent. Almeroth Rep. ¶¶ 48–52. Dr. Almeroth's opinion on the essentiality of the alleged DOCSIS Specifications with respect to claim 1 of the '826 Patent also fails to address the claim elements "selecting a second portion of said digitized signal" and "processing said selected second portion of said digitized signal to recover information carried in said plurality of channels." Almeroth Rep. ¶¶ 53–57. This alone is a reason to grant summary judgement for Entropic on Charter's license defense with respect to the '008 and '826 Patents. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1.

Additionally, in reaching his conclusion, Dr. Almeroth generally points to ███████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ Almeroth Rep. ¶¶ 48–58. Dr. Almeroth alleges that ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Almeroth Rep. ¶ 61.

Even more egregious than failing to do an element-by-element analysis is the fact that the Charter has stated it can deploy DOCSIS compatible cable modems ███████████████. SUF 8. This undeniably demonstrates that Dr. Almeroth is relying on functionality for his essentiality analysis that is not "necessary for purposes of conforming to the Specifications." DOCSIS License at 2.

### ii.    The '682 Patent

Dr. Almeroth provides the opinion that ████████████████████████████ ████████████████████████████████████████ Almeroth Rep. ¶ 73. However, Dr. Almeroth fails to address the following elements of claim 1: "generating, by said CMTS for each one of said plurality of service groups, a composite SNR-related metric based at least in part on a worst-case SNR profile of said SNR-related metrics corresponding to said one of said plurality of service groups"; and "selecting, by said CMTS, one or more physical layer communication parameter to be used for communicating with said one of said plurality of service groups based on said composite SNR-related metric." Almeroth Rep. ¶¶ 64–73. This alone is a reason to grant summary judgement for Entropic on Charter's license defense with respect to the '682 Patent. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1.

Dr. Almeroth, in reaching these conclusions, relies solely on a DOCSIS technical report, as opposed to a DOCSIS specification – DOCSIS 3.1 Profile Management Application Technical Report (CM-TR-PMA-V01-180530). Almeroth Rep. ¶¶ 67–73. Specifically, Dr. Almeroth points to the use of PMA in DOCSIS compliant devices in reaching his conclusion. Almeroth Rep. ¶¶ 59–60. Dr. Almeroth alleges that ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████ Almeroth Rep. ¶ 73. However, Charter has stated that it is able to deploy DOCSIS compatible cable modems ██████████████. SUF 9. Like with the '008 and '826 Patents,

this definitively demonstrates that Dr. Almeroth is relying on functionality for his essentiality analysis that is not "necessary for purposes of conforming to the Specifications." DOCSIS License at 2.

**B.     Dr. Almeroth Lacks Analysis on Essentiality for the '776, '690, '008,'362, '826, and '682 Patents**

Even if the Court were to overlook Dr. Almeroth's incorrect comparison of Entropic's infringement contentions to the alleged DOCSIS Specifications, instead of comparing the claims of the Patents-in-Suit to the alleged DOCSIS Specifications, he completely ignores and provides no analysis whatsoever of certain elements of claim 1 of the '008 Patent, claim 1 of the '826 Patent, and claim 1 of the '682 Patent. He also provides no analysis for the entirety of claims 18 and 19 of the '775 Patent; claims 7 and 8 of the '690 Patent; claims 2–6 of the '008 Patent; claims 11 and 12 of the '362 Patent; claims 6, 8 and 9 of the '826 Patent; and claims 2 and 3 of the '682 Patent. For these, Entropic automatically defeats Charter's license defense since Charter cannot show that those Asserted Claims are "necessary for purposes of conforming to the Specifications." *See* DOCSIS License at 2.

**i.      The '775 and '362 Patents**

Charter's expert does not offer the opinion that claims 18 and 19 of the '775 Patent and claims 11 and 12 of the '362 Patent are essential. *See* SUF 14. Since these are all of the Asserted Claims for the '775 and '362 Patents, Entropic is entitled to summary judgment that Charter does not have a license defense as to the'775 and '362 Patents.

**ii.     The '690 Patent**

Dr. Almeroth provides the opinion that ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████ Almeroth Rep. ¶ 41. Dr. Almeroth alleges that ████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████ *Id.* This demonstrates that his opinion is based solely on his analysis of claim 1 of the '690 Patent, which is not an Asserted Claim. Dr. Almeroth fails to provide ***any*** analysis of the Asserted Claims of the '690 Patent (claims 7 and 8). *See* SUF 10. Because Dr. Almeroth failed to conduct an element by element analysis of these claims to the DOCSIS Specification, he cannot demonstrate essentiality of the DOCSIS Specification as to the Asserted Claims of the '690 Patent. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1.

### iii.    The '008 and '826 Patents

Dr. Almeroth fails to specifically address two limitations from claim 1 of the '008 Patent, two limitations from claim 1 of the '826 Patent, and all limitations of claims 2–6 of the '008 Patent and claims 6, 8, and 9 of the '826 Patent. *See* SUF 11–12. Because Dr. Almeroth failed to conduct an element by element analysis to the DOCSIS Specification for certain elements of claim 1 of the '008 Patent, the entirety of claims 2–6 of the '008 Patent, certain elements of claim 1 of the '826 Patent, and the entirety of claims 6, 8 and 9 of the '826 Patent, he cannot demonstrate essentiality of the DOCSIS Specification as to the Asserted Claims of the '008 and '826 Patents. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1. Furthermore, Charter has admitted that it is able to deploy DOCSIS compatible cable modems ███████████████, which forms the basis of Dr. Almeroth's opinion on essentiality for the '008 and '826 Patents. *See* SUF 8.

### iv.    The '682 Patent

Dr. Almeroth fails to address every element of claim 1 of the '682 Patent and does not even attempt to address claims 2 and 3. *See* SUF 13. Because Dr. Almeroth failed to conduct an element by element analysis of these claims to the DOCSIS Specification, he cannot demonstrate

9

essentiality of the DOCSIS Specification as to the Asserted Claims of the '682 Patent. *See Godo Kaisha*, 967 F.3d at 1385; *Optis Wireless*, 2018 WL 3375192 at *1. Furthermore, Charter had admitted it is able to deploy DOCSIS compatible cable modems ███████████████, which forms the basis of Dr. Almeroth's opinion on essentiality for the '682 Patent. *See SUF 9*.

### C.   Entropic's Infringement Contentions Show How Far-Fetched Charter's License Defense Is

Entropic's infringement contentions demonstrate that no reasonable juror would find the Asserted Claims of the Patents-in-Suit are essential to the alleged DOCSIS Specifications relied on by Dr. Almeroth. As shown in the table below, for many of the elements, DOCSIS specifications or documentation created by CableLabs are not mentioned or relied upon:

| Claim Element[1] | Documents Cited In Infringement Contentions |
|---|---|
| '008 Patent 1(g) - "a channelizer operable to:" | ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ <br><br> Aside from ENTROPIC_CHARTER_0002505, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ████████. |
| '008 Patent 3(c) - "receiving a signal having a bandwidth that spans from a first frequency, $F_{lo}$, to a second frequency, $F_{hi}$, wherein said signal carries a plurality of channels;" | ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ <br><br> Aside from BCM0000153, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ████████. |
| '826 Patent 1(h) - "analyzing said selected first portion of said digitized signal to measure | ██████████████████████████████ ██████████████████████████████ ██████████████████████████████ |

---

[1]   Dr. Almeroth does not analyze the '775 or '362 Patents for essentiality, and thus they are not addressed in this chart.



| a characteristic of said received signal; and" | |
|---|---|
| | Aside from ENTROPIC_CHARTER_0002505 and BCM0000153, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by |
| '826 Patent 1(h) - "controlling the transmission of network management messages back to said headend based on said measured characteristic of said received signal, wherein said measured characteristic is different than said network management messages." | |
| | Aside from ENTROPIC_CHARTER_0002505 and BCM0000153, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by |
| '682 Patent 1(c) - "assigning, by said CMTS, each cable modem among a plurality of service | |



| | |
|---|---|
| groups based on a respective corresponding SNR-related metric;" | |
| | All of the above documents were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by █████ |
| '682 Patent 1(d) - generating, by said CMTS for each one of said plurality of service groups, a composite SNR-related metric based at least in part on a worst-case SNR profile of said SNR-related metrics corresponding to said one of said plurality of service groups; | |
| | The two documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ████. |
| '690 Patent 15 - "The method of claim 9, wherein the probe request is configured to diagnose a network problem." | |
| | Aside from COMM00010008, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by ████ |

Thus, Dr. Almeroth's reliance on Entropic's infringement contentions is inadequate and fails to show essentiality.

## V. CONCLUSION

For the foregoing reasons, Entropic respectfully requests that the Court grant summary judgment in favor of Entropic dismissing Charter's license defense.

Dated: September 11, 2023                    Respectfully submitted,

                                             */s/ James A. Shimota*
                                             James Shimota
                                             Jason Engel
                                             George Summerfield
                                             Katherine L. Allor
                                             Samuel P. Richey
                                             Ketajh Brown
                                             **K&L GATES LLP**
                                             70 W. Madison Street, Suite 3300
                                             Chicago, IL 60602
                                             Tel: (312) 807-4299
                                             Fax: (312) 827-8000
                                             jim.shimota@klgates.com
                                             jason.engel@klgates.com
                                             george.summerfield@klgates.com
                                             katy.allor@klgates.com
                                             samuel.richey@klgates.com
                                             ketajh.brown@klgates.com

                                             Nicholas F. Lenning
                                             Courtney Neufeld
                                             **K&L GATES LLP**
                                             925 Fourth Avenue, Suite 2900
                                             Seattle, WA 98104-1158
                                             Tel: (206) 623-7580
                                             Fax: (206) 623-7022
                                             nicholas.lenning@klgates.com
                                             courtney.neufeld@klgates.com

                                             Darlene Ghavimi
                                             Matthew A. Blair
                                             **K&L GATES LLP**
                                             2801 Via Fortuna, Suite 650
                                             Austin, Texas 78746
                                             Tel: (512) 482-6800
                                             darlene.ghavimi@klgates.com
                                             matthew.blair@klgates.com

                                             Christina N. Goodrich
                                             Connor J. Meggs
                                             **K&L GATES LLP**
                                             10100 Santa Monica Blvd., 8th Floor
                                             Los Angeles, CA 90067
                                             Tel: (310) 552-5031

13

**Appx516**

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on September 11, 2023.

*/s/ James Shimota*
James Shimota

# EXHIBIT A - D

# FILED UNDER SEAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | |
| *Plaintiff*, | Case No. 2:22-cv-00125-JRG |
| v. | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS, INC., |  |
| *Defendant*. | |

**PLAINTIFF ENTROPIC COMMUNICATIONS, LLC'S REPLY**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF**
**NO LICENSE DEFENSE BASED ON DOCSIS**

## I.      INTRODUCTION

Charter's Opposition (Dkt. 215, "Opp.") to Entropic's Motion for Summary Judgment of No Defense Based on DOCSIS (Dkt. 177, the "Motion" or "Mot.") admits that (1) Charter's DOCSIS defense depends on what "essential" means, and (2) Charter's expert, Dr. Almeroth, did not do the requisite element-by-element analysis for any claim of any Asserted Patent. Charter's arguments fail and Entropic's Motion should be granted because:

1.      A patent cannot be essential to a standard unless that standard infringes the claims of that patent.

2.      Infringement (and thus essentiality) is analyzed on an element-by-element basis.

3.      Charter admits that its expert did not perform an element-by-element essentiality analysis, and Charter cannot proffer any other evidence to support its defense.

Charter tries to confuse the issue with an erroneous definition of "essential." The Court can and should reject Charter's definition of "essential" as a matter of law because it contradicts Federal Circuit precedent. The Court can also grant summary judgment against Charter because Charter cannot meet its burden to prove its license defense even under its own preferred definition of essential. Thus, the Court should grant Entropic's Motion on Charter's license defense.

## II.     ARGUMENT

### A.      Federal Circuit Precedent Defines "Essential" As Used in the DOCSIS License Agreement to Require an Element-by-Element Analysis

Charter spends a great deal of time on New York law regarding contract interpretation. But the question of whether a patent is "essential" to a standard is one of substantive patent law governed by Federal Circuit precedent. That precedent requires an element-by-element analysis, akin to infringement. Although Charter attempts to evade this requirement, Charter concedes that "essential" must mean "infringed by" in the context of a standards license for a patent.

Essentiality requires comparing the standard to each of the claim elements, just like infringement. *See Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1385 (Fed. Cir. 2020) ("Essentiality is, after all, a fact question about whether the claim elements read onto mandatory portions of a standard…. This inquiry is more akin to an infringement analysis (comparing claim elements to an accused product)…"). Infringement, in turn, requires an element-by-element analysis of a claim. *See Bayer AG v. Elan Pharm. Rsch. Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000) ("Literal infringement requires the patentee to prove that the accused device contains each limitation of the asserted claim(s)."). Charter cites no authority that suggests otherwise. Indeed, Charter's citation to *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 994 (N.D. Cal. 2018) further supports the proposition that a patent is essential to a standard only if the standard practices (*i.e.*, ***infringes***) the asserted patent. *See id.*; *see also* Opp. at 8.

Charter cannot meet the Federal Circuit's requirement for showing essentiality on an element-by-element basis, so it attempts to reframe the dispute as one of New York contract law. Charter is wrong for several reasons. First, the interpretation of "essential" in the context of a license for standards-essential patents is "intimately bound with an issue of patent law," i.e., the question of infringement and whether a standard practices all elements of a claim. *Fraunhofer-Gesellschaft zur Forderung der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, 940 F.3d 1372, 1380 (Fed. Cir. 2019); *see Godo Kaisha*, 967 F.3d at 1385. Charter concedes that essentiality turns on the question of infringement. (Opp. at 8) (proposing to define "essential" based on whether compliance is "infringing Entropic's patents"). There can be no dispute here that Federal Circuit law governs what it means for a patent to be "essential" under the ██████████████████ ████████████████████████). *Sirius*, 940 F.3d at 1380. Accordingly, essentiality is a question of substantive patent law governed by Federal Circuit

precedent, and that precedent requires an element-by-element analysis, just as infringement does.

Second, Charter misapplies New York law on contract interpretation. ███████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████ Charter concedes, as it must, that

the latter requires analysis "on an element-by-element basis." Opp. at 9. But then Charter leaps to

the conclusion that the "essential" clause cannot require such an analysis or else it would be

rendered superfluous of the "described" clause. Opp. at 9. Charter is wrong because there are

multiple differences between the two clauses. The "essential" clause refers to mandatory portions

of the standard, while the "described" clause refers to the standard more broadly. *See Godo Kaisha*,

967 F.3d at 1385. Conversely, an invention can be essential to practice a standard without being

explicitly described. Contrary to Charter's argument, requiring an element-by-element analysis for

both "essential" and "described" inventions does not render the "essential" clause superfluous

because the two clauses have different scope. *See Kamchi v. Weissman*, 125 A.D.3d 142, 155, 1

N.Y.S.3d 169, 179 (2014).

Third, Charter contradicts its own formulation of what it wants "essential" to mean. Charter

proposes to define essential in terms of infringement. Opp. at 9. It is an uncontroversial tenet of

patent law that an infringement analysis must be on an element-by-element basis. *Bayer AG*, 212

F.3d at 1217. Thus, even if Charter's meaning of "essential" were accepted, it must still make a

showing that the DOCSIS Specifications infringe on an element-by-element basis.

### B. Charter Cannot Meet its Burden to Show Essentiality Because Its Expert Did Not Perform the Requisite Element-by-Element Analysis

Charter bears the burden of proof on its licensing defense. As shown above, that burden

requires proof on an element-by-element basis that the ████████████████ infringe the claims

of the asserted patents. As Charter admits, the testimony of "a qualified technical expert" is required to make that showing. Opp. at 8 (citing *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 994 (N.D. Cal. 2018)). Charter cannot meet that burden because it did not offer the expert testimony necessary to meet its burden for any asserted patent.

For the '008 and '826 Patents, Dr. Almeroth fails to provide the requisite analysis of every claim limitation for any claim. Dr. Almeroth purports to address only claim 1 of these patents but ignores multiple limitations of those claims. For instance, he provides no basis to conclude that the DOCSIS standard requires "a channelizer operable to: . . . concurrently output said first portion said digitized signal to said signal monitor and said second portion of said digitized signal to said data processor," as recited in claim 1 of the '008 Patent. Dr. Almeroth recognizes that practicing claim 1 requires meeting this limitation because he expresses non-infringement opinions based on it. *See* Ex. E to Shimota Decl. (Almeroth Rebuttal Rep.) ¶¶ 94-102. Yet he failed to do so for essentiality. Similarly, Dr. Almeroth offers no opinions with respect to multiple elements in claim 1 of the '826 Patent: "selecting a second portion of said digitized signal" and "processing said selected second portion of said digitized signal to recover information carried in said plurality of channels." *Id.* at ¶¶ 55-56 (skipping from "selecting a first portion" to "analyzing said selected first portion"). Charter does not dispute this. Accordingly, Charter lacks the testimony of a qualified technical expert to meet its burden for its licensing defense for the '008 and '826 Patents.

For the '682 Patent, Dr. Almeroth again ignores multiple limitations of the only claim he analyzes. Dr. Almeroth quotes claim 1 of the '682 Patent in full (*id.* at ¶ 65), but he then ignores two of its limitations: "generating, by said CMTS for each one of said plurality of service groups, a composite SNR-related metric based at least in part on a worst-case SNR profile of said SNR-related metrics corresponding to said one of said plurality of service groups" and "selecting, by

4

**Appx524**

said CMTS, one or more physical layer communication parameter to be used for communicating with said one of said plurality of service groups based on said composite SNR-related metric." *Id.* at ¶¶ 68-69 (jumping from the "assigning" limitation to the "communicating" limitation). Charter's Opposition points to nothing in Dr. Almeroth's report that contains the requisite analysis of these limitations. Without this analysis, Charter cannot meet its burden for the '682 Patent.

For the '690 Patent, Dr. Almeroth looks only to claim 1, which is not asserted. As Entropic argued in its Motion, this is legally insufficient to show that Charter is licensed to practice the distinct inventions recited in asserted claims 7 and 8. *See* Mot. at 8-9.

### C.     The Remainder of Charter's Argument Is A Failed Attempt To Generate Disputes of Fact Based On The Same False Premise

Charter's Opposition discusses the accused products and DOCSIS at length. *See* Opp. at 10-15. None of this discussion matters because none of it meets the requisite element-by-element analysis. Charter instead doubles down and focuses only on what it views as the heart of the invention of each patent. Again, Charter forgets that the "invention is defined by the claims." *See Allen Eng'g Corp.*, 299 F.3d at 1345. Charter's lengthy discussion of ███████████ impermissibly relies on Entropic's infringement contentions and the accused products, rather than the language of the claim elements. This is the wrong analysis and is an improper attempt to dodge the requirement of an element-by-element comparison. *See* Standing Order on Motions *in Limine* at 3, MIL 19 ("The parties shall be precluded from introducing evidence, testimony, or argument for purposes of non-infringement comparing the accused product or method to . . . or any non-accused product or method."). Charter cannot meet its burden to show essentiality by focusing on the accused products and asking the jury to ignore or overlook the actual elements of the claims.

### III.     CONCLUSION

In light of the foregoing, Entropic respectfully requests that the Court grant its Motion.

Dated: October 3, 2023

Respectfully submitted,

*/s/ James A. Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031

6

Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record on October 3, 2023.

*/s/ James Shimota*
James Shimota

# EXHIBIT E

# FILED UNER SEAL

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | ███████████████ |
| Defendant. | |

**CHARTER'S SUR-REPLY IN OPPOSITION TO ENTROPIC'S MOTION FOR
SUMMARY JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS**

Charter's opposition challenged Entropic to provide a single case supporting its test for determining whether the asserted patents fall within the scope of the ████████████████. In reply, Entropic cites no such case, because Entropic's test—requiring a separate showing that every element of each claim is described in the DOCSIS standard—is not the law. The cases it cites (e.g., *Godo*) have nothing to do with the question presented, but instead relate to the use of standards compliance as a proxy for proving infringement, which obviously requires an element-by-element test. Here, by contrast, the question is one of contract interpretation which does ***not*** require an element-by-element comparison between the claims and the DOCSIS standard.

Entropic does not dispute that its infringement contentions are based on Charter's compliance with the DOCSIS standards. Nor could it, as the contentions expressly refer to DOCSIS features like "PMA" and receiver-determined "probes." Charter's expert explained in great detail how the asserted patents are essential for compliance with DOCSIS according to the terms of the ████████████████, and Entropic's expert gave admissions supporting the same. This evidence—the experts' testimony, the ████████████████, and Entropic's infringement contentions—together provide more than enough for a reasonable jury to find the asserted patents licensed. Accordingly, summary judgment should be denied.

I.   **SUMMARY JUDGMENT MUST BE DENIED BECAUSE ENTROPIC'S INTERPRETATION IS NOT THE ONLY REASONABLE INTERPRETATION OF THE ████████████████**

As Charter's opposition showed, the cases cited in Entropic's Motion dealt with using standard compliance to prove infringement, not with the applicability of a license agreement. *See* Dkt. 177 at 4–5; Dkt. 237 at 1; Dkt. 215 at 6–9. Entropic's Reply does not dispute this; it simply cites these cases again without any effort to explain how they are relevant to the issue at hand.

Entropic also does not contest that, under New York law, summary judgment must be denied unless Entropic establishes "that its construction of the [contract] is the only construction

[that] can fairly be placed thereon." Dkt. 215 at 7 (quoting *Stormer v. Cnty. Of Oneida*, 886 N.Y.S.2d 298, 299 (N.Y. App. Div. 2009)). Entropic's construction—that every element of each claim must read on the DOCSIS standard in order for that claim to be licensed—is unsupported by law and contradicted by the ████████████████████. Therefore, summary judgment must be denied.

Entropic disputes that applicability of New York law and argues that the meaning of "essential" in the ████████████████ is a question of patent law. Dkt. 237 at 2. Entropic's reliance on *Fraunhofer-Gesellschaft zur Forderung der Angewandten Forshung E.V. v. Sirius XM Radio Inc.* is highly misleading. As an initial matter, Entropic puts the word "essential" in quotes, suggesting that essentiality was discussed, when in fact the word "essential" does not once appear in that case. The issue in *Fraunhofer* was whether the district court correctly dismissed a patent case under Federal Rule of Civil Procedure 12(b)(6) based on a determination that a license agreement governed by German law had not been terminated. The court first addressed "what law to apply" and found that Fraunhofer had waived its argument that German law applied by not raising it with the district court. Here, there is no such waiver. 940 F.3d 1372, 1380 (Fed. Cir. 2019). The court then noted as an aside that "we have applied Federal Circuit law in several circumstances where the interpretation of a contract is 'intimately bound up' with an issue of patent law," and it provided four examples, ***none of which*** involve determining whether a patent is "essential" to a standard. *Id.* at 1380 & n.4. In short, *Fraunhofer* does not remotely support Entropic's contention that an element-by-element infringement analysis under federal patent law is the test for determining whether the asserted patents in this case are covered by the ████████ ████████████.

Beyond the case law, the ████████████████ also makes clear that Entropic's

interpretation is wrong. It states that a license is provided for two separate groups of technology:

████████████████████████████████████████████████████████████████

████████████████████████ Dkt. 177, Ex. A § 1.2. Because the second group involves an

████████████████████████████████, it cannot be the case that the first group involves

the same thing, for then one of these clauses would be superfluous. In other words, Entropic's

interpretation that every element of a claim (an invention) must be described in the standard in

order to be ████████████████████ would render one of these clauses meaningless. This is

against New York law. *See Amaranth LLC v. J.P. Morgan Chase & Co.*, 888 N.Y.S.2d 489, 493

(N.Y. App. Div. 2009) ("A court should not adopt an interpretation which will operate to leave a

provision of a contract without force and effect.") (quotation omitted).

Entropic argues it does not render contractual language meaningless because "there are

multiple differences between the two clauses." Dkt. 237 at 3. However, the only purported

difference Entropic identifies is its assertion that "essential" refers to "mandatory" aspects of a

standard, while "described" refers to "the standard more broadly." *Id.* This assertion is not only

unsubstantiated by any record evidence, but it ignores the fact that the standard itself is optional—

there is no requirement that any cable provider comply with the DOCSIS standard. Indeed, the

████████████████████ exists so that cable providers have the option to use the standard

without fear of patent infringement. This freedom is the *quid pro quo* for the standard's

development in the first place. Entropic's interpretation—that a license exists only when a standard

has the foresight to describe all the elements of a patent claim—would frustrate the very purpose

of the ████████████████████ as well as standards development in general.

In addition, the ████████████████████████████████████████████

████████████████ further undermines Entropic's interpretation. Dkt. 215 at 8. The express

**Appx533**

language of the ████████████████ gives a license to any ██████ that falls within one of the two groups discussed above. This means that if one claim of a patent is ████████ ████████████████████████████████" then every claim in that patent is licensed, which makes sense because all claims in a patent are presumed to be described by the same written description. Entropic's contention that a license must be determined separate for each claim does not comport with this language in the ████████████████. Tellingly, Entropic completely ignores this point from Charter's opposition. Dkt. 215 at 8 ("[T]he license is granted on a patent-by-patent, not a claim-by-claim basis.").

While these facts demonstrate why Entropic's position is clearly wrong, Charter does not need to go that far in opposition to summary judgment. What matters it that Entropic's interpretation is clearly not the *only* reasonable one. To show that the ████████████ are ████████████████████████████████████████, Charter's expert analyzed the evidence and opined that, if Entropic's infringement theory is correct, then there is no practical way to comply with the DOCSIS Specifications without infringing Entropic's patents. *See* Dkt. 215 at 10–14.[1] Entropic's expert holds the same opinions, which Entropic does not dispute. *See* Dkt. 215, Add. SOF ¶¶ 4–11. For example, Entropic's expert explains in detail how Charter's ████████████████, in his view, relies on the ████████████████████. *Id.*, Add. SOF ¶¶ 6–11; *id.* at 13–14. This is more than sufficient for a jury to find that a license exists.

For these reasons, Entropic's motion should be denied as to all four Licensed Patents.

---

[1] Entropic argues that Charter's evidence violates the Court's standing MIL 19. *See* Dkt. 237 at 5. Assuming Entropic is really pointing to MIL 18, the Court has limited what the parties may introduce "for purposes of infringement or non-infringement." Standing Order on Motions *in Limine*, No. 18. It has no bearing on Charter's licensing defense.

## II.    CONCLUSION

For the reasons discussed above, as well as in Charter's opposition (Dkt. 215), the Court

should deny Entropic's motion to find no licensing defense under the ██████████████████ .

5

**Appx535**

Dated: October 11, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com
Email: jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
Paul I. Margulies
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: paul.margulies@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

6

**Appx536**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served October 11, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

/s/ Elizabeth Long
Elizabeth Long



7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMENDATION**

Before the Court is Plaintiff Entropic Communications, LLC's ("Entropic") Motion For Summary Judgment of No License Defense Based on DOCSIS (Dkt. No. 177.) After consideration, the Court recommends the motion be **DENIED-IN-PART** and **GRANTED-IN-PART** as provided below.

## I.      BACKGROUND

Entropic Communications, LLC ("Entropic") filed its initial complaint on April 27, 2022 asserting Charter infringes U.S. Patent Nos. 8,223,775 (the "'775 Patent"), 8,284,690 (the "'690 Patent"), 8,792,008 (the "'008 Patent"), 9,210,362 (the "'362 Patent"), 9,825,826 (the "'826 Patent"), and 10,135,682 (the "'682 Patent") (collectively "the Asserted Patents"). (Dkt. No. 1 at ¶1.)

The Asserted Patents broadly relate to data transmission over cable. (*See generally* Dkt. No. 1.) The international telecommunications industry has developed a related standard as the Data Over Cable Service Interface Specification, known as the DOCSIS Standard. (Dkt. No. 177 at 1

1

**Appx538**

("Mot.").) As part of this standard process DOCSIS members have provided free licenses to technologies needing to conform with the DOCSIS Standard. (*Id.*)

## II.    APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

2

## A.  CONTRACT INTERPRETATION UNDER NEW YORK LAW

Contract interpretation is a question of state law. *Molon Motor & Coil Corp. v. Nidec Motor Corp.*, 946 F.3d 1354, 1358 (Fed. Cir. 2020). Here the DOCSIS License's choice of law provision dictates that New York law applies. (Dkt. No. 177-2 at §9.4.) "In interpreting a contract under New York law, 'words and phrases ... should be given their plain meaning,' and the contract 'should be construed so as to give full meaning and effect to all of its provisions.'" *LaSalle Bank Nat. Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 206 (2d Cir. 2005) (citing *Shaw Group, Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003)). "[I]f a contract is straightforward and unambiguous, its interpretation presents a question of law for the court. . . [only] when the meaning of the contract is ambiguous . . .  [is] a question of fact presented." *Id.*

## III.    ANALYSIS

The parties present two issues to the Court regarding application of a "Data Over Cable Service Interface Specifications License Agreement" (the "DOCSIS License"). First, the parties dispute what the DOCSIS License means by "Licensed Technology." And second, the parties dispute whether Charter has plausibly shown any of the Asserted Patents fall within that meaning.

### A.  CONTRACT INTERPRETATION

At issue is the clause defining "Licensed Technology" which dictates what patents the license covers. The DOCSIS License provides "Licensed Technology" "means . . . patents, all issued patents, pending applications and subsequently filed applications essential for compliance with the Specifications and any patented inventions described in the Specifications." (Dkt. No. 177-2 at §1.2.)

Entropic argues this language requires a limitation-by-limitation analysis of each claim Charter believes to be covered by the DOCSIS License. (Mot. at 4-5.) Charter counters first that it

only needs to show the DOCSIS License applies to the patent, not the particular asserted claim. (Opp. at 5-8.) Charter also counters that the contract is ambiguous and thus a question of fact which precludes granting the instant motion. (Opp. at 8-9.)

Central to Entropic's argument is that the question here of essentiality to the DOCSIS standard is the same as that of infringement. (Reply at 1-3.) Entropic first argues "the question of whether a patent is 'essential' to a standard is one of substantive patent law" not contract interpretation. (*Id.* at 1). Entropic cites *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holding Ltd.* and other Federal Circuit precedent, to suggest the essentiality issue here "requires comparing the standard to each of the claim elements, just like infringement." (*Id.* at 2).

Charter first argues that the "all issued patents" language of the DOCSIS License suggests it applies on a patent-by-patent basis, not a claim-by-claim basis. (Opp. at 8.) Charter next argues that Entropic's interpretation of the two definitions of "Licensed Technology" is not consistent with giving the full meaning to the language used. (*Id.* at 8-9.) Charter contends that under the second meaning, "any patented inventions described in the Specifications," "[f]or an invention to be 'described' in a DOCSIS Specification, one would need to show support for each claim limitation on an element-by-element basis." (*Id.* citing *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1353 (Fed. Cir. 2010).) Charter argues that an interpretation of the first meaning to require an element-by-element analysis would render the second meaning superfluous. (*Id.* at 9.)

The Court recommends finding the essentiality clause applies on a patent-by-patent basis requiring an element-by-element analysis of at least one claim.

First, Entropic is incorrect that the essentiality infringement analysis governs the application of a DOCSIS License. In *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holding Ltd.*, the Federal Circuit reaffirmed its prior ruling that infringement may be shown through

4

standard compliance. 967 F.3d 1380, 1383 (Fed. Cir. 2020). It explained where "an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product." *Id*. (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). The Federal Circuit in *Ericsson, Inc. v. D-Link Sys., Inc.* explained it is "[b]ecause the standard *requires* that devices utilize specific technology [that] compliant devices *necessarily* infringe certain claims in patents that cover technology incorporated into the standard." 773 F.3d 1201, 1209 (Fed. Cir. 2014). It is not essentiality that requires a claim-by-claim analysis but infringement, essentiality merely provides the link between a patent and the standard.

The use of "patents, all issued patents, pending applications and subsequently filed applications," (Dkt. No. 177-2 at §1.2.), in defining "Licensed Technology" rules here. A claim-by-claim analysis requirement would replace "patents, all issued patents, pending applications and subsequently filed applications" with "all claims." As the grant provides that "patents" and "applications" define the "Licensed Technology" not "claims" the Court must give this meaning.

However, the Court disagrees with Charter that its burden can be satisfied without an element-by-element analysis of at least one claim. (*See* Opp at 8-9.) Charter's argument that there is ambiguity of the first meaning of "Licensed Technology" in light of the second meaning is not convincing. Charter misconstrues the function of "described" here. "Described" relates to the contents of the DOCSIS Specifications, not a written description analysis of the patent as Charter suggests, (Opp. at 9). The phrase "patented invention" itself mandates an element-by-element analysis of at least one claim as it is the claims that describe the scope of the patented invention. *See Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed.Cir.2005) (*en banc* ). Thus "any patented inventions described in the Specifications" is best understood to require an element-by-element

analysis of the claims against the DOCSIS Specification. Because the first meaning relates to what is "essential for compliance" with the DOCSIS Specifications rather than what is merely described by the Specifications, an element-by-element analysis requirement for both meanings does not leave the latter "without force and effect."

### B.  THE SUFFICIENCY OF CHARTER'S SHOWING

#### i.  The '775 and '362 Patents

Entropic argues that Charter's expert does not offer the opinion that the asserted claims of the '775 or '362 Patents are essential. (Mot. at 8.) Charter does not contest this or indeed assert the '775 or '362 Patents are covered by the DOCSIS License. (*See* Dkt. No. 333 at 2.) As such, the question whether the '775 and '362 Patents are covered by the DOCSIS License is not in controversy. The Court recommends that Entropic's motion be **DENIED AS MOOT** as to the '775 and '362 Patents.

#### ii.  The '690 Patent

Entropic argues that Charter's expert opines exclusively as to claim 1 of the '690 Patent which it does not currently assert. (Mot. at 9.) Entropic argues this opinion cannot support the conclusion that the asserted claims of the '690 Patent are licensed based on its argument that the DOCSIS License applies on a claim-by-claim basis. (*Id.*)

Because, as noted above, the DOCSIS License applies on a patent-by-patent basis, the Court disagrees with Entropic. The Court recommends that Entropic's motion be **DENIED** as to the '690 Patent.

#### iii.  The '008 and '826 Patents

Entropic argues that Charter failed to support its contention that the '008 and '826 Patents are covered by the DOCSIS License. (Mot. at 6-7.) Entropic argues Charter failed to address

certain elements of claim 1, other asserted claims entirely, and Charter's license argument is incompatible with its discussion of full band capture ("FBC"). (*Id.*)

Regarding the first point, Entropic argues that Charter fails to address the elements "a data processor operable to process a television channel to recover content carried on the television channel" and "a channelizer operable to:. . .concurrently output said first portion of said digitized signal to said signal monitor and said second portion of said digitized signal to said data processor" of the '008 Patent and "selecting a second portion of said digitized signal" and "processing said selected second portion of said digitized signal to recover information carried in said plurality of channels." (Mot. at 6.)

Charter responds by arguing that both patents require the use of FBC as the basis of Entropic's infringement contentions and FBC is incorporated in DOCSIS. (Opp. at 12.) Charter argues "[w]ithout the right to use FBC . . . [it] would not be able to use or comply with this portion of DOCSIS." (*Id.*)

Charter's argument here misses the mark. It cannot show what is "essential for compliance" by showing that something that is essential for compliance is also essential to practice the claims. This appears to be what Charter argues here, that because FBC is essential to the '008 and '826 Patents and to compliance with DOCSIS, the patents are likewise essential to DOCSIS. But "essential for compliance with the Specification" cannot be proven solely by showing a common element is essential for both the patent and the standard.

Rather, Charter' argument does not directly respond to Entropic's citation of missing elements. (*See* Opp. at 12.). Indeed, turning to the portion of Charter's expert report that it cites to show the '008 and '826 Patents are licensed, shows that while some limitations are clearly addressed others, including those cited by Entropic, are not. (*See* Dkt. 177-5 at ¶¶48-61.) Without

showing all elements of a claim are required for compliance with the DOCSIS standard, Charter has not shown the '008 and '826 Patents are licensed. Entropic's motion should thus be **GRANTED** as to the '008 and '826 Patents.

While the missing elements argument is sufficient to decide this motion, the Court also quickly addresses Entropic's other arguments. First, Charter's failure to address other claims is not dispositive since the DOCSIS License applies on a patent-by-patent basis. Second, Charter clarifies there is nothing inconsistent with its position regarding FBC. Charter does not argue FBC is optional to practice the DOCSIS specification, rather it argues that its use of the FBC is optional, i.e. its cable modems only optionally practice the DOCSIS standard. (Opp. at 13.) At best this would create a question of fact, not grounds to grant Entropic's motion.

### iv.  The '682 Patent

Entropic argues Charter failed to support its contention that the '682 Patent is covered by the DOCSIS License. (Mot. at 7-8.) Entropic argues that Charter failed to address certain elements of claim 1, that Charter addressed a technical report outside of the Specifications not the Specifications themselves, and Charter's license argument is incompatible with its discussion of Profile management Application ("PMA").

Regarding the first argument, Entropic argues that Charter fails to address the elements "generating, by said CMTS for each one of said plurality of service groups, a composite SNR-related metric based at least in part on a worst-case SNR profile of said SNR-related metrics corresponding to said one of said plurality of service groups" and "selecting, by said CMTS, one or more physical layer communication parameter to be used for communicating with said one of said plurality of service groups based on said composite SNR-related metric" of claim 1.

Charter responds that Entropic asserts Charter's use of PMA infringes the '682 Patent and relies on the PMA to assert infringement of every element. (Opp. at 14.) Charter argues Entropic's reliance on "the DOCSIS-specified PMA feature to prove infringement" defeats Entropic's instant motion. (*Id.*)

Again, Charter's argument does not directly contest the elements Entropic claims are missing. Pointing to Entropic's infringement arguments does not rescue Charter's own showing. The relevant portions of Charter's expert report fail to address the elements cited by Entropic. (*See* Dkt. No. 177-5 at ¶¶66-73) As such, the Court recommends that Entropic's motion be **GRANTED** as to the '682 Patent.

While the missing elements argument is sufficient to decide this motion, the Court also quickly addresses Entropic's other arguments. First, it is a question of fact whether the technical report Charter relied upon is part of the DOCSIS Specification or not. Second, Charter clarifies there is nothing inconsistent with its position regarding PMA. Charter does not argue PMA is optional to practice the DOCSIS specification, rather it argues that its use of the PMA is optional, i.e. its cable modems only optionally practice the DOCSIS standard. (Opp. at 13.) Even if Charter's arguments were incompatible, this would be a question of fact for the jury.

## IV.    CONCLUSION

The Court recommends Entropic's summary judgment motion be **GRANTED** as to the '008, '682, and '826 Patents, **DENIED** as to the '690 Patent, and **DENIED AS MOOT** as to the '775 and '362 Patents.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report **by not later than December 7, 2023**, bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations

and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 28th day of November, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

10

**Appx547**

**U.S. District Court**
**Eastern District of TEXAS [LIVE] (Marshall)**
**CIVIL DOCKET FOR CASE #: 2:22-cv-00125-JRG**

Entropic Communications, LLC v. Charter Communications, Inc. et al
Assigned to: District Judge Rodney Gilstrap
Case in other court: FEDERAL CIRCUIT, 24-01896
Cause: 35:271 Patent Infringement

Date Filed: 04/27/2022
Date Terminated: 12/11/2023
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 12/07/2023 | 386 | Charters Objection To Report And Recommendation (Dkt. 357) Granting-In-Part And Denying-In-Part Entropics Motion For Summary Judgment Of No License Defense Based On Docsis (Dkt. 177) Sealed Document. (Attachments: # 1 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/07/2023) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00125-JRG-RSP |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendants.* | § | |

## **ORDER**

Entropic Communications LLC previously filed a Motion for Summary Judgment of No License Defense Based on DOCSIS (Dkt. No. 177.) Magistrate Judge Payne entered a Report and Recommendation (Dkt. No. 357), recommending granting-in-part and denial-in-part of Entropic's Motion for Summary Judgment of No License Defense Based on DOCSIS. Charter has now filed Objections (Dkt. No. 386).

After conducting a *de novo* review of the briefing on the Motion for Summary Judgment of No License Defense Based on DOCSIS, the Report and Recommendation, and the briefing on Charter's Objections, the Court agrees with the reasoning provided within the Report and Recommendation and concludes that the Objections fail to show that the Report and Recommendation was erroneous. Consequently, the Court **OVERRULES** Charter's Objections and **ADOPTS** the Report and Recommendation and orders that the Motion for Summary Judgment of No License Defense (Dkt. No. 177) is **GRANTED-IN-PART** and **DENIED-IN-PART** as provided in the Report and Recommendation.

## So Ordered this
**Dec 8, 2023**

Appx549

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Before the Court is the Stipulation of Dismissal Pursuant to Rule 41(a)(1)(A)(ii) (the "Stipulation") filed jointly by Plaintiff Entropic Communications, LLC and Defendant Charter Communications, Inc. (Dkt. No. 407.) In the Stipulation, the parties "dismiss the above-referenced action with prejudice" pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*Id.* at 1.)

Having considered the Stipulation, the Court **ACCEPTS AND ACKNOWLEDGES** that all claims and causes of action in the above-captioned case are **DISMISSED WITH PREJUDICE**. Each party is to bear its own costs, expenses, and attorneys' fees. All pending requests for relief in the above-captioned case not explicitly granted herein are **DENIED AS MOOT**.

The Clerk of Court is directed to **CLOSE** the above-captioned case as no parties or claims remain.

**So Ordered this**
**Dec 10, 2023**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

███████████████████████

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | ████████████████ |
| Defendant. | |

**CHARTER'S OBJECTION TO REPORT AND RECOMMENDATION (DKT. 357)
GRANTING-IN-PART AND DENYING-IN-PART ENTROPIC'S MOTION FOR
<u>SUMMARY JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS (DKT. 177)</u>**

## I. INTRODUCTION

On September 11, 2023, Entropic filed a Motion For Summary Judgment Of No License Defense Based On DOCSIS. Dkt. 177. The motion sought summary judgment that the Data Over Cable Service Interface Specification ("DOCSIS") License does not entitle Charter to a license to any of the Asserted Patents because Charter's experts did not perform an "element-by-element comparison of any claim" of the Asserted Patents to the DOCSIS specifications. *Id.* at 1; *see also* Dkt. 177-2 (the "DOCSIS License"). Magistrate Judge Payne's Report and Recommendation ("R&R") granted the motion with respect to the '008, '682, and '826 Patents, and denied the motion as to the remaining Patents. Dkt. 357 at 9.

First, the R&R found that because Charter's experts do not opine on the essentiality of the '775 and '362 Patents to the DOCSIS specifications, Entropic's motion should be denied as moot as to these patents. Dkt. 357 at 6. Charter does not object to this recommendation.

Second, the R&R noted that, because "the DOCSIS license applies on a patent-by-patent basis," and Charter's expert Dr. Kevin Almeroth opined as to the essentiality of claim 1 of the '690 Patent, Entropic's motion as to this patent should be denied. *Id.* Charter also does not object to this recommendation.

As to the '008, '826, and '682 Patents, the R&R recommended granting Entropic's motion. *Id.* at 8-9. For the reasons stated below, Charter respectfully objects to these recommendations.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedures provide that, for dispositive motions, a party may serve and file specific written objections to the proposed findings and recommendations within 14 days. FED. R. CIV. P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to[, and] may accept, reject, or modify the recommended disposition." *Id.* at 72(b)(3). Courts grant summary judgment only when,

1

"drawing all justifiable inferences in the non-movant's favor, there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1361 (Fed. Cir. 2012) (citing FED. R. CIV. P. 56 and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

### III.   OBJECTION: THE COURT SHOULD DENY ENTROPIC'S MOTION FOR SUMMARY JUDGMENT OF NO LICENSE DEFENSE BASED ON DOCSIS FOR THE '008, '826, AND '682 PATENTS

As the R&R noted, the issue here is "the clause defining 'Licensed Technology'" in the DOCSIS License, which provides that Licensed Technology "means … patents, all issued patents, pending applications and subsequently filed applications essential for compliance with the Specifications and any patented inventions described in the Specifications." Dkt. 357 at 3 (quoting Dkt. 172-2 at § 1.2). Charter agrees that there are two ways to be licensed: under the "essentiality clause" and "patented invention" clause which refers to "any patented inventions described in the Specifications." *See id.* at 4-5. The R&R correctly found that, because the DOCSIS License is ruled by its contract terms and not by Federal Circuit precedent dealing with essentiality infringement analysis, the essentiality clause applies on a "patent-by-patent basis," (*id.* at 4), and does not require a claim-by-claim analysis (*id.* at 5). The R&R erred for two reasons, however, in recommending that the essentiality clause required an element-by-element analysis of at least one claim. *See id.* at 4. Charter respectfully objects to this recommendation.

First, the R&R erred in rejecting Charter's argument that by interpreting the essentiality clause to mean the same thing as the "patented invention" clause, the Court rendered the essentiality clause superfluous. The R&R correctly held that "[t]he phrase 'patented invention' itself mandates an element-by-element analysis of at least one claim," (*id.* at 5 (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*)). The R&R erred, however, by recommending that "the essentiality clause," which does not use the "patented invention" term

██████████████████████████

upon which the Court relied for its interpretation of the second clause, also "require[es] an element-by-element analysis of at least one claim." Dkt. 357 at 4. The R&R's only reason for why the first clause is not superfluous is that the essentiality clause "relates to what is 'essential for compliance,'" while the second clause is what "is merely described by the [DOCSIS] Specifications." *Id.* at 6. But, respectfully, this does not explain what the difference in the clauses would actually be. Setting forth the same test under each clause would render the first clause superfluous.

<u>Second</u>, even putting aside its contract interpretation that renders the first clause superfluous, the R&R erred by interpreting the "essentiality clause' as requiring an element-by-element test.  The R&R cites language from *Philips* that requires an element-by-element analysis of at least one claim for the term "patented invention," (Dkt. 357 at 5), however it ignores the fact that even on this reading, ***only*** the second clause uses the term "patented invention." Dkt. 172-2 at §1.2 The ██████████████" asks only whether a ██████████████████████" with the DOCSIS specifications. *Id.* And, while a patent ***might*** be shown to be essential to comply with DOCSIS by comparing its claims to the DOCSIS specifications, a patent could ***also*** be essential for compliance if it is required in order to use any portion of a DOCSIS specification. In other words, if a patent is required to use a DOCSIS technology, and that technology is essential for

3

compliance with the DOCSIS specifications, then that patent must be essential for compliance with the DOCSIS specifications.[1] An element-by-element analysis is not required.[2]

This is precisely the case here, if Entropic's infringement allegations are proven correct. For each of the '008, '826, and '682 Patents, there is expert testimony showing that the technology at issue is essential for compliance with the DOCSIS specifications. *See* Dkt. 215 at 10–14; *see also id.*, Add. SOF ¶¶ 4–11. And Entropic's infringement contentions assert that their Patents are required to practice the technology in question. *See, e.g.*, Dkt 215-21 (Exhibit F from Entropic's 2nd Supplemental Infringement Contentions, dated June 23, 2023).

## A.    The '008 And '826 Patents

The R&R, applying the element-by-element standard, found that Charter has not shown that either the '008 Patent or the '826 Patent are essential for compliance with the DOCSIS specifications. But in doing so, the R&R erred in rejecting Charter's argument that collecting full-band capture ("FBC") data is essential for compliance with the DOCSIS specifications under the DOCSIS License.

The R&R misunderstands Charter's position. It states that "showing [that] a common element is essential for both the patent and the [DOCSIS] standard" would be insufficient. Dkt.

---

[1] "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002). The plain meaning of the word "essential" in the License Agreement requires a showing that there is no practical way to comply with the DOCSIS Specifications without infringing Entropic's patents. *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 2111217, at *1 (W.D. Wash. Apr. 25, 2013) (patents that "must be practiced to accomplish the standard[] are called standard essential patents").

[2] While Charter believes the meaning of "essential" is clear in not requiring an element-by-element analysis, if "ambiguity or equivocation exists and the extrinsic evidence presents a question of credibility or a choice among reasonable inferences, the case should not be resolved by way of summary judgment." *Mohawk Valley Water Auth. v. State*, 74 N.Y.S.3d 430, 432 (N.Y. App. Div. 2018) (quotation omitted). If this Court finds the term "essential" ambiguous, it should thus still deny Entropic's motion for summary judgment.

357 at 7. But Charter has not argued merely that FBC is an element in common; rather, Charter has said that if Entropic's infringement theory is correct, then without the right to collect FBC data covered by the '008 and '826 Patents, Charter could not comply with this portion of DOCSIS. *See* Dkt. 215 at 12. In other words, if the '008 and '826 Patents are essential to collecting FBC data, and collecting FBC data is essential to compliance with the DOCSIS specifications, then the '008 and '826 Patents are essential to compliance with the DOCSIS specifications.

As for evidence, there is sufficient evidence to show genuine dispute of material fact as to both parts of essentiality. <u>First</u>, Entropic's own infringement expert Dr. Souri has asserted that Charter infringed each asserted claim of the '008 and '826 Patents because its ███████████ ███████████████████████████████████████████████████████████████" Dkt. 215-5 at ¶¶ 60, 77. And Dr. Souri has opined that he is "not aware of any alternatives" for FBC data collection that do not infringe the '008 Patent (*id.* at ¶ 72), nor has he identified any for the '826 Patent.

<u>Second</u>, both parties' experts have provided evidence relating to DOCSIS's requirements for FBC data collection. The DOCSIS 3.1 specifications, cited by Dr. Almeroth, state that cable modems should "provide the capability to capture and analyze the full downstream band of the cable plant" and report this "full band capture information," (Dkt. 215-18 at § 9.3.2), and Dr. Almeroth has explained that this technology has been included in the DOCSIS specifications (Dkt. 177-5 at ¶¶ 60-61). And, Dr. Souri admits that FBC is incorporated in DOCSIS: "the 'DOCSIS Best Practices and Guidelines' (DOCSIS 3.0) described how it was 'FBC [that] enabled operators to have spectrum analysis capabilities wherever modern DOCSIS 3.0 CMs have been deployed.'" Dkt. 215-5 at ¶¶ 61–62.

Accordingly, there is ample evidence that, if Entropic prevails on its infringement case, the '008 and '826 Patents are required to collect FBC data, and that FBC data collection is essential

US 175143527v3

███████████████████████████████████

for compliance with the DOCSIS specifications. Therefore, there is sufficient evidence for a jury to conclude that the '008 and '826 Patents are essential for compliance with DOCSIS, and thus, covered by the DOCSIS License.

### B.     The '682 Patent

The R&R also erred in recommending the motion be granted as to the '682 Patent on the basis of an element-by-element analysis rule. However, here, the R&R has erred for two reasons.

<u>First</u>, the R&R's statement that "Charter's argument does not directly contest the elements Entropic claims are missing," (Dkt. 357 at 9), does not address what Charter ***does*** contest. Namely, similar to the analysis for FBC above, if Entropic's assertion that the use of PMA infringes the '682 Patent is correct, then the '682 Patent is required to use PMA. *See* Dkt. 215 at 14; Dkt. 267 at 4. And if PMA is in turn required for compliance with the DOCSIS specifications (*see* Dkt. 215 at 13-14), then the '682 Patent is essential for compliance with the DOCSIS specifications. Accordingly, the R&R should not have granted the motion as to the '682 Patent, because an element-by-element analysis is not required. *See* Section III, above.

And, as before, there is sufficient evidence to show genuine dispute of material fact as to both parts of essentiality. Entropic has relied on ████ as its basis for infringement of the '682 Patent. *See* Dkt. 215 at Add. SOF ¶ 10 (citing Dkt. 215-5 at ¶¶ 338, 358, 364, 374, 397, 402, and 408). And Dr. Souri has explicitly said he is ███████████████████████████████████

███████████████████████████████████

█████████████████████████████ Dkt. 215-5 at ¶ 330. Finally, Dr. Almeroth has explained the DOCSIS 3.1 PMA Technical Report is "referenced in the DOCSIS License and thus should be considered a part of the DOCSIS specification," and that it "relies heavily on the DOCSIS specifications." Dkt. 177-5 at ¶ 73. Dr. Almeroth has explained that, in his opinion, PMA is essential for compliance with the DOCSIS specifications. *Id.* at ¶¶ 71-73. So, there is evidence

6

███████████████████████

such that a reasonable jury could conclude that the '682 Patent is essential for compliance with DOCSIS, and thus, covered by the DOCSIS License.

<u>Second</u>, even if an element-by-element analysis were required, the R&R erred in determining that "[p]ointing to Entropic's infringement [opinions] does not rescue Charter's own showing." Dkt. 357 at 9. It is immaterial **which** party has supplied the evidence; all of the evidence in the record is considered. *See* FED. R. CIV. P. 56(c)(1)(a) (permitting citation to any materials in the record); *James v. State Farm Mut. Auto. Ins. Co.*, 719 F.3d 447, 466 (5th Cir. 2013) ("In determining whether a genuine dispute exists as to any material fact, the court must consider all of the evidence in the record[.]"), *opinion withdrawn and superseded on other grounds,* 743 F.3d 65 (5th Cir. 2014). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In this case, for **every element**, Entropic's own expert has relied on a █████████████ that, according to Entropic, is ██████████████████████████ ██████" *See* Dkt. 215 at Add. SOF ¶ 10 (citing Dkt. 215-5 at ¶¶ 338, 358, 364, 374, 397, 402, and 408). This is a sufficient element-by-element comparison of the '682 Patent to the CableLabs reference PMA system by Dr. Souri, which Dr. Almeroth opines is essential to the DOCSIS specifications. Dkt. 177-5 at ¶¶ 71-73. So, there is at least a genuine dispute of material fact as to whether the '682 Patent is covered by the DOCSIS License.

## IV.    CONCLUSION

For the forgoing reasons, Charter respectfully objects to the R&R's recommendation and requests that the Court deny Entropic's Motion For Summary Judgment Of No License Defense Based On DOCSIS in its entirety.

US 175143527v3

Dated:  December 7, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.louden@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real, 5 Palo Alto Square, #500

8

Palo Alto, California, 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

9

███████████████████████████████

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 7, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long

███████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████

██████████████
██████████

10

**Appx561**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

## DEFENDANT'S NOTICE OF INTENT TO REQUEST REDACTION

Pursuant to the Court's December 8, 2023, Notice of Filing of Official Transcript [Dkt. 405], Defendant Charter Communications, Inc. hereby provides notice that by December 29, 2023, it will file a motion to redact portions of the transcript of the pretrial hearing held on December 8, 2023, reported by Shelly Holmes.

1
**Appx562**

Dated: December 15, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
ARNOLD & PORTER KAYE SCHOLER LLP

**Appx563**

3000 El Camino Real #500,
Palo Alto, California 94304
Telephone:  (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 15, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long

**Appx565**

**U.S. District Court**
**Eastern District of TEXAS [LIVE] (Marshall)**
**CIVIL DOCKET FOR CASE #: 2:22-cv-00125-JRG**

Entropic Communications, LLC v. Charter Communications, Inc. et al
Assigned to: District Judge Rodney Gilstrap
Case in other court: FEDERAL CIRCUIT, 24-01896
Cause: 35:271 Patent Infringement

Date Filed: 04/27/2022
Date Terminated: 12/11/2023
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 12/29/2023 | 417 | AGREED SEALED MOTION *Corrected Joint Motion to Redact Transcript [Dkt. 405]* by Charter Communications, Inc.. (Attachments: # 1 Exhibit Ex. A, # 2 Proposed Order Proposed Order)(Long, Elizabeth) (Entered: 12/29/2023) |

**U.S. District Court**
**Eastern District of TEXAS [LIVE] (Marshall)**
**CIVIL DOCKET FOR CASE #: 2:22-cv-00125-JRG**

Entropic Communications, LLC v. Charter Communications, Inc. et al
Assigned to: District Judge Rodney Gilstrap
Case in other court: FEDERAL CIRCUIT, 24-01896
Cause: 35:271 Patent Infringement

Date Filed: 04/27/2022
Date Terminated: 12/11/2023
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 01/02/2024 | 420 | SEALED MOTION *(Joint Motion for Entry of Public Version of Order (Dkt. No. 368)* by Entropic Communications, LLC. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Shimota, James) (Entered: 01/02/2024) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:22-CV-00125-JRG |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## ORDER

Before the Court is the "Joint Motion for Entry of Public Version of Order (Dkt. No. 368)" (the "Motion") filed jointly by the parties. (Dkt. No. 420.) In the Motion, the parties request that the Court enter a redacted version of the Order found at Dkt. No. 368. (Dkt. No. 420 at 1.) The parties have attached a version of the Order with redactions (the "Redacted Version"). (*See* Dkt. No. 420-1.)

The parties are directed to file the Redacted Version on the  docket as an attachment to a Notice of Redaction within two (2) business days of this Order.

Accordingly, the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 3rd day of January, 2024.**

_____

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

█████████████████████████████████████

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | ████████████████ |

## CORRECTED JOINT MOTION TO REDACT TRANSCRIPT [DKT. 405]

### I.     INTRODUCTION

Defendant Charter Communications, Inc. ("Charter") and Plaintiff Entropic Communications, LLC hereby respectfully request the Court to redact portions of three lines of the December 8, 2023 Pretrial Hearing Transcript (Dkt. 405) ("Transcript").

### II.    LEGAL STANDARD

"[W]here the parties request redaction of confidential financial and business information discussed at the hearing, the court will grant the motion." *Personal Audio, LLC, v. Apple, Inc.*, No. 9:09-cv-00111-RC, Dkt. 75 (E.D. Tex. Feb. 22, 2010).  "[P]arties may redact only those portions [of a transcript] actually containing (not merely alluding to) non-public information the release of which would cause commercial harm to an entity or person." *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-cv-00134-JRG-RSP, Dkt. 291 (E.D. Tex. Apr. 28, 2017).

1

███████████████████████████████

### III.    ARGUMENT

Good cause exists for the redactions as these contain highly confidential and sensitive business information regarding Charter's business decisions.  Specifically, the parties seek to redact three portions of the Transcript that contain non-public information—██████████████ ████—the release of which would cause commercial harm to Charter.  The parties seek to redact the following:

| Page(s):Line(s) | Proposed Redacted Text |
|---|---|
| 9:7 | ████████████ |
| 9:16 | ████████████ |
| 10:2 | █████████████ |

Further, because the parties seek to redact three small, discreet portions of the Transcript, the redaction of this material will not impede the understanding of the rulings of the Court.  A proposed redacted version of the hearing transcript is attached as Exhibit A.

### IV.    CONCLUSION

Accordingly, the parties respectfully request that the Court grant their motion to redact portions of the December 8, 2023 transcript (Dkt. 405).

███████████████████████████████

Dated: December 29, 2023

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young
Thomas Carr
Natalie Steiert
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real #500,
Palo Alto, California 94304

3

███████████████████████████████

Telephone:  (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

*Attorneys for Defendant*
*Charter Communications, Inc.*

*/s/ Katherine Allor*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
K&L GATES LLP
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com
samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
K&L GATES LLP
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs

4

K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

Alan Littmann
Michael Pieja
Doug Winnard
Jennifer Hartjes
Shaun Zhang
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM, LLP
200 South Wacker Drive. 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
alittmann@goldmanismail.com
mpieja@goldmanismail.com
dwinnard@goldmanismail.com
jhartjes@goldmanismail.com
szhang@goldmanismail.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

5

████████████████████████████████

*Attorneys For Plaintiff*
*Entropic Communications, LLC*

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served December 29, 2023, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies pursuant to Local Rule CV-7(i) that the relief requested in this motion is agreed.

*/s/ Elizabeth Long*
Elizabeth Long

7

**Appx575**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

ENTROPIC COMMUNICATIONS, LLC,

    *Plaintiff,*

v.

CHARTER COMMUNICATIONS, INC.,

    *Defendant.*

Civil Action No. 2:22-cv-00125-JRG

### NOTICE OF REDACTION

Pursuant to the Court's Order (Dkt. No. 421), Plaintiff Entropic Communications, LLC and Defendant Charter Communications, Inc. hereby file a redacted public version of the Court's Memorandum Order Denying Charter's Motion to Exclude the Expert Opinions of Stephen Dell (Dkt. No. 368). The parties' agreed redactions to Dkt. No. 368 are attached as Exhibit A to this Notice.

Dated: January 4, 2024

Respectfully submitted,

*/s/ James Shimota*
James Shimota
Jason Engel
George Summerfield
Katherine L. Allor
Samuel P. Richey
Ketajh Brown
**K&L GATES LLP**
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: (312) 807-4299
Fax: (312) 827-8000
jim.shimota@klgates.com
jason.engel@klgates.com
george.summerfield@klgates.com
katy.allor@klgates.com

1

samuel.richey@klgates.com
ketajh.brown@klgates.com

Nicholas F. Lenning
Courtney Neufeld
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7022
nicholas.lenning@klgates.com
courtney.neufeld@klgates.com

Darlene Ghavimi
Matthew A. Blair
**K&L GATES LLP**
2801 Via Fortuna, Suite 650
Austin, Texas 78746
Tel: (512) 482-6800
darlene.ghavimi@klgates.com
matthew.blair@klgates.com

Christina N. Goodrich
Connor J. Meggs
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Tel: (310) 552-5031
Fax: (310) 552-5001
christina.goodrich@klgates.com
connor.meggs@klgates.com

Peter E. Soskin
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8046
peter.soskin@klgates.com
Alan Littmann
Michael Pieja
Doug Winnard
Jennifer Hartjes
Shaun Zhang
**GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM, LLP**
200 South Wacker Drive. 22nd Floor
Chicago, IL 60606

2

Tel: (312) 681-6000
Fax: (312) 881-5191
alittmann@goldmanismail.com
mpieja@goldmanismail.com
dwinnard@goldmanismail.com
jhartjes@goldmanismail.com
szhang@goldmanismail.com

Wesley Hill
Texas Bar No. 24032294
Andrea Fair
Texas Bar No. 24078488
Charles Everingham, IV
Texas Bar No. 787447
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy
Longview, TX 75604
Tel: (903) 757-6400
wh@wsfirm.com
andrea@wsfirm.com
ce@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
ENTROPIC COMMUNICATIONS, LLC**

*/s/ Elizabeth Long (with permission)*
Deron R. Dacus
State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-7233
ddacus@dacusfirm.com
Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
Jacob Bass
**ARNOLD & PORTER KAY
SCHOLER LLP**
250 West 55th Street
New York, New York 10019-9710
Tel: (212) 836-8000
Fax: (212) 836-8689
daniel.reisner@arnoldporter.com
david.benyacar@arnoldporter.com

**Appx578**

elizabeth.long@arnoldporter.com
albert.boardman@arnoldporter.com
melissa.brown@arnoldporter.com
jacob.bass@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Young
Thomas Carr
Natalie Steiert
**ARNOLD & PORTER KAY
SCHOLER LLP**
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Tel: (202) 942-5000
Fax: (202) 942-5999
marc.cohn@arnoldporter.com
amy.dewitt@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

**ATTORNEYS FOR DEFENDANT
CHARTER COMMUNICATIONS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's CM/ECF system on all counsel of record on January 4, 2024.

*/s/ James Shimota*
James Shimota

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ENTROPIC COMMUNICATIONS, LLC

                     Plaintiff,

      v.

CHARTER COMMUNICATIONS, INC.

                Defendant.

Civil Action No. 2:22-cv-00125-JRG

**<u>MOTION OF THE ELECTRONIC FRONTIER FOUNDATION</u>**
**<u>TO INTERVENE AND TO UNSEAL COURT RECORDS</u>**

## TABLE OF CONTENTS

I.    Introduction ................................................................................................. 1

II.   Factual Background ..................................................................................... 2

   A.  Entropic, Charter, Their Dispute, and EFF ............................................. 2

   B.  The Parties' Heavily Redacted Motion Papers Emphasize DOCSIS .................. 3

   C.  EFF Asked Parties To Remedy Their Oversecrecy and Was Rebuffed ............... 5

III.  Argument .................................................................................................. 7

   A.  A Strong Presumption of Public Access Attaches to the Sealed Filings, and Protective Orders Do Not Abrogate This Presumption ................................................... 7

      i.   A Strong Presumption of Public Access Attaches to the Sealed Filings ........................ 7

      ii.   Protective Orders Do Not Abrogate Presumption of Public Access .............................. 9

   B.  The Current State of This Docket Violates the Public Right of Access ............. 10

   C.  The Court Should Permit EFF to Intervene for the Limited Purpose of Vindicating the Public's Right of Access ................................................................... 13

IV.  Requested Relief ........................................................................................ 15

V.   Conclusion ................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) ................................................. 8

*Bage v. Galveston Cnty.*, No. 3:20-cv-00307, 2022 WL 2954332 (S.D. Tex. July 25, 2022) ..... 10

*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021) ......................................... passim

*Blue Spike, L.L.C. v. Audible Magic Corp.*, No. 6:15-cv-00584, 2016 WL 3870069
    (E.D. Tex. Apr. 18, 2016) .................................................................................................... 13

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209 (5th Cir. 2019) ........... 8, 10, 14

*In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008) ............ 7, 8

*In re Sealing Non-Disclosure Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876 (S.D. Tex. 2008) . 7

*In Re Violation of Rule 28(d)*, 635 F.3d 1352 (Fed. Cir. 2011) ....................................................... 7

*June Med. Servs., LLC v. Phillips*, 22 F.4th 512 (5th Cir. 2022) ....................................... 9, 10, 12

*Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006) ................................................................... 13

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) ............................................................. 1, 7

*Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555 (1980) ........................................................... 1, 7

*S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993) .......................................................... 9

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ..................................................................... 9

*Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977) ......................................................... 14

*Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-00713, 2016 WL 3460763
    (E.D. Tex. Apr. 7, 2016) ...................................................................................................... 13

*U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571 (5th Cir. 2023) ................................. 13

*U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, No. 2:16-CV-00432, 2024 WL 1149191
    (E.D. Tex. Mar. 15, 2024) ............................................................................................... 13, 14

*U.S. v. Cianfrani*, 573 F.2d 835 (3d Cir. 1978) ............................................................................. 8

*U.S. v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685 (5th Cir. 2010) .......................... 8, 13

**Other Authorities**

Brief of Public Knowledge et al. as Amici Curiae in Support of Appellant Impression Products,
    *Lexmark Int'l, Inc. v. Impression Prods., Inc.*, 816 F.3d 721 (Fed. Cir. 2016) (Nos. 14-1617,
    14-1619) .................................................................................................................................. 3

Donald S. Chisum, Chisum on Patents § 16.03[2][b] (2024) ......................................................... 3

Federal Rule of Civil Procedure 24(b) .......................................................................................... 13

Federal Rule of Civil Procedure 26(c) ............................................................................................ 9

Hon. Timothy B. Dyk, *Ten Prescriptions for What Ails Patent Law*, 17 Stan. Tech. L. Rev. 345
    (2014) ...................................................................................................................................... 3

Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be
    Presented to the Court During Motion and Trial Practice (E.D. Tex. June 1, 2016) .... 1, 7, 8, 11

**Appx583**

## I.    Introduction

Under the First Amendment and the common law, the public is guaranteed a right to access court proceedings and records. *Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555, 573–75 (1980); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The Electronic Frontier Foundation (EFF) seeks to intervene in this case for the limited purpose of vindicating the public's right to access court records. EFF is a nonprofit organization working to ensure that patent law balances the private grants to patent owners, innovation, and the public interest. Both parties have filed legal memoranda and documentary exhibits to which the public has a presumptive right of access under both the U.S. Constitution and the common law. The parties have filed under seal evidence and arguments concerning a nationally important, precedent-setting case-dispositive defense. The parties placed these documents under seal without seeking permission to do so via motion—without any argument from either party as to why sealing is justified. As a result, there is no Court ruling that the parties' interest in secrecy overcomes the strong presumption of public access.

That is improper. This Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice (E.D. Tex. June 1, 2016) (Standing Order), as well as binding precedents of the various appellate courts, require parties to demonstrate, via motion, that their need for secrecy outweighs the public's right of access. The Standing Order further requires this Court to make specific findings that justify the sealing of every document. Court records cannot be sealed simply because parties agree or because a protective order suggests as much. A protective order is meant to limit disclosure of certain information in discovery, yet the parties relied solely on a protective order to seal documents outside of discovery.

1

To remedy these violations, the Court can and should order unsealing of the sealed records or, to the extent any party seeking sealing is able to meet its high burden that continued sealing is necessary as to some portion of the sealed records, order the parties to justify their sealing via motions to seal. The Court should then carefully weigh the proffered justifications for secrecy against the strong presumption of public access. To prevent similar violations from occurring in the future, the Court should reaffirm that the requirements of the Standing Order apply to all documents filed under seal on the public docket, and that a protective order cannot relieve parties of the requirements to file motions seeking to justify their sealing requests.

## II.   Factual Background

### A.  Entropic, Charter, Their Dispute, and EFF

Entropic Communications, LLC (Entropic) filed this case against Charter Communications, Inc., Spectrum Advanced Services, LLC, and Spectrum Management Holding Company, LLC (collectively Charter). No. 2:22-cv-00125 (E.D. Tex. Apr 27, 2022). Entropic is a semiconductor products provider. Charter is one of the nation's largest telecommunications and mass media companies, offering cable television and internet services.

Entropic alleged that Charter infringed its patents (U.S. Patent Nos. 8,223,775, 8,284,690, 8,792,008, 9,210,362, 9,825,826, and 10,135,682), which cover cable modem technology. Dkt. 53 ¶ 1. Entropic alleged that Charter infringed its patents by leasing, selling, and distributing cable modems and set top boxes (STBs) used by millions of customers. Dkt. 53 ¶¶ 5, 11.

On December 10, 2023, the parties announced a settlement and asked that the case be formally closed but that the Court retain jurisdiction. Dkt. 407.

A key issue in the case appears to be the relevance of the industry-leading Data Over Cable Service Interface Specification (DOCSIS) cable data transmission standard. *See* Dkt. 357 at 1–2. This standard is a cornerstone of cable internet in the United States, making it unusually

important. In addition, Charter's license defense based on DOCSIS may implicate a core legal question in patent law: when is a particular patent "essential" to a technical standard and thus encumbered by licensing commitments? Dkt. 357 at 3–9.

EFF is a public interest nonprofit organization that advocates for, among other things, public awareness of the patent system.[1] EFF's interest in patents is based in part on ensuring there is a balance between the private grants to patent owners and the public interest. As part of its public advocacy, EFF publishes a widely read educational blog, files amicus briefs, and submits public comments to the Patent & Trademark Office. Declaration of Aaron Mackey (Mackey Decl.) ¶¶ 5–14. EFF's participation in patent litigation has been recognized favorably by a judge on the Court of Appeals for the Federal Circuit. *See* Hon. Timothy B. Dyk, *Ten Prescriptions for What Ails Patent Law*, 17 Stan. Tech. L. Rev. 345, 352 (2014).

Given this mission, EFF takes interest in the license defense, an important legal defense that recurs in patent cases. *See* Donald S. Chisum, Chisum on Patents § 16.03[2][b] (2024) (summarizing the license defense); Brief of Public Knowledge et al. as Amici Curiae in Support of Appellant Impression Products, *Lexmark Int'l, Inc. v. Impression Prods., Inc.*, 816 F.3d 721 (Fed. Cir. 2016) (Nos. 14-1617, 14-1619) (discussing the defense in an amicus brief of EFF); Mackey Decl. ¶¶ 16–21 (elaborating EFF's interest in the license defense).

**B. The Parties' Heavily Redacted Motion Papers Emphasize DOCSIS**

Following the parties' agreed motion, the Court issued a protective order in this case (Protective Order) on August 10, 2022. Dkts. 32, 36. Most of the Protective Order is copied verbatim from this District's Sample Patent Protective Order (Sample Protective Order).

---

[1] *See generally* Electronic Frontier Foundation, Patents, https://www.eff.org/patent.

On September 11, 2023, Entropic moved for summary judgment of no license defense based on the DOCSIS. Dkts. 177, 272. The public version of Entropic's motion is heavily redacted, making it hard to understand. However, based on the case law cited in the motion, it seems Entropic may have argued that Charter is not entitled to a license defense based on DOCSIS because the patents-in-suit are not standard-essential to DOCSIS. Dkt. 272 at 5. Entropic never moved to seal its motion, and thus did not provide any justification for sealing. Every associated exhibit remains sealed. Dkt. 272.

From September to October 2023, Charter and Entropic filed briefs under seal without a motion to seal and without further elaboration. Dkts. 215, 237, 276. They filed heavily redacted public versions of each filing, making it difficult for the public to understand Charter's asserted defense and Entropic's arguments against it. Dkts. 224, 272, 276, 314. Even a portion of a table of contents is redacted. Dkt. 224 at ii. Some exhibit names are, too. Dkt. 224-1 at 1–2.

In November 2023, Magistrate Judge Roy Payne issued a Report and Recommendation (R&R), which explained Charter's DOCSIS defense for the first time. Dkt. 357. Judge Payne recommended denial-in-part and grant-in-part. *Id.* at 9. The Court later adopted the R&R, thus making important precedent on these questions. Dkt. 399. What little the public can now glean about the DOCSIS dispute is through the limited information Judge Payne revealed in his R&R, which was entirely unredacted. In the R&R, the public learned for the first time that the two key issues are (1) what the DOCSIS License means by "Licensed Technology" as a matter of contract interpretation and (2) whether Charter has plausibly shown any of the patents at issue fall within the meaning of "Licensed Technology." Dkt. 357 at 3. The latter issue is of particular importance to the public, as it implicates the legal standard for evaluating whether a given patent is "essential" to a technical standard (and is, therefore, a standard-essential patent).

Consider the first issue: what the DOCSIS License means by "Licensed Technology" as a matter of contract interpretation. The DOCSIS License itself has been filed entirely under seal, with no public version. *See* Dkt. 272. The parties' briefing on how the term "Licensed Technology" should be construed is redacted as to obscure all the contract's language and essentially all the parties' relevant legal argument. *See, e.g.*, Dkts. 272, 224; *see also* Declaration of Christopher Morten (Morten Decl.) Ex. E (collecting examples of heavy redaction).

As for the second issue—whether Charter has plausibly shown any of the patents at issue fall within the meaning of "Licensed Technology"—the parties' briefing and exhibits are again so sealed and so heavily redacted that their arguments are indiscernible. For example, through the R&R, the public learned that Charter argued that two of the asserted patents required the use of something called "full band capture (FBC)," without which Charter would allegedly not be able to use or comply with DOCSIS. Magistrate Judge Payne rejected this argument and granted Entropic's motion because Charter had failed to show that these two patents were licensed by showing all elements of a claim required for DOCSIS compliance. Dkt. 357 at 7–8. Redactions in the sealed papers make it impossible to know what FBC is, why FBC is relevant to infringement of these two patents, and whether Charter's products use FBC.

In December 2023, Charter filed a sealed objection to the R&R. Dkt. 386. The public version was significantly redacted; again, since there was no motion to seal, there was no justification for those redactions. Dkt. 412. The public version of Charter's objection sheds no new light on the two key issues that underlie the DOCSIS License defense.

## C.  EFF Asked Parties To Remedy Their Oversecrecy and Was Rebuffed

On January 5, 2024, EFF emailed counsel for Entropic and Charter, flagging widespread violations of the public right of access in this case, including unjustified sealing of the motion papers described above. Morten Decl. ¶ 4; *see also* Morten Decl. Ex. C at 16–18. On January 10,

the parties jointly responded that "[t]he parties' sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 that references the protective order. As such, motions to seal are not required." Morten Decl. Ex. C at 15. On January 18, EFF emailed the parties, explaining that this Court's Standing Order and binding case law do not permit unjustified sealing and that the Protective Order cannot supersede these sources of law. *Id.* at 13–14.

On January 26, 2024, EFF met and conferred with Entropic and Charter. Morten Decl. ¶ 8. Counsel for Entropic stated that Entropic does not have a view on whether the information should remain sealed and that Entropic will not take any action. *Id.* Counsel for Charter reiterated that sealing is justified under the Protective Order. *Id.* Shortly after the meet and confer, EFF formally offered to narrow the dispute to a small set of documents, in an effort to resolve the dispute out of court. *Id.* ¶ 9. EFF asked the parties to file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that concern the DOCSIS License defense and one other dispositive motion[2] that the parties wish to keep sealed. *Id.* ¶¶ 8–9. Furthermore, EFF also asked the parties to promptly re-file on the docket any currently sealed records that the parties do not wish to keep sealed, in unsealed, publicly accessible form. *Id.*

Both Entropic and Charter declined to take EFF's requested action. *Id.* ¶¶ 10–15. As such, EFF finds itself at an impasse and files this motion. For the Court's convenience, EFF has compiled a consolidated table of the sealed motion papers that concern Charter's asserted DOCSIS License defense. *See* Morten Decl. Ex. B. For ease of reference, EFF deems these sealed papers the "Sealed Filings." It is these papers' sealing that this motion challenges. Entropic stated that it will not oppose; Charter stated that it will oppose. Morten Decl. ¶¶ 13–14.

---

[2] Dkts. 179, 274 (Entropic's Motion for Partial Summary Judgment That Devices With MaxLinear Chips are Not Non-Infringing Alternatives Affecting the Reasonable Royalty Rate).

6

III.    **Argument**

A.  **A Strong Presumption of Public Access Attaches to the Sealed Filings, and Protective Orders Do Not Abrogate This Presumption**

i.    **A Strong Presumption of Public Access Attaches to the Sealed Filings**

Under the First Amendment and the common law, the public is guaranteed a right to access court proceedings and records. *Richmond Newspapers*, 448 U.S. at 573–75; *Nixon*, 435 U.S. at 597. From these sources of law arises a strong presumption in favor of public access to court proceedings and records. Standing Order (citing *In Re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011); *Richmond Newspapers*, 448 U.S. at 595). This right applies to the entire record filed in court, including pleadings, motions, exhibits, court orders, related docket information, "and other materials filed by a party . . . that influence or underpin the judicial decision." *In re Sealing Non-Disclosure Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008); *see also In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (applying the presumption of access to court orders, docket minute entry, and related exhibits). The presumption of access is especially strong for material related to judicial decision-making. As the Fifth Circuit has recognized, "materials used by a court in granting . . . a dispositive motion that adjudicates the legal merits of a case . . . present the clearest example of judicial records presumptively subject to public scrutiny." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 n.41 (5th Cir. 2021). This is because "legal arguments, and the documents underlying them, belong in the public domain." *Id.* at 421.

The public's right of access to court records is fundamental to the rule of law. This right (1) serves to hold judges accountable for their actions; (2) provides the public with greater insight into judicial decision-making; and (3) enhances the legitimacy of the judiciary in the eyes of the American people. *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir.

2019). "'[P]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors . . . with the record supporting the court's decision sealed from public view.'" *High Sulfur Content Gasoline Prods.*, 517 F.3d at 230 (quoting *U.S. v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978)).

Therefore, the Fifth Circuit requires district courts to exercise "the power to seal court records . . . sparingly in light of the public's right to access." *U.S. v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). This Court's Standing Order reflects this bedrock principle: it asks parties wishing to file material under seal to demonstrate that "the information sought to be protected is of such a sensitive nature that its disclosure creates a risk of harm that outweighs the strong presumption in favor of public access to judicial proceedings." *See* Standing Order at 1. Parties must support their arguments with "specific factual findings [in favor of sealing] that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 3 (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)).

Afterwards, "judges, not litigants must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure'" to overcome the default expectation of transparency in favor of sealing. *Le*, 990 F.3d at 417, 419. Judges must provide a sealing analysis and explain their reasoning at "a level of detail that will allow for [the Fifth Circuit]'s review." *Id.* at 419. The Fifth Circuit asks judges to grapple with the "public and private interests," consider "less drastic alternatives," and provide "assurance that the extent of sealing was congruent to the need." *Id.* at 420. A court abuses its discretion if it "makes no mention of the presumption in favor of the

8

**Appx591**

public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Id.*; *see also S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993).

### ii.   Protective Orders Do Not Abrogate Presumption of Public Access

Protective orders govern confidentiality during the discovery process, "prevent[ing] a party from disseminating . . . information obtained through use of the discovery process." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Protective orders have their place: they "honor[] legitimate privacy interests and facilitat[e] the efficient exchange of information," allowing for quicker discovery. *Le*, 990 F.3d at 420. But to obtain the protection of a protective order, a movant must show only "good cause." Fed. R. Civ. P. 26(c)(1). A showing of good cause requires "a particularized factual showing of the harm to be avoided." *Le*, 990 F.3d at 419 n.30.

"[D]ifferent legal standards govern protective orders and sealing orders." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). To seal judicial records district courts must apply a "stricter balancing test." *Le*, 990 F.3d at 419. Whereas protecting "documents produced in discovery" requires only "a finding of 'good cause,'" *id.*, the "exacting standard," *id.* at 418, for "shielding records from public view is far more arduous," *id.* at 420.

And because different legal standards apply, "that a document qualifies for a protective order under Rule 26(c) for discovery *says nothing* about whether it should be sealed once it is placed in the judicial records." *June Med. Servs.*, 22 F.4th at 521 (emphasis added). That is why motions to seal are required to shield judicial records from public view even when those same documents are marked confidential pursuant to a properly entered protective order. Parties who want to seal documents and information in the judicial record must demonstrate to the Court that their interests in secrecy outweigh the presumption of public access. The procedural device required to do so is a motion to seal.

Nor do protective orders exempt courts from providing reasons for sealing judicial records. District courts must provide "sufficient reasons for its decisions" concerning sealing of judicial records "to enable appellate review." *Id.* at 519. When a district court fails to do so it "abuses its discretion." *Id.* In *June Medical Services*, the Fifth Circuit held that a district court abused its discretion when the court's only proffered "justification for sealing entire categories of documents was that those documents 'fall[] squarely within the Protective Order.'" *Id.* at 521.

Confidentiality pursuant to protective orders cannot substitute for motions to seal and court orders protecting the public's right of access because "private litigants should not be able to contract [the public's] right [of access] away." *BP Expl. & Prod.*, 920 F.3d at 211. Protective orders are agreements between two (often private) parties to keep certain information and documents confidential during discovery. But a protective order is ultimately an agreement between two private litigants who often "have no incentive to protect the public's right of access." *Id.* To allow such an agreement to seal judicial records "as a matter of course" deprives the public of the independent judicial review required to protect its interests. *Bage v. Galveston Cnty.*, No. 3:20-cv-00307, 2022 WL 2954332 at *1 (S.D. Tex. July 25, 2022).

### B.  The Current State of This Docket Violates the Public Right of Access

The docket in this case is replete with violations of the public right of access. A strong presumption of public access attaches to the Sealed Filings because these are case-dispositive motion papers—Entropic's and Charter's evidence and legal arguments on a defense that would exempt Charter of all liability. *See Le*, 990 F.3d at 420.

Yet the Sealed Filings are significantly redacted or sealed entirely. Entropic and Charter each filed their motion, response, reply, and sur-reply under seal without motions to do so. Even the DOCSIS License—the specific, widely important agreement on which Charter's defense rests—is sealed in full and unavailable to the public, save for two sentences quoted by Magistrate

Judge Payne. *See supra* § II.B. EFF and the broader public are thus unable to fully understand the Court's decision on the DOCSIS License defense.

The parties' sealing of the Sealed Filings is entirely unjustified, in violation of the public right of access. After the Protective Order was entered, "judicial records [were] sealed without any showing that secrecy is warranted or why the public's presumptive right of access is subordinated"—a violation of the law. *Le*, 990 F.3d at 421; s*ee also id.* at 418 (stating that "[t]he public's right of access to judicial proceedings is fundamental," and "the working presumption is that judicial records should not be sealed"). Entropic and Charter have not filed a single motion to seal for any of the Sealed Filings. Both parties have failed to articulate "compelling reasons supported by specific factual findings" or demonstrate that "disclosure creates a risk of harm," that outweighs the strong presumption in favor of public access, as is the required standard for sealing by this Court's Standing Order. Standing Order at 2.

Nor was the Court given an opportunity to provide reasons for allowing sealing. Instead, both parties filed under seal without motions to do so and without explanation. As such, this falls short of the Fifth Circuit's requirement that judges explain their reasoning at "a level of detail that will allow for . . . review." *Le*, 990 F.3d at 417, 419. The Court has "ma[d]e no mention of the presumption in favor of the public's access to judicial records" and failed to "articulate any reasons that would support sealing." *Id.*

Like the parties in *Le*, Entropic and Charter interpret the Protective Order—and the Court's Sample Protective Order—to abrogate the parties' obligation to provide reasons "why the public's presumptive right of access [should be] subordinated." *Id.* at 421. The orders state, "Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court." Dkt. 32 at 10; Sample Protective Order at 10. When

asked by EFF to justify the sealing of the Sealed Filings, the parties responded that the "sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 *that references the protective order*. As such, motions to seal are not required." Morten Decl. Ex. C at 15 (emphasis added). The parties also apparently interpret the Protective Order to absolve the Court of its responsibility to undertake a "case-by-case, 'document-by-document,' 'line-by-line' balancing" analysis. *Le*, 990 F.3d at 419.

As discussed above, the Protective Order cannot exempt Entropic and Charter from their obligation to move to file judicial records under seal and to show "why the public's presumptive right of access is subordinated." *Id.* at 421. Furthermore, the parties redacted the public versions of these dispositive filings significantly rather than sparingly, strongly suggesting that many of their redactions are unjustifiable. *See* Morten Decl. Ex. B (quantifying extent of sealing), Ex. E (highlighting heavy redactions).

The fact that Magistrate Judge Payne revealed information previously filed under seal by the parties underscores the impropriety of their sealing. Judge Payne's R&R summarizes the parties' evidence and arguments, including a few paraphrases and quotations from the DOCSIS License. Dkt. 357 at 3, 7–8. The R&R does not fully illuminate the public, but it provides much more information than the public versions of the parties' filings.

Entropic and Charter have no cognizable interest in continuing to seal any of the evidence and arguments in their briefing and exhibits that Magistrate Judge Payne revealed in his R&R. "Publicly available information cannot be sealed" because "publicly available documents . . . already belong to the people." *June Med. Servs.*, 22 F.4th at 520. In any case, the disclosure of already available information cannot create a risk of harm sufficient to outweigh the strong presumption in favor of public access. This information must be unsealed.

**C. The Court Should Permit EFF to Intervene for the Limited Purpose of Vindicating the Public's Right of Access**

EFF should be permitted to intervene. "Nonparties to a case routinely access documents and records . . . under seal in a civil case through motions for permissive intervention under Rule 24(b)(2)." *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006).

Twice before, courts in this District have permitted EFF to intervene to represent the public's interest in sealing matters. *See Blue Spike, L.L.C. v. Audible Magic Corp.*, No. 6:15-cv-00584, 2016 WL 3870069 at *2 (E.D. Tex. Apr. 18, 2016); *Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-00713, 2016 WL 3460763 at *1 (E.D. Tex. Apr. 7, 2016).

EFF has standing to intervene. Parties have standing to intervene to unseal regardless of whether they are "a third party whose sole interest in litigation is access to the documents." *Holy Land Found. for Relief & Dev.*, 624 F.3d at 690. The Fifth Circuit recognizes "[a]lleged violations of the public right to access judicial records" to be "cognizable injuries-in-fact sufficient to establish standing." *U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023); *see also U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, No. 2:16-CV-00432, 2024 WL 1149191 at *1 (E.D. Tex. Mar. 15, 2024). EFF is harmed by its lack of access to the Sealed Filings, and that harm will continue if intervention is denied. Mackey Decl. ¶¶ 14–21.

This intervention is permissible under Federal Rule of Civil Procedure 24(b)(1). The Fifth Circuit construes the "claim or defense portion of Rule 24(b) . . . liberally," and has, like every other circuit, "permitted intervention by nonparties who seek only to challenge record-related restrictions." *Team Fin.*, 80 F.4th at 577–78.

This motion is timely. It was only on November 29, 2023, that Judge Payne explained Charter's DOCSIS License defense to EFF and the public in his R&R. Dkt. 357. This Court decided Entropic's motion on the defense only on December 8, 2023. Dkt. 399. After discovering

the violations in this case, EFF promptly notified counsel for the parties on January 5, 2024.

Morten Decl. ¶ 4. Pursuant to Local Rule CV-7, EFF met and conferred and diligently sought to

resolve this dispute out of court. EFF exhausted meet and confer and reached an impasse with the

parties only in February 2024. *Id.* ¶¶ 10–14. EFF's minimal delay weighs in favor of intervention.

*See Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–65 (5th Cir. 1977); *Team Fin.*, No. 2:16-CV-

00432, 2024 WL 1149191 at *3–6 (E.D. Tex. Mar. 15, 2024).

Permitting EFF to intervene will not prejudice the parties: EFF does not seek to intervene

on the merits of the substantive dispute between Entropic and Charter. EFF's intervention does

not require the parties or the Court to revisit substantive issues already decided. Nor does it delay

any decision on issues yet to be decided. EFF seeks to intervene only to request the parties to do

what the public right of access requires: to seal sparingly and to file accompanying motions to

seal. Moreover, the parties themselves have continued to raise and litigate sealing questions after

the case was formally closed. Dkts. 415, 417, 420, 421, 422. A joint sealing motion of the parties

remains pending. Dkts. 417, 422.

EFF is an appropriate intervenor. EFF is a public interest organization that informs the

public on developments in patent law. *See supra* § II.A; *see also* Mackey Decl. ¶¶ 4–13. EFF

itself will be prejudiced if the Court denies leave to intervene. Mackey Decl. ¶¶ 14–21.

Without EFF, the public has no champion in this case. The public has a strong interest in

understanding the claims and defenses being made in this case. But the public is unable to do so

because Entropic and Charter have repeatedly violated the public's right of access, proving

themselves incapable of "protect[ing] the public's right of access" on their own, requiring the

intervention of EFF to represent the public's interests. *BP Expl. & Prod.*, 920 F.3d at 211.

## IV.    Requested Relief

EFF respectfully asks the Court to confirm that the presumption of public access applies to the Sealed Filings (Dkts. 177, 215, 237, 267, 386 and their attachments). EFF asks the Court to affirm that the requirements of the Standing Order apply to all documents filed under seal on the public docket, and that the Protective Order does not absolve the parties of their duty to overcome the presumption of public access before withholding from the public information in dispositive motion papers. Accordingly, EFF asks that the Court unseal the Sealed Filings unless the parties submit accompanying motions to seal, which demonstrate sufficiently compelling reasons for secrecy exist to keep documents or portions thereof under seal. Further, EFF requests that the Court review those motions and make findings regarding whether the parties have met their burden to override the public's right of access before sealing any of those materials.

## V.    Conclusion

For the foregoing reasons, the Court should allow EFF to intervene and grant the relief that EFF seeks.

Dated: March 20, 2024                    Respectfully submitted,[3]

                                         /s/ Christopher J. Morten
                                         Christopher J. Morten (admitted E.D. Tex.)
                                         (NY Bar No. 5428107)
                                         SCIENCE, HEALTH & INFORMATION CLINIC
                                         MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.
                                         Columbia Law School
                                         435 West 116 St, Room 831
                                         New York, NY 10027
                                         Tel: (212) 854-1845
                                         cjm2002@columbia.edu
                                         Counsel of Record
                                         Attorney for Proposed Intervenor
                                         The Electronic Frontier Foundation

---

[3] Counsel wishes to thank Columbia Law School students Sean Hong, Hiba Ismail, Stephanie Lim, and Gloria Yi for their many contributions to this motion.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). To ensure service on all counsel, I also emailed courtesy copies of this motion and associated filings to counsel of record for the parties on March 20, 2024.

*/s/ Christopher J. Morten*
Christopher J. Morten

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), I hereby certify that on January 26, 2024, I, counsel for EFF, conferred by telephone with counsel for the parties in a good faith effort to resolve the issues raised by this motion. Nick Lenning, counsel for Entropic, and Betsy Long, counsel for Charter, conferred with me. The parties and I were unable to resolve the issues raised in this motion, and we are at an impasse. While Entropic takes no position on this motion, Charter indicated that Charter opposes the relief requested in this motion.

*/s/ Christopher J. Morten*
Christopher J. Morten

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:22-cv-00125-JRG |
| | ) |
| CHARTER COMMUNICATIONS, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**DECLARATION OF CHRISTOPHER J. MORTEN IN SUPPORT OF THE**
**ELECTRONIC FRONTIER FOUNDATION'S MOTION TO INTERVENE AND TO**
**UNSEAL COURT RECORDS**

I, Christopher J. Morten, declare as follows:

1. I am the Director of the Science, Health, and Information Clinic of Morningside Heights Legal Services, Inc. at Columbia Law School, in New York, NY. I legally represent the Electronic Frontier Foundation ("EFF") in this action. I am duly licensed to practice law in the State of New York and am admitted to the bar of the Eastern District of Texas. I am also admitted to the bars of the Southern District of New York, the Eastern District of New York, the District of the District of Columbia, the Second Circuit, the Third Circuit, the Fourth Circuit, the Fifth Circuit, the Federal Circuit, and the United States Supreme Court.

2. This declaration is submitted in support of EFF's motion to intervene and to unseal court records in this case (hereinafter, "EFF's motion").

3. This declaration is made upon personal knowledge, except for those allegations made on information and belief, the sources of which are review of party documents, review of news articles, and investigation. If called upon to do so, I am competent to testify to all matters set forth herein.

**Appx600**

**Meet & Confer**

4.  On January 5, 2024, I, on behalf of EFF, emailed counsel for Entropic Communications, LLC ("Entropic") and Charter Communications, Inc. ("Charter") (together, "the parties"), to bring to their attention certain apparent violations of the public right of access to court records in this case. I expressed EFF's concern that the parties filed certain court records in this case under seal without any showing by the parties or judicial determination that the presumption of public access to these records was overcome. On behalf of EFF, I requested that the parties take certain remedial steps to resolve the apparent improprieties, including that the parties file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that the parties wish to keep sealed. I also asked the parties to let me know their availability to meet and confer, pursuant to Local Civil Rule 7, if they found themselves unwilling or unable to comply with EFF's requests.

5.  On January 10, 2024, Betsy Long, counsel for Charter, responded to my email on both parties' behalf. She wrote the following:

> I respond on behalf of Plaintiff Entropic and Defendant Charter. The parties' filings under seal are proper.  Local Rule CV-5 allows filing under seal if the document "contains a statement by counsel following the certificate of service that certifies that (1) a motion to seal the document has been filed, or (2) the court already has granted authorization to seal the document."   Here, the protective order (Dkt. 36) states that "Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal."  The parties' sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 that references the protective order.  As such, motions to seal are not required.  Further, as the parties complied with the Court's rules, there is no need for a meet and confer.

6.  On January 18, 2024, I responded to Betsy Long's email. I expressed EFF's disagreement with the parties' position. I reiterated and elaborated on EFF's position that protective orders do not and cannot exempt parties from their obligations to prove an entitlement to sealing, through motions to seal. I repeated EFF's requests that the parties file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that the parties wish to keep sealed. In an effort to resolve this dispute without requiring the attention of this Court, I emphasized EFF's desire to meet and confer.

7. On January 18, 2024, counsel for Entropic, Nick Lenning, emailed stating that Entropic was willing to meet and confer. On the same day, counsel for Charter, Betsy Long, emailed stating Charter's willingness to meet and confer.

8. On January 26, 2024, I met and conferred with Nick Lenning and Betsy Long, counsel for Entropic and Charter, respectively, over the phone, consistent with Local Civil Rule 7. In this meet and confer, I shared EFF's longstanding interest in reporting the development of precedent in patent cases, expressed EFF's specific interest in this case, expressed EFF's willingness to limit the scope of the dispute, and presented a narrower set of requests to Entropic and Charter, in an effort to reduce burden on the parties and to resolve the dispute without requiring the attention of this Court. I expressed EFF's willingness to focus the dispute on all filings and associated attachments related to just two motions—the license-defense-based-on-DOCSIS issue (raised in Dkt. 177 and related filings) and the devices-with-MaxLinear-Chips-as-noninfringing-alternatives issue (raised in Dkt. 179 and related filings)—rather than challenging all the parties' unsupported and improper sealing across the docket. I asked the parties whether they intend to comply with any part of EFF's requests and whether they would oppose EFF's potential motion to intervene for the limited purpose of unsealing court records. In the same meet and confer, counsel for Entropic stated that the information under seal in connection with these two motions is not Entropic's and that Entropic does not have a view on whether the information should remain sealed. Counsel for Charter stated that the information under seal in connection with these two motions is Charter's and/or one or more third parties', that all information currently under seal in connection with these two motions should remain under seal, and that sealing of all this information is proper, even in the absence of motions to seal, in view of the Protective Order (Dkt. 36).

9. On January 31, 2024, I sent a follow-up email providing a summary of the meet and confer call of January 26, 2024, along with a detailed description of EFF's potential motion to intervene for the limited purpose of unsealing certain court records related to these two motions, on the license-defense-based-on-DOCSIS issue (raised in Dkt. 177 and related filings) and the devices-with-MaxLinear-Chips-as-noninfringing-alternatives issue (raised in Dkt. 179 and related filings).

10. In my email of January 31, 2024, I informed the parties that if I did not hear from them by Friday, February 9, 2024, I would conclude that the parties are declining to take any of the remedial steps requested by EFF and that we are at an impasse.

11. At midnight after Friday, February 9, 2024, neither Entropic nor Charter had responded to my January 31, 2024 email. Thus, on the next business day, Monday, February 12, 2024, EFF and I concluded that Entropic and Charter would not take any of the remedial steps requested by EFF. EFF and I also concluded that we are at an impasse with Entropic and Charter, leaving open issues for the Court to resolve.

12. On February 23, 2024, I wrote to the parties, explaining that EFF and I concluded that we are at an impasse with Entropic and Charter. I stated that EFF intends to move the Court, as I described in my email of January 31. I noted that EFF intends to focus, in this motion, specifically on the Sealed Filings that concern the license-defense-based-on-DOCSIS issue. I noted that EFF reserves the right to challenge the sealing of other Sealed Filings in future motion practice. I asked Entropic and Charter whether each intends to oppose EFF's motion.

13. On February 23, 2024, Nick Lenning, counsel for Entropic, wrote that Entropic does not intend to oppose EFF's motion.

14. On February 26, 2024, Betsy Long, counsel for Charter, wrote that Charter intends to oppose EFF's motion.

15. As of March 19, 2024, neither Entropic nor Charter has complied with any part of EFF's requests, nor have they expressed a willingness to do so.

**News Coverage of This Case**

16. I am aware of the following news coverage of this case:

   a. Michael Shapiro, *Charter Bid to Dismiss Texas Patent Case Rejected by Fed. Cir.*, Bloomberg Law News (Sept. 5, 2023), https://www.bloomberglaw.com/product/blaw/bloomberglawnews/bloomberg-law-news/X4263V8000000.

   b. Eileen McDermott, *Federal Circuit Says Bid to Dismiss Case for Improper Venue Doesn't Meet Mandamus Standard*, IP Watchdog (Sept. 6, 2023), https://ipwatchdog.com/2023/09/06/federal-circuit-says-bid-dismiss-case-improper-venue-doesnt-meet-mandamus-standard/id=166459/.

     c.  Laurel Brubaker Calkins, *Charter, Entropic Settle Dispute Over Data-Transmission Patents*, Bloomberg Law News (Dec. 11, 2023), https://www.bloomberglaw.com/product/blaw/bloomberglawnews/bloomberg-law-news/X5IL8FEG000000.

**Exhibits**

17. This declaration places before the Court true and correct copies of certain copies of certain documents that are being submitted in support of EFF's motion.

18. Attached hereto as **Exhibit A** is EFF's Proposed Complaint in Intervention for Injunctive Relief, as required by Federal Rule of Civil Procedure 24(c).

19. Attached hereto as **Exhibit B** is an attorney-prepared table listing Sealed Filings that are currently sealed in this Court's docket, the sealing of which EFF now seeks judicial review of.

20. Attached hereto as **Exhibit C** is a true and correct copy of email correspondence between counsel for Entropic and Charter and myself, which shows, *inter alia*, that I first contacted the parties on January 5, 2024, and that I met and conferred with counsel for the parties on January 26, 2024.

21. Attached hereto as **Exhibit D** is EFF's Proposed Order Granting the Motion of the Electronic Frontier Foundation to Intervene and to Unseal Court Records.

22. Attached hereto as **Exhibit E** is an attorney-prepared document that highlights the egregious extent of sealing and redaction among the Sealed Filings defined in Exhibit B.

23. Attached hereto as **Exhibit F** is a true and correct copy of the following news story: Michael Shapiro, *Charter Bid to Dismiss Texas Patent Case Rejected by Fed. Cir.*, Bloomberg Law News (Sept. 5, 2023), https://www.bloomberglaw.com/product/blaw/bloomberglawnews/bloomberg-law-news/X4263V8000000.

24. Attached hereto as **Exhibit G** is a true and correct copy of the following news story: Laurel Brubaker Calkins, *Charter, Entropic Settle Dispute Over Data-Transmission Patents*, Bloomberg Law News (Dec. 11, 2023), https://www.bloomberglaw.com/product/blaw/bloomberglawnews/bloomberg-law-news/X5IL8FEG000000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed March 20, 2024 at New York, New York, USA.


Dated: March 20, 2024

                                   Respectfully submitted,

                                   */s/ Christopher J. Morten*
                                   Christopher Morten (admitted E.D. Tex.)
                                   (NY Bar No. 5428107)
                                   SCIENCE, HEALTH, AND
                                   INFORMATION CLINIC
                                   MORNINGSIDE HEIGHTS LEGAL
                                   SERVICES
                                   Columbia Law School
                                   Jerome Greene Hall, Room 831
                                   435 West 116th Street
                                   New York, NY 10027
                                   Tel: (212) 854-1845
                                   Fax: (212) 854-3554
                                   cjm2002@columbia.edu

# EXHIBIT  A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:22-cv-00125-JRG |
| CHARTER COMMUNICATIONS, INC. | ) ) | |
| Defendant. | ) ) ) | |
| | ) | |

## COMPLAINT IN INTERVENTION FOR INJUNCTIVE RELIEF

Intervenor Electronic Frontier Foundation, on behalf of itself, by way of this Complaint in Intervention for Injunctive Relief, states and alleges as follows:

### THE INTERVENOR AND PARTIES

1.      Intervenor Electronic Frontier Foundation ("EFF") is a registered nonprofit organization based in San Francisco, California, and works to defend civil liberties in the digital world. EFF champions free expression and innovation through impact litigation, policy analysis, grassroots activism, and technology development. EFF works to ensure that rights and freedoms are enhanced and protected as the use of technology grows. EFF is especially concerned with lack of transparency in patent litigation and the resulting inability of the public to fully understand asserted patents' and patent litigation's effects on innovation and creativity.

2.      On information and belief, Entropic Communications, LLC ("Entropic") is a Delaware limited liability company headquartered in San Diego, California, with an office in Plano, Texas.

3.      On information and belief, Charter Communications, Inc. ("Charter") is a limited

liability company incorporated in Delaware and headquartered in Stamford, Connecticut.

## JURISDICTION

4.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear causes of action brought under the permissive joinder rule of Federal Rule of Civil Procedure 24(b).  This Court has federal question jurisdiction over causes of action that concern the public's "general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597–98 (1978). This right of access is grounded in both common law and the First Amendment. *Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555, 573–75 (1980). To guarantee this right of access, a federal court possesses enduring jurisdiction over its own records and files and over causes of action that concern this right.

## STATEMENT OF FACTS

5.      Entropic, a semiconductor products provider, filed this action against Charter, a leading telecommunications and mass media company, alleging that Charter had infringed its patents U.S. Patent No. 8,223,775, U.S. Patent 8,284,690, U.S. Patent 8,792,008, U.S. Patent 9,210,362, U.S. Patent 9,825,826, and U.S. Patent 10,135,682, all of which cover cable modem technology.

6.      Entropic alleged that Charter infringed its patents by leasing, selling, and distributing cable modems and set top boxes ("STBs") widely used by millions of customers and incorporating the industry-leading Data Over Cable Service Interface Specification (DOCSIS) standard. Dkt. 1 at 3.

7.      Following the parties' agreed motion (Dkt. 32), this Court issued a protective order on August 10, 2022 (Dkt. 36). Most of the order is copied verbatim from the Sample

Protective Order of This District ("Sample Protective Order").

8. After the Court entered the protective order, both parties filed numerous documents and associated exhibits under seal without motions to seal.

9. On September 11, 2023, Entropic moved for summary judgment of no license defense based on the Data Over Cable Service Interface Specification ("DOCSIS"). Dkts. 177, 272. The public version of Entropic's motion is heavily redacted, making it hard to understand. However, based on the case law cited in the motion, it seems Entropic may have argued that Charter is not entitled to a license defense based on DOCSIS because the patents-in-suit are not standard-essential to the DOCSIS specifications. Dkt. 272 at 5. Entropic never moved to seal its motion, and thus did not provide any justification for sealing. Every associated exhibit remains sealed. Dkt. 272.

10. From September to October 2023, Charter and Entropic filed briefs under seal without a motion to seal and without further elaboration. Dkts. 215, 237, 276. They filed heavily redacted public versions of each filing, making it difficult for the public to understand Charter's asserted defense and Entropic's arguments against it. Dkts. 224, 272, 276, 314. Even a portion of a table of contents is redacted. Dkt. 224 at ii. Some exhibit names are, too. Dkt. 224-1 at 1–2.

11. In November 2023, Judge Roy Payne issued a Report and Recommendation ("R&R"), which explained Charter's DOCSIS defense for the first time. Dkt. 357. Judge Payne recommended denial-in-part and grant-in-part. *Id.* at 9. The Court later adopted the R&R, thus making important precedent on these questions. Dkt. 399. What little the public can glean about the DOCSIS dispute is through the limited information Judge Payne revealed in his R&R, which was entirely unredacted. In the R&R, the public learned for the first time that the two key issues are (1) what the DOCSIS License means by "Licensed Technology" as a matter of contract

interpretation and (2) whether Charter has plausibly shown any of the patents at issue fall within the meaning of "Licensed Technology." Dkt. 357 at 3. The latter issue is of particular importance to the public, as it implicates the legal standard to evaluate whether a given patent is "essential" to a technical standard (and is, therefore, a standard-essential patent).

12.     In December 2023, Charter filed a sealed objection to the R&R. Dkt. 386. The public version was heavily redacted; since there was no motion to seal, there was no justification for those redactions. Dkt. 412. The public version of Charter's objection sheds no new light on the two key issues that underlie the DOCSIS License defense.

13.     For the Court's convenience, EFF has below compiled a consolidated table of the sealed motion papers that concern Charter's asserted DOCSIS License defense. For ease of reference, EFF deems these sealed papers the "Sealed Filings." It is these papers' sealing that EFF now challenges.

**Appx610**

| The "Sealed Filings" | Dkt. # of Public Version | Sealing Status |
|---|---|---|
| **Entropic's Summary Judgment Motion** | 272 | Approximately 41% of lines redacted |
| Exhibit A: DOCSIS License | *nonexistent* | Entirely sealed |
| Exhibit B: Daniel Boglioli Deposition | *nonexistent* | Entirely sealed |
| Exhibit C: Dr. Kevin Almeroth Deposition | *nonexistent* | Entirely sealed |
| Exhibit D: Expert Report of Dr. Kevin Almeroth | *nonexistent* | Entirely sealed |
| **Charter's Response** | 224 | Approximately 76% of lines redacted |
| The Declaration of Elizabeth Long, which contains sealed exhibit labels describing the materials attached to Charter's response. | 224-1 | Approximately 23% of lines redacted |
| Exhibit E: Opening Expert Report of David O. Taylor | 224-2 | Entirely sealed |
| Exhibit F: Rebuttal Expert Report of Dr. Shukri Souri | 224-3 | Entirely sealed |
| Exhibit G: [Name redacted] | 224-4 | Entirely sealed |
| Exhibit H: Opening Expert Report of Dr. Shukri Souri | 224-5 | Entirely sealed |
| Exhibit J: [Name redacted] | 224-7 | Entirely sealed |
| Exhibit K: [Name redacted] | 224-8 | Entirely sealed |
| Exhibit L: [Name redacted] | 224-9 | Entirely sealed |
| Exhibit M: [Name redacted] | 224-10 | Entirely sealed |
| Exhibit N: [Name redacted] | 224-11 | Entirely sealed |
| Exhibit O: [Name redacted] | 224-12 | Entirely sealed |
| Exhibit P: [Name redacted] | 224-13 | Entirely sealed |
| Exhibit R: Opening Expert Report of Dr. Richard A. Kramer | 224-15 | Entirely sealed |
| Exhibit V: Dr. Shukri Souri Deposition | 224-19 | Entirely sealed |
| Exhibit W: Rebuttal Expert Report of Dr. Kevin Almeroth | 224-20 | Entirely sealed |
| Exhibit X: Entropic's Second Supplemental Infringement Contentions | 224-21 | Entirely sealed |
| **Entropic's Reply** | 276 | Approximately 7% of lines redacted |
| Declaration of James Shimota | *nonexistent* | Entirely sealed |
| Exhibit E | *nonexistent* | Entirely sealed |
| **Charter's Sur-Reply** | 314 | Approximately 26% of lines redacted |
| **Charter's Objection to Judge Payne's Report and Recommendation** | 412 | Approximately 6% of lines redacted |

Appx611

14.     For all the Sealed Filings, neither party filed a motion to seal nor otherwise demonstrated that the disclosure of any information sought to be protected creates a risk of harm that outweighs the strong presumption in favor of public access to judicial proceedings. This is despite the fact that they contain important legal arguments likely to recur in patent cases.

15.     The public versions of the Sealed Filings are so heavily redacted that EFF is unable to understand the parties' arguments.

16.     On January 5, 2024, EFF emailed Entropic and Charter, flagging widespread violations of the public right of access in this case, including unjustified sealing of the motion papers described above. Morten Decl. ¶ 4; *see also* Morten Decl. Ex. C at 15.

17.     On January 10, 2024, the parties jointly responded that "[t]he parties' sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 that references the protective order. As such, motions to seal are not required." Morten Decl. Ex. C at 15.

18.     On January 18, 2024, EFF emailed the parties, explaining that this Court's Standing Order and binding case law do not permit unjustified sealing and further explaining that the Protective Order cannot supersede these sources of law. *Id.* at 13–14.

19.     On January 26, 2024, EFF met and conferred with Entropic and Charter. Morten Decl. ¶ 8. Counsel for Entropic stated that Entropic does not have a view on whether the information should remain sealed, and that Entropic will not take any action. *Id.* Counsel for Charter reiterated the position that sealing is justified under the Protective Order. *Id.* Shortly after the meet and confer, EFF formally offered to narrow the dispute to a small set of documents, in an effort to resolve the dispute out of court. *Id.* EFF asked the parties to file appropriate motions to seal for all records, or portions thereof, currently under seal in this

docket, that concern the DOCSIS License defense and one other dispositive motion[3] and that the parties wish to keep sealed. *Id.* ¶ 9. Furthermore, EFF asked the parties to re-file on the docket any currently sealed records that the parties do not wish to keep sealed promptly, in unsealed, publicly accessible form. *Id.*

20.     Both Entropic and Charter declined to take the action requested by EFF. *Id.* ¶¶ 11, 15. As such, EFF remains unable to examine the Sealed Filings.

21.     EFF finds itself at an impasse and files this motion challenging the sealing of the Sealed Filings.

## COUNT I

### (Violation of Common Law and First Amendment Right of Access)

22.     Intervenor EFF incorporates by reference paragraphs 1 through 21 above, as if fully set forth herein.

23.     Federal court records are presumptively open and available to the public.

24.     EFF and the public have First Amendment and common law rights to access and to inspect records filed with the federal court, absent a court determination favoring nondisclosure. Courts should exercise their power to seal judicial records sparingly and, to the extent that any sealing is necessary, only permit sealing congruent with need.

25.     By excessively sealing court records and related docket information, the parties have violated EFF's First Amendment and common law rights to access information submitted to this Court.

### EFF'S PRAYER FOR RELIEF

EFF incorporates by reference each of the preceding paragraphs as if fully set forth herein. EFF prays for relief as follows and respectfully asks the Court to:

7

a.     Enter judgment in favor of Intervenor EFF, and against parties Entropic

and Charter, finding that Intervenor's rights have been violated to the

extent that the parties do not demonstrate that their interests favoring

sealing overcome the presumption of public access for each and every

Sealed Filing or portion thereof;

b.     Order the unsealing of the Sealed Filings unless the parties submit

accompanying motions to seal, which demonstrate sufficiently compelling

reasons for secrecy exist to keep documents or portions thereof under seal;

c.     In the event that the party or parties file such a motion, review those

motions and make findings regarding whether the parties have met their

burden to override the public's right of access before sealing any of those

materials; and

d.     Grant EFF such other and further relief as this Court deems just and

proper.

Dated: March 20, 2024

By:
*/s/ Christopher J. Morten*
Christopher Morten (admitted E.D. Tex.)
(NY Bar No. 5428107)
SCIENCE, HEALTH, AND INFORMATION CLINIC
Jerome Greene Hall, Room 831
435 West 116th Street
New York, NY 10027
Tel: (212) 854-1845
Fax: (212) 854-3554
cjm2002@columbia.edu

*Counsel of Record*
*Attorney for Proposed Intervenor*
*Electronic Frontier Foundation*

# EXHIBIT  B

This Exhibit collects all the nominally "public" filings associated with Charter's license defense based on DOCSIS that are sealed either in whole or in part in this District. These are the "Sealed Filings" referred to in EFF's motion to intervene and to unseal court records. EFF challenges the redaction and sealing of these filings.

The approximate percentages listed in the "Sealing Status" column were calculated by 1) counting the total number of lines in the content[1] of the Sealed Filing; 2) counting the number of lines in the content of the Sealed Filing containing any amount of redaction; and 3) dividing the number of lines in the content of the Sealed Filing containing any amount of redaction by the total number of lines in the content of the Sealed Filing.

| The "Sealed Filings" | Dkt. # of Public Version | Sealing Status |
|---|---|---|
| **Entropic's Summary Judgment Motion** | 272 | Approximately 41% of lines redacted |
| Exhibit A: DOCSIS License | *nonexistent* | Entirely sealed |
| Exhibit B: Daniel Boglioli Deposition | *nonexistent* | Entirely sealed |
| Exhibit C: Dr. Kevin Almeroth Deposition | *nonexistent* | Entirely sealed |
| Exhibit D: Expert Report of Dr. Kevin Almeroth | *nonexistent* | Entirely sealed |
| **Charter's Response** | 224 | Approximately 76% of lines redacted |
| The Declaration of Elizabeth Long, which contains sealed exhibit labels describing the materials attached to Charter's response. | 224-1 | Approximately 23% of lines redacted |
| Exhibit E: Opening Expert Report of David O. Taylor | 224-2 | Entirely sealed |
| Exhibit F: Rebuttal Expert Report of Dr. Shukri Souri | 224-3 | Entirely sealed |
| Exhibit G: [Name redacted] | 224-4 | Entirely sealed |
| Exhibit H: Opening Expert Report of Dr. Shukri Souri | 224-5 | Entirely sealed |
| Exhibit J: [Name redacted] | 224-7 | Entirely sealed |
| Exhibit K: [Name redacted] | 224-8 | Entirely sealed |

[1] For purposes of this calculation, the content of a Sealed Filing excluded the cover page, table of contents, table of authorities, signature blocks, and certificate of service.

| Exhibit L: [Name redacted] | 224-9 | Entirely sealed |
|---|---|---|
| Exhibit M: [Name redacted] | 224-10 | Entirely sealed |
| Exhibit N: [Name redacted] | 224-11 | Entirely sealed |
| Exhibit O: [Name redacted] | 224-12 | Entirely sealed |
| Exhibit P: [Name redacted] | 224-13 | Entirely sealed |
| Exhibit R: Opening Expert Report of Dr. Richard A. Kramer | 224-15 | Entirely sealed |
| Exhibit V: Dr. Shukri Souri Deposition | 224-19 | Entirely sealed |
| Exhibit W: Rebuttal Expert Report of Dr. Kevin Almeroth | 224-20 | Entirely sealed |
| Exhibit X: Entropic's Second Supplemental Infringement Contentions | 224-21 | Entirely sealed |
| **Entropic's Reply** | 276 | Approximately 7% of lines redacted |
| Declaration of James Shimota | *nonexistent* | Entirely sealed |
| Exhibit E | *nonexistent* | Entirely sealed |
| **Charter's Sur-Reply** | 314 | Approximately 26% of lines redacted |
| **Charter's Objection to Judge Payne's Report and Recommendation** | 412 | Approximately 6% of lines redacted |

# EXHIBIT  C

**Tuesday, February 27, 2024 at 09:54:27 Eastern Standard Time**

| | |
|---|---|
| **Subject:** | RE: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing |
| **Date:** | Monday, February 26, 2024 at 9:14:19 AM Eastern Standard Time |
| **From:** | Long, Betsy |
| **To:** | Christopher Morten, Lenning, Nicholas F., Allor, Katherine, Benyacar, David, Blair, Matthew A., Boardman, Albert, Bridges, Kenneth -EXTERNAL, Brown, Ketajh M., Brown, Melissa, Carr, Thomas, Cohn, Marc A., ddacus@dacusfirm.com, DeWitt, Amy, Engel, Jason A., ce@wsfirm.com, andrea@wsfirm.com, Ghavimi, Darlene F., Goodrich, Christina N., Hartjes, Jennie -EXTERNAL, wh@wsfirm.com, alittmann@goldmanismail.com, Louden, William, Mayani, Palak, Meggs, Connor J., Nemirovsky, Zachary, Neufeld, Courtney A., Pieja, Michael -EXTERNAL, Reisner, Daniel, Richey, Samuel P., Shapland, Eric, Shimota, Jim A., Soskin, Peter E., Steiert, Natalie, Summerfield, George, jw@wsfirm.com, Winnard, Doug -EXTERNAL, Young, Jr., William, Zhang, Shaun -EXTERNAL |
| **CC:** | Hiba Iqbal Ismail, Gloria J Yi, sh4376@columbia.edu |
| **Attachments:** | image001.png, image002.png, image003.png |

Charter opposes the motion.

---

Betsy Long
Counsel | Bio

**Arnold & Porter**
250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.8067
Elizabeth.Long@arnoldporter.com
www.arnoldporter.com | LinkedIn

---

**From:** Christopher Morten <cjm2002@columbia.edu>
**Sent:** Friday, February 23, 2024 3:30 PM
**To:** Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>; Allor, Katherine <Katy.Allor@klgates.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Blair, Matthew A. <Matthew.Blair@klgates.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Bridges, Kenneth -EXTERNAL <bridgesip@icloud.com>; Brown, Ketajh M. <Ketajh.Brown@klgates.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Carr, Thomas <Thomas.Carr@arnoldporter.com>; Cohn, Marc A. <Marc.Cohn@arnoldporter.com>; zzz.External.ddacus@dacusfirm.com <ddacus@dacusfirm.com>; DeWitt, Amy <Amy.DeWitt@arnoldporter.com>; Engel, Jason A. <jason.engel@klgates.com>; ce@wsfirm.com; zzz.External.andrea@wsfirm.com <andrea@wsfirm.com>; Ghavimi, Darlene

F. <Darlene.Ghavimi@klgates.com>; Goodrich, Christina N.
<Christina.Goodrich@klgates.com>; Hartjes, Jennie -EXTERNAL
<jhartjes@goldmanismail.com>; zzz.External.wh@wsfirm.com <wh@wsfirm.com>;
zzz.External.alittmann@goldmanismail.com <alittmann@goldmanismail.com>; Louden,
William <William.Louden@arnoldporter.com>; Mayani, Palak
<Palak.Mayani@arnoldporter.com>; Meggs, Connor J. <Connor.Meggs@klgates.com>;
Nemirovsky, Zachary <Zachary.Nemirovsky@arnoldporter.com>; Neufeld, Courtney A.
<Courtney.Neufeld@klgates.com>; Pieja, Michael -EXTERNAL
<mpieja@goldmanismail.com>; Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; Richey,
Samuel P. <Samuel.Richey@klgates.com>; Shapland, Eric
<Eric.Shapland@arnoldporter.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>; Soskin,
Peter E. <Peter.Soskin@klgates.com>; Steiert, Natalie <Natalie.Steiert@arnoldporter.com>;
Summerfield, George <George.Summerfield@klgates.com>; Winnard, Doug
-EXTERNAL <dwinnard@goldmanismail.com>; Young, Jr., William
<William.Young@arnoldporter.com>; Zhang, Shaun -EXTERNAL
<szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>; Gloria J Yi <gjy2110@columbia.edu>;
sh4376@columbia.edu; Christopher Morten <cjm2002@columbia.edu>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket
No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy
apparent over-sealing

External E-mail

Dear Nick and Betsy,

I write to follow up on our email thread below.

I did not receive any response from you or other counsel for Entropic and Charter to my email
of January 31, 2024.  As such, EFF and I conclude that Entropic and Charter will not take any
of the remedial steps requested by EFF.  EFF and I conclude that we are at an impasse,
leaving open issues for the Court to resolve.

In light of the impasse, EFF intends to move the Court, as I described in my email of January
31.  I note that EFF intends to focus, in this forthcoming motion, specifically on the Sealed
Filings that concern the license-defense-based-on-DOCSIS issue.  EFF reserves the right to
challenge the sealing of other Sealed Filings in a future motion.

Nick and Betsy, please let me know by Thursday, February 29 whether Entropic and Charter,
respectively, intend to oppose EFF's forthcoming motion.

Best regards,

Chris

On Wed, Jan 31, 2024 at 1:10 PM Christopher Morten <cjm2002@columbia.edu> wrote:

> Hi Nick and Betsy,

Thank you for the meet and confer call we held on Friday, January 26. I appreciate your time. Nick spoke on behalf of Entropic, and Betsy on behalf of Charter. I spoke on behalf of EFF.

At the end of our call, I promised to email in follow-up with a summary of Friday's call and a detailed description of EFF's potential motion to intervene for the limited purpose of unsealing certain court records related to the two summary judgment motions we discussed. Please find both below.

### Summary of Friday's call

On Friday's call, I explained EFF's longstanding interest in reporting the development of precedent in patent cases. I explained that the *Entropic v. Charter* case struck EFF's interest in part because of two important legal issues recently decided by Judge Gilstrap on summary judgment. These two issues are the license-defense-based-on-DOCSIS issue (raised in Dkt. #177) and the devices-with-MaxLinear-Chips-as-noninfringing-alternatives issue (raised in Dkt. #179) that I flagged in emails earlier this month. I explained that EFF and the broader public have difficulty understanding Judge Payne's recommendations and Judge Gilstrap's ultimate decisions on these important issues because so much of the evidence and so much of the parties' argumentation is currently redacted or otherwise excluded from the public versions of the relevant documents.

On Friday's call, Nick, you said that the information under seal in connection with these two issues is not Entropic's and that Entropic does not have a view on whether the information should remain sealed. Betsy, you said that the information under seal in connection with these two issues is Charter's and/or one or more third parties'. Betsy, you also said that it is Charter's view that all information currently under seal in connection with these two issues should remain under seal. Betsy, you reiterated Charter's view that sealing of all this information is proper, even in the absence of motions to seal, in view of the Protective Order (Dkt. #36). I reiterated EFF's view to the contrary, laid out in my emails of January 5 and January 18, below, that sealing absent motions to seal and judicial review is improper. I reiterated EFF's view that the Protective Order does not control here. More specifically, I reiterated EFF's view that any language in the Protective Order that can be read to purport to exempt the parties from any obligation to justify sealing is overridden by Judge Gilstrap's Standing Order Regarding Protection of Proprietary and/or Confidential Information as well as binding case law (cited in my emails below), which require that the proponent of sealing prove an entitlement to sealing that overcomes the presumption of public access, via a motion to seal.

Nick, Betsy, if I misunderstand any part of what you said on Friday, please let me know.

### Description of EFF's potential motion

As we discussed on Friday, EFF is willing to limit the scope of the dispute, in the interest of narrowing this dispute to specific information of high importance to EFF

and the broader public and reducing burden on the parties (and potentially the Court). Rather than challenge unsupported and improper sealing across the docket, EFF is willing to focus the dispute on the following redacted and sealed filings, all of which (to EFF's understanding) concern the license-defense-based-on-DOCSIS issue or the devices-with-MaxLinear-Chips-as-noninfringing-alternatives issue. Specifically, EFF challenges the unsupported sealing of the following filings, which I'll refer to hereafter as the "Sealed Filings":

- Filings concerning the license-defense-based-on-DOCSIS issue:

  - Entropic's summary judgment motion and associated attachments, Dkt. #177 (sealed version) and Dkt. #272 (redacted public version).

    - I note that Dkt. #272-1, the public version of a Declaration of James A. Shimota in support of Entropic's motion, references Exhibits A-D. No public versions of any of Exhibits A-D appear to exist. EFF challenges the unsupported sealing of Exhibits A-D.

  - Charter's response and associated attachments, Dkt. #215 (sealed version) and Dkt. #224 (redacted public version).

    - I note that Dkt. #224-1, the public version of a Declaration of Elizabeth Long in support of Charter's opposition, references Exhibits E-X. Exhibits E, F, G, H, J, K, L, M, N, O, P, R, V, W, and X are sealed entirely, with no public versions (even in partially redacted form). In addition, redactions to the declaration redact even the names of some exhibits. EFF challenges the unsupported redactions made to the declaration and challenges the unsupported sealing of Exhibits E, F, G, H, J, K, L, M, N, O, P, R, V, W, and X.

  - Entropic's reply and associated attachments, Dkt. #237 (sealed version) and Dkt. #276 (redacted public version).

    - I note that the PACER docket entry for Dkt. #237 references a Declaration of James Shimota and an Exhibit E. The public version, Dkt. #276, lacks the declaration and Exhibit E. EFF challenges the unsupported sealing of the declaration and Exhibit E.

  - Charter's sur-reply, Dkt. #267 (sealed version) and Dkt. #314 (redacted public version).
  - Charter's objection to Judge Payne's report & recommendation, Dkt. #386 (sealed version) and Dkt. #412 (redacted public version).

- Filings concerning the devices-with-MaxLinear-chips-as-noninfringing-alternatives issue:

  - Entropic's summary judgment motion and associated attachments, Dkt. #179 (sealed version) and #274 (redacted public version).

- I note that Dkt. #274-1, the public version of a Declaration of James A. Shimota in support of Entropic's motion, references Exhibits A-F. No public versions of any of Exhibits A-F appear to exist. EFF challenges the unsupported sealing of Exhibits A-F.

  - Charter's response and associated attachments, Dkt. #211 (sealed version) and Dkt. #221 (redacted public version).

    - I note that Dkt. #221-1, the public version of a Declaration of Elizabeth Long in support of Charter's opposition, references Exhibits G-N. Exhibits G-N are sealed entirely, with no public versions (even in partially redacted form). In addition, redactions to the declaration redact the names of all these exhibits. EFF challenges the unsupported redactions made to the declaration and challenges the unsupported sealing of Exhibits G-N.

  - Entropic's reply, Dkt. #242 (sealed version) and Dkt. #280 (redacted public version).
  - Charter's sur-reply, Dkt. #268 (sealed version) and Dkt. #315 (redacted public version).

EFF's request to the parties vis-à-vis these Sealed Filings is the same request I made in my emails of January 5 and 18 and again on our call on Friday: EFF requests that Entropic and Charter file appropriate motions to seal any of the Sealed Filings that they wish to keep sealed. Motions to seal should establish that legally sufficient reasons exist to justify ongoing secrecy. Any of the Sealed Filings that Entropic and Charter do not wish to keep sealed should be re-filed on the docket, promptly, in unsealed, publicly accessible form.

Based on our call on Friday, I understand it's unlikely that either Entropic or Charter will take this step. But, to be sure: Nick and Betsy, please confirm whether Entropic and Charter will take these steps.

In the event that Entropic and Charter do not take the steps requested by EFF and we find ourselves at an impasse, EFF is prepared to move. Specifically, EFF would file a motion to intervene in the case for the limited purpose of challenging the sealing of the Sealed Filings enumerated above. EFF would ask the Court to clarify what the law is. The specific relief that EFF's motion would seek mirrors what EFF has requested directly from the parties: EFF would ask the Court to order the parties to identify filings among the Sealed Filings that they wish to keep sealed and to order any party seeking ongoing secrecy to file appropriate motions to seal these filings. EFF would ask the Court to decide those motions to seal, weighing the interest in secrecy against the presumption of public access, and then take appropriate steps to vindicate the public right of access, such as asking the parties to re-file unsealed or less heavily redacted versions. If there is any information among the Sealed Filings that neither party wishes to keep sealed and that neither party moves to seal, EFF would ask the Court to order that information unsealed.

Nick, Betsy, please let me know whether Entropic and Charter would oppose such a motion from EFF. Please also let me know of any questions you have. I would be glad to talk again, in an effort to resolve this dispute out of court.

If I do not hear from Entropic or Charter by February 9, I will conclude that the party is declining to take the steps requested by EFF and conclude that we are at an impasse.

One last administrative point: I'm CCing here two Columbia Law students in my clinic who now represent EFF with Hiba and me. They are Gloria Yi and Sean Hong.

Thanks again, and best,

Chris

---

**From:** Christopher Morten <cjm2002@columbia.edu>
**Date:** Saturday, January 20, 2024 at 9:50 AM
**To:** "Lenning, Nicholas F." <Nicholas.Lenning@klgates.com>, "Long, Betsy" <Elizabeth.Long@arnoldporter.com>, "Allor, Katherine" <Katy.Allor@klgates.com>, "Benyacar, David" <David.Benyacar@arnoldporter.com>, "Blair, Matthew A." <Matthew.Blair@klgates.com>, "Boardman, Albert" <Albert.Boardman@arnoldporter.com>, "Bridges, Kenneth -EXTERNAL" <bridgesip@icloud.com>, "Brown, Ketajh M." <Ketajh.Brown@klgates.com>, "Brown, Melissa" <Melissa.Brown@arnoldporter.com>, "Carr, Thomas" <Thomas.Carr@arnoldporter.com>, "Cohn, Marc A." <Marc.Cohn@arnoldporter.com>, "Dacus, Deron (EXTERNAL)" <ddacus@dacusfirm.com>, "DeWitt, Amy" <Amy.DeWitt@arnoldporter.com>, "Engel, Jason A." <jason.engel@klgates.com>, "ce@wsfirm.com" <ce@wsfirm.com>, "andrea@wsfirm.com" <andrea@wsfirm.com>, "Ghavimi, Darlene F." <Darlene.Ghavimi@klgates.com>, "Goodrich, Christina N." <Christina.Goodrich@klgates.com>, "Hartjes, Jennie -EXTERNAL" <jhartjes@goldmanismail.com>, "wh@wsfirm.com" <wh@wsfirm.com>, "Littman, Alan E (EXTERNAL)" <alittmann@goldmanismail.com>, "Louden, William" <William.Louden@arnoldporter.com>, "Mayani, Palak" <Palak.Mayani@arnoldporter.com>, "Meggs, Connor J." <Connor.Meggs@klgates.com>, "Nemirovsky, Zachary" <Zachary.Nemirovsky@arnoldporter.com>, "Neufeld, Courtney A." <Courtney.Neufeld@klgates.com>, "Pieja, Michael -EXTERNAL" <mpieja@goldmanismail.com>, "Reisner, Daniel" <Daniel.Reisner@arnoldporter.com>, "Richey, Samuel P." <Samuel.Richey@klgates.com>, "Shapland, Eric -EXTERNAL" <Eric.Shapland@arnoldporter.com>, "Shimota, Jim A." <Jim.Shimota@klgates.com>, "Soskin, Peter E." <Peter.Soskin@klgates.com>, "Steiert, Natalie" <Natalie.Steiert@arnoldporter.com>, "Summerfield, George"

<George.Summerfield@klgates.com>, "jw@wsfirm.com <jw@wsfirm.com>,
"Winnard, Doug -EXTERNAL" <dwinnard@goldmansmail.com>, "Young, Jr., William"
<William.Young@arnoldporter.com>, "Zhang, Shaun -EXTERNAL"
<szhang@goldmansmail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al,
Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier
Foundation to remedy apparent over-sealing

Hi Nick,

I'm glad to hear Entropic can join.  I just sent a calendar invite with the dial-in info.  I look
forward to speaking on the 26th.

Hope you and your teams have a great weekend.

Chris

---

**From:** "Lenning, Nicholas F." <Nicholas.Lenning@klgates.com>
**Date:** Friday, January 19, 2024 at 5:51 PM
**To:** "cjm2002@columbia.edu" <cjm2002@columbia.edu>, "Long, Betsy"
<Elizabeth.Long@arnoldporter.com>, "Allor, Katherine" <Katy.Allor@klgates.com>,
"Benyacar, David" <David.Benyacar@arnoldporter.com>, "Blair, Matthew A."
<Matthew.Blair@klgates.com>, "Boardman, Albert"
<Albert.Boardman@arnoldporter.com>, "Bridges, Kenneth -EXTERNAL"
<bridgesip@icloud.com>, "Brown, Ketajh M." <Ketajh.Brown@klgates.com>, "Brown,
Melissa" <Melissa.Brown@arnoldporter.com>, "Carr, Thomas"
<Thomas.Carr@arnoldporter.com>, "Cohn, Marc A."
<Marc.Cohn@arnoldporter.com>, "Dacus, Deron (EXTERNAL)"
<ddacus@dacusfirm.com>, "DeWitt, Amy" <Amy.DeWitt@arnoldporter.com>, "Engel,
Jason A." <jason.engel@klgates.com>, "ce@wsfirm.com" <ce@wsfirm.com>,
"andrea@wsfirm.com" <andrea@wsfirm.com>, "Ghavimi, Darlene F."
<Darlene.Ghavimi@klgates.com>, "Goodrich, Christina N."
<Christina.Goodrich@klgates.com>, "Hartjes, Jennie -EXTERNAL"
<jhartjes@goldmansmail.com>, "wh@wsfirm.com" <wh@wsfirm.com>, "Littmann,
Alan E (EXTERNAL)" <alittmann@goldmansmail.com>, "Louden, William"
<William.Louden@arnoldporter.com>, "Mayani, Palak"
<Palak.Mayani@arnoldporter.com>, "Meggs, Connor J."
<Connor.Meggs@klgates.com>, "Nemirovsky, Zachary"
<Zachary.Nemirovsky@arnoldporter.com>, "Neufeld, Courtney A."
<Courtney.Neufeld@klgates.com>, "Pieja, Michael -EXTERNAL"
<mpieja@goldmansmail.com>, "Reisner, Daniel"
<Daniel.Reisner@arnoldporter.com>, "Richey, Samuel P."
<Samuel.Richey@klgates.com>, "Shapland, Eric -EXTERNAL"
<Eric.Shapland@arnoldporter.com>, "Shimota, Jim A." <Jim.Shimota@klgates.com>,
"Soskin, Peter E." <Peter.Soskin@klgates.com>, "Steiert, Natalie"
<Natalie.Steiert@arnoldporter.com>, "Summerfield, George"
<George.Summerfield@klgates.com>, "jw@wsfirm.com <jw@wsfirm.com>,

"Winnard, Doug -EXTERNAL" <dwinnard@goldmanismail.com>, "Young, Jr., William"
<William.Young@arnoldporter.com>, "Zhang, Shaun -EXTERNAL"
<szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al,
Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier
Foundation to remedy apparent over-sealing

Entropic can make that work. Please send a calendar invite. Thank you.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His


**From:** cjm2002@columbia.edu <cjm2002@columbia.edu>
**Sent:** Friday, January 19, 2024 2:30 PM
**To:** Long, Betsy <Elizabeth.Long@arnoldporter.com>; Lenning, Nicholas F.
<Nicholas.Lenning@klgates.com>; Allor, Katherine <Katy.Allor@klgates.com>; Benyacar,
David <David.Benyacar@arnoldporter.com>; Blair, Matthew A.
<Matthew.Blair@klgates.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>;
Bridges, Kenneth -EXTERNAL <bridgesip@icloud.com>; Brown, Ketajh M.
<Ketajh.Brown@klgates.com>; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Carr,
Thomas <Thomas.Carr@arnoldporter.com>; Cohn, Marc A.
<Marc.Cohn@arnoldporter.com>; Dacus, Deron (EXTERNAL) <ddacus@dacusfirm.com>;
DeWitt, Amy <Amy.DeWitt@arnoldporter.com>; Engel, Jason A.
<jason.engel@klgates.com>; ce@wsfirm.com; andrea@wsfirm.com; Ghavimi, Darlene F.
<Darlene.Ghavimi@klgates.com>; Goodrich, Christina N.
<Christina.Goodrich@klgates.com>; Hartjes, Jennie -EXTERNAL
<jhartjes@goldmanismail.com>; wh@wsfirm.com; Littmann, Alan E (EXTERNAL)
<alittmann@goldmanismail.com>; Louden, William <William.Louden@arnoldporter.com>;
Mayani, Palak <Palak.Mayani@arnoldporter.com>; Meggs, Connor J.
<Connor.Meggs@klgates.com>; Nemirovsky, Zachary
<Zachary.Nemirovsky@arnoldporter.com>; Neufeld, Courtney A.
<Courtney.Neufeld@klgates.com>; Pieja, Michael -EXTERNAL
<mpieja@goldmanismail.com>; Reisner, Daniel <Daniel.Reisner@arnoldporter.com>;
Richey, Samuel P. <Samuel.Richey@klgates.com>; Shapland, Eric -EXTERNAL
<Eric.Shapland@arnoldporter.com>; Shimota, Jim A. <Jim.Shimota@klgates.com>;
Soskin, Peter E. <Peter.Soskin@klgates.com>; Steiert, Natalie
<Natalie.Steiert@arnoldporter.com>; Summerfield, George
<George.Summerfield@klgates.com>; jw@wsfirm.com; Winnard, Doug -EXTERNAL
<dwinnard@goldmanismail.com>; Young, Jr., William <William.Young@arnoldporter.com>;
Zhang, Shaun -EXTERNAL <szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket

No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

Hi Betsy,

Thanks for your availability, and for letting me know that Charter is willing to meet and confer.

Betsy, Nick, It looks like Friday Jan. 26 at 9:30 Pacific / 11:30 Central / 12:30 Eastern works for everyone.  Let's please plan to talk then.  Here is a dial-in we can use:

>    Topic: Entropic-Charter-EFF discussion of sealed court records
>    Time: Jan 26, 2024 12:30 PM Eastern Time (US and Canada)
>    +1 646 876 9923 US (New York)
>    Meeting ID: 914 7635 5970
>    Passcode: 560911

Please let me know of any questions.  I look forward to speaking on the 26th.

Best regards, and thanks again,

Chris

---

**From:** Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Date:** Thursday, January 18, 2024 at 6:25 PM
**To:** Christopher Morten <cjm2002@columbia.edu>, Lenning, Nicholas F. <Nicholas.Lenning@klgates.com>, Allor, Katherine <Katy.Allor@klgates.com>, Benyacar, David <David.Benyacar@arnoldporter.com>, Blair, Matthew A. <Matthew.Blair@klgates.com>, Boardman, Albert <Albert.Boardman@arnoldporter.com>, Bridges, Kenneth -EXTERNAL <bridgesip@icloud.com>, Brown, Ketajh M. <Ketajh.Brown@klgates.com>, Brown, Melissa <Melissa.Brown@arnoldporter.com>, Carr, Thomas <Thomas.Carr@arnoldporter.com>, Cohn, Marc A. <Marc.Cohn@arnoldporter.com>, ddacus@dacusfirm.com <ddacus@dacusfirm.com>, DeWitt, Amy <Amy.DeWitt@arnoldporter.com>, Engel, Jason A. <jason.engel@klgates.com>, ce@wsfirm.com <ce@wsfirm.com>, andrea@wsfirm.com <andrea@wsfirm.com>, Ghavimi, Darlene F. <Darlene.Ghavimi@klgates.com>, Goodrich, Christina N. <Christina.Goodrich@klgates.com>, Hartjes, Jennie -EXTERNAL <jhartjes@goldmanismail.com>, wh@wsfirm.com <wh@wsfirm.com>, alittmann@goldmanismail.com <alittmann@goldmanismail.com>, Louden, William <William.Louden@arnoldporter.com>, Mayani, Palak <Palak.Mayani@arnoldporter.com>, Meggs, Connor J. <Connor.Meggs@klgates.com>, Nemirovsky, Zachary <Zachary.Nemirovsky@arnoldporter.com>, Neufeld, Courtney A. <Courtney.Neufeld@klgates.com>, Pieja, Michael -EXTERNAL <mpieja@goldmanismail.com>, Reisner, Daniel <Daniel.Reisner@arnoldporter.com>, Richey, Samuel P. <Samuel.Richey@klgates.com>, Shapland, Eric <Eric.Shapland@arnoldporter.com>, Shimota, Jim A. <Jim.Shimota@klgates.com>, Soskin, Peter E. <Peter.Soskin@klgates.com>, Steiert, Natalie

<[Natalie.Steiert@arnoldporter.com](mailto:Natalie.Steiert@arnoldporter.com)>, Summerfield, George
<[George.Summerfield@klgates.com](mailto:George.Summerfield@klgates.com)>, [jw@wsfirm.com](mailto:jw@wsfirm.com) <[jw@wsfirm.com](mailto:jw@wsfirm.com)>, Winnard,
Doug -EXTERNAL <[dwinnard@goldmanismail.com](mailto:dwinnard@goldmanismail.com)>, Young, Jr., William
<[William.Young@arnoldporter.com](mailto:William.Young@arnoldporter.com)>, Zhang, Shaun -EXTERNAL
<[szhang@goldmanismail.com](mailto:szhang@goldmanismail.com)>
**Cc:** Hiba Iqbal Ismail <[hii2101@columbia.edu](mailto:hii2101@columbia.edu)>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al,
Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier
Foundation to remedy apparent over-sealing

Charter is available Friday at 9:30-10:30 Pacific / 11:30-12:30 Central / 12:30-1:30 Eastern.

_____
Betsy Long
Counsel | Bio

**Arnold&Porter**

250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.8067
[Elizabeth.Long@arnoldporter.com](mailto:Elizabeth.Long@arnoldporter.com)
[www.arnoldporter.com](http://www.arnoldporter.com) | LinkedIn

**From:** Christopher Morten <[cjm2002@columbia.edu](mailto:cjm2002@columbia.edu)>
**Sent:** Thursday, January 18, 2024 4:08 PM
**To:** Lenning, Nicholas F. <[Nicholas.Lenning@klgates.com](mailto:Nicholas.Lenning@klgates.com)>; Long, Betsy
<[Elizabeth.Long@arnoldporter.com](mailto:Elizabeth.Long@arnoldporter.com)>; Allor, Katherine <[Katy.Allor@klgates.com](mailto:Katy.Allor@klgates.com)>;
Benyacar, David <[David.Benyacar@arnoldporter.com](mailto:David.Benyacar@arnoldporter.com)>; Blair, Matthew A.
<[Matthew.Blair@klgates.com](mailto:Matthew.Blair@klgates.com)>; Boardman, Albert <[Albert.Boardman@arnoldporter.com](mailto:Albert.Boardman@arnoldporter.com)>;
Bridges, Kenneth -EXTERNAL <[bridgesip@icloud.com](mailto:bridgesip@icloud.com)>; Brown, Ketajh M.
<[Ketajh.Brown@klgates.com](mailto:Ketajh.Brown@klgates.com)>; Brown, Melissa <[Melissa.Brown@arnoldporter.com](mailto:Melissa.Brown@arnoldporter.com)>; Carr,
Thomas <[Thomas.Carr@arnoldporter.com](mailto:Thomas.Carr@arnoldporter.com)>; Cohn, Marc A.
<[Marc.Cohn@arnoldporter.com](mailto:Marc.Cohn@arnoldporter.com)>; zzz.External.ddacus@dacusfirm.com
<[ddacus@dacusfirm.com](mailto:ddacus@dacusfirm.com)>; DeWitt, Amy <[Amy.DeWitt@arnoldporter.com](mailto:Amy.DeWitt@arnoldporter.com)>; Engel, Jason
A. <[jason.engel@klgates.com](mailto:jason.engel@klgates.com)>; [ce@wsfirm.com](mailto:ce@wsfirm.com); zzz.External.andrea@wsfirm.com
<[andrea@wsfirm.com](mailto:andrea@wsfirm.com)>; Ghavimi, Darlene F. <[Darlene.Ghavimi@klgates.com](mailto:Darlene.Ghavimi@klgates.com)>; Goodrich,
Christina N. <[Christina.Goodrich@klgates.com](mailto:Christina.Goodrich@klgates.com)>; Hartjes, Jennie -EXTERNAL
<[jhartjes@goldmanismail.com](mailto:jhartjes@goldmanismail.com)>; zzz.External.wh@wsfirm.com <[wh@wsfirm.com](mailto:wh@wsfirm.com)>;
zzz.External.alittmann@goldmanismail.com <[alittmann@goldmanismail.com](mailto:alittmann@goldmanismail.com)>; Louden,
William <[William.Louden@arnoldporter.com](mailto:William.Louden@arnoldporter.com)>; Mayani, Palak
<[Palak.Mayani@arnoldporter.com](mailto:Palak.Mayani@arnoldporter.com)>; Meggs, Connor J. <[Connor.Meggs@klgates.com](mailto:Connor.Meggs@klgates.com)>;
Nemirovsky, Zachary <[Zachary.Nemirovsky@arnoldporter.com](mailto:Zachary.Nemirovsky@arnoldporter.com)>; Neufeld, Courtney A.
<[Courtney.Neufeld@klgates.com](mailto:Courtney.Neufeld@klgates.com)>; Pieja, Michael -EXTERNAL
<[mpieja@goldmanismail.com](mailto:mpieja@goldmanismail.com)>; Reisner, Daniel <[Daniel.Reisner@arnoldporter.com](mailto:Daniel.Reisner@arnoldporter.com)>;
Richey, Samuel P. <[Samuel.Richey@klgates.com](mailto:Samuel.Richey@klgates.com)>; Shapland, Eric
<[Eric.Shapland@arnoldporter.com](mailto:Eric.Shapland@arnoldporter.com)>; Shimota, Jim A. <[Jim.Shimota@klgates.com](mailto:Jim.Shimota@klgates.com)>;
Soskin, Peter E. <[Peter.Soskin@klgates.com](mailto:Peter.Soskin@klgates.com)>; Steiert, Natalie
<[Natalie.Steiert@arnoldporter.com](mailto:Natalie.Steiert@arnoldporter.com)>; Summerfield, George
<[George.Summerfield@klgates.com](mailto:George.Summerfield@klgates.com)>; [jw@wsfirm.com](mailto:jw@wsfirm.com); Winnard, Doug -EXTERNAL
<[dwinnard@goldmanismail.com](mailto:dwinnard@goldmanismail.com)>; Young, Jr., William <[William.Young@arnoldporter.com](mailto:William.Young@arnoldporter.com)>;
Zhang, Shaun -EXTERNAL <[szhang@goldmanismail.com](mailto:szhang@goldmanismail.com)>

**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

External E-mail

Hi Nick,

Thanks for your email.  Here are some windows next week that I'm available to meet and confer.  Please let me know if any of these work for you and other attorneys for Entropic.

1. Wednesday 1/24
    1. 7-9 Pacific / 9-11 Central / 10-noon Eastern
    2. 10:30-11:30 Pacific / 12:30-1:30 Central / 1:30-2:30 Eastern

2. Thursday 1/25
    1. 11:30-12:30 Pacific / 1:30-2:30 Central / 2:30-3:30 Eastern

3. Friday 1/26
    1. 9:30-10:30 Pacific / 11:30-12:30 Central / 12:30-1:30 Eastern
    2. 1-2 Pacific / 3-4 Central / 4-5 Eastern

Best regards, and thanks,

Chris

---

**From:** "Lenning, Nicholas F." <Nicholas.Lenning@klgates.com>
**Date:** Thursday, January 18, 2024 at 2:06 PM
**To:** "cjm2002@columbia.edu" <cjm2002@columbia.edu>, "Long, Betsy" <Elizabeth.Long@arnoldporter.com>, "Allor, Katherine" <Katy.Allor@klgates.com>, "Benyacar, David" <David.Benyacar@arnoldporter.com>, "Blair, Matthew A." <Matthew.Blair@klgates.com>, "Boardman, Albert" <Albert.Boardman@arnoldporter.com>, "Bridges, Kenneth -EXTERNAL" <bridgesip@icloud.com>, "Brown, Ketajh M." <Ketajh.Brown@klgates.com>, "Brown, Melissa" <Melissa.Brown@arnoldporter.com>, "Carr, Thomas" <Thomas.Carr@arnoldporter.com>, "Cohn, Marc A." <Marc.Cohn@arnoldporter.com>, "Dacus, Deron (EXTERNAL)" <ddacus@dacusfirm.com>, "DeWitt, Amy" <Amy.DeWitt@arnoldporter.com>, "Engel, Jason A." <jason.engel@klgates.com>, "ce@wsfirm.com" <ce@wsfirm.com>, "andrea@wsfirm.com" <andrea@wsfirm.com>, "Ghavimi, Darlene F." <Darlene.Ghavimi@klgates.com>, "Goodrich, Christina N." <Christina.Goodrich@klgates.com>, "Hartjes, Jennie -EXTERNAL"

<jhartjes@goldmanismail.com>, "wh@wsfirm.com" <wh@wsfirm.com>, "Littmann, Alan E (EXTERNAL)" <alittmann@goldmanismail.com>, "Louden, William" <William.Louden@arnoldporter.com>, "Mayani, Palak" <Palak.Mayani@arnoldporter.com>, "Meggs, Connor J." <Connor.Meggs@klgates.com>, "Nemirovsky, Zachary" <Zachary.Nemirovsky@arnoldporter.com>, "Neufeld, Courtney A." <Courtney.Neufeld@klgates.com>, "Pieja, Michael -EXTERNAL" <mpieja@goldmanismail.com>, "Reisner, Daniel" <Daniel.Reisner@arnoldporter.com>, "Richey, Samuel P." <Samuel.Richey@klgates.com>, "Shapland, Eric -EXTERNAL" <Eric.Shapland@arnoldporter.com>, "Shimota, Jim A." <Jim.Shimota@klgates.com>, "Soskin, Peter E." <Peter.Soskin@klgates.com>, "Steiert, Natalie" <Natalie.Steiert@arnoldporter.com>, "Summerfield, George" <George.Summerfield@klgates.com>, "jw@wsfirm.com" <jw@wsfirm.com>, "Winnard, Doug -EXTERNAL" <dwinnard@goldmanismail.com>, "Young, Jr., William" <William.Young@arnoldporter.com>, "Zhang, Shaun -EXTERNAL" <szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

Chris,

Entropic is willing to meet and confer. Please propose some times and I will confirm Entropic's availability, including our local counsel. I believe all of the redactions that you have identified are Charter's alleged confidential information, not Entropic's, but I will confirm before the meet and confer. If there are other redactions that are of concern, please let us know so we can review in advance. Thank you.

Best,

Nick Lenning
K&L Gates LLP
(206) 370-6685
He/Him/His

**From:** cjm2002@columbia.edu <cjm2002@columbia.edu>
**Sent:** Thursday, January 18, 2024 8:53 AM
**To:** Long, Betsy <Elizabeth.Long@arnoldporter.com>; Allor, Katherine <Katy.Allor@klgates.com>; Benyacar, David <David.Benyacar@arnoldporter.com>; Blair, Matthew A. <Matthew.Blair@klgates.com>; Boardman, Albert <Albert.Boardman@arnoldporter.com>; Bridges, Kenneth -EXTERNAL

[bridgesip@icloud.com](mailto:bridgesip@icloud.com)>; Brown, Ketajh M. <[Ketajh.Brown@klgates.com](mailto:Ketajh.Brown@klgates.com)>; Brown, Melissa <[Melissa.Brown@arnoldporter.com](mailto:Melissa.Brown@arnoldporter.com)>; Carr, Thomas <[Thomas.Carr@arnoldporter.com](mailto:Thomas.Carr@arnoldporter.com)>; Cohn, Marc A. <[Marc.Cohn@arnoldporter.com](mailto:Marc.Cohn@arnoldporter.com)>; Dacus, Deron (EXTERNAL) <[ddacus@dacusfirm.com](mailto:ddacus@dacusfirm.com)>; DeWitt, Amy <[Amy.DeWitt@arnoldporter.com](mailto:Amy.DeWitt@arnoldporter.com)>; Engel, Jason A. <[jason.engel@klgates.com](mailto:jason.engel@klgates.com); [ce@wsfirm.com](mailto:ce@wsfirm.com); [andrea@wsfirm.com](mailto:andrea@wsfirm.com)>; Ghavimi, Darlene F. <[Darlene.Ghavimi@klgates.com](mailto:Darlene.Ghavimi@klgates.com)>; Goodrich, Christina N. <[Christina.Goodrich@klgates.com](mailto:Christina.Goodrich@klgates.com)>; Hartjes, Jennie -EXTERNAL <[jhartjes@goldmanismail.com](mailto:jhartjes@goldmanismail.com), [wh@wsfirm.com](mailto:wh@wsfirm.com)>; Lenning, Nicholas F. <[Nicholas.Lenning@klgates.com](mailto:Nicholas.Lenning@klgates.com)>; Littmann, Alan E (EXTERNAL) <[alittmann@goldmanismail.com](mailto:alittmann@goldmanismail.com)>; Louden, William <[William.Louden@arnoldporter.com](mailto:William.Louden@arnoldporter.com)>; Mayani, Palak <[Palak.Mayani@arnoldporter.com](mailto:Palak.Mayani@arnoldporter.com)>; Meggs, Connor J. <[Connor.Meggs@klgates.com](mailto:Connor.Meggs@klgates.com)>; Nemirovsky, Zachary <[Zachary.Nemirovsky@arnoldporter.com](mailto:Zachary.Nemirovsky@arnoldporter.com)>; Neufeld, Courtney A. <[Courtney.Neufeld@klgates.com](mailto:Courtney.Neufeld@klgates.com)>; Pieja, Michael -EXTERNAL <[mpieja@goldmanismail.com](mailto:mpieja@goldmanismail.com)>; Reisner, Daniel <[Daniel.Reisner@arnoldporter.com](mailto:Daniel.Reisner@arnoldporter.com)>; Richey, Samuel P. <[Samuel.Richey@klgates.com](mailto:Samuel.Richey@klgates.com)>; Shapland, Eric -EXTERNAL <[Eric.Shapland@arnoldporter.com](mailto:Eric.Shapland@arnoldporter.com)>; Shimota, Jim A. <[Jim.Shimota@klgates.com](mailto:Jim.Shimota@klgates.com)>; Soskin, Peter E. <[Peter.Soskin@klgates.com](mailto:Peter.Soskin@klgates.com)>; Steiert, Natalie <[Natalie.Steiert@arnoldporter.com](mailto:Natalie.Steiert@arnoldporter.com)>; Summerfield, George <[George.Summerfield@klgates.com](mailto:George.Summerfield@klgates.com), [jw@wsfirm.com](mailto:jw@wsfirm.com)>; Winnard, Doug -EXTERNAL <[dwinnard@goldmanismail.com](mailto:dwinnard@goldmanismail.com)>; Young, Jr., William <[William.Young@arnoldporter.com](mailto:William.Young@arnoldporter.com)>; Zhang, Shaun -EXTERNAL <[szhang@goldmanismail.com](mailto:szhang@goldmanismail.com)>
**Cc:** Hiba Iqbal Ismail <[hii2101@columbia.edu](mailto:hii2101@columbia.edu)>
**Subject:** Re: Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

Dear Betsy,

I hope you and your teams enjoyed the holiday weekend. Many thanks for your prompt and helpful response.

Based on your email, I understand that both Entropic's and Charter's position is that motions to seal are not required in this docket because a protective order (Dkt. #36) is in place. I appreciate you providing the parties' position so clearly.

However, EFF disagrees as to what the law is, in E.D. Tex. and elsewhere. I'll reiterate and elaborate on EFF's position on what the law is and requires:

Protective orders do not and cannot exempt parties from their obligations to prove an entitlement to sealing, via motions to seal. Protective orders govern confidentiality during the *discovery* process, and to obtain the protection of a protection order, litigants need only "good cause." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021); Fed R. Civ. P. 26(c)(1). But, to seal court records filed on the public court docket, courts must apply a stricter balancing test that requires a more arduous "exacting standard." *Binh Hoa Le*, 990 F.3d at 418-20. And because different legal standards apply, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is

placed in the *judicial record*." *June Med. Servs. LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (emphasis in original). That is why motions to seal are required to shield judicial records from public view even when those same documents are marked confidential pursuant to a protective order. Parties who want to seal documents and information in the judicial record must demonstrate to the court that their interests in secrecy outweigh the presumption of public access. *See, e.g.*, Judge Gilstrap's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice at 3 ("In order to overcome the strong presumption of access, courts have held that a party seeking to seal judicial records must provide 'sufficiently compelling reasons that override the public policies favoring disclosure….'" (quoting *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)). The procedural device required to do so is a motion to seal. And the court must then weigh the interests in secrecy against the strong presumption of public access.

With this in mind, EFF's position remains the same: There are numerous violations of the public right of access in this docket. Among the violations are the heavy, unjustified redactions of certain dispositive motion papers I flagged in my first email, including Dkts. #272 (the public version of Entropic's motion for summary judgment of no license defense based on DOCSIS, Dkt. #177), #224 (the public version of Charter's response to Entropic's motion for summary judgment of no license defense based on DOCSIS, Dkt. #215), #274 (the public version of Entropic's motion for partial summary judgment that devices with MaxLinear Chips are not non-infringing alternatives affecting the reasonable royalty rate, Dkt. #179), and #221 (the public version of Charter's response to Entropic's motion for partial summary judgment that devices with MaxLinear Chips are not non-infringing alternatives affecting the reasonable royalty rate, Dkt. #211), and their associated exhibits.

I reiterate EFF's request that Entropic and Charter file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that Entropic and Charter wish to keep sealed.

I know you mentioned that the parties perceive no need to meet and confer, but EFF and I would like to talk, in an effort to resolve this dispute out of court. Please let me know. If I do not hear from you, I will assume that both Entropic and Charter have conclusively declined to meet and confer on these issues. EFF may then proceed to raise its concerns with the Court.

I look forward to hearing from you.

Best regards, and thanks again,

Chris

---

**From:** Long, Betsy <Elizabeth.Long@arnoldporter.com>
**Date:** Wednesday, January 10, 2024 at 2:29 PM
**To:** Christopher Morten <cjm2002@columbia.edu>, katy.allor@klgates.com <katy.allor@klgates.com>, Benyacar, David <David.Benyacar@arnoldporter.com>, matthew.blair@klgates.com <matthew.blair@klgates.com>, Boardman, Albert

<Albert.Boardman@arnoldporter.com>, bridgesip@icloud.com
<bridgesip@icloud.com>, ketajh.brown@klgates.com <ketajh.brown@klgates.com>,
Brown, Melissa <Melissa.Brown@arnoldporter.com>, Carr, Thomas
<Thomas.Carr@arnoldporter.com>, Cohn, Marc A. <Marc.Cohn@arnoldporter.com>,
ddacus@dacusfirm.com <ddacus@dacusfirm.com>, DeWitt, Amy
<Amy.DeWitt@arnoldporter.com>, jason.engel@klgates.com
<jason.engel@klgates.com>, ce@wsfirm.com <ce@wsfirm.com>,
andrea@wsfirm.com <andrea@wsfirm.com>, Darlene.Ghavimi@klgates.com
<Darlene.Ghavimi@klgates.com>, christina.goodrich@klgates.com
<christina.goodrich@klgates.com>, jhartjes@goldmanismail.com
<jhartjes@goldmanismail.com>, wh@wsfirm.com <wh@wsfirm.com>,
nicholas.lenning@klgates.com <nicholas.lenning@klgates.com>,
alittmann@goldmanismail.com <alittmann@goldmanismail.com>, Louden, William
<William.Louden@arnoldporter.com>, Mayani, Palak
<Palak.Mayani@arnoldporter.com>, connor.meggs@klgates.com
<connor.meggs@klgates.com>, Nemirovsky, Zachary
<Zachary.Nemirovsky@arnoldporter.com>, courtney.neufeld@klgates.com
<courtney.neufeld@klgates.com>, mpieja@goldmanismail.com
<mpieja@goldmanismail.com>, Reisner, Daniel <Daniel.Reisner@arnoldporter.com>,
samuel.richey@klgates.com <samuel.richey@klgates.com>, Shapland, Eric
<Eric.Shapland@arnoldporter.com>, jim.shimota@klgates.com
<jim.shimota@klgates.com>, peter.soskin@klgates.com
<peter.soskin@klgates.com>, Steiert, Natalie <Natalie.Steiert@arnoldporter.com>,
george.summerfield@klgates.com <george.summerfield@klgates.com>,
jw@wsfirm.com <jw@wsfirm.com>, dwinnard@goldmanismail.com
<dwinnard@goldmanismail.com>, Young, Jr., William
<William.Young@arnoldporter.com>, szhang@goldmanismail.com
<szhang@goldmanismail.com>
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** RE: Entropic Communications, LLC v. Charter Communications, Inc. et al,
Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier
Foundation to remedy apparent over-sealing

Dear Chris,

I respond on behalf of Plaintiff Entropic and Defendant Charter.

The parties' filings under seal are proper.  Local Rule CV-5 allows filing under seal if the
document "contains a statement by counsel following the certificate of service that certifies
that (1) a motion to seal the document has been filed, or (2) the court already has granted
authorization to seal the document."  Here, the protective order (Dkt. 36) states that "Any
DESIGNATED MATERIAL that is filed with the Court shall be filed under seal."  The parties'
sealed filings in this case contain a statement by counsel pursuant to Local Rule CV-5 that
references the protective order.  As such, motions to seal are not required.  Further, as the
parties complied with the Court's rules, there is no need for a meet and confer.

Best,
Betsy

—————————————
Betsy Long
Counsel | Bio

## Arnold & Porter

250 West 55th Street
New York, NY 10019-9710
T: +1 212.836.8067
Elizabeth.Long@arnoldporter.com
www.arnoldporter.com | LinkedIn

**From:** Christopher Morten <cjm2002@columbia.edu>
**Sent:** Friday, January 5, 2024 11:19 AM
**To:** katy.allor@klgates.com; Benyacar, David <David.Benyacar@arnoldporter.com>; matthew.blair@klgates.com; Boardman, Albert <Albert.Boardman@arnoldporter.com>; bridgesip@icloud.com; ketajh.brown@klgates.com; Brown, Melissa <Melissa.Brown@arnoldporter.com>; Carr, Thomas <Thomas.Carr@arnoldporter.com>; Cohn, Marc A. <Marc.Cohn@arnoldporter.com>; zzz.External.ddacus@dacusfirm.com <ddacus@dacusfirm.com>; DeWitt, Amy <Amy.DeWitt@arnoldporter.com>; jason.engel@klgates.com; ce@wsfirm.com; zzz.External.andrea@wsfirm.com <andrea@wsfirm.com>; Darlene.Ghavimi@klgates.com; christina.goodrich@klgates.com; jhartjes@goldmanismail.com; zzz.External.wh@wsfirm.com <wh@wsfirm.com>; nicholas.lenning@klgates.com; zzz.External.alittmann@goldmanismail.com <alittmann@goldmanismail.com>; Long, Betsy <Elizabeth.Long@arnoldporter.com>; Louden, William <William.Louden@arnoldporter.com>; Mayani, Palak <Palak.Mayani@arnoldporter.com>; connor.meggs@klgates.com; Nemirovsky, Zachary <Zachary.Nemirovsky@arnoldporter.com>; courtney.neufeld@klgates.com; mpieja@goldmanismail.com; Reisner, Daniel <Daniel.Reisner@arnoldporter.com>; samuel.richey@klgates.com; Shapland, Eric <Eric.Shapland@arnoldporter.com>; jim.shimota@klgates.com; peter.soskin@klgates.com; Steiert, Natalie <Natalie.Steiert@arnoldporter.com>; george.summerfield@klgates.com; jw@wsfirm.com; dwinnard@goldmanismail.com; Young, Jr., William <William.Young@arnoldporter.com>; szhang@goldmanismail.com
**Cc:** Hiba Iqbal Ismail <hii2101@columbia.edu>
**Subject:** Entropic Communications, LLC v. Charter Communications, Inc. et al, Docket No. 2:22-cv-00125 (E.D. Tex.) — Request of the Electronic Frontier Foundation to remedy apparent over-sealing

External E-mail

### Re: *Entropic Communications, LLC v. Charter Communications, Inc. et al*, Docket No. 2:22-cv-00125 (E.D. Tex.)

Counsel,

I am an attorney writing on behalf of my client, the Electronic Frontier Foundation (EFF). I practice as director of Columbia Law School's Science, Health, and Information Clinic, a student clinic. This clinic is part of Morningside Heights Legal Services, Inc., a not-for-profit law firm that provides pro bono legal services to EFF and other clients. I CC here a clinic student working with me, Hiba Ismail.

I write to you in your capacities as counsel of record for parties Entropic Communications, LLC (Entropic) and Charter Communications, Inc. (Charter) in the case *Entropic Communications, LLC v. Charter Communications, Inc. et al*, Docket No. 2:22-cv-00125 (E.D. Tex. Apr 27, 2022).

As you know, "the public's right of access to judicial records is a fundamental element of the rule of law." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). EFF has a longstanding interest in preserving the public right of access, and an established history of vindicating this right, including in E.D. Tex. *See Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-cv-584, 2016 WL 3870069 (E.D. Tex. Apr. 18, 2016); *Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-713-RWS-RSP, 2016 WL 3460763 (E.D. Tex. Apr. 7, 2016); *see also* Matthew Bultman, *EFF Gets Docs Unsealed in 'Opaque' East Texas Patent Case*, Law360 (May 18, 2016), https://www.law360.com/articles/797681/eff-gets-docs-unsealed-in-opaque-east-texas-patent-case.

EFF is concerned that Entropic and Charter have filed certain court records in this case under seal without any showing by the parties or judicial determination that the strong presumption of public access to these records has been overcome. Examples of such records include Dkts. #272 (the public version of Entropic's motion for summary judgment of no license defense based on DOCSIS, Dkt. #177), #224 (the public version of Charter's response to Entropic's motion for summary judgment of no license defense based on DOCSIS, Dkt. #215), #274 (the public version of Entropic's motion for partial summary judgment that devices with MaxLinear Chips are not non-infringing alternatives affecting the reasonable royalty rate, Dkt. #179), and #221 (the public version of Charter's response to Entropic's motion for partial summary judgment that devices with MaxLinear Chips are not non-infringing alternatives affecting the reasonable royalty rate, Dkt. #211), and their associated exhibits, all of which contain heavy redactions not supported by any motions to seal, orders on sealing, or other justifications for secrecy.

Both the initial and ongoing sealing of these records is therefore improper. *See* Judge Gilstrap's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice (recognizing that requests to seal must demonstrate "that the information sought to be protected is of such a sensitive nature that its disclosure creates a risk of harm that outweighs the strong presumption in favor of public access to judicial proceedings").

EFF hereby requests that Entropic and Charter file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that Entropic and Charter wish to keep sealed. Motions to seal should establish that legally sufficient reasons exist to justify ongoing secrecy. Any currently sealed records that Entropic and Charter do not wish to keep sealed should be re-filed on the docket, promptly, in unsealed, publicly accessible form.

Please let us know whether Entropic and Charter will comply with the above request.

We would be glad to discuss specific filings we consider over-sealed and potential remedies. If Entropic or Charter is not willing or able to comply, please let us know when counsel is available to meet and confer, pursuant to E.D. Tex. Local Rule CV-7, on a date on or before January 26, 2024.

Best regards,

Chris

--------------------------
Christopher Morten
Director, Science, Health & Information Clinic
Columbia Law School
Office: (212) 854-1845
Email: cjm2002@columbia.edu

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Nicholas.Lenning@klgates.com.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

# EXHIBIT  E

2.  The Asserted Claims are claims 18 and 19 of the '775 Patent; claims 7 and 8 of the '690 Patent; claims 1, 2, 3, 4, 5 and 6 of the '008 Patent; claims 11 and 12 of the '362 Patent; claims 1, 6, 8 and 9 of the '826 Patent; and claims 1, 2, and 3 of the '682 Patent.

3.  The 

" Ex. A, ███████ at 2.

4.  The ████████

" *Id.*

5.  The ████████

" *Id.*

6.  ████████

7.  In order to reach his conclusion that certain of the Patents-in-Suit were essential to the alleged DOCSIS specifications, Dr. Almeroth compared the claims of the Patents-in-Suit to Entropic's infringement contentions. Ex. C, Almeroth Tr. at 49:8–11.

8.  Charter is able to deploy DOCSIS compatible cable modems without utilizing ██ ████████ Boglioli Tr. at 163:10–25, 164:12–166:10.

9.  Charter is able to deploy DOCSIS compatible cable modems without utilizing

2



| a characteristic of said received signal; and" | |
|---|---|
| | Aside from ENTROPIC_CHARTER_0002505 and BCM0000153, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by |
| '826 Patent 1(h) - "controlling the transmission of network management messages back to said headend based on said measured characteristic of said received signal, wherein said measured characteristic is different than said network management messages." | |
| | Aside from ENTROPIC_CHARTER_0002505 and BCM0000153, the documents above were created and produced by Charter. None of the documents above are DOCSIS specifications or are created by |
| '682 Patent 1(c) - "assigning, by said CMTS, each cable modem among a plurality of service | |

11

# EXHIBIT A - D

# FILED UNDER SEAL

## TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................... 1

II.   RESPONSE TO ENTROPIC'S STATEMENT OF THE ISSUE ........................................ 1

III.  RESPONSE TO ENTROPIC'S STATEMENT OF UNDISPUTED FACTS ("RESP. SUF") ..................................................................................................... 1

IV.  ADDITIONAL FACTS THAT WARRANT DENIAL OF ENTROPIC'S MOTION ("ADD. SOF") ...................................................................................................... 4

V.   ARGUMENT ......................................................................................................... 6

    A.   Whether Charter Has A License Is A Question Of New York Contract Law, Not Federal Patent Law As Entropic Urges .......................................................... 6

    B.   Both Parties' Experts Provide Ample Evidence For A Jury To Conclude That the '690, '008, '826 and '682 Patents Are "Essential for Compliance" ....................... 10

        1.   '690 ....................................................................................................... 10

        2.   '008 / '826 ............................................................................................. 12

        3.   '682 ....................................................................................................... 13

    C.   Entropic's Reliance On Some ▮▮▮▮▮▮▮▮▮▮▮▮▮ In Its Infringement Contentions Does Not Undermine The Essentiality Of The Asserted Patents .............. 15

VI.  CONCLUSION ..................................................................................................... 15

**Appx641**

**TABLE OF EXHIBITS**[1]

| Exhibit | Description |
|---|---|
| A | ▮▮▮▮▮). Dkt. 177-2. |
| B | Excerpts of the deposition transcript of ▮▮▮▮, dated August 11, 2023. Dkt. 177-3. |
| C | Excerpts of the deposition transcript of Dr. Kevin Almeroth, dated August 23, 2023. Dkt. 177-4. |
| D | Opening Expert Report of Dr. Kevin Almeroth Regarding Licenses and Non-Infringing Alternatives, served on July 21, 2023. Dkt. 177-5. |
| E | Opening Expert Report of David O. Taylor Regarding Charter's Defenses, served on July 21, 2023. |
| F | Rebuttal Expert Report of Dr. Shukri Souri Regarding Licensing And Non-Infringing Alternatives, served on August 11, 2023. |
| G | Excerpts of the deposition transcript of ▮▮▮▮, dated August 11, 2023. Dkt. 177-3. |
| H | Opening Expert Report of Dr. Shukri Souri Regarding Infringement of the '008, '682, '690, and '826 Patents, served on July 21, 2023. |
| I | CHARTER_ENTROPIC00214282 |
| J | CHARTER_ENTROPIC00290917 |
| K | Excerpts of the deposition transcript of ▮▮▮▮ dated June 6, 2023. |
| L | Excerpts of the deposition transcript of ▮▮▮▮, dated June 27, 2023. |
| M | CHARTER_ENTROPIC00244578 |
| N | CHARTER_ENTROPIC00291564 |
| O | CHARTER_ENTROPIC00476675 |
| P | Excerpts of the deposition transcript of Dr. Kevin Almeroth, dated August 23, 2023. Dkt. 177-4. |
| Q | Excerpts of the Declaration of Dr. Kevin Almeroth Regarding Claim Construction, dated April 4, 2023. |
| R | Opening Expert Report of Dr. Richard A. Kramer Regarding Infringement, dated July 21, 2023. |
| S | United States Patent No. 8,792,008. |
| T | United States Patent No. 9,825,826. |
| U | CHARTER_ENTROPIC00369071 |
| V | Excerpts of the deposition transcript of Dr. Shukri Souri, dated August 18, 2023. |
| W | Rebuttal Expert Report of Dr. Kevin Almeroth Regarding Non-Infringement, dated August 11, 2023. |
| X | Exhibit F from Entropic's 2nd Supplemental Infringement Contentions, dated June 23, 2023. |

---

[1] Exhibits A–D were filed with Entropic's opening motion (Dkt. 177).

iv

US 174553318v13

**Appx642**

## I.     INTRODUCTION

Entropic's infringement contentions rely on █████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████ Entropic's motion for

summary judgment (Dkt. 177, the "Motion" or "Mot.") should, therefore, be denied.

Entropic fails to cite a single case supporting its theory that a license can only be shown if

██████████████████████████████████████████████████

████████████ Nor does it even attempt to offer an interpretation of the contract that would support

its fabricated element-by-element test. █████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████

## II.    RESPONSE TO ENTROPIC'S STATEMENT OF THE ISSUE

Charter accepts Entropic's statement of the question to be decided.

## III.   RESPONSE TO ENTROPIC'S STATEMENT OF UNDISPUTED FACTS ("RESP. SUF")

1–2.   Undisputed.

---

2 ████████████████████████████████████████████████



████████████████████████████████████████

████████████████████.

13. Disputed, argumentative, incomplete. Almeroth's opinions on the ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

14. Disputed, argumentative, incomplete. Almeroth does not render any opinion on the

████████████████████████████████████████

████████████████████████████████████

IV. **ADDITIONAL FACTS THAT WARRANT DENIAL OF ENTROPIC'S MOTION ("ADD. SOF")**

1. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████

2. ████████████████████████████████

██████████████████████████████

3. ████████████████████████████████

████████████████████████████████

4. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

4

US 174553318v13



---

[3] Emphasis added.

US 174553318v13

10.

11.

## V.    ARGUMENT

### A.    Whether Charter Has A License Is A Question Of New York Contract Law, Not Federal Patent Law As Entropic Urges

Entropic's motion asserts that, to prove

Entropic is wrong on the facts and the law. In particular, Entropic confuses the issue of patent infringement, which requires proof that every claim element is present in an accused device,                                        . The former is a question of federal patent law, while the latter is a question of contract interpretation under state law.

US 174553318v13

6

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████, and summary

judgment on the '690 license defense should be denied.

Furthermore,  even  if—██████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

11

US 174553318v13



Entropic further argues that ███████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████

Almeroth conducted the analysis required to determine whether the '008 and '826 patents

are ████████████████████████████████████████." His testimony far exceeds what

is necessary to create a genuine issue of fact. ██████████████████████████████

████████████████████████████████████ cannot, according to Entropic,

do so without infringing its '008 and '826 patents. If true, as it asserts, then Entropic's patents are

█████████████████████████████████.

    **3.**    **'682**

████████████████████████████████████████████████ ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

───────────────

[7] ████████████████████████████████████████████████████████████

████████████████████████████████████████████

13

US 174553318v13

**Appx649**

5.      Attached as **Exhibit H** is a true and correct copy of excerpts of the Opening Expert Report of Dr. Shukri Souri Regarding Infringement of the '008, '682, '690, and '826 Patents, served on July 21, 2023.

6.      Attached as **Exhibit I** is a true and correct copy of ███████████████████ .

7.      Attached as **Exhibit J** is a true and correct copy of ███████████████████ .

8.      Attached as **Exhibit K** is a true and correct copy of excerpts of the deposition transcript of ███████████████████████ .

9.      Attached as **Exhibit L** is a true and correct copy of excerpts of the deposition transcript of ██████████████████ .

10.     Attached as **Exhibit M** is a true and correct copy of ███████████████████ .

11.     Attached as **Exhibit N** is a true and correct copy of ██████████████████ .

12.     Attached as **Exhibit O** is a true and correct copy of ██████████████████ .

13.     Attached as **Exhibit P** is a true and correct copy of excerpts of the deposition transcript of Dr. Kevin Almeroth, dated August 23, 2023. Dkt. 177-4.

14.     Attached as **Exhibit Q** is a true and correct copy of excerpts of the Declaration of Dr. Kevin Almeroth Regarding Claim Construction, dated April 4, 2023.

15.     Attached as **Exhibit R** is a true and correct copy of excerpts of the Opening Expert Report of Dr. Richard A. Kramer Regarding Infringement, dated July 21, 2023.

16.     Attached as **Exhibit S** is a true and correct copy of United States Patent No. 8,792,008.

17.     Attached as **Exhibit T** is a true and correct copy of United States Patent No. 9,825,826.

18.     Attached as **Exhibit U** is a true and correct copy of ██████████████ .

19.     Attached as **Exhibit V** is a true and correct copy of excerpts of the deposition transcript of Dr. Shukri Souri, dated August 18, 2023.

2

**Appx650**

# EXHIBIT  F

Bloomberg Law News 2024-03-19T10:20:02101366937-04:00

# Charter Bid to Dismiss Texas Patent Case Rejected by Fed. Cir.

By Michael Shapiro 2023-09-05T11:08:11000-04:00

The Federal Circuit rejected Charter Communications Inc.'s bid to get a Texas patent suit targeting the cable giant tossed on venue grounds.

In April 2022, Entropic Communications LLC sued Charter, the nation's second-largest cable operator, in federal district court in Marshall, Texas.

Charter argued dismissal was appropriate because it doesn't have a regular and established place of business in the US District Court for the Eastern District of Texas under the patent venue statute. In so doing, the company sought to distinguish itself from its Spectrum brand and subsidiaries.

Judge J. Rodney Gilstrap rejected those arguments, writing that he was "persuaded that Charter is Spectrum, and Spectrum is Charter."

The US Court of Appeals for the Federal Circuit issued a short order on Tuesday saying it wouldn't be getting involved by overruling Gilstrap.

It concluded that Charter hadn't raised a "broad, fundamental, and recurring legal question" that might warrant its intervention in the pending case.

Charter is represented by Arnold & Porter Kaye Scholer LLP. K&L Gates LLP represents Entropic.

The case is In re: Charter Comms., Inc. , Fed. Cir., 23-136, denying pet. for writ of mandamus 9/5/23 .

To contact the reporter on this story: Michael Shapiro in Dallas at mshapiro@bloombergindustry.com

To contact the editor responsible for this story: Adam M. Taylor at ataylor@bloombergindustry.com



© 2024 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

Charter Bid to Dismiss Texas Patent Case Rejected by Fed. Cir.

## Related Documents

Fed. Circuit Docket

Fed. Circuit Order

E.D. Tex. Docket

E.D. Tex. Order

© 2024 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

# EXHIBIT G

Bloomberg Law News 2024-03-19T10:20:54114145551-04:00

# Charter, Entropic Settle Dispute Over Data-Transmission Patents

By Laurel Brubaker Calkins 2023-12-11T14:00:12000-05:00

- Pretrial rulings sharply narrowed jury issues last month
- Entropic had already dropped claims over 3 of 6 patents

Charter Communications Inc. and Entropic Communications LLC resolved their patent infringement lawsuit related to data transmission over cable technology, having their joint dismissal request granted the day before a Texas federal jury was to hear the case.

Judge Rodney Gilstrap approved the companies' settlement request in an order signed Sunday in the US District Court for the Eastern District of Texas. The request also asked him to retain jurisdiction over the case to enforce the unspecified "monetary payment due under the Dec. 10 settlement agreement between the parties."

The case was sharply narrowed in late November by a magistrate judge's recommended rulings on a stack of summary judgment motions that tilted largely in Entropic's favor, court records show. Gilstrap accepted and approved those recommendations Dec. 8, following the final pretrial conference in the case. The parties agreed to settle shortly afterward.

Attorneys for neither company immediately responded to requests for comment.

Entropic—a division of MaxLinear Inc.—earlier dropped claims concerning three of the six patents its April 2022 complaint alleged Charter's cable modems, set-top boxes and cable-based data transmission services infringed, according to court filings. Charter also withdrew its invalidity defenses against the three remaining patents, according to a Dec. 8 order summarizing the litigation.

Entropic originally accused Charter of violating US Patent Nos. 8,223,775; 8,284,690; 8,792,008; 9,210,362; 9,825,826; and 10,135,682. Many of the inventions involve system-on-chip technologies, which "simplified the installation required to support wideband reception of multiple channels for demodulation, improved home internet performance, and enabled more efficient and responsive troubleshooting and upstream signal management for cable providers," the company said in its

**Bloomberg Law**®

© 2024 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

Charter, Entropic Settle Dispute Over Data-Transmission Patents

complaint.

Entropic's founders were pioneers in the field of cable data transmission and help set standards for set-top boxes serving the home TV and video markets, according to the company. MaxLinear bought NASDAQ-traded Entropic Communications Inc. and its intellectual property portfolio in 2015, according to the filing.

Entropic is represented by K&L Gates LLP and Ward Smith & Hill PLLC. Charter is represented by The Dacus Firm PC and Arnold & Porter Kay Scholer LLP.

The case is Entropic Communications LLC v. Charter Communications Inc. , E.D. Tex., No. 2:22-cv-00125, order 12/10/23

To contact the reporter on this story: Laurel Brubaker Calkins at lcalkins@ic.bloombergindustry.com

To contact the editor responsible for this story: Tonia Moore at tmoore@bloombergindustry.com

© 2024 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

Charter, Entropic Settle Dispute Over Data-Transmission Patents

## Related Documents

Docket

Stipulation of Dismissal

Order

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ENTROPIC COMMUNICATIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-00125-JRG |
| | ) | |
| CHARTER COMMUNICATIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DECLARATION OF AARON MACKEY IN SUPPORT OF ELECTRONIC FRONTIER
FOUNDATION'S MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS**

I, Aaron Mackey, declare,

1.      I am Free Speech and Transparency Litigation Director at the Electronic Frontier
Foundation ("EFF"). I am admitted to practice in California, Washington DC, United States
District Court for the Northern District of California, United States District Court for the District
of Columbia, the Ninth Circuit Court of Appeals, the District of Columbia Court of Appeals, and
the Federal Circuit Court of Appeals.

2.      I submit this declaration in support of EFF's Motion To Intervene and To Unseal
Court Records.

3.      Unless otherwise noted, I have personal knowledge of all the matters stated in this
declaration and if called upon to do so I am competent to testify to all matters set forth herein.

**The Electronic Frontier Foundation**

4.      EFF is a nonprofit legal services organization that advocates for the rights of digital
consumers and innovators. EFF is a donor-funded 501(c)(3) nonprofit organization with more than
30,000 due paying members.

5.      EFF operates as a team of lawyers, activists, and technologists.  EFF's lawyers are primarily called to bar in California and are admitted to various courts, including the United States Supreme Court.  EFF is guided by a Board of Directors comprised of respected academics, lawyers, and technologists from across the United States.  EFF also maintains an Advisory Board which includes representatives from around the world.  EFF also regularly benefits from the expertise of fellows and student interns.

6.      EFF represents the interests of technology users in litigation and in broader policy debates surrounding the application of law in the digital age. EFF's activities include impact litigation, public advocacy and education, and the design of new technologies to help individuals protect their privacy.

**EFF's History of Public Outreach on Topics in Patent Law and Policy Reform**

7.      A significant part of EFF's work involves public outreach on developments in patent law, policy, and potential reform in the field.

8.      This work includes, but is not limited to, participating in industry panel discussions, maintaining an active blog which sheds light on issues implicating law and technology, and submitting op-eds to various publications.

9.      Blog posts that EFF staff members have written on patent related issues in approximately the past year include:

   a. Joe Mullin, *How to Fight Bad Patents: 2023 Year in Review*, EFF Deeplinks (Dec. 31, 2023), https://www.eff.org/deeplinks/2023/12/how-fight-bad-patents-2023-year-review;

   b. Joe Mullin, *Congress Shouldn't Limit The Public's Right To Fight Bad Patents*, EFF Deeplinks (Nov. 6, 2023), https://www.eff.org/deeplinks/2023/11/publics-right-fight-bad-patents-must-be-protected;

   c. Joe Mullin, *Is Landmark Technology's Two-Decade Patent Assault On E-Commerce Finally Over?*, EFF Deeplinks (Oct. 13, 2023),

2

**Appx659**

https://www.eff.org/deeplinks/2023/10/landmark-technologys-two-decade-patent-assault-e-commerce-finally-over;

d.  Joe Mullin, *This Bill Would Revive The Worst Patents On Software—And Human Genes*, EFF Deeplinks (Sept. 21, 2023), https://www.eff.org/deeplinks/2023/09/bill-would-boost-worst-patents-software-and-human-genes;

e.  Joe Mullin, *The U.S. Patent Office Should Drop Proposed Rules That Favor Patent Trolls*, EFF Deeplinks (July 6, 2023), https://www.eff.org/deeplinks/2023/06/us-patent-office-should-drop-proposed-rules-favor-patent-trolls;

f.  Joe Mullin, *Two Ways The U.S. Patent Office Could Do Better At Examination*, EFF Deeplinks (Feb. 17, 2023), https://www.eff.org/deeplinks/2023/02/two-ways-us-patent-office-could-do-better-examination.

10.  A core component of EFF's work seeks to expand public access to patent litigation dockets. On three previous occasions, EFF successfully moved to intervene in district court patent litigation cases to obtain access to improperly sealed material:

a.  *Uniloc 2017 LLC v. Apple Inc.*, No. 3:18-cv-00360 WHA, 2019 WL 2009318 (N.D. Cal. May 7, 2019), *aff'd in part, vacated in part*, 964 F.3d 1351 (Fed. Cir. 2020); *Uniloc 2017 LLC v. Apple Inc.*, No. 3:18-cv-00360 WHA, 508 F. Supp. 3d 550 (N.D. Cal. 2020), *vacated & remanded*, 25 F.4th 1018 (Fed. Cir. 2022).

b.  *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3870069 (E.D. Tex. Apr. 18, 2016).

c.  *Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-713-RWS-RSP, 2016 WL 3460763 (E.D. Tex. Apr. 7, 2016).

Appx660

11.     EFF also files amicus briefs at the Federal Circuit concerning substantive developments in patent law. For example, EFF recently filed amicus briefs in the following cases:

   a.  *SAS Institute, Inc. v. World Programming Ltd.*, Case No. 2021-1542 (Fed. Cir. 2023).

   b.  *Dragon Intellectual Property, LLC v. Dish Network LLC*, Case Nos. 2019-1283, 2019-1284 (Fed. Cir. 2020); and

12.     EFF also files comments with the U.S. Patent & Trademark Office (USPTO) regarding patent matters. For example, EFF recently submitted comments in the following matters:

   a.  Comments regarding Patent and Trademark Office Study on Future Strategies in Anticounterfeiting and Antipiracy, Docket No. 2023-10770 (Oct. 31, 2023), https://www.regulations.gov/comment/PTO-C-2023-0006-0062.

   b.  Comments regarding USPTO Initiatives to Ensure the Robustness and Reliability of Patent Rights, Docket No. PTO-P-2022-0025 (Feb. 1, 2023), https://www.eff.org/files/2023/02/15/pto-p-2022-0025_comments_of_eff_2023-02-01.pdf; and

13.     EFF also disseminates information to policymakers and members of the public regarding legislative reform of the patent system. For example, on June 4, 2019, EFF provided testimony before the U.S. Senate Committee on the Judiciary Subcommittee on Intellectual Property regarding patent reform. *See* Testimony of Alex H. Moss, https://www.judiciary.senate.gov/imo/media/doc/Moss%20Testimony.pdf. EFF also informs its supporters of opportunities to urge their congressional representatives to support or oppose certain proposed reforms of the patent system. *See, e.g.*, Joe Mullin, *Congress Shouldn't Limit The Public's Right To Fight Bad Patents*, EFF Deeplinks (Nov. 6, 2023), https://www.eff.org/deeplinks/2023/11/publics-right-fight-bad-patents-must-be-protected.

**EFF's Reliance on Access to Court Records and Interest in the Sealed Filings**

14.    EFF relies on publicly accessible court documents to engage in its public service activities. Without ready access to intelligible court documents, EFF is hindered from participating in the patent law, policy, and reform debate in a meaningful way.

15.    Without access to the Sealed Filings at issue (Dkts. 177, 215, 237, 267, 386, and their attachments), EFF is unable to access key evidence and legal argumentation underlying the asserted license defense of Charter Communications, Inc. and the response of Plaintiff Entropic Communications, LLC.

16.    EFF is interested in the Sealed Filings for numerous reasons and is harmed by the ongoing sealing of the Sealed Filings. For one, EFF is a broad technology justice organization, interested in, *inter alia*, domestic and global access to cable broadband internet. EFF has reported on the accessibility and affordability of broadband internet across the United States and has advocated for broader, more equitable access. *See, e.g.*, Ernesto Falcon, *The FCC and States Must Ban Digital Redlining*, EFF (Jan. 11, 2021), https://www.eff.org/deeplinks/2021/01/fcc-and-states-must-ban-digital-redlining; Ernesto Falcon, *We Finally Have a Federal Fiber Broadband Plan*, EFF (May 18, 2022), https://www.eff.org/deeplinks/2022/05/we-finally-have-federal-fiber-broadband-plan; Christopher Vines, *New York City Is Dismantling Low-Cost Community Broadband*, EFF (Apr. 5, 2023), https://www.eff.org/deeplinks/2023/04/new-york-city-dismantling-low-cost-community-broadband-2. EFF is specifically interested in the Data Over Cable Service Interface Specification (DOCSIS) standard. For example, EFF has undertaken a detailed technical study of DOCSIS when comparing cable internet to fiber optic and other broadband options. *See* Bennett Ciphers, *The Case for Fiber to the Home, Today: Why Fiber is a Superior Medium for 21st Century Broadband*, EFF (Oct. 16, 2019), https://www.eff.org/wp/case-fiber-home-today-why-fiber-superior-medium-21st-century-broadband. EFF is also interested in the DOCSIS standard because it affects many millions of Americans. A recent study showed that >50% of Americans rely on cable internet and so likely rely on the DOCSIS standard. Kathryn de

Wit, *How Do Americans Connect to the Internet?*, Pew (Jul. 7, 2022), https://www.pewtrusts.org/en/research-and-analysis/fact-sheets/2022/07/how-do-americans-connect-to-the-internet. EFF is interested in understanding and reporting on the DOCSIS standard, and EFF is harmed by the sealing of the Sealed Filings because sealing of the Sealed Filings makes this understanding and reporting difficult or impossible.

17.     EFF is also interested in the Sealed Filings because the question of whether cable internet devices that meet the DOCSIS standard infringe Entropic's asserted patents may affect not just Charter but other cable internet providers and manufacturers of cable internet equipment that incorporate the DOCSIS standard. EFF is interested in understanding and reporting on the specific question of whether Entropic's asserted patents are essential to the DOCSIS standard, and EFF is harmed by the sealing of the Sealed Filings because sealing of the Sealed Filings make this understanding and reporting difficult or impossible.

18.     EFF is also interested in the Sealed Filings because they implicate a fundamental, important, and recurring legal question throughout patent law: when is a specific patent "essential" to practice a given technical standard? EFF has a longstanding interest in standard-essential patents and an interest in ensuring that their owners do not misuse or abuse them. For example, in its January 2021 transition memo to President Biden, EFF wrote that the Biden Administration should "reduc[e] legal barriers to new products and services that seek to interoperate with incumbent platforms. Today's Internet giants misuse laws like the Computer Fraud and Abuse Act, section 1201 of the Digital Millennium Copyright Act, and the licensing of standards-essential patents to stop independent innovation. This Administration should help protect independent, good-faith innovators and entrepreneurs from the abuse of these laws, through revision of these laws, executive orders, merger conditions, consent decrees, procurement guidelines, and other forms of leverage over market conditions." India McKinney & Ernesto Falcon, *EFF Transition Memo to Incoming Biden Administration*, EFF (Jan. 21, 2021), https://www.eff.org/wp/eff-transition-memo-incoming-biden-administration. EFF has also encouraged the Federal Trade Commission

**Appx663**

and other enforcers of antitrust law to investigate companies that may misuse or abuse standard-essential patents. *See, e.g.*, EFF Comments to FTC on Competition (Aug. 20, 2018), https://www.eff.org/document/eff-comments-ftc-competition-0.   EFF is interested in understanding and reporting on the Court's analysis of the legal standard that governs whether a patent is essential to a given standard, and EFF is harmed by the sealing of the Sealed Filings because sealing of the Sealed Filings makes this understanding and reporting difficult or impossible.

19.     EFF is also interested in the Sealed Filings because it has a strong interest in patent license defenses, even beyond the standard-essential patent context. *See, e.g.*, Brief of Public Knowledge et al. as Amici Curiae in Support of Appellant Impression Products, *Lexmark Int'l, Inc. v. Impression Prods., Inc.*, 816 F.3d 721 (Fed. Cir. 2016) (Nos. 14-1617, 14-1619) (discussing the defense in an amicus brief of EFF). License defenses are broadly and especially interesting to EFF because they emerge from voluntary tech-sharing agreements among competitor companies. EFF supports interoperability agreements, cross-licensing, technical standards, and other steps taken by competitors to lower barriers to entry, reduce litigation burden on small companies, and so on. EFF is interested in understanding and reporting on the Court's analysis of the "Data Over Cable Service Interface Specifications License Agreement" (the "DOCSIS License") because, among other things, EFF is interested in understanding how the Court construes the language of this and other patent license agreements. EFF is harmed by the sealing of the Sealed Filings because sealing of the Sealed Filings makes this understanding and reporting difficult or impossible.

20.     EFF is also interested in the Sealed Filings because EFF has an interest in protecting and expanding the public right of access to court records, in this District, in other federal courts, and in state courts. *See, e.g.*, two of EFF's past unsealing efforts in this District: *Blue Spike, L.L.C. v. Audible Magic Corp.*, No. 6:15-cv-00584 2016 WL 3870069, at *2 (E.D. Tex. Apr. 18, 2016); *Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-00713, 2016 WL 3460763, at *1 (E.D. Tex.

Apr. 7, 2016). For examples of EFF's unsealing work in other courts, *see, e.g.*, *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351 (Fed. Cir. 2020); *Uniloc USA, Inc. v. Apple Inc.*, 25 F.4th 1018 (Fed. Cir. 2022); Aaron Mackey, *Victory: Federal Court in Seattle Will Begin Disclosing Surveillance Records*, EFF (Jan. 23, 2019), https://www.eff.org/deeplinks/2019/01/victory-federal-court-seattle-will-begin-disclosing-surveillance-records; Press Release, EFF, Police Can't Keep Records of Electronic Surveillance Secret Indefinitely, EFF Argues to California Supreme Court (Oct. 26, 2022), https://www.eff.org/press/releases/police-cant-keep-records-electronic-surveillance-secret-indefinitely-eff-argues.

21.     Should EFF obtain access to the Sealed Filings, it intends to publicly disclose them on its website and comment on them, likely by publishing an accompanying blog post similar to the posts described above.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 19, 2024, at San Francisco, CA.

*/s/ Aaron Mackey*
Aaron Mackey

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). To ensure service on all counsel, I also emailed courtesy copies of this motion and associated filings to counsel of record for the parties on March 20, 2024.

*/s/ Christopher J. Morten*
Christopher J. Morten

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC, | Civil Action No. 2:22-cv-00125-JRG |
| Plaintiff | **JURY TRIAL DEMANDED** |
| v. | |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

**CHARTER'S OPPOSITION TO ELECTRONIC FRONTIER FOUNDATION'S
MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS (DKT. 425)**

## I.    INTRODUCTION

Defendant Charter Communications, Inc. ("Charter") opposes the Motion to Intervene and to Unseal Court Records[1] ("Motion") (Dkt. 425) filed by the Electronic Frontier Foundation ("EFF").  The court should deny EFF's motion to intervene as untimely and, even if the Court grants EFF's motion to intervene, the Court should deny EFF's request to unseal court records because the parties' filings comply with the Court's rules.

## II.    BACKGROUND

On September 11, 2023, plaintiff Entropic Communications, LLC's ("Entropic") filed its Motion For Summary Judgment of No License Defense Based on DOCSIS (Dkt. 177). Charter filed a brief in opposition to the motion (Dkt. 215) on September 25, 2023; Entropic filed a reply (Dkt. 237) on October 3, 2023; Charter filed a sur-reply (Dkt. 267) on October 11, 2023; and on December 7, 2023, Charter filed its objections to the Court's report and recommendation granting Entropic's motion (all five filings and associated exhibits, collectively, "DOCSIS motion papers"). Pursuant to this Court's Local Rule CV-5(a)(7)(B), the DOCSIS motion papers were filed under seal based on the Protective Order (Dkt. 36) granted by the Court. As required, the parties subsequently filed public versions of the DOCSIS motion papers. *See* Dkts. 224, 272, 276, 314, and 412.

On December 10, 2023, the parties filed a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). Dkt. 407. That same day, the Court dismissed the case with prejudice and closed the case. Dkt. 408. Almost four months after this case was dismissed with prejudice and closed, EFF now seeks to intervene and to direct the Court to unseal the DOCSIS motion papers.

---

[1] EFF's motion violates Local Rule CV-7(a) which states that each motion "must be filed as a separate document." L.R. CV-7(a). EFF's failure to adhere to the rule is prejudicial because it requires Charter to oppose relief that EFF has not yet proved it is in a position to seek. Nevertheless, Charter addresses EFF's motion to unseal.

1

**Appx668**

### III.    LEGAL STANDARD

Courts may permit intervention in a civil action on an applicant's timely motion if the applicant: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). A threshold issue regarding an applicant's motion to intervene permissively under Rule 24(b) is that the application must be timely. *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 365 (1973). Timeliness under the permissive intervention standard is evaluated more strictly than under mandatory intervention. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977); *see also Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021). "[T]imeliness is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth*, 558 F.2d at 263. The Fifth Circuit "assesses [timeliness] through the factors set forth in *Stallworth*: (1) the length of time the movant waited to file, (2) the prejudice to the existing parties from any delay, (3) the prejudice to the movant if the intervention is denied, and (4) any unusual circumstances." *U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023) (citing *Stallworth*, 558 F.2d 257). "Permissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471–72 (5th Cir. 1984)).

This Court's Local Rule CV-5(a)(7)(B) directs the parties how to file documents under seal, stating that "a document in a civil case shall not be filed under seal unless it contains a statement by counsel following the certificate of service that certifies that (1) a motion to seal the document has been filed, or (2) the court already has granted authorization to seal the document." L.R. CV-5(a)(7)(B). The Protective Order in this case states that "[a]ny DESIGNATED

MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court." Dkt. 36 at ¶ 16.

## IV.    ARGUMENT

### A.    This Court Should Deny EFF's Motion to Intervene

Under the *Stallworth* factors, EFF's intervention is untimely.

Factor 1: The length of time the movant waited to file. EFF argues that its motion is timely because it "was only on November 29, 2023, that Judge Payne explained Charter's DOCSIS License defense to EFF and the public in his R&R." Mot. at 13. Here, Charter's DOCSIS license defense is pled in its redacted Answer filed on May 24, 2023. Dkt. 105 at 14 (Entropic's claims are barred "to the extent that Charter's use of the Accused Cable Modem Products, Accused Set Top Products, and Accused Services are subject to MaxLinear's license of any patent needed to practice the DOCSIS standards to CableLabs and its members."). As such, EFF should have been aware no later than May 24, 2023 that Charter was asserting a DOCSIS license defense.[2] While the intervenor's general awareness of the case is "not the appropriate starting point by which to measure" delay "it sets boundaries for determining what 'actions of the litigants'" the intervenor "was or should have been aware of to put him on notice that the litigants became non-adversarial and complacent as to his interests." *U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, No. 2:16-CV-00432, 2024 WL 1149191 at *3 (E.D. Tex. Mar. 15, 2024).

The next step is to look to "the actions of the litigants" and "to determine when [EFF] knew or reasonably should have known 'that [its] interests would no longer be protected.'" *U.S. ex rel. Hernandez,* 2024 WL 1149191 at *4. Here, EFF states that on November 29, 2023, "Judge Payne

---

[2] Based on EFF's self-professed interest in DOCSIS, "the license defense," and its past interventions in this Court, it would be reasonable to assume EFF would keep apprised of cases in this Court related to these issues. *See* Mot. at 1–2, 3, 13; *see also* Dkt. 425-9 at ¶ 16 ("EFF is specifically interested" in DOCSIS.).

explained Charter's DOCSIS License defense to EFF and the public." Mot. at 13. EFF should have been aware no later than this date that its interests in would go unprotected. Based on this date, EFF unreasonably delayed for almost four months before filing its motion. EFF states that it "*promptly* notified counsel for the parties on January 5, 2024." Mot. at  14 (emphasis added). EFF cannot argue that waiting more than a month (36 days)—and 26 days after the case was dismissed—after Judge Payne's Report and Recommendation to contact the parties and then delaying another two-plus months before filing its motion shows that its motion is timely. This factor weighs against EFF.

Factor 2: The prejudice to the existing parties from any delay. EFF's delay in filing its petition creates an almost four-month window between the disbanding of the case and the parties having to revisit confidentiality issues they reasonably believed were settled. This delay is prejudicial to the parties. *See U.S. ex rel. Hernandez,* 2024 WL 1149191 at *7 ("When parties settle a case, they do not expect to get pulled back into that same case many months later after all business has been concluded, the parties have made their peace, and their respective trial teams have disbanded and moved on."). This factor weighs against EFF.

Factor 3: The prejudice to the movant if the intervention is denied. EFF only argues that it "will be prejudiced if the Court denies leave to intervene" without any elaboration and then cites an attached declaration. Motion at 14. While it is not Charter's burden to articulate EFF's argument based on its declaration, nonetheless, to the extent EFF believes it will be prejudiced without unsealing the DOCSIS motion papers, the Court's November 29, 2023 Report and Recommendation provides a thorough recitation of and analysis of the issues. EFF has failed to articulate any prejudice. This factor weighs against EFF.

Factor 4: Any unusual circumstances. EFF has presented no argument regarding any unusual circumstances that militate in favor of a determination of timeliness.

Because the first three *Stallworth* factors weigh against intervention and EFF presents no argument regarding the fourth *Stallworth* factor, EFF's motion to intervene is untimely. Accordingly, the Court should exercise its discretion and deny EFF's motion to intervene.

### B.     If the Court Grants EFF's Motion to Intervene, the Court Should Deny EFF's Motion to Unseal

The Court should deny EFF's motion to unseal the DOCSIS motion papers because the parties have complied with the Court's requirement for filing under seal. While EFF's motion devotes almost four pages to reciting case law regarding public access to records, *see* Motion at 7–10, EFF provides no argument why the DOCSIS motion papers should be unsealed outside of the public's right access to records, *see id.* at 10–12.[3]

EFF's argument that the parties have not articulated reasons for sealing the DOCSIS motion papers and that the Court has not been given the opportunity to provide reasons for allowing sealing entirely ignores this Court's procedure for filing under seal. *See* Mot. at 11. Local Rule CV-5(a)(7)(B) states that "a document in a civil case shall not be filed under seal unless it contains a statement by counsel following the certificate of service that certifies that (1) a motion to seal the document has been filed, or (2) the court already has granted authorization to seal the document." L.R. CV-5(a)(7)(B). As the rule plainly states, there are two options for a party to file under seal. EFF argues that only the first part of the rule should apply but provides no authority why the Court's rule is incorrect nor why the second part of the rule is not applicable. *See* Fed. R. Civ. P. 83(a)(1) ("A local rule takes effect on the date specified by the district court and remains

---

[3] To the extent EFF believes that the amount of redactions correlates to EFF's presumption that the redactions are unjustified, this is speculative and irrelevant. *See* Mot. at 12.

in effect unless amended by the court or abrogated by the judicial council of the circuit."). In fact, EFF does not discuss Local Rule CV-5 and entirely ignores this Court's procedure for filing under seal.

EFF's reliance on the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice (E.D. Tex. June 1, 2016) ("Standing Order") as support for unsealing the DOCSIS motion papers is misplaced. Mot. at 8, 11. The Standing Order's title clearly states that it is applicable to "Protection of Proprietary and/or Confidential Information To Be Presented to the Court During Motion and Trial Practice" and clearly orders parties appearing *before the Court* that requests "to seal or otherwise protect certain information of a confidential and/or proprietary nature from public disclosure *during a hearing or trial* should be made before the public disclosure of the information." Standing Order at 1 (emphasis added). Nothing in the Standing Order refers to parties *filing* documents with the Court. EFF provides no explanation why this Standing Order is applicable to filing documents under seal with the Court. Further, EFF provides no explanation why the Standing Order should be followed and Local Rule CV-5 should be ignored.

The DOCSIS motion papers were properly filed under seal pursuant to this Court's rules. Further, the parties have filed redacted public versions of the DOCSIS motion papers. EFF has failed to show why deviation from the Court's procedure for filing documents under seal is warranted.

## V.    CONCLUSION

For the foregoing reasons, Charter respectfully requests that the Court deny EFF's motion to intervene and motion to unseal.

Dated: April 3, 2024

Respectfully submitted,

*/s/ Daniel Reisner by permission Elizabeth Long*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

Daniel L. Reisner
David Benyacar
Elizabeth Long
Albert J. Boardman
Melissa Brown
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York, 10019-9710
Telephone: (212) 836-8000
Email: daniel.reisner@arnoldporter.com
Email: david.benyacar@arnoldporter.com
Email: elizabeth.long@arnoldporter.com
Email: albert.boardman@arnoldporter.com
Email: melissa.brown@arnoldporter.com

Marc A. Cohn
Amy L. DeWitt
William Louden
William O. Young
Thomas Carr
Natalie Steiert
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Email: marc.cohn@arnoldporter.com
Email: amy.dewitt@arnoldporter.com
Email: william.louden@arnoldporter.com
Email: william.young@arnoldporter.com
Email: thomas.carr@arnoldporter.com
Email: natalie.steiert@arnoldporter.com

Zachary A. Nemirovsky
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real, 5 Palo Alto Square, #500

7

Palo Alto, California, 94304
Telephone: (650) 319-4500
Email: zachary.nemirovsky@arnoldporter.com

***Attorneys for Defendant***
***Charter Communications, Inc.***

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document and all attachments thereto are being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served April 3, 2024, on all counsel of record, each of whom is deemed to have consented to electronic service. L.R. CV-5(a)(3)(A).

*/s/ Elizabeth Long*
Elizabeth Long

9

**Appx676**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>                                    Defendant. | Civil Action No. 2:22-CV-00125-JRG |

**THE ELECTRONIC FRONTIER FOUNDATION'S REPLY IN FURTHER SUPPORT
OF ITS MOTION TO INTERVENE AND TO UNSEAL COURT RECORDS**

## I.  Introduction

Charter's opposition to EFF's motion to intervene and unseal records concedes that it and Entropic violated the public's qualified First Amendment and common law rights of access to court records by filing under-seal documents concerning a case-dispositive defense without justification for sealing. Charter's opposition makes no effort to engage with the public's presumptive rights to access records in this case. Charter's opposition ignores the binding precedents of the U.S. Supreme Court, Fifth Circuit, and Federal Circuit discussed in EFF's motion that explicate the public's presumptive rights.

Instead, Charter's opposition attempts to protect the status quo of unjustified sealing by advancing a set of narrow arguments to deny EFF's intervention. The Court should reject those arguments and grant EFF the relief it seeks in its motion.

## II.  Argument[1]

### A.  The Court Should Grant EFF Leave to Intervene

EFF's motion, Dkt. 425, is timely, and the *Stallworth* factors weigh in its favor. *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977).

Factor 1: The earliest EFF could have reasonably known that its interests in the case would go unprotected was February 2024. Dkt. 425 at 13–14. EFF moved timely, approximately one month later. *See Stallworth*, 558 F.2d at 264–65.

Charter misrepresents the standard for timeliness. Dkt. 427 at 3–4. The relevant moment is when EFF knew or had reason to know that *the parties would not protect EFF's interests*, not

---

[1] Charter argues in a footnote that EFF's motion violates Local Rule CV-7(a) because EFF moved for leave to intervene and for unsealing of the Sealed Filings in a single filing. Dkt. 427 at 1 n.1. EFF's motion is proper; EFF's interest in and qualifications for intervention require explication of its interest in the Sealed Filings and the prejudice caused by their continued sealing. EFF will gladly re-file its motion as separate filings if the Court prefers.

1

**Appx678**

when it first knew or had reason to know about the issues in the case. *Id.*; *U.S. ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023). The *Stallworth* standard must be construed in connection with the rules of this Court, including Local Rule CV-7, which requires a robust, good-faith meet-and-confer practice. EFF diligently followed Local Rule CV-7: After EFF learned of precedent created on the DOCSIS License defense in December 2023, it promptly approached the parties in January 2024 and diligently sought resolution of this dispute out of Court. Declaration of Christopher Morten, Dkt. 425-1 ¶¶ 4–10. EFF could not have moved prior to February 2024, when the meet-and-confer process ended in an impasse. *Id.* ¶ 11.

Even if the relevant moment were December 2023 (the moment of Judge Gilstrap's decision on summary judgment or first notice of the parties' settlement) or, at earliest, November 2023 (the moment of Judge Payne's Report & Recommendation (R&R)), EFF moved in less than four months, well within the bounds of timeliness. *Cf. U.S. ex rel. Hernandez v. Team Fin.*, No. 2:16-cv-00432-JRG, 2024 WL 1149191, at *6, *10 (finding ten months to be untimely).

Factor 2: Charter asserts that EFF's alleged delay is prejudicial without providing any evidence of actual prejudice or harm. Dkt. 427 at 4. The absence of such evidence weighs in EFF's favor. Additionally, that Entropic has not opposed EFF's motion is evidence of the absence of prejudice. The steps to fulfill EFF's requested relief are minimal, nothing more than what is required by the Standing Order and background law on sealing.

The parties have demonstrated that they are capable of litigating sealing disputes in this case, as they moved jointly after case closure to litigate a sealing motion that remains pending. Dkts. 417, 422. Charter cannot argue that it is prejudiced by EFF's request to revisit sealing in a recently closed case when it is asking the Court to do the same.

Factor 3: EFF will suffer prejudice if intervention is denied. Declaration of Aaron

Mackey, Dkt. 425-9 ¶¶ 14–21. EFF has a strong interest in understanding and reporting on the DOCSIS License and DOCSIS License defense, and sealing prevents EFF from carrying out this reporting. *Id.* EFF plans to report on this case to the public but has been unable to do so because of the sealing of the Sealed Filings. *Id.* Judge Payne's R&R is not a substitute for the underlying evidence and arguments submitted to the Court.

Factor 4: An unusual circumstance weighs in favor of permitting EFF to intervene. To deny EFF leave to intervene in this case could have harmful consequences in future cases before the Court. Charter's position would essentially force EFF and other members of the public interested in court records, such as journalists and academic researchers, to file motions early in litigation, before case-dispositive issues are decided or even briefed. To deny EFF's motion would encourage "fishing expeditions"—intervenors intervening in numerous cases that have the *potential* to implicate important case-dispositive issues—and so increase the burden on parties, third parties, and the Court alike. "[T]he need for intervention is not immediately apparent at the onset of litigation, and encouraging premature action is not in the parties', or the court's, interest." *Team Fin.*, 80 F.4th at 578.

## B. The Local Rules and Standing Order Do Not Authorize the Parties' Sealing

Charter relies on the Protective Order to justify sealing of the Sealed Filings. Dkt. 427 at 2–3, 5–6. That reliance is misplaced.

As EFF explained in its motion, a protective order governs discovery; it cannot authorize secrecy once information is filed on the public court docket. Dkt. 425 at 9–10. Yet Charter argues that the Protective Order somehow works in concert with Local Rule CV-5(a)(7)(B)(2) to authorize sealing absent motions to seal or an order of the Court. Dkt. 427 at 2–3.

Charter misreads the Protective Order and the Local Rule. The rule allows parties to file

materials under seal via a statement by counsel that "the court already has granted authorization

to seal the document." L.R. CV-5(a)(7)(B)(2). The authorization contemplated by the rule is a

Court order sealing "the document"—in short, the type of order entered by a court after

reviewing a motion to seal a specific document. Based on the plain text of the rule, a protective

order is not authorization to seal any particular document. Thus the plain meaning of Local Rule

CV-5(a)(7)(B)(2) is that once the Court has entered an order sealing *a particular document*, the

parties do not have to move to seal that same document in the future. Charter's reading requires

the Court to interpret "the document" as referring to all documents subject to a protective order.

That reading stretches the rule beyond its plain meaning.

  Even if Charter's reading of the Protective Order and the Local Rule were reasonable, the

Court should avoid adopting it because it conflicts with the First Amendment. Charter's

interpretation of Local Rule CV-5(a)(7)(B)(2) is that protective orders can create blanket

"authorization" to seal, exempting parties from any obligation to justify sealing records via

motions. Dkt. 427 at 5–6. To interpret the Local Rule in this way would violate the First

Amendment, as construed by the U.S. Supreme Court, Fifth Circuit, and Federal Circuit. *See*

Dkt. 425 at 7–12; *see also Globe Newspaper Co. v. Superior Court of Norfolk Cnty.*, 457 U.S.

596, 602 (1982) (holding that a state law excluding the public from judicial proceedings violated

the First Amendment). When an interpretation of a rule would create significant constitutional

problems, courts should construe the rule to avoid that result. *See Hersh v. U.S. ex rel. Mukasey*,

553 F.3d 743, 754 (5th Cir. 2008).

  Charter also argues that "[n]othing in the Standing Order refers to parties *filing*

documents with the Court." Dkt. 427 at 6. Charter misreads the Standing Order. The Court's

Standing Order expressly covers all motion practice before the Court, not just hearings and trials:

The title and the commentary of the Standing Order refer to both motion practice and trial practice. *See* Standing Order at 1, 2–4. Case law incorporated by the Standing Order recognizes the public right of access to dispositive motion papers. *See, e.g.*, *id.* at 3 (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)). *Apple v. Samsung* reaffirmed the public right of access to dispositive motion papers, including evidence essential to courts' and juries' disposition of key issues. *See* 727 F.3d at 1223, 1226. The Standing Order's plain text also refers repeatedly to "judicial records" and "court records" broadly. Standing Order at 3.

Even if Charter were correct and the Court's Standing Order were limited to public disclosures made during a hearing or trial, the parties and the Court are still bound by the U.S. Supreme Court, Fifth Circuit, and Federal Circuit precedents that recognize that the public right of access attaches to dispositive motion papers—including the Sealed Filings. "The standards for sealing and redaction are well-established, … and the above standing order makes no substantive change to them…." *Id.* at 4. Charter does not and cannot dispute this point.

In contrast with Charter's, EFF's interpretation of the Local Rules and the Standing Order harmonizes those authorities with precedent that establishes what is required by parties seeking to seal court documents in connection with a case-dispositive motion. Dkt. 425 at 7–10.

Finally, because Charter concedes that EFF has shown repeated violations of the public's First Amendment and common law rights to access records in this case, the Court should grant EFF's motion to unseal for all the reasons stated therein.

### III.  Conclusion

The Court should allow EFF to intervene and grant the relief EFF seeks.

Dated: April 10, 2024                                Respectfully submitted,[2]

---

[2] Counsel wishes to thank law students Sean Hong, Hiba Ismail, and Gloria Yi for their many contributions to this reply.

_/s/ Christopher J. Morten_
Christopher J. Morten (admitted E.D. Tex.)
(NY Bar No. 5428107)
SCIENCE, HEALTH & INFORMATION CLINIC
MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.
Columbia Law School
435 West 116 St, Room 831
New York, NY 10027
Tel: (212) 854-1845
cjm2002@columbia.edu
_Counsel of Record_
_Attorney for Proposed Intervenor_
_The Electronic Frontier Foundation_

6

**Appx683**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). To ensure service on all counsel, I also emailed courtesy copies of this motion and associated filings to counsel of record for the parties on April 10, 2024.

*/s/ Christopher J. Morten*
Christopher J. Morten
