NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ENTROPIC COMMUNICATIONS, LLC,**
*Plaintiff*

**v.**

**CHARTER COMMUNICATIONS, INC.,**
*Defendant-Appellee*

**v.**

**THE ELECTRONIC FRONTIER FOUNDATION,**
*Movant-Appellant*

---

2024-1896

---

Appeal from the United States District Court for the Eastern District of Texas in No. 2:22-cv-00125-JRG, Judge J. Rodney Gilstrap.

---

Decided: December 17, 2025

---

DANIEL REISNER, Arnold & Porter Kaye Scholer LLP, New York, NY, argued for defendant-appellee. Also represented by ELIZABETH A. LONG.

AARON DAVID MACKEY, Electronic Frontier Foundation,

San Francisco, CA, argued for movant-appellant. Also represented by VICTORIA JANE NOBLE; CHRISTOPHER MORTEN, Washington Square Legal Services, Inc., New York University School of Law, New York, NY.

---

Before LOURIE, BRYSON, and CHEN, *Circuit Judges*.

BRYSON, *Circuit Judge*.

This is an appeal from a district court order denying leave for a third party to intervene in a civil proceeding. We hold that the district court did not abuse its broad discretion in denying the third party's motion for permissive intervention, and we therefore dismiss the appeal.

## I

### A

On April 27, 2022, plaintiff Entropic Communications, LLC ("Entropic"), a semiconductor products provider, filed a patent infringement action against defendant Charter Communications, Inc., ("Charter") in the United States District Court for the Eastern District of Texas. Entropic alleged that Charter had infringed several of Entropic's patents concerning cable modem technology by leasing, selling, and distributing cable modems and set-top boxes used by Charter's customers. One of the issues in the case involved the relevance of the Data Over Cable Service Interface Specification ("DOCSIS") cable data transmission standard. Charter argued that the asserted patents are essential to comply with the DOCSIS standard and therefore are encumbered by licensing commitments.

In August 2022, the parties submitted a proposed protective order to the district court, which the district court entered. J.A. 9–23. The protective order provided that the parties could treat certain documents or information as "designated materials" falling into one of three categories:

confidential material; materials for attorneys' eyes only; or confidential source code. J.A. 17–18.

The protective order directed that any such designated material that is filed with the court "shall be filed under seal and shall remain under seal until further order of the Court." J.A. 18. In addition, the order directed that if court filings disclose or rely on confidential documents, information, or material, "such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court." *Id.* The parties were given the right to object to the protected status of any "designated material," with the burden on the designating party to show why its classification was proper. J.A. 18–19.

On September 11 and 12, 2023, the parties filed numerous motions for summary judgment and other relief, most of which were filed under seal.[1] Redacted versions of each of those motions were subsequently filed publicly. Responses to those motions were filed (mostly under seal) on September 25, 2023, and replies were filed (again mostly under seal) on October 2 and 3, 2023. Sur-replies to those replies were filed on October 10 and 11, 2023 (again mostly under seal). Redacted versions of all the sealed pleadings were filed by October 18, 2023.

Following oral argument, the magistrate judge assigned to the case entered a series of orders between November 27 and December 5, 2023, including a Report and Recommendation or Memorandum Order with respect to each of the motions filed by the parties in September 2023.

---

[1] The parties filed a total of fifteen such motions, with attached exhibits, on those two days. Twelve of the motions were filed under seal. *See Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-cv-125 (E.D. Tex.), Dkt. Nos. 166 through 181 (docket reproduced at J.A. 39–85).

All the reports and orders were filed publicly and were not sealed or redacted. On December 8, 2023, the district court entered orders adopting each of the reports filed by the magistrate judge with regard to the parties' summary judgment motions. On December 10, 2023, the parties filed a joint stipulation dismissing the case, which the court entered that same day.

B

On January 5, 2024, counsel for a third party, the Electronic Frontier Foundation ("EFF"), sent an email to counsel for Entropic and Charter expressing concern that the parties had "filed certain court records in this case under seal without any showing by the parties or judicial determination that the strong presumption of public access to these records has been overcome." J.A. 635. EFF's counsel referred in particular to four documents: the redacted public versions of Entropic's motion for summary judgment of no license defense based on DOCSIS; the redacted public version of Entropic's motion for partial summary judgment regarding non-infringing alternatives to the infringing products; and the redacted public versions of Charter's responses to both motions. *Id.*

EFF's counsel requested that "Entropic and Charter file appropriate motions to seal for all records, or portions thereof, currently under seal in this docket, that Entropic and Charter wish to keep sealed." *Id.* Such motions, according to EFF, should establish that "legally sufficient reasons exist to justify ongoing secrecy." *Id.* EFF further urged that any currently sealed records that Entropic and Charter "do not wish to keep sealed should be re-filed on the docket . . . in unsealed, publicly accessible form." *Id.* Counsel stated that if Entropic or Charter were not willing or able to comply with those demands, the parties should meet and confer on the matter on or before January 26, 2024. J.A. 636.

On January 10, 2024, counsel for Charter responded on behalf of both Entropic and Charter. She stated that the parties' filings under seal were proper because the sealing was conducted pursuant to the protective order in the case, which directed that all designated materials filed with the court should be filed under seal. Therefore, counsel stated, there was no need for a meet-and-confer on the matter. J.A. 633.

The following week, counsel for EFF responded, taking issue with the parties' representation that they had complied with the governing rules regarding sealing. J.A. 631–32. Counsel for EFF reiterated his request that Entropic and Charter file appropriate motions to seal "for all records, or portions thereof, currently under seal in this docket, that Entropic and Charter wish to keep sealed." J.A. 632. In response, counsel for Charter and Entropic agreed to meet and confer with counsel for EFF on January 26, 2024, to discuss the matter. J.A. 625–30.

At the January 26th meet-and-confer, Entropic and Charter declined to take the steps demanded by EFF. J.A. 620–21. Nearly eight weeks later, on March 20, 2024, EFF moved to intervene in the case to seek the unsealing of various items that had been filed under seal during the pendency of the case. J.A. 581–99. Charter opposed the motion, J.A. 667–76, and EFF filed a reply, J.A. 677–84. Entropic took no position on EFF's motion and did not submit any briefing either in support of or in opposition to EFF's request. J.A. 599.

### C

The district court denied EFF's motion to intervene as untimely. J.A. 1–6. The court explained that under Fifth Circuit law, the timeliness of a motion seeking permissive intervention must be measured from "the moment that the prospective intervenor knew that his interest would 'no longer be protected.'" J.A. 2–4 (quoting *U.S. ex rel. Hernandez v. Team Finance*, 80 F.4th 571, 578 (5th Cir. 2023)).

The court found that the most appropriate date from which to measure EFF's delay in filing its motion to intervene was October 11, 2023, the date on which the briefing of the pretrial motions was complete. However, "[o]ut of an abundance of caution," the court conducted the same analysis using the starting date of November 29, 2023, when the magistrate judge issued his Report and Recommendation on Charter's DOCSIS license defense. J.A. 4. Calculating the period of delay from that starting date, the court found that EFF's four-month delay in filing the motion to intervene resulted in the motion being untimely under "the totality of the circumstances." *Id.*

EFF took this appeal from the district court's order denying the motion for permissive intervention.

## II

### A

In cases involving a third party's motion for permissive intervention in a civil action, we apply the law of the regional circuit, in this case the Fifth Circuit. *Ericsson, Inc. v. InterDigital Commc'ns Corp.*, 418 F.3d 1217, 1220–21 (Fed. Cir. 2005) (citing *Haworth, Inc. v. Steelcase, Inc.*, 12 F.3d 1090, 1092 (Fed. Cir. 1993)).

Under Fifth Circuit law, orders concerning permissive intervention under Fed. R. Civ. P. 24(b) are "wholly discretionary" and "may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021); *see also Taylor Commc'ns Grp., Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). In fact, the Fifth Circuit has explained that "reversing a district court's decision denying permissive intervention is 'so unusual as to be almost unique.'" *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984) (en banc)).

If the court concludes that the district court did not abuse its discretion by denying permissive intervention, Fifth Circuit law provides that the appellate court "must dismiss the appeal for lack of jurisdiction." *Rotstain*, 986 F.3d at 942; *Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996); *Weiser v White*, 505 F.2d 912, 916–18 (5th Cir. 1975) (citing *Bhd. Of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519 (1947)).

B

EFF argues that "[c]ontrolling law relaxes permissive intervention standards when members of the public seek to challenge the secrecy of judicial records." Appellant's Br. at 12; *see also id.* at 15. But the two cases EFF cites as support do not stand for that proposition.

The first case—the Fifth Circuit's decision in *Newby v. Enron Corp.*, 443 F.3d 416 (5th Cir. 2006)—recognized that nonparties to a case "routinely access documents and records under a protective order or under seal in a civil case through motions for permissive intervention." *Newby*, 443 F.3d at 424. But the court in that case did not disavow the longstanding principle that permissive intervention is subject to the broad discretion of the district court. To the contrary, the court specifically noted that "permissive intervention is within a court's discretion," citing *EEOC. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042 (D.C. Cir. 1998), which confirmed that "Rule 24(b) vests district courts with considerable discretion" and noted that "[r]eversal of a district court's denial of permissive intervention is 'a very rare bird indeed.'" *Newby*, 443 F.3d at 424. *Newby* itself was a case in which the district court granted the motion to intervene, and the appellate court, over objection, held that the district court did not abuse its discretion. *Id.* at 424–25.

The second case that EFF cites for the supposedly relaxed rule for permissive intervention in cases such as this one is *United States ex rel. Hernandez v. Team Finance*, *supra*. The portion of that case cited by EFF, however, merely

stands for the well-settled proposition that a nonparty's challenge to record-related restrictions on access to court materials constitutes a "claim" within the meaning of Rule 24(b)(1)(B).[2] *See id.* at 577–78. On the issue of the timeliness of the motion for intervention, which was the ground on which the district court in this case relied in denying the motion to intervene, the *Team Finance* court cited the equally well-settled principle that the decision whether to grant permissive intervention "is firmly in the district court's hands." *Id.* at 579 (citing *Turner v. Cincinnati Ins. Co.*, 9 F.4th at 317).

The *Team Finance* case is therefore consistent with long-standing Supreme Court authority and cases from the Fifth Circuit both prior to and after *Team Finance*, holding that a district court's ruling on a motion for permissive intervention may not be disturbed absent a clear abuse of discretion. *See Allen Calculators, Inc. v. Nat'l Cash Reg. Co.*, 322 U.S. 137, 142 (1944) (requiring a showing of "clear abuse" to review a district court's ruling on permissive intervention); *State of La. v. Burgum*, 132 F.4th 918, 923 (5th Cir. 2025) (a ruling on whether to allow permissive intervention is "wholly discretionary"); *New Orleans Pub. Serv., Inc.*, 732 F.2d at 471–72 (same). Nothing in *Newby* or *Team Finance* suggests that the timeliness of a motion to intervene to access court records is viewed differently from

---

[2] The question whether a non-party's challenge to restrictions on access to records constitutes a "claim" for purposes of Rule 24(b) is an issue of law. As the Supreme Court has explained, while the resolution of a motion for permissive intervention "is committed to the discretion of the court before which intervention is sought, a court fails to exercise its discretion soundly when it bases its ruling on an erroneous view of the law." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 278–79 (2022) (cleaned up).

the timeliness of any other motion for permissive intervention.

III

Rule 24(b)(1) of the Federal Rules of Civil Procedure, which governs motions for permissive intervention, provides that a court "[o]n timely motion . . . may permit anyone to intervene" who either is "given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." The Fifth Circuit has held that in a case such as this one, a third party has standing to move for intervention in light of its interest in obtaining access to sealed materials and is deemed to have a "claim" within the meaning of Rule 24(b) by virtue of its interest in promoting the public's right of access to materials filed in court. *See Team Finance,* 80 F.4th at 576–78. The remaining requirement for permissive intervention under Rule 24(b)(1) is that the third party's motion must be "timely."

Courts have long held that timeliness is an essential component of a motion for permissive intervention under Rule 24(b). *See NAACP v. New York*, 413 U.S. 345, 365 (1973). As the Supreme Court explained in that case, timeliness "is to be determined from all the circumstances," and "it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review." *Id.* at 366.

In *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–67 (5th Cir. 1977), the Fifth Circuit elaborated on the Supreme Court's discussion of timeliness by setting out four factors that a court should consider when evaluating the timeliness of a motion to intervene:

> (1) The length of time during which the would-be intervenor actually knew or should have known of his interest in the case before he petitioned for leave to intervene;

(2) The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;

(3) The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and

(4) The existence of unusual circumstances militating either for or against a determination that the application is timely.

Citing the *NAACP* case, *Stallworth* held that "the question whether an application for intervention is timely is largely committed to the discretion of the district court, and its determination will not be overturned on appeal unless an abuse of discretion is shown." *Stallworth*, 558 F.2d at 263. Since then, the Fifth Circuit has regularly employed the *Stallworth* factors to guide the district courts' exercise of their discretion in deciding the timeliness of intervention motions. *See Team Finance*, 80 F.4th at 578; *United States v. State of La.*, 669 F.2d 314, 315 (5th Cir. 1982); *Howse v. S/V Can. Goose I*, 641 F.2d 317, 318 (5th Cir. 1981).

IV

In response to EFF's March 20, 2024, motion to intervene, Charter argued that the motion should be dismissed as untimely, and the district court agreed. J.A. 1–6. We do not find that the district court abused its discretion in reaching that conclusion. In analyzing the timeliness factor, the district court correctly applied the principle of Fifth Circuit law requiring that the timeliness of a motion seeking permissive intervention should be measured from the time the prospective intervenor knew that his interest would no longer be protected. J.A. 2–3.

The court noted that EFF had repeatedly characterized the DOCSIS license defense as "a key issue in this case," and that Charter had put the public on notice that it was raising that defense no later than May 24, 2023, almost four months before the plaintiff filed its summary judgment motion on that issue. J.A. 3. In light of EFF's expressed interest in this case and in the DOCSIS license defense in particular, the court found that "EFF likely followed the filings in this case and had a particular interest in [the] summary judgment motion" relating to the DOCSIS license defense. *Id.* The court concluded that "common sense indicates that EFF would have known by the time the motion was fully briefed," which was October 11, 2023, that its interest in having the sealed documents unsealed would not occur absent action on its part, given that the relevant documents "were sealed without accompanying motions to seal." J.A. 3–4.

Based on the relevant date of October 11, 2023, the court found that EFF waited more than five months to file its motion to intervene. However, the court then conducted the same analysis using the more conservative starting date of November 29, 2023, when the magistrate judge issued his Report and Recommendation on Charter's DOCSIS license defense. Calculating the period of delay from that starting date, the court found that the four-month delay in filing the motion was still untimely under "the totality of the circumstances." J.A. 4.

The district court applied the correct test for determining the period of delay, and its determination of the starting point for measuring the delay was reasonable. By the time the briefing had been completed, and the sealed briefs and exhibits had been filed without accompanying motions to seal, it should have been clear to EFF that it was not likely to obtain access to those materials unless it took steps to request relief from the court. In any event, that should have been clear to EFF by no later than November 29, 2023.

EFF takes issue with the district court's conclusion that the length of time it took for EFF to file its motion rendered the motion untimely. We disagree. We hold that there was no legal error in the manner in which the district court calculated the delay; in fact, in light of the district court's findings as to EFF's interest in the case the court's choice of November 29, 2023 as the starting point for calculating the period of delay was generous to EFF.

EFF attributes much of the delay in filing its motion to its effort to persuade Entropic and Charter to alter their positions on sealing or to file formal motions to seal with the court. Appellant's Br. at 9. But EFF did not act expeditiously in that regard. It waited for almost a month after the case was settled to initiate its exchange of emails with the parties regarding the sealed materials. J.A. 618–36. And even after the parties made clear in early January 2024 that they were not disposed to alter their positions on the sealing issue, EFF waited two and a half more months before filing its motion with the court. Under these circumstances, we find that the district court did not abuse its discretion in concluding, under the first *Stallworth* factor, that EFF should have sought relief more promptly.

As to second *Stallworth* factor, the district court found that Charter would be prejudiced if EFF were allowed to intervene months after the case was settled and had been closed, and after the parties had disbanded their case teams. J.A. 4–5. The court noted that "[h]ad EFF intervened when the motion at issue became fully briefed, [EFF's] Motion could have been contemporaneous with the settlement when knowledge surrounding the relevant documents was fresh and the trial teams were engaged and focused." *Id.*

With regard to the third *Stallworth* factor—the issue of prejudice to the movant—the court observed that the magistrate judge's report and recommendation "is entirely unredacted and summarizes the key issues relating to

Charter's DOCSIS license defense." J.A. 5. Although EFF complained that there was little the public could glean about the DOCSIS dispute from the courts' rulings, the district court noted that "EFF was able to clearly explain the two key license issues in its briefing." *Id.* In light of the magistrate judge's unredacted summary of the key issues relating to the license defense, the district court reasonably concluded that "EFF would suffer little, if any, material harm if intervention is denied." J.A. 5–6.

With regard to the fourth *Stallworth* factor, the court found that there were no unusual circumstances in this case bearing on the issue of timeliness, so the court found that factor to be neutral. J.A. 6. Taking all of the *Stallworth* factors into account, the court held that EFF's motion to intervene was untimely and so denied the motion. *Id.*

We hold that the district court focused on the proper factors bearing on timeliness and that the court's disposition of the timeliness issue fell within the broad discretion that the Fifth Circuit has accorded to district courts in resolving motions requests for permissive intervention. While EFF has put forth plausible arguments regarding the reasons for its delay in filing its motion, the district court considered those arguments and rejected them for reasons that cannot be characterized as an abuse of discretion. We therefore sustain the district court's ruling on EFF's motion to intervene and dismiss the appeal.

**DISMISSED**